ORIGINAL FILED
07 JUN 14 PM 1:14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANGELA M. XAVIER, (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

E-filing

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF CALIFORNIA

JAMES W. BOWMAN, JR., and PACFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation,

Plaintiffs,

vs.

CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation, CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,

Defendants.

Case No. C 07 3140 MEJ

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs, JAMES W. BOWMAN, JR., and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., hereby file this Complaint and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C § 1332 (a)(1) because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interests

and costs, as required by 28 U.S.C. § 1332(b). Diversity of citizenship exists. Plaintiffs are citizens of the State of Washington. Defendants are citizens of the State of California because they are incorporated in, and have their principal place of business in, the State of California.

**VENUE**

**2.** Venue is appropriate in this Court because the Defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

**INTRADISTRICT ASSIGNMENT**

**3.** Pursuant to Civil L.R. 3-2(d), this lawsuit should be assigned to the San Francisco or Oakland Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Contra Costa County.

**PARTIES**

**4.** **JAMES W. BOWMAN, JR.** Plaintiff, James W. Bowman, Jr., (BOWMAN) resides in Pierce County, Washington. From December, 2003, through January, 2007, Defendant, CMG Mortgage, Inc., employed Mr. Bowman as a Branch Manager and as a Loan Originator in the State of Washington.

**5.** **PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC.** Plaintiff, Pacific Real Estate Management Company Inc., (PREMCO) is a Washington corporation. Defendant, CMG Mortgage Services, Inc., subleased and rented office space and equipment from Plaintiffs BOWMAN and PREMCO in the State of Washington.

**6.** **CMG MORTGAGE, INC.,** Defendant, CMG Mortgage, Inc., (CMG) is a California Corporation. Its principal place of business is in San Ramon, California. CMG is a wholesale mortgage bank. CMG licensed itself in the State of Washington as CMG Mortgage Inc., d/b/a

Pacific Guarantee Mortgage and employed Mr. Bowman as Branch Manager for the Federal Way and Vancouver, Washington Branch Offices. CMG, also, licensed itself as CMG Mortgage Inc., d/b/a Pacific Trust Lending and employed Mr. Bowman as a Loan Originator for the Federal Way and Vancouver, Washington Branch Offices.

7. **CMG MORTGAGE SERVICES, INC.,** Defendant, CMG Mortgage Services, Inc., (CMGS) is a California Corporation. Its principal place of business is in San Ramon, California. CMGS is a retail mortgage broker. CMGS licensed itself in the State of Washington as CMG Mortgage Services, Inc., d/b/a Pacific Guarantee Mortgage. Defendant CMGS subleased and rented office space and equipment from Plaintiffs BOWMAN and PREMCO in the State of Washington.

## STATEMENT OF FACTS

### Introduction

**8.** Beginning in December, 2003, Plaintiffs and Defendants entered into a series of Agreements. The Agreements contained a Choice of Law clause in which the parties agreed that the Agreements shall be governed by, and constructed under, the laws of the State of California without regard to conflicts of laws principles. In March, 2006, Defendant CMG presented revised Agreements to Plaintiffs BOWMAN and PREMCO to sign. The new Agreements would have replaced the existing Agreements between Plaintiffs and Defendants. Plaintiffs did not sign them because they appeared to be one sided in Defendants' favor with many significant terms left to the sole discretion of Defendants. As a result of Plaintiffs not signing the new Agreements, Defendants terminated the existing Agreements effective as of January 31, 2007.

**Branch Manager Employment Agreements**

**9.** On, or about, December 3, 2003, Plaintiff BOWMAN and Defendant CMG entered into a written BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENT (Branch Manager Employment Agreement). CMG employed BOWMAN as a Branch Manager for the Federal Way Branch Office. BOWMAN and CMG entered into a second written Branch Manager Employment Agreement on or about July 7, 2004. CMG employed BOWMAN as a Branch Manager for the Vancouver Branch Office. Paragraph nine (9) of both Branch Manager Employment Agreements, required CMG to pay BOWMAN one hundred percent (100%) of the Federal Way and Vancouver Branch Office Net Profits. Effective on January 31, 2007, CMG terminated BOWMAN's employment and has not paid him the Federal Way and Vancouver Branch Office Net Profits which are owing for the period of January 1, 2007, through January 31, 2007.

**Branch Office Reserves Agreements**

**10.** During Plaintiff BOWMAN's employment, Defendant CMG deducted amounts from the Branch Net Profits as Reserves. CMG informed BOWMAN that he would be paid the Reserves upon termination. BOWMAN and CMG had entered into a partially written, partially oral, and/or implied-in-fact Federal Way Branch Office Reserves Agreement in December, 2003. In July, 2004, BOWMAN and CMG entered into a second partially written, partially oral, and/or implied-in-fact Vancouver Branch Office Reserves Agreement. CMG has not paid BOWMAN the Branch Office Reserves since terminating his employment.

**Facilities and Equipment Rental Agreements**

**11.** On, or about, December 3, 2003, Plaintiffs, BOWMAN and PREMCO, entered into a written FACILITIES AND EQUIPMENT RENTAL AGREEMENT (Facilities and Equipment Rental Agreement) with Defendant CMGS for the Federal Way Branch Office.

On, or about July 7, 2004, BOWMAN and PREMCO entered into a second written Facilities and Equipment Rental Agreement with CMGS for the Vancouver Branch Office which was either a partially written, partially oral, and/or implied-in-fact agreement.

**12.** Defendant CMGS subleased and rented, from Plaintiffs BOWMAN and PREMCO, facilities, equipment, services, supplies, and office space sufficient to operate the Federal Way and Vancouver Branch Offices. Each month, BOWMAN submitted, to CMGS, a list of actual costs incurred which Plaintiffs had paid. CMGS did not pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred by both of the Branch Offices, each month, as it was required to pay under the Facilities and Equipment Rental Agreements. The Agreements continued until CMG and/or CMGS terminated them effective as of January 31, 2007. Although CMGS entered into the Agreement, the Notice of Termination was from CMG. Upon termination of the Agreements, CMGS was to refund the security deposits that CMGS required Plaintiffs to pay. However, the security deposits were not refunded by either CMGS or CMG.

**Marketing Credits Agreement**

**13.** Pursuant to Defendant CMG's Memorandum dated September 8, 2004, Plaintiff BOWMAN, as a Branch Manager, earned and banked Marketing Credits which were to be paid to BOWMAN as a bonus for CMG funded marketing campaigns. The number of marketing credits earned was based on the volume of business that each Branch Office provided to CMG Mortgage. The goal was for CMG to obtain more loans from their CMG Branch Offices. As a result of the September 8, 2004, Memorandum, and the subsequent conduct between the parties, the parties had entered into a partially written, partially oral, and/or implied-in-fact contract. CMG has not paid BOWMAN the banked Marketing Credits bonus which he earned.

**Branch Office Accounting**

**14.** As stated in paragraph six (6) of both Branch Manager Employment Agreements, Defendant CMG is responsible for all of the accounting and disbursement of all funds for the operation of both of the Federal Way and Vancouver Branch Offices. Paragraph nine (9) of the Agreements requires CMG to compensate BOWMAN by paying him one hundred percent (100%) of the Federal Way and Vancouver Branch Office Net Profits. CMG calculated the Net Profits by deducting amounts from the Branch Office Gross Income to pay some Branch Office expenses. The amount left was the Net Profits. BOWMAN paid the remaining Branch Office Expenses, and his personal expenses, from the Net Profits that CMG paid to him.

**15.** Each month, from the Gross Income of both Branch Offices: (1) CMG paid itself accounting fees for each mortgage loan closed per month which originated in the Federal Way and Vancouver Branch Offices. (2) CMG deducted its 401(k) employer contributions, some of which are unvested 401(k) employer contributions in the now terminated employees' 401(k) accounts – including those of BOWMAN. (3) Consistently made monthly Branch Office accounting errors which included, but were not limited to, Payroll Overpayments and Health Benefit payments for terminated employees. The amounts deducted from the Gross Income of both Branch Offices, lowered the amount of the Net Profits, and BOWMAN was paid fewer Net Profits. As a result, BOWMAN had less money available, than he would have had if the deductions were not made, with which to pay the remaining Branch Office expenses and his personal living expenses.

**CMG Terminated its Agreements with Plaintiffs BOWMAN & PREMCO**

**16.** In its Notice of Termination, dated December 18, 2006, CMG terminated: (1) both Branch Manager Employment Agreements; (2) BOWMAN's employment as a Branch

Manager; (3) the Loan Originator Employment Agreement; and (4) BOWMAN's employment as a Loan Originator. In a second Notice of Termination, dated December 18, 2006, CMG terminated both of the Facilities and Equipment Rental Agreements which CMGS had entered into with BOWMAN and PREMCO. The terminations were effective as of January 31, 2007.

**17.** Plaintiff BOWMAN has attempted, in good faith, to contact Defendants CMG and CMGS regarding the payment of monies owed to him and PREMCO. BOWMAN has requested and demanded payment during telephone conversations and in writing to Defendant. However, Defendants have not paid Plaintiffs. As a result of Defendants willful nonpayment of monies owed, Plaintiff BOWMAN has suffered, and continues to suffer, extreme economic hardship in his business and personal life. Plaintiff PREMCO has, also suffered, and continues to suffer extreme economic hardship in business.

**18.** Plaintiffs, BOWMAN and PREMCO are informed and believe, and thereon allege, that each and all of the acts and omissions alleged, herein, were performed by, and/or attributable to, all Defendants. Each Defendant was acting as the agents and/or employees, and or under the direction and control of each of the other Defendants. The acts, and failures to act, were within the course and scope of the agency, employment, and/or direction and control. Plaintiffs are informed and believe, and thereon allege, that at all times material hereto, Defendants were and are agents of each other.

## CLAIMS FOR RELIEF

## I.

## <u>FIRST CAUSE OF ACTION</u>

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**<u>Federal Way - Branch Manager Employment Agreement</u>**

**19.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**20.** From December, 2003, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid Net Profits.

**21.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**22.** Defendant, willfully, failed to pay Plaintiff his wages, in the form of Net Profits, which were due and owing to Plaintiff upon Defendant's termination of his employment.

**23.** By failing to pay Plaintiff the Net Profits, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**24.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff BOWMAN has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as is further set below.

**II.**

**SECOND CAUSE OF ACTION**

[Nonpayment of Wages - Violation of Labor Code §§ 201 and 218.5]

**Federal Way - Branch Manager Employment Agreement**

**25.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein

**26.** From December, 2003, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid wages in the form of Net Profits.

**27.** Defendant, willfully, failed to pay Plaintiff his wages, in the form of Net Profits, which were due and owing to Plaintiff upon Defendant's termination of his employment.

**28.** Plaintiff is entitled to his wages, and Defendant's failure to pay him his wages, in the form of Net Profits, is in violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**29.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

**30.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**III.**

**THIRD CAUSE OF ACTION**

[Waiting Time Penalty – Violation of Labor Code §§ 201, 203, and 218.5]

**Federal - Way Branch Manager Employment Agreement**

**31.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**32.** Plaintiff BOWMAN is entitled to his wages, and Defendant CMG's willful failure to pay Plaintiff BOWMAN his wages, in the form of Net Profits, is a violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**33.** Defendant's willful failure to pay Plaintiff his wages is a violation of Labor Code § 203. Under Labor Code § 203, Defendant is liable for Plaintiff for up to thirty (30) days of waiting time penalties.

**34.** As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203 in an amount to be proven at trial.

**35.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**IV.**

**FOURTH CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Federal Way – Branch Manager Employment Agreement**

**36.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**37.** From December 2003, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid wages in the form of Net Profits.

**38.** Defendant, willfully, failed to pay Plaintiff the Net Profits which were due and owing to Plaintiff upon Defendant's termination of his employment.

**39.** By failing to pay Plaintiff the Net Profits, without his consent, Defendant wrongfully exercised dominion and control over Plaintiff's property, and, thus, converted the property to its own use.

**40.** Plaintiff is entitled to be paid the Net Profits and has been denied the possession, use, and enjoyment of the Net Profits.

**41.** Plaintiff has been damaged by Defendant's conduct of the unlawful conversion of Net Profits owed to him.

**42.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff is entitled to his Net Profits which were converted by Defendant in an amount to be proven at trial.

**43.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiff is entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**44.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**V.**

**FIFTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Federal Way – Branch Office Reserves Agreement**

**45.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**46.** From December, 2003, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would deduct amounts from the Net Profits as Reserves which were to be paid to Plaintiff upon termination.

**47.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**48.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**49.** By failing to pay Plaintiff the Reserves, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**50.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff BOWMAN has suffered damages in an amount to be proven at trial.

**VI.**

**<u>SIXTH CAUSE OF ACTION.</u>**

[Nonpayment of Wages - Violation of Labor Code §§ 201 and 218.5]

**<u>Federal Way – Branch Office Reserves Agreement</u>**

**51.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**52.** From December, 2003, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid <u>wages</u> in the form of <u>Net Profits</u> and that Defendant would deduct amounts from the Net Profits as <u>Reserves</u> which were to be paid to Plaintiff upon termination.

**53.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**54.** Plaintiff is entitled to his wages and Defendant's failure to pay him his wages, in the form of Reserves, is in violation of <u>Labor Code § 201(a)</u> which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**55.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

**56.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under <u>Labor Code § 218.5</u>, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

VII.

**SEVENTH CAUSE OF ACTION**

[Waiting Time Penalty – Violation of Labor Code §§ 201, 203, and 218.5]

**Federal Way - Branch Office Reserves Agreement**

**57.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**58.** Plaintiff BOWMAN is entitled to his wages, and Defendant CMG's willful failure to pay Plaintiff BOWMAN his wages, in the form of Reserves, is a violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**59.** Defendant's willful failure to pay Plaintiff his wages is a violation of Labor Code § 203. Under Labor Code § 203, Defendant is liable for Plaintiff for up to thirty (30) days of waiting time penalties.

**60.** As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203 in an amount to be proven at trial.

**61.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

VIII.

**EIGHTH CAUSE OF ACTION**

[Conversion – Civil Code §3336]

**Federal - Way Branch Office Reserves Agreement**

**62.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**63.** From December, 2003, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would deduct amounts from the Net Profits as Reserves which were to be paid to Plaintiff upon termination.

**64.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**65.** By failing to pay Plaintiff the Reserves, without his consent, Defendant wrongfully exercised dominion and control over Plaintiff's property, and, thus, converted the property to its own use.

**66.** Plaintiff is entitled to be paid the Reserves and has been denied the possession, use, and enjoyment of the Reserves.

**67.** Plaintiff has been damaged by Defendant's conduct of the unlawful conversion of Reserves owed to him.

**68.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff is entitled to the Reserves which were converted by Defendant in an amount to be proven at trial.

**69.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiff is entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**70.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

IX.

**NINTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Federal Way – Branch Office Accounting**

**71.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein

**72.** From December, 2003, through January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid one hundred percent (100%) of the Branch Office Net Profits and Defendant assumed responsibility for all accounting and the disbursement of all funds for the operation of the Branch Office.

**73.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**74.** Defendant failed to accurately perform the Branch Office accounting on a consistent basis and paid itself accounting fees.

**75.** Defendant deducted its 401(k) employer contributions, for various employees including Plaintiff, from the Branch Office Gross Income and has failed to credit the unvested 401(k) employer contributions back into the Branch Office Gross Income and pay them to Plaintiff as Net Profits along with any appreciations.

**76.** By failing to accurately perform the Branch Office accounting and failing to credit the unvested 401(k) employer contributions back to Plaintiff as Net Profits to be paid to him, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**77.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

X.

**TENTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Vancouver - Branch Manager Employment Agreement**

**78.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as though fully set forth herein.

**79.** From July, 2004, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid Net Profits.

**80.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**81.** Defendant, willfully, failed to pay Plaintiff his wages, in the form of Net Profits, which were due and owing to Plaintiff upon Defendant's termination of his employment.

**82.** By failing to pay Plaintiff the Net Profits, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**83.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff BOWMAN has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as is further set below.

XI.

**ELEVENTH CAUSE OF ACTION**

[Nonpayment of Wages - Violation of Labor Code §§ 201 and 218.5]

**Vancouver – Branch Manager Employment Agreement**

**84.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**85.** From July, 2004, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid wages in the form of Net Profits.

**86.** Defendant, willfully, failed to pay Plaintiff his wages, in the form of Net Profits, which were due and owing to Plaintiff upon Defendant's termination of his employment.

**87.** Plaintiff is entitled to his wages, and Defendant's failure to pay him his wages, in the form of Net Profits, is in violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**88.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

**89.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XII.**

**TWELVETH CAUSE OF ACTION**

[Waiting Time Penalty – Violation of Labor Code §§ 201, 203, and 218.5]

**Vancouver Branch - Manager Employment Agreement**

**90.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**91.** Plaintiff BOWMAN is entitled to his wages, and Defendant CMG's willful failure to pay Plaintiff BOWMAN his wages, in the form of Net Profits, is a violation of Labor Code

§ 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**92.** Defendant's willful failure to pay Plaintiff his wages is a violation of Labor Code § 203. Under Labor Code § 203, Defendant is liable for Plaintiff for up to thirty (30) days of waiting time penalties.

**93.** As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203 in an amount to be proven at trial.

**94.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XIII.**

**THIRTEENTH CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Vancouver – Branch Manager Employment Agreement**

**95.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**96.** From July 2004, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid wages in the form of Net Profits.

**97.** Defendant, willfully, failed to pay Plaintiff the Net Profits which were due and owing to Plaintiff upon Defendant's termination of his employment.

**98.** By failing to pay Plaintiff the Net Profits, without his consent, Defendant wrongfully exercised dominion and control over Plaintiff's property, and, thus, converted the property to its own use.

**99.** Plaintiff is entitled to be paid the Net Profits and has been denied the possession, use, and enjoyment of the Net Profits.

**100.** Plaintiff has been damaged by Defendant's conduct of the unlawful conversion of Net Profits owed to him.

**101.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff is entitled to his Net Profits which were converted by Defendant in an amount to be proven at trial.

**102.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiff is entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**103.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XIV.**

**FOURTEENTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Vancouver - Branch Office Reserves Agreement**

**104.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**105.** From July, 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would deduct amounts from the Net Profits as Reserves which were to be paid to Plaintiff upon termination.

**106.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**107.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**108.** By failing to pay Plaintiff the Reserves, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**109.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff BOWMAN has suffered damages in an amount to be proven at trial.

**XV.**

**FIFTHTEENTH CAUSE OF ACTION**

[Nonpayment of Wages - Labor Code §§ 201, 203, and 218.5]

**Vancouver - Branch Office Reserves Agreement**

**110.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**111.** From July 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid wages in the form of Net Profits and that Defendant would deduct amounts from the Net Profits as Reserves which were to be paid to Plaintiff upon termination.

**112.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**113.** Plaintiff is entitled to his wages and Defendant's failure to pay him his wages, in the form of Reserves, is in violation of Labor Code § 201(a) which requires an employer who

discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**114.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

**115.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XVI.**

**SIXTEENTH CAUSE OF ACTION**

[Waiting Time Penalty – Violation of Labor Code §§ 203, 218]

**Vancouver – Branch Office Reserves Agreement**

**116.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**117.** Plaintiff BOWMAN is entitled to his wages, and Defendant CMG's willful failure to pay Plaintiff BOWMAN his wages, in the form of Reserves, is a violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**118.** Defendant's willful failure to pay Plaintiff his wages is a violation of Labor Code § 203. Under Labor Code § 203, Defendant is liable for Plaintiff for up to thirty (30) days of waiting time penalties.

**119.** As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203 in an amount to be proven at trial.

**120.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

XVII.

**SEVENTEENTH CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Vancouver - Branch Office Reserves Agreement**

**121.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**122.** From July 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would deduct amounts from the Net Profits as Reserves which were to be paid to Plaintiff upon termination.

**123.** Defendant, willfully, failed to pay Plaintiff the Reserves which were due and owing to Plaintiff upon Defendant's termination of his employment.

**124.** By failing to pay Plaintiff the Reserves, without his consent, Defendant wrongfully exercised dominion and control over Plaintiff's property, and, thus, converted the property to its own use.

**125.** Plaintiff is entitled to be paid the Reserves and has been denied the possession, use, and enjoyment of the Reserves.

**126.** Plaintiff has been damaged by Defendant's conduct of the unlawful conversion of Reserves owed to him.

**127.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff is entitled to the Reserves which were converted by Defendant in an amount to be proven at trial.

**128.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiff is entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**129.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XVIII.**

**EIGTHEENTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Vancouver – Branch Office Accounting**

**130.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as thought fully set forth herein.

**131.** From July, 2004, until January 31, 2007, a written contract, the Branch Manager Employment Agreement, existed between Plaintiff BOWMAN and Defendant CMG that Plaintiff would be paid one hundred percent (100%) of the Branch Office Net Profits and Defendant assumed responsibility for all accounting and the disbursement of all funds for the operation of the Branch Office.

**132.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

**133.** Defendant failed to accurately perform the Branch Office accounting on a consistent basis and paid itself accounting fees.

**134.** Defendant deducted its 401(k) employer contributions, for various employees including Plaintiff, from the Branch Office Gross Income and has failed to credit the unvested 401(k) employer contributions back into the Branch Office Gross Income and pay them to Plaintiff as Net Profits along with any appreciations.

135. By failing to accurately perform the Branch Office accounting and failing to credit the unvested 401(k) employer contributions back to Plaintiff as Net Profits to be paid to him, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

136. As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XIX.**

**NINETEENTH CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Marketing Credits Agreement**

137. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as though fully set forth herein.

138. From September, 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would pay Plaintiff his banked Marketing Credits as a bonus.

139. There was, in the above, described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiff of the benefits of that contract.

140. Defendant, willfully, failed to pay Plaintiff his wages, in form of a Marketing Credit bonus, which was due and owing to Plaintiff upon Defendant's termination of his employment.

141. By failing to pay Plaintiff the Marketing Credits bonus, Defendant has breached the contract and the implied covenant of good faith and fair dealing.

**142.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff BOWMAN has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XX.**

**TWENTIETH CAUSE OF ACTION**

[Nonpayment of Wages – Violation of Labor Code §§ 201 and 218.5]

**Marketing Credits Agreement**

**143.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**144.** From September, 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would pay Plaintiff banked Marketing Credits as a bonus.

**145.** Defendant, willfully, failed to pay Plaintiff his wages, in form of a Marketing Credit bonus, which was due and owing to Plaintiff upon Defendant's termination of his employment.

**146.** Plaintiff is entitled to his wages, and Defendant's failure to pay him his wages, in the form of a Marketing Credits bonus, is in violation of Labor Code § 201(a) which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**147.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered damages in an amount to be proven at trial.

**148.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

XXI.

**TWENTY FIRST CAUSE OF ACTION**

[Waiting Time Penalty – Violation of Labor Code §§ 201, 203, and 218]

**Marketing Credits Agreement**

**149.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**150.** From September, 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would pay Plaintiff banked Marketing Credits as a bonus.

**151.** Plaintiff BOWMAN is entitled to his wages, and Defendant CMG's willful failure to pay Plaintiff his wages, in the form of the Marketing Credits bonus, is a violation of Labor Code § 201(a) , which requires an employer who discharges an employee to pay wages due and owing to the employee, immediately, upon discharge.

**152.** Defendant's willful failure to pay Plaintiff his wages, in the form of the Marketing Credits bonus, is a violation of Labor Code § 203. Under Labor Code § 203, Defendant is liable for Plaintiff for up to thirty (30) days of waiting time penalties.

**153.** As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203 in an amount to be proven at trial.

**154.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff requests attorney's fees under Labor Code § 218.5, in addition to interest, expenses, and costs of suit.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XXII.**

**TWENTY SECOND CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Marketing Credits Agreement**

**155.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

**156.** From September 2004, until January 31, 2007, a partially written, partially oral, and/or implied-in-fact contract existed between Plaintiff BOWMAN and Defendant CMG that Defendant would pay Plaintiff banked Marketing Credits as a bonus.

**157.** Defendant, willfully, failed to pay Plaintiff his Marketing Credit bonus which was due and owing to Plaintiff upon Defendant's termination of his employment.

**158.** By failing to pay Plaintiff the Marketing Credits bonus, without his consent, Defendant wrongfully exercised dominion and control over Plaintiff's property, and, thus, converted the property to its own use.

**159.** Plaintiff is entitled to be paid the Marketing Credits bonus and has been denied the possession, use, and enjoyment of the Marketing Credits bonus.

**160.** Plaintiff has been damaged by Defendant's alleged conduct of the unlawful conversion of the Marketing Credits bonus owed to him.

**161.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff is entitled to the Marketing Credits bonus which was converted by Defendant in an amount to be proven at trial.

**162.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiff is entitled to any special damages, damages for emotional distress suffered, and for compensation for the

time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**163.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

**XXIII**

**TWENTY THIRD CAUSE OF ACTION**

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Federal Way – Facilities and Equipment Rental Agreement**

**164.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as though fully set forth herein.

**165.** From December 2003, until January 31, 2007, a written contract existed between Plaintiffs BOWMAN and PREMCO and Defendant CMGS that Defendant would pay Plaintiffs one hundred and twenty five (125%) of Plaintiffs' actual costs incurred to operate the Branch Office, and Plaintiffs paid a security deposit which was to be refunded to Plaintiffs upon termination of the contract.

**166.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiffs of the benefits of that contract.

**167.** Defendant, willfully, failed to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and failed to return the security deposit which was due and owing to Plaintiffs upon termination of the contract.

**168.** By failing to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office, and by failing to return the security deposit, Defendant breached the contract and the covenant of good faith and fair dealing.

**169.** As a direct and proximate result of Defendant's alleged conduct, Plaintiffs BOWMAN and PREMCO have suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as is further set below.

**XXIV.**

**TWENTY FOURTH CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Federal Way – Facilities and Equipment Rental Agreement**

**170.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as if fully incorporated herein.

**171.** From December, 2003, until January 31, 2007, a written contract existed between Plaintiffs BOWMAN and PREMCO and Defendant CMGS that Defendant would pay Plaintiffs one hundred and twenty five (125%) of Plaintiffs' actual costs incurred to operate the Branch Office and Plaintiffs paid a security deposit which was to be refunded to Plaintiffs upon termination of the contract.

**172.** Defendant, willfully, failed to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and failed to return the security deposit which was due and owing to Plaintiffs upon termination of the contract.

**173.** By failing to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office, and by failing to refund the security deposit to Plaintiffs, without their consent, Defendant wrongfully exercised dominion and control over Plaintiffs' property, and thus, converted the property to its own use.

**174.** Plaintiffs are entitled to be paid one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and are entitled to a refund of the security deposit.

**175.** Plaintiffs have been damaged by Defendant's conduct of the unlawful conversion of the actual costs incurred to operate the Branch Office and the security deposit owed to them.

**176.** As a direct and proximate result of Defendant's alleged conduct, Plaintiffs are entitled to one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and a refund of the security deposit in an amount to be proven at trial.

**177.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiffs are entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**178.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiffs. Plaintiffs are, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiffs pray for judgment as is further set forth below.

**XXV.**

## TWENTY FIFTH CAUSE OF ACTION

[Breach of Contract & Implied Covenant of Good Faith and Fair Dealing]

**Vancouver – Facilities and Equipment Rental Agreement**

**179.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as though fully set forth herein.

**180.** From July, 2004, until January 31, 2007, a written contract existed between Plaintiffs BOWMAN and PREMCO and Defendant CMGS that Defendant would pay Plaintiffs one

hundred and twenty five (125%) of Plaintiffs' actual costs incurred to operate the Branch Office, and Plaintiffs paid a security deposit which was to be refunded to Plaintiffs upon termination of the contract.

**181.** There was, in the above described contract, a covenant of good faith and fair dealing implied by law that Defendant would take no action to unfairly deprive Plaintiffs of the benefits of that contract.

**182.** Defendant willfully failed to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and failed to return the security deposit which was due and owing to Plaintiffs upon termination of the contract.

**183.** By failing to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office, and by failing to return the security deposit, Defendant breached the contract and the covenant of good faith and fair dealing.

**184.** As a direct and proximate result of Defendant's alleged conduct, Plaintiffs BOWMAN and PREMCO have suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as is further set below.

**XXVI.**

**TWENTY SIXTH CAUSE OF ACTION**

[Conversion – Civil Code § 3336]

**Vancouver – Facilities and Equipment Rental Agreement**

**185.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, as though fully incorporated herein.

**186.** From July, 2004, until January 31, 2007, a written contract existed between Plaintiffs BOWMAN and PREMCO and Defendant CMGS that Defendant would pay Plaintiffs one hundred and twenty five (125%) of Plaintiffs' actual costs incurred to operate the Branch

Office, and Plaintiffs paid a security deposit which was to be refunded to Plaintiffs upon termination of the contract.

**187.** Defendant willfully failed to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and failed to return the security deposit which was due and owing to Plaintiffs upon termination of the contract.

**188.** By failing to pay Plaintiffs one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office, and by failing to refund the security deposit to Defendants, without their consent, Defendant wrongfully exercised dominion and control over Plaintiffs' property, and thus, converted the property to its own use.

**189.** Plaintiffs are entitled to be paid one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and are entitled to a refund of the security deposit.

**190.** Plaintiffs have been damaged by Defendant's conduct of the unlawful conversion of the actual costs incurred to operate the Branch Office and the security deposit owed to them.

**191.** As a direct and proximate result of Defendant's alleged conduct, Plaintiffs are entitled to one hundred and twenty five percent (125%) of the actual costs incurred to operate the Branch Office and a refund of the security deposit in an amount to be proven at trial.

**192.** As a direct and proximate cause of Defendant's alleged conduct, Plaintiffs are entitled to any special damages, damages for emotional distress suffered, and for compensation for the time and money expended in the pursuit of the converted property, as allowed under Civil Code § 3336, in an amount to be proven at trial.

**193.** In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiffs. Plaintiffs are, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiffs pray for judgment as is further set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For general damages according to proof at trial;
2. For special damages according to proof at trial;
3. For emotional distress damages according to proof at trial;
4. For punitive damages according to proof at trial;
5. For expenses and costs of suit;
6. For interest at the maximum legal rate on all sums allowed;
7. For attorney fees, pursuant to Labor Code § 218.5;
8. For other such relief as the Court deems just and proper.

DATED: June 14, 2007

**ANGELA M. XAVIER**
(Attorney for Plaintiffs)
CA SBN 165152

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues, to a jury, in their complaint.

DATED: June 14, 2007

**ANGELA M. XAVIER**
(Attorney for Plaintiff)
CA SBN 165152