# Case Management Standing Order
# Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Brenda Tolbert, Courtroom Deputy (415) 522-4708

1.  Civil Law & Motion is heard on Thursdays at 10:00 a.m. Counsel need not reserve a
    hearing date for civil matters, but should confirm Judge James' availability in the legal
    newspapers and on the district court web site, www.cand.uscourts.gov. Motions are
    governed by the Civil Local Rules and the Federal Rules of Civil Procedure. Motions for
    summary judgment shall be accompanied by a joint statement of undisputed facts in
    compliance with Civil L. R. 56-2(b).

2.  Criminal motions are scheduled with the courtroom deputy for any Thursday at 10:00
    a.m. when the judge is available, or during the regular criminal calendar while Judge
    James is on criminal duty. Motions are governed by the Federal Rules of Criminal
    Procedure and the Criminal Local Rules.

3.  Discovery disputes are governed by Judge James' discovery standing order, enclosed
    herewith and available on the Court's website.

4.  Counsel shall meet and confer prior to the Case Management Conference and file a Joint
    Case Management Conference Statement no later than seven days prior to the c.m.c. The
    statement shall address the information contained in the Joint Case Management
    Statement and [proposed] Case Management Order form, enclosed herewith and
    available on the Court's website.

5.  At least seven days prior to the c.m.c., each party shall file the magistrate jurisdiction
    consent/declination form, enclosed herewith and available on the Court's website. In the
    event that any defendant(s) files a motion to dismiss, defendant(s) shall file the
    consent/request form at the time the motion is filed and plaintiff(s) shall file the
    consent/declination form fourteen days thereafter, at the time the opposition is due.

6.  In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge
    with chambers a printed copy of the papers by noon of the next court day following the
    day the papers are filed electronically. These printed copies shall be marked "Chambers
    Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked
    "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not
    file a paper copy of any document with the Clerk's Office that has already been filed
    electronically.

Dated: May 31, 2006

Maria-Elena James
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. All parties and counsel are required to follow these procedures.

1.      Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2.      The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3.      The Court will not consider a formal motion to compel under Civil Local Rule 7. Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

1

1   five pages and may not be accompanied by exhibits or affidavits other than exact copies of

2   disputed interrogatories, requests for production of documents and/or responses, privilege logs,

3   and relevant deposition testimony. The parties need not state all disputes in one letter; rather, it

4   is preferable that the parties file a separate letter for each dispute.

5   4.      In the event that counsel is unable to meet and confer with a party or opposing counsel

6   as directed above, counsel shall file a written request for a telephonic conference for the

7   purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an

8   alternative procedure which satisfies the meet and confer requirement. Counsel's written

9   request shall state (1) three agreed upon prospective times and dates for the telephonic

10  discovery conference to take place, (2) the anticipated length of the conference, and (3) the

11  phone numbers at which counsel shall be contacted on the day of the conference. A copy of the

12  written request shall be served on opposing counsel and verification of said service shall be

13  filed with the request. Additionally, counsel shall file a declaration which states any attempt to

14  meet and confer and the reasons for the inability to comply with this standing order. Counsel

15  may attach exhibits to support the declaration, but the declaration and exhibits combined may

16  not exceed seven pages. The Court will not excuse a party from the requisite in-person meeting

17  unless good cause is shown.

18  5.      In the event that the parties are participating in a deposition or a site inspection and a

19  discovery dispute arises regarding the deposition and/or site inspection, the parties may contact

20  Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge

21  James is available to resolve the parties' impending dispute telephonically. In the event that

22  Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy

23  for any reason, the parties shall proceed follow the procedures for requesting a telephonic

24  conference as set forth in paragraph 4 above. The deposition or site inspection shall

25  nevertheless proceed with objections noted for the record.

26  6.      In the event that a matter is to be taken off calender, or continued to a further date, a

27

28                                          2

1    written stipulation signed by the parties shall be filed with the Court for approval.

2    7.      Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact

3    the Court *ex parte* without prior notice to the opposing party. Further, all communications or

4    questions to the Court shall be presented to the Court in writing and shall be properly filed.

5    Parties must certify to the Court that all parties were served a copy of the written

6    communication. Unless expressly requested by the Court, documents should not be faxed to

7    chambers but should be filed or lodged in accordance with the Local Rules of Court.

8    8.      Parties shall not mail or fax to the Court copies of correspondence from a party

9    regarding any dispute pending before the Court.

10   9.      Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local

11   Rules 7 and 37-3. Any party seeking an award of attorney's fees or other expenses in

12   connection with a motion shall file a declaration with the opposition or reply memorandum

13   which itemizes with particularity the fees and expenses claimed.

14   10.     In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge

15   with chambers a printed copy of the papers by noon of the next court day after filing. These

16   printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office

17   in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case

18   number. Parties shall not file a paper copy of any document with the Clerk's Office that has

19   already been filed electronically.

20          The failure of a party to abide by Judge James' Discovery and Disclosure Dispute

21   Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

22          **IT IS SO ORDERED.**

23

24   Dated: May 31, 2006

25                                                              _____
                                                               MARIA-ELENA JAMES
26                                                             United States Magistrate Judge

27

28                                                 3

United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9                                        No. C              MEJ

10            Plaintiff(s),             **JOINT CASE MANAGEMENT
                                        STATEMENT AND [PROPOSED] CASE**
11    vs.                               **MANAGEMENT ORDER**

12
13            Defendant(s).
      _____/
14

15        The parties to the above-entitled action submit this Joint Case Management Statement and

16    [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order

17    in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule16-10(b).

18

19                    **JOINT CASE MANAGEMENT STATEMENT**

20    A.    Description of the case:  (The parties may attach additional pages to this statement.)

21    1.    A brief description of the events underlying the action:

22    _____

23    _____

24    _____

25    _____

26    _____

27    _____

28    _____

United States District Court
For the Northern District of California

1  2.    The principal factual issues which the parties dispute:

2  _____

3  _____

4  _____

5  _____

6  _____

7  _____

8

9  3.    The principal legal issues which the parties dispute:

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18

19  4.    Other issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or*

20  *venue]* which remain unresolved for the reason stated below and the parties' proposed resolution:

21  _____

22  _____

23  _____

24  _____

25  _____

26  _____

27

28                                   2

5.    The parties who have not been served and the reasons for said lack of service:

_____

_____

_____

_____

_____

6.    The additional parties whom the below-specified parties intend to join and the intended
      time frame for such joinder:

_____

B.    Consent to Magistrate Judge for Trial:

1.    The parties consent to assignment of this case to a United States Magistrate Judge for Trial:

      _____ Yes    _____ No

      The consent/request for reassignment form is attached to the back of this sample joint case

      management statement and order.  The consent/request for reassignment form was received

      by Defendant with service of process of the complaint.  **Each party shall file the signed**

      **form consenting to Magistrate Judge James' jurisdiction or requesting reassignment to**

      **a district court judge no later than the filing deadline for the joint case management**

      **statement assigned by the initial case management schedule.**

C.    Alternative Dispute Resolution:

      The parties have discussed and request the following court ADR process: Nonbinding

      Arbitration, Early Neutral Evaluation, Mediation, or Early Settlement *[If Nonbinding*

      *Arbitration, Early Neutral Evaluation or Mediation, state the expected or scheduled date for*

      *the ADR session]*:

_____

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1

2

3                          **[PROPOSED] CASE MANAGEMENT ORDER**

4                    *[Counsel shall fill in the stipulated dates for the matters below]*

5              Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on

6        _____ and ORDERS as follows:

7

8    A.    <u>ADR Program</u>:

9    1.    The parties are hereby referred to _____ [*ADR selection above*].

10   2.    The parties shall file their ADR certification by the date assigned by the initial case

11         management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

12

13   B.    <u>Jury or Court Trial</u>:

14   1.    The parties shall designate in **both their pleadings and joint case management**

15         **statement** whether the trial requested is a jury trial or court trial [*designate one below*]:

16         Plaintiff requests a jury trial          _____

17         Defendant requests a jury trial          _____

18         Plaintiff requests a court trial          _____

19         Defendant requests a court trial          _____

20

21   C.    <u>Pretrial Motions</u>:

22   1.    All pretrial motions shall be filed in accordance with Civil L.R. 7. A motion shall be noticed

23         pursuant to Civil L.R. 7-2 without calling the Court. Civil law and motion is heard on

24         Thursday mornings at 10:00 a.m.

25

26   D.    <u>Discovery</u>:

27   1.    The parties shall abide by Judge James' standing order regarding discovery and dispute

28                                                    4

1    procedures.

2

3  E.    Disclosure of Expert Witnesses:

4  1.    Any party wishing to present expert witness testimony with respect to a claim or defense shall

5        serve on all other parties the name, address, qualifications, resume, and a written report

6        which complies with Federal Rule of Civil Procedure  26(a)(2)(B) on or before

7        _____ (210 days before trial).

8  2.    This disclosure must be made with respect to a person who is either (a) specifically retained

9        or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702

10       or (b) a regular employee or agent or treating physician who may be called to provide expert

11       opinion testimony.

12  3.   **A party or counsel has a continuing duty to supplement the disclosure of expert**

13       **witnesses when required under Federal Rule of Civil Procedure 26(e)(1).**

14

15  F.    Rebuttal Expert Witnesses:

16  1.    If the testimony of the expert is intended solely to contradict or rebut opinion testimony on

17       the same subject matter identified by another party, the party proffering a rebuttal expert shall

18       make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than

19       _____(200 days before the trial).

20

21  G.    Limitation on Testimony by Expert Witnesses:

22  1.    Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert

23       witness shall be precluded from testifying about any actions or opinions not disclosed prior to

24       the expert's deposition.  This is to ensure that all factual material upon which expert opinion

25       may be based and all tests and reports are completed prior to the expert deposition.

26  2.    Unless application is made prior to the close of expert discovery, each party is limited to

27       calling only one expert witness in each discipline involved in the case.

28

5

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

3.  Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

H.  Close of Discovery:

1.  All discovery, including depositions of expert witnesses, must be completed by _____ (185 days before trial).

2.  Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable except by order of the Court and upon a showing of good cause.

3.  Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the discovery cut-off date.

I.  Dispositive Motions:

1.  Pursuant to Civil L.R. 7-2, all dispositive motions shall be filed, served and noticed by _____ (155 days prior to trial). The parties shall file a joint statement of undisputed facts pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.

2.  The Court shall hear dispositive motions on _____ ( 120 prior days to trial, during the Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.

J.  Exchange and filing of Trial Papers:

1.  By _____ (60 days before trial) lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.

2.  By _____ ( 45 days before trial) counsel shall file the papers described in

6

1    Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including

2    the following:

3    (A) Substance of the Action: A brief description of the substance of claims and defenses

4    which remain to be decided.

5    (B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all

6    elements of damages claimed as well as witnesses, documents or other evidentiary material to

7    be presented concerning the amount of damages.

8    (C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably

9    disputable, as well as which facts parties will stipulate for incorporation into the trial record

10   without the necessity of supporting testimony or exhibits.

11   (D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues

12   which remain to be decided.

13   (E) Agreed Statement: A statement assessing whether all or part of the action may be

14   presented upon an agreed statement of facts.

15   (F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial

16   purposes.

17   (G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-

18   length detailed summary of the substance of the proposed testimony of each witness, which

19   shall also specify to which disputed fact the testimony relates and an estimate of the time

20   required for direct and cross examination of each prospective witness.

21   (H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each

22   proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All

23   documents shall be authenticated prior to trial.

24   (I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation

25   of each party's case.

26   (J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

27   **No party shall be permitted to offer any witness or exhibit in its case in chief that is  not**

28                                      7

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  **disclosed in its witness or exhibit list without leave of the Court for good cause shown.**

2  3.  Motions *in limine*: Counsel are directed to meet and confer to resolve any evidentiary

3  disputes prior to filing motions *in limine*. Any motions *in limine* shall be filed

4  _____ (45 days prior to trial). Any Opposition to motions *in limine* shall be filed

5  _____ (38 days prior to trial). These matters will be deemed submitted on the

6  papers without oral argument, unless the Court orders otherwise.

7  4.  Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant

8  to Ninth Circuit authority, all significant disputed issues of law, including foreseeable

9  procedural and evidentiary issues by _____ (30 days prior to trial).

10  5.  Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a **joint** set of requested

11  voir dire to be posed by the Court by _____ (30 days prior to trial).  Any voir

12  dire questions on which counsel cannot agree shall be submitted separately by _____

13  (30 days prior to trial). Counsel will be allowed brief follow-up voir dire after the Court's

14  questioning.

15  6.  Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01 through § 2.02

16  and § 3.01 through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth

17  Circuit (1998 Edition) will be given absent objection. Counsel shall submit a **joint** set of

18  additional proposed jury instructions by _____ (30 days prior to trial). . The

19  instructions shall be ordered in a logical sequence, together with a table of contents. Any

20  instruction on which counsel cannot agree shall be marked as "disputed," and shall be

21  included within the jointly submitted instructions and accompanying table of contents, in the

22  place where the party proposing the instruction believes it should be given. Argument and

23  authority for and against each disputed instruction shall be included as part of the joint

24  submission, on separate sheets directly following the disputed instruction. The Court prefers

25  that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth

26  Circuit.

27  If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury

28  8

1     instructions on a computer disk in WordPerfect format. The disk label shall include the name

2     of the parties, the case number and be entitled "Proposed Jury Instructions."

3     At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed

4     jury instructions and will then render its rulings.

5   7.   Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any **joint**

6     proposed verdict forms and shall submit their separate verdict forms by _____ (30 days

7     prior to trial).

8     Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint

9     proposed verdict forms on a computer disk in WordPerfect. The disk label shall include the

10     name of the parties, the case number and be entitled "Proposed Verdict Forms."

11   8.   Proposed Findings of Fact and Conclusions of Law (Court Trial Only): Counsel shall submit

12     **joint** proposed findings of facts by _____ (30 days prior to trial). Counsel shall

13     submit separately a copy of their disputed findings of fact and conclusions of law by

14     _____ (30 days prior to trial).

15     Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint

16     proposed findings of fact on a computer disk in WordPerfect. The disk label shall include the

17     name of the parties, the case number and be entitled "Joint Proposed Findings of Facts."

18

19   K.   Pretrial Conference:

20   1.   On _____ (30 days prior to trial, during the Court's Thursday law and motion

21     calendar is held on Thursdays) the Court shall hold a pretrial conference at 10:00 a.m. in

22     Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San

23     Francisco, California. Lead counsel who will try the case must attend the pretrial conference.

24     The purpose of the pretrial conference is for the Court to rule on any issues raised in the final

25     pretrial conference statement, motions *in limine*, and to discuss the trial of the case.

26

27

28

9

United States District Court
For the Northern District of California

L.  Final Pretrial Conference:

1.  On _____ (4 days prior to trial, during the Court's Thursday law and motion calendar) the Court shall hold a final pretrial conference to address any outstanding trial issues.

M.  Trial Date:

1.  The trial shall commence [with jury selection taking place] on _____ (Trial schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last _____ days.

2.  For any documents, including the deposition of a witness testifying at trial, which will be shown presented to a witness **but will not be admitted into evidence,** counsel shall bring the original plus three clean copies of the documents. The original document will be handed to the Court during testimony, and the clean copies of the document will be given to the witness during the examination and to opposing counsel.

3.  Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. **The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list.**

Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4.  On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits for the Court. **The premarked exhibit binders are to be designated with label dividers.** The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

10

N.   Jury Selection:

1.   The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates.

O.   Sanctions:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

P.   Transcripts:

Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a

11

1    signed order will need to be obtained at least ten days in advance of the trial date for the

2    items to clear security.

3

4    Q.    Questions:

5        All questions regarding these instructions should be directed to Brenda Tolbert,

6    Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

7

8    Date: _____    Plaintiff's Counsel    _____
                                                            Signature
9

10                                Plaintiff's Counsel    _____
                                                            Printed Name
11

12   Date: _____    Defendant's Counsel    _____
                                                            Signature
13

14                                Defendant's Counsel    _____
                                                            Printed Name
15
         **IT IS SO ORDERED.**
16

17   Dated: _____                          _____
                                                        MARIA-ELENA JAMES
18                                                      United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28                                      12

## NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

**IT IS SO ORDERED.**

Date:   May 31, 2006

Maria-Elena James
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C            MEJ

Plaintiff(s),

**CONSENT TO ASSIGNMENT OR
REQUEST FOR REASSIGNMENT**

vs.

Defendant(s).
_____/

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby

consents to have a United States Magistrate Judge conduct any and all further proceedings in this

case, including trial, and order the entry of final judgment, and voluntarily waives the right to

proceed before a United States District Judge.

Dated:_____          Signed by: _____

                                        Counsel for:_____

**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____          Signed by: _____

                                        Counsel for: _____

*United States District Court*
For the Northern District of California