
David R. Medlin      (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:   (510) 832-2900
Facsimile:    (510) 832-2945
E-mail:       *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>　　　　　　Defendants.<br>_____/ | Case No.: C 07 3140 SI<br><br>NOTICE OF MOTION, MOTION AND SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS<br><br>Date:   September 14, 2007<br>Time:   9:00 a.m.<br>Dept:   Courtroom 10<br>Judge:  Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: None Set |

**I.    NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 14, 2007, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-entitled court, Attorneys for Defendants CMG Mortgage Inc., a California Corporation, CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, and CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage will and hereby do move this court to dismiss plaintiffs' 2nd, 3rd, 6th, 7th, 11th, 12th, 15th, 16th, 20th and 21st causes of action pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that the relief sought violates California law and violates the commerce clause of the U.S. Constitution. U.S. Const., Art. I, § 8.

///

This Motion to Dismiss is based on this Notice, the Memorandum of Points and Authorities filed concurrently herewith, the pleadings on file herein and on such oral and documentary evidence that may be presented at the hearing on this matter.

## II. STATEMENT OF ISSUES PRESENTED

Defendants CMG Mortgage Inc., a California Corporation, CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, and CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage (hereinafter collectively referred to as "CMG") seek to dismiss all claims in Plaintiffs' complaint which seek relief pursuant to the California Labor Code. Plaintiff James W. Bowman (hereinafter "Bowman"), a Washington resident, who is seeking to enforce a wage claim pursuant to the California Labor Code for work performed in the State of Washington. Such an action violates the provisions of the California Labor Code, as it was not meant to be enforced extra-territorially, and also violates the Commerce Clause of U.S. Constitution.

## III. INTRODUCTION & FACTUAL HISTORY

Plaintiffs filed an action against CMG in connection with two sets of contracts relative to the question of two branches offices of Pacific Guarantee Mortgage, a dba of CMG, one in Federal Way, Washington and one in Vancouver, Washington until January of 2007.

Two sets of contracts are relevant to this action: a Facilities Agreement and a Branch Management Agreement & Employment Agreement. The Facilities Agreements are leases between CMG and Plaintiff Pacific Real Estate Management Company (hereinafter "PREMCO") whereby CMG paid PREMCO rent for the branch premises and equipment (copiers, computers, etc.) necessary for operation of the branch offices. The Branch Management & Employment Agreements are employment agreements between Bowman and CMG related to Bowman's employment as the manager for the two branches. The agreements, collectively, address the relationship, including the manner in which Bowman would be paid and how expenses for the branches would be managed. The agreements provided that Bowman's income would be based on net profits, which was any money earned above the branch expenses paid for by CMG. The contracts, and Bowman's employment, were terminated in or about January of 2007.

Plaintiffs are suing for breach of the contracts and conversion of funds plaintiffs claim belong to them. Bowman is also suing defendants for violations of the California Labor Code for failure to pay wages and is seeking statutory penalties and attorney's fees. Plaintiffs specifically state in the complaint that plaintiff Bowman is a Washington resident and that his employment related to the branches at issue took place in Washington State. (Plaintiff's Complaint, paras. 4 & 9).

## IV. ARGUMENT

### A. FRCP 12(b)(6) Allows Dismissal Of Claims For Which No Relief Is Available.

A FRCP 12(b)(6) motion for dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balisteri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d 696, 699. The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Conley v. Gibson (1957) 355 U.S. 41, 45-46. As will be shown, plaintiff Bowman, a Washington resident, is not entitled to relief under the California Labor Code for work performed solely in Washington State. The California Labor Code does not provide for extra territorial enforcement and such enforcement would violate the Commerce Clause of the U.S. Constitution.

### B. The California Labor Code Cannot Be Enforced By A Washington Resident For Work Performed In Washington.

Plaintiff Bowman, a Washington resident, seeking redress under the California Labor Code for work performed solely in the State of Washington. Bowman states in Paragraph 4 of his complaint that he is a resident of Pierce County, Washington. He also states that at all times relevant to this complaint he was employed in the State of Washington at offices in the State of Washington. (Plaintiffs' Complaint, paras. 4 & 9). Nevertheless, Bowman is seeking relief under §§ 201, 203 and 218.5 of the California Labor Code related to CMG's alleged failure to pay wages.

Statutes generally do not have extraterritorial effect. Sale v. Haitian Centers Council, Inc. (1993) 509 U.S. 155, 173. "Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions occurring outside its boundaries, the presumption is that it did not intend to give its statutes extraterritorial effect." North Alaska Salmon

Co. v. Pillsbury (1916) 174 Cal. 1, 4.  The intention to make an act operative, with respect to occurrences outside the state, will not be declared to exist unless such intention is clearly expressed or reasonable to be inferred from the language of the act or from its purpose, subject matter or history.  Id.

The Labor Code, as it applies to payment of wages, has no language expressing an intent by the Legislature to make it applicable to foreign residents working in a foreign jurisdiction for a California employer.  Further, the Courts have ruled that extra territorial application of other employment laws, such as the California Fair Employment and Housing Act, are not applicable to non California residents working outside of California.  Campbell v. Arco Marine, Inc. (1996) 42 Cal. App. 4th 1850, 1859.

> At some point, a line must be drawn between those situations where the law applies and those where it does not. Appellant would have the law applied to all California-based employers regardless of where the aggrieved employee resides and regardless of where the tortious conduct took place. We reject that view.  To paraphrase the Supreme Court, if we were to accept appellant's view, we would have no logical basis for distinguishing between a non-resident working for a California corporation outside the state and a non-resident working for a foreign corporation outside the state.  Id.

Similar to the Campbell case, plaintiffs' application of the California Labor Code would extend California wage and hour laws to non-residents working for foreign corporations with no connection to California.  It would allow any employee, regardless of any connection to California, to enforce California law in the California Courts.

By analogy, such enforcement would allow an employee residing and working in a state such as Texas, with a minimum wage of $5.15 an hour to sue his California based employer for failure to pay minimum wage using California law which establishes minimum wage of $7.50 an hour.  Just because an employer is based in a different state does not give the employee the right to said state's labor laws.  Such enforcement was simply not anticipated by the California Legislature and is not allowed.

**C.    Plaintiffs's Application Of The California Labor Code Violates The Commerce Clause Of The United State Constitution.**

The federal Constitution gives Congress the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., art. I, § 8.  It has

4

long been recognized that the commerce clause operates as a self-executing limitation on the power of the states to enact laws imposing substantial burdens on interstate commerce. <u>New Energy Co. Of Indiana v. Limbach</u> (1988) 486 U.S. 269, 273. The U.S. Supreme Court has made clear that a state statute that directly regulates commerce occurring outside the boundaries of the state violates the commerce clause. <u>Healy v. The Beer Institute</u> (1989) 791 U.S. 324, 336.

Plaintiff Bowman is seeking to enforce California wage and hour laws as an employee working and residing in Washington State. This clearly amounts to regulation of interstate commerce. Additionally, this is not a matter of local interest to California, (see <u>California v. Zook</u> (1949) 336 U.S. 725, 728). If anything, it is a matter of local interest to Washington State, in which case the application of the California Labor Code to Bowman would violate the Due Process Clause and the Full Faith and Credit Clause of U.S. Constitution. <u>Allstate Insurance Co. v. Hague</u> (1981) 449 U.S. 302, 312-313.

## V.    CONCLUSION

There is nothing in the California Labor Code permitting enforcement by non-California residents working outside of California. To allow such enforcement would violate the principles of statutory construction, as there was no intent by the California Legislature for extra territorial enforcement of the Labor Code. Further, allowing such enforcement would violate the commerce clause of the U.S. Constitution, as it would amount to regulating business between the states. Further, enforcement of the California Labor Code on behalf of a Washington resident working in Washington violates Due Process guarantees as well as the Full Faith and Credit provisions of the U.S. Constitution, to the extent it seeks California regulation for acts to be regulated by Washington State. Thus, Defendants respectfully request that this Court dismiss the 2nd, 3rd, 6th, 7th, 11th, 12th, 15th, 16th, 20th and 21st causes of action from plaintiffs' complaint.

Date:   July 5, 2007                            **MEDLIN& HARGRAVE**
                                                A PROFESSIONAL CORPORATION


                                                _____
                                                Joshua A. Rosenthal,
                                                Attorneys for Defendants

5