1  ANGELA M. XAVIER, (State Bar No. 165152)
   Attorney At Law
2  900 Cherry Avenue, Suite 300
   San Bruno, CA 94066
3  Telephone: (650) 355-0414
4  Facsimile: (650) 355-0842

5  Attorney for Plaintiffs

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11 JAMES W. BOWMAN, JR.,<br>and PACIFIC REAL ESTATE<br>12 MANAGEMENT COMPANY, INC.,<br>a Washington Corporation,<br>13 | ) Case No. C-07-3140-SI<br>)<br>) **PLAINTIFFS' MEMORANDUM**<br>) **OF POINTS AND AUTHORITIES** |
| 14                              Plaintiffs, | ) **IN OPPOSITION TO**<br>) **DEFENDANTS' MOTION**<br>) **TO DISMISS** |
| 15          vs. | )<br>) Date:      September 14, 2007 |
| 16 CMG MORTGAGE, INC., a California<br>Corporation; CMG MORTGAGE, INC., d/b/a<br>17 PACIFIC GUARANTEE MORTGAGE,<br>CMG MORTGAGE SERVICES, INC.,<br>18 a California Corporation,<br>CMG MORTGAGE SERVICES, INC.,<br>19 d/b/a PACIFIC GUARANTEE MORTGAGE,<br>20 | ) Time:      9:00 a.m.<br>) Dept:      Courtroom 10<br>) Judge:     The Honorable Susan Illston<br>) Trial Date: Not Set<br>)<br>)<br>) |
| 21                              Defendants. | )<br>) |

22      This opposition to Defendants' Motion to Dismiss is based upon the following:

23  (1) Memorandum of Points and Authorities in support of the Opposition; (2) the Declaration of Angela

24  M. Xavier, Attorney for Plaintiffs; and (3) the attached Exhibits, and the pleadings and documents on

25  file herein with the Court.

26                        I.    **INTRODUCTION**

27      In their First Amended Complaint, Plaintiffs plead that BOWMAN is entitled to relief for unpaid

28  wages pursuant to California Labor Code §§ 201, 203, and 218.5. Plaintiffs, also, plead in

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
Case No. C-07-3140 SI                    -1-

the alternative for relief under the <u>Revised Code of Washington</u>. However, Plaintiffs maintain that the <u>California Labor Code</u> is the appropriate state statutory law pursuant to which BOWMAN has brought his wage claims because of the Choice of Law Clauses, the parties' Employment Agreements, in which the parties selected California law to govern and construe their Employment Agreements.

### III.    STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff BOWMAN seeking relief under the <u>California Labor Code</u>: (1) is an extraterritorial application of the statute; and violates (2) provisions of the <u>California Labor Code</u>; (3) the <u>Commerce Clause</u>; (4) the <u>Due Process Clause</u>; and (5) the <u>Full Faith and Credit Clause</u> of the <u>U.S. Constitution</u>.

### III.    FACTUAL BACKGROUND

Plaintiff BOWMAN and Defendant CMG Mortgage, Inc., (CMG) entered into two (2) written BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS (Branch Manager Employment Agreements). Under the Agreements, Plaintiff managed and operated the Federal Way and Vancouver, Washington Branch Offices for Defendant CMG. Please see <u>Exhibit # 1 and Exhibit # 2</u> of Angela M. Xavier's Declaration which contains copies, respectively in that order, of both Branch Manger Employment Agreements which are attached and incorporated herein.

The Branch Manger Employment Agreements contain a Forum/Venue Selection Clause and the same Choice of Law Clause. In the <u>Federal Way Agreement</u>, it is on page nine (9), paragraph twenty-one (21). c. In the Vancouver <u>Agreement</u>, it is on page nine (9), paragraph twenty-one (21). c):

> **Choice of Law.** This Agreement shall be governed by
> and construed under the laws of the State of California,
> without regard to conflicts of laws principles.

Plaintiff BOWMAN, as a resident of the State of Washington, and the employee of Defendant CMG, conducted business with, and interacted with, Defendant which is located in the State of California. Throughout the course of Plaintiff BOWMAN's employment, Defendant CMG's headquarters and principal place of business, at 3160 Crow Canyon Road in San Ramon, California served as the Command and Control Center for the management and operations of the two Branch Offices which Plaintiff BOWMAN managed in Washington.

As a result of Plaintiff BOWMAN not signing the new Employment Agreements, effective as of January 31, 2007, Defendants terminated the Agreements and BOWMAN's employment as a Branch

Manager at both Branch Offices.  Please see Exhibit # 3 of Angela M. Xavier's Declaration, which

contains a copy of the December 18, 2006, Termination Letter from CMG Mortgage to BOWMAN and

is attached and incorporated herein.

Plaintiffs filed a complaint, against Defendants.  Plaintiff BOWMAN has causes of action, under

the California Labor Code, based on his allegations of unpaid wages by Defendant CMG and for

statutory penalties and attorney's fees.

## IV.    ARGUMENT

**A.    A Rule 12(b)(6) Motion to Dismiss Must Be Denied When Plaintiff Alleges Facts, Which If True Would Entitle Him To Some Form Of Legal Remedy.**

In considering the Rule 12(b)(6) motion, the Court must decide whether the facts as Plaintiff has

alleged, if true, would entitle him to some form of legal remedy.  Unless the answer is unequivocally

'no," the motion must be denied.  Conley v. Gibson (1957) 355 U.S. 41, 45-46.  In construing the

complaint in the light most favorable to Plaintiff, the issue is not whether Plaintiff will ultimately

prevail, but whether he is entitled to offer evidence to support the claims.  Cahil v. Liberty Mutual. Ins.

Co. (9th Cir. 1996) 80 F.3d 336, 337-338.  As a result, a Rule 12(b)(6) dismissal is proper only where

there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

cognizable legal theory."  Balisteri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d 696.

In this case, there are a set of facts, as alleged by Plaintiff BOWMAN, that if proven to be true

will give rise to one or more enforceable legal rights for unpaid wages under the California Labor

Code.

**B.    Applying The California Labor Code Is Not An Extraterritorial Application of he Statute because the Parties Selected California law in their Choice of Law Clause.**

**1.    The Choice of Law Clause**

The California Labor Code applies to this action because the Employment Agreements between

the parties selected California Law in their Choice of Law Clause.  Thus, there is no extraterritorial

application of the statute.

In Olinick v. BMG Entertainment, (2006) 138 Cal. App 4th 1286, a former employee brought a

lawsuit against his former employer under the California Fair Employment and Housing Act (FEHA),

Calif. Gov. Code § 12940 for age discrimination.  The parties had entered into an Employment

Agreement which had a Forum Selection and a Choice of Law Clause in which they selected New York

Forum, as a Forum, and New York law. The Court of Appeal held that the Forum Selection Clause was

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
Case No. C-07-3140 SI                    -3-

applicable. The Court, also, held that the Choice of Law Clause was applicable because it encompassed all causes of action arising from or related to the Employment Agreement, regardless of how they were characterized which included tortious breaches of duties emanating from the Agreement or the legal relationships that it created. Olinick, supra 138 App. 4th at p. 1299.

Unlike the Plaintiff in Olinick, Plaintiff BOWMAN has not brought a cause of action under the FEHA. However, as in Olinick, Plaintiff BOWMAN and Plaintiff CMG entered into written Employment Agreements which contain a Choice of Law Clause that selected California law to govern and construe the Agreements. The legal relationship between BOWMAN and CMG comes from their Agreements. The Choice of Law Clause, in which they selected California law, encompasses all causes of action arising from or related to their Employment Agreements regardless of how they are characterized. The interpretation of the Agreements will be a key issue in Plaintiff's California Labor Code unpaid wages causes of action. Under the Choice of Law Clause, BOWMAN is entitled to have the Employment Agreements "...governed by and construed under the laws of the State of California, without regard to conflicts of laws principles." (Olinick, supra 138. App. 4th at p. 1299-1300).

In Gravquick v. Trimble Navigation, (9th Cir. 2003), 323 F.3d 1219, the Plaintiff imported equipment for resale in Denmark from the Defendant, a California manufacturer. Plaintiff brought suit for breach of an international distributor agreement under the California Equipment dealers Act (CEDA), California Business. & Prof. Code §§ 22900-22927. Their Agreement contained a Choice of Law Clause that stated it would "be governed and construed under the laws of the State of California, United States of America." The U.S. District Court based their decision on an appeal of a summary judgment.

The Court held that honoring the Choice of Law Clause, in which the parties had selected California Law, did not give extraterritorial application to the California statute even though the decision to terminate the Agreement was made in England. Gravquick, supra 323 F.3d at p1222. The Court reasoned that by using the phrase "governed by," in the Choice of Law Clause, it signified "a relationship of absolute direction, control and restraint. Thus, a state law, such as CEDA, would be applied to a contract governed by that state's law, even if parts of the contract (such as the decision to not renew the contract) are performed outside of the state. Gravquick, supra 323 F.3d at p. 1222-1223.

1

2          Similar to the facts in <u>Gravquick</u>, Plaintiff BOWMAN and Defendant CMG had Employment

3    Agreements that contain a Choice of Law Clause that use the phrase "governed by" in selecting

4    California law. However, the decision to terminate the Agreements with BOWMAN was made in

5    California by Defendant CMG. Whereas, in <u>Gravquick</u>, the decision not to renew the Agreement was

6    made outside of California.   Thus, under <u>Gravquick</u>'s reasoning, there is an even stronger showing that

     California law is to be applied to BOWMAN's case.

7          The Court, also, held in <u>Gravquick</u> that where a state law, such as CEDA, includes no express

8    requirement that limited its protection to dealers located in California, it can be applied to an out-of-state

9    dealer through a Choice of Law Clause in a contract. The Court reasoned that if a state law does not

10   have limitations on its geographical scope, courts will apply it to a contract governed by that state's law,

11   even if parts of the contract are performed outside of the state. <u>Gravquick</u>, supra 323 F.3d at p. 1223.

12   In BOWMAN's case, the <u>California Labor Code</u> has no express requirement that limits its protection to

     employers located in California. Following <u>Gravquick</u>'s holding and reasoning, because the <u>California</u>

13   <u>Labor Code</u> does not have limitations on its geographical scope, it can be applied to the parties'

14   Employment Agreements even though Plaintiff BOWMAN resided in Washington and parts of the

15   contract were performed outside of California.

16         BOWMAN's set of facts demonstrates that the parties' expectations that California law would

17   apply are memorialized in the Employment Agreements which both contain a Choice of Law Clause

18   that selected California law. This is emphasized by the fact that Defendant CMG drafted the

19   Employment Agreements and had selected California as the choice of law before presenting the

20   Agreements to Plaintiff BOWMAN. Given that Defendant CMG had drafted the Employment

21   Agreements, it is peculiar that Defendants are trying to escape from the Choice of Law Clause, which

22   selects, California law, but are not seeking to escape from the Forum/Venue Selection Clause which

23   selected the U.S. District Court – Northern District of California.

           In <u>Campbell v. Arco Marine, Inc</u>. (1996) 42 Cal. App. 4th 1850, on an appeal of a summary

24   judgment, the Court of Appeal held that the FEHA did not apply to nonresidents of California when the

25   tortious conduct occurred outside of California's territorial boundaries. The Court reasoned that the

26   Commerce Clause precluded the application of a state statute to commerce that occurred wholly outside

27   of a state's borders regardless of whether the commerce had effects within the state. Additionally, the

28   Court indicated that both the Due Process Clause and the Full Faith and Credit Clause were implied

because there were no significant contacts or aggregation of contacts creating state interests. <u>Campbell</u>, supra 42 Cal. App. 4th at p. 1858-1859.

Unlike BOWMAN's case, <u>Campbell</u> did not involve a Choice of Law Clause in a contract. In <u>Campbell</u> all of the tortious conduct occurred outside of California. In BOWMAN's case, all of Defendant CMG's conduct, as alleged by Plaintiffs, occurred within the boundaries of California the effects of which were felt by Plaintiffs in Washington. As discussed above, there were significant contacts and/or an aggregation of contacts with California. Defendant CMG from its California location, continually and systematically, interacted with its two Branch Offices in Washington (which BOWMAN managed) during the course of their relationship. Defendant CMG's decision, and actions undertaken to terminate, Plaintiff BOWMAN, were also made in California.

Both <u>Gravquick</u> and <u>Campbell</u> were decided on summary judgment motions after the facts had been established through the discovery process. There was a set of undisputed facts that had been determined by the trial Courts which supported the summary judgments. They were not decided on a state court Demurrer or a Rule 12(b)(6) Motion to Dismiss as in this case where no discovery has taken place and no facts have been established. Under the Rule 12(b)(6) standard, the Court must consider Plaintiff BOWMAN's alleged facts, which if true, would state a claim upon which relief can be granted.

**C.    Plaintiff BOWMAN Seeking Relief Under California Labor Code Does Not Violate The Commerce Clause Of The U.S. Constitution.**

The following is a closer analysis of the Constitutional issues introduced above in <u>Campbell</u>. The cases discussed show that the <u>Commerce Clause</u>, <u>Due Process Clause</u>, and <u>Full Faith and Credit Clause</u> of the <u>U.S. Constitution</u>, are not violated by BOWMAN seeking relief for unpaid wages under the <u>California Labor Code</u>.

The Court in <u>Gravquick</u>, also, found that applying the CEDA statute to the decision made in England not to renew the contract did not violate the Commerce Clause because the statute does not <u>directly</u> regulate commerce entirely outside of California. <u>Gravquick</u>, supra 323 F.3d at p. 1224. Similar to the CEDA statute in <u>Gravquik</u>, in BOWMAN's case, the <u>California Labor Code</u> does not violate the Commerce Clause by directly regulating commerce entirely outside of California. The parties' Employment Agreements, by their choice, is governed by California law (as stated in the Choice of Law Clause), it was performed in substantial part by Defendant CMG in California, and involves, a California corporation (Defendant CMG). <u>Gravquik</u>, supra 323 F.3d at p. 1224.

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
Case No. C-07-3140 SI                    -6-

The Court in <u>Gravquick</u>, also, held that the Defendant had pointed to no burden on interstate commerce that clearly outweighed California's interest in regulating the behavior of California suppliers. Therefore, applying the CEDA, in which the parties chose to have their contractual relationship governed by California law, did not violate the Commerce Clause. <u>Gravquick</u>, supra 323 F.3d at p. 1225. In BOWMAN's case, similar to <u>Gravquick</u>, Defendant CMG has pointed to no burden on interstate commerce that would occur under the application of the <u>California Labor Code</u>, even if it only <u>indirectly</u> affected interstate commerce.

1.    <u>The California Labor Code does not explicitly regulate out of state employers.</u>

In <u>New Energy Company of Indiana v. Limbach, Tax Commissioner of Ohio</u>, (1988), 486 U.S. 269, the U.S. Supreme Court held that an Ohio statute violated the Commerce Clause because it discriminated against interstate commerce because the statute, explicitly, deprived products manufactured outside the state of beneficial tax treatment that was generally available. Therefore, it mandated economic protectionism by benefiting economic interest in Ohio by placing a burden on out-of-state competitors which in turn gave the Ohio manufacturers of ethanol a commercial advantage. <u>New Energy</u>, supra 486 U.S. 269 at p. 308. <u>New Energy</u> involves a statute which violated the long held recognition that the Commerce Clause operates as a self-executing limitation on the power of the states to enact laws which impose substantial burdens on interstate commerce. <u>New Energy</u>, 486 U.S. supra at 273.

<u>Healy v. The Beer Institute</u>, (1989) 791 U.S. 324, 336, dealt with a state law that regulated out-of-state parties <u>directly</u>, not through contract. In <u>Healy</u>, the U.S. Supreme Court invalidated a statute that required brewers and importers of beer to post a price each month for each brand of beer that they would sell in Connecticut and to affirm that their posted prices for products sold to in-state wholesalers would not be any higher than the lowest prices that they would charge for those products in neighboring states during the effective period.

<u>New Energy Company</u> and <u>Healy</u>, are examples of cases where state statutes, explicitly, regulated the conduct of businesses in other states. In contrast to these cases, the <u>California Labor Code</u> in BOWMAN's case: (1) does not explicitly regulate the conduct of employers in other states to create an economic benefit for instate California based employers; (2) contains no geographical limitations as to its application; and (3) there is no burden on interstate commerce that outweighs California's interest in regulating the behavior of California employers who willingly fail to pay their terminated employees. Therefore, its application in BOWMAN's case for causes of action for unpaid wages, does not

1    discriminate against interstate commerce, and would not violate the Commerce Clause.

2    **2.      The facts establish that California has "significant contacts" with this matter.**

3

4    Applying the "significant contacts" or "aggregation of contacts" analysis, as discussed above,

5    BOWMAN's facts reveal Defendant's significant contacts managing and directing the operations of the

6    Washington Branch Offices from its California headquarters and principal place of business such that

7    California State interests have been created. Some of these facts are as follows:

(1) The Employment Agreements were drafted in California by Defendant CMG which included

8    the Choice of Law Clause selecting California law. The Agreements became effective on the day

9    CHRISTOPHER M. GEORGE, the President of CMG, had signed them in California. They were not

10   effective on the day that Plaintiff had first signed them in Washington.

11   (2) Throughout BOWMAN's employment, CMG had its headquarters and principal place of

12   business in California. In addition, CMG has many more branch offices in California than in

13   Washington. Thus, Defendant was not a significant Washington employer. On the other hand, it was a

14   substantial California employer. Most of its Branch Offices are located in California.

15   (3)      BOWMAN was the Branch Manager at Branch Offices from which loans in Washington

16   State, for California residents, were initiated. All work product in both Branch Offices, which Plaintiff

17   managed, was transmitted to Defendant CMG in California. There they were processed and reviewed

18   by CMG employees, supervisors, and managers in California. Loans that were initiated at Washington

19   Branch Offices for California residents, regarding California real property, went through the CMG

20   National Service Center (NSC) which is located in California.

21   (4)      In July, 2006, Plaintiff attended one meeting in California in which CHRISTOPHER M.

22   GEORGE and his attorneys were reviewing the new contracts that they wanted the Branch Office

23   Mangers to sign. Additional meetings, which Plaintiff attended, and participated in remotely in

24   Washington by speakerphone, were all centered in California. His work related facsimiles, e-mails, and

25   other forms of communication, including phone calls, involved employees and mangers from California.

26   (5)      From its California location, Defendant CMG directed and controlled the Washington

27   Branch Offices, on a continual and systematic basis, regarding the following, but not limited to: **(a)**

28   Underwriting for loan documents; **(b)** network Branch Office Operations; **(c)** Loan Funding; **(d)** Audits;

(e) Conference Calls; **(f)** Marketing; **(g)** Technical Support; **(h)** Human Resources; **(i)** Branch Office

Accounting; **(j)** Human Resources; and **(k)** 401(k) plans.

**(6)** CHRISTOPHER M. GEORGE (GEORGE), along with the rest of his management team, were located in California when they made, and approved the decision to terminate BOWMAN.

The aforementioned facts above, illustrate and even stronger showing of "significant contacts," with California, than the situation as depicted in <u>Allstate Insurance Co v. Hague</u>, (1981) 449 U.S. 302. <u>Allstate</u> did not involve a contract with a Choice of Law Clause. However, the U.S. Supreme Court held that the choice of law chosen by the State of Minnesota was proper because there was a significant aggregation of contacts with the parties and the occurrence, which created state interests, such that the application of its law was neither arbitrary nor fundamentally unfair. Accordingly, the choice of law did not violate the Due Process Clause or the Full Faith and Credit Clause. In BOWMAN's case, from California, Defendant CMG interacted, directly with Plaintiff BOWMAN and the Branch Offices in Washington. As discussed in <u>Allstate</u>, due to the significant contacts, consistently demonstrated by Defendant CMG, which create California state interests, the choice of the <u>California Labor Code</u>, applied to redress BOWMAN's grievances concerning alleged unpaid wages, does not violate the <u>Due Process Clause</u> and/or the <u>Full Faith and Credit Clause</u>.

**3.    <u>It is a matter of local interest to California to address the unlawful behavior of its corporations.</u>**

The State of California has the strongest interest in preventing, correcting, and addressing any conduct perpetrated by corporations which are incorporated in California and do business in California and other states and blatantly choose to disregard, and ignore, the laws of the State of California under which they are governed. Instead, they choose to behave as rogue corporations doing damage to others, including their California state, and out of state employees, as a result of their malfeasance and unlawful behavior. The State of California has the primary responsibility to regulate the behavior of their corporations and to address any noncompliant and noxious behavior. Therefore, BOWMAN's case is a matter of, predominantly, local interest to the State of California. <u>California v. Zook</u>. Being a matter of, predominantly, local interest to the State of California, the application of the <u>California Labor Code</u> to BOWMAN's allegations of unpaid wages by Defendant CMG, would not violate the <u>Due Process Clause</u> and the <u>Full Faith and Credit Clause</u> of the <u>U.S. Constitution</u>. <u>Allstate Insurance Co. v. Hague</u>, (1981)449 U.S. 302, 312-313.

In BOWMAN's case, Defendant CMG is incorporated under the laws of the state of California. It has Branch Offices in California and in at least thirty eight (38) states at this time. If a California

corporation is, blatantly, not complying with the employment laws and regulations of the state in which it is incorporated, and is essentially conducting itself as a rogue corporation doing business in California, and also doing business in numerous other states at the same time, the State of California has the strongest interest in addressing grievances by unpaid employees and correcting the aberrant behavior of such a corporation organized under its laws.

Considering Defendant CMG's extensive conduct, and interactions, from California with the Washington Branches, during the course of the contractual relationship with Plaintiff BOWMAN, and California's, predominantly, local interest in this matter to correct the abberant behavior of its own corporations, California has the strongest interest in prohibiting and deterring the nonpayment of wages to terminated employees by any such corporations.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs, respectfully request that Defendant's Fed. Rule of Civ. Proc. § 12(b)(6) motion to dismiss Plaintiffs' 2nd, 3rd, 6th, 7th, 11th, 12th, 15th, 16th, 20th, and 21st causes of action be denied because Plaintiff BOWMAN seeking relief pursuant to the California Labor Code: (1) is not an extraterritorial application of the statute; and (2) does not violate California law (the California Labor Code), the Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause of the U.S. Constitution.

DATED: August 21, 2007                          Respectfully Submitted,


                                        /S/ Angela M. Xavier
                                        **ANGELA M. XAVIER**
                                        (Attorney for Plaintiffs)

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
Case No. C-07-3140 SI                          -10-