David R. Medlin      (SBN 77417)
G. Bradley Hargrave   (SBN 173911)
Joshua A. Rosenthal   (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:     (510) 832-2900
Facsimile:     (510) 832-2945
E-mail:        *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>                    Defendants.<br>_____/ | Case No.: C 07 3140 SI<br><br>REPLY BRIEF IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS<br><br>Date:    September 14, 2007<br>Time:    9:00 a.m.<br>Dept:    Courtroom 10<br>Judge:  Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: None Set |

## I.    Introduction

Defendants brought a FRCP 12b(6) motion to dismiss causes of action in plaintiff's complaint that referenced the California Labor Code as statutory remedies for plaintiff Bowman's claim that defendants failed to pay him wages due.  As plaintiffs pleaded in the complaint, plaintiff Bowman was a Washington resident, was the branch manager for 2 branch offices in the State of Washington and was simply not a California employee for purposes of protection under the California Labor Code.  On August 22, 2007, plaintiff filed an opposition to the 12b(6) motion as well as an amended pleading that added Washington State labor law to the California Labor Code causes of action.  The amended complaint addressed the concerns raised in the 12b(6) motion and defendants were willing to stipulate to withdrawing the motion and deem the amended complaint the operative pleading.  On August 28, 2007, defendants' counsel called plaintiffs' counsel to ask if she

1    would stipulate to defendants withdrawing the motion and deeming the amended complaint filed as

2    the operative pleading.  Plaintiffs' counsel was not present and defendants' counsel left a message.

3    Plaintiffs' counsel did not return the phone call until around 1 p.m. on Thursday, August 30, 2007,

4    when defendants' counsel was at lunch.  Defendants' counsel returned the call immediately and left

5    a message requesting a call back to discuss the 12b(6) motion.  Defendants' counsel left messages

6    with plaintiffs' counsel's local number as well as her Washington number.  After still not receiving a

7    return call, defendants' counsel sent an e-mail to plaintiffs' counsel outlining what he sought to do

8    regarding the amended pleading.  Plaintiffs' counsel did not respond to that e-mail.  Defendants'

9    counsel was able to confirm that plaintiffs' counsel was in front of a computer on August 30, 2007,

10   because a few hours after the e-mail was sent, plaintiffs filed two documents with the Court.  The

11   morning of August 31, 2007, defendants' counsel sent another e-mail requesting that plaintiffs'

12   counsel return his call and again placed calls to both numbers and left messages.  As of the filing of

13   this reply, defendants counsel has not received a response to his numerous calls and e-mails.  See

14   Declaration of Joshua A. Rosenthal.

15       Defendants file this opposition only to preserve its rights.  However, defendants do not want

16   this Court to waste its time reviewing and ruling on a law and motion matter that has been resolved.

17   Since defendants' counsel was unable to get plaintiffs' counsel to return any e-mails or calls on this

18   subject, defendants' counsel was not able to file a stipulation to take this motion off calendar.  If

19   defendants' counsel is able to reach plaintiffs' counsel prior to the hearing date of this matter,

20   defendants will file a stipulation taking this motion off calendar and agreeing to the amended

21   pleading being deemed the operative pleading.

22   **II.    There is a Presumption Against Applying California Law Extraterritorially.**

23       Under California law, there is a presumption against applying state laws extraterritorily to

24   encompass conduct occurring in a foreign jurisdiction.  North Alaska Salmon Co. v. Pillsbury

25   Council, Inc., 174 Cal. 1, 4, 162 P. 93 (1914); Diamond Multimedia Systems v. Superior Court, 19

26   Cal.4th 1036, 1060 n. 20, 80 Cal.Rptr.2d 828, 968 P.2d 539 (1999). California's intent to make an

27   "act operative, with respect to occurrences outside the state, will not be declared to exist unless such

28   intention is clearly expressed or reasonably to be inferred from the language of the act or from its

REPLY BRIEF IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to Dismiss-12b6\Reply.wpd

1   purpose, subject matter or history." <u>North Alaska</u>, 174 Cal. at 4, 162 P. 93.  California employment

2   laws implicitly extend to employment occurring within California's state law boundaries.

3   <u>Tidewater Marine Western, Inc. v. Bradshaw</u> (1996)14 Cal.4th 557, 927 P.2d 296.

4        In fact, in <u>North Alaska</u>, the California Supreme Court held that even though a contract

5   between an employee and an employer was entered into in California, California law would not

6   allow the employee to make a worker's compensation claim for an accident in Alaska.  <u>North</u>

7   <u>Alaska</u>, 174 Cal. 1.  The Court held that the liability of the employer to pay compensation arises

8   from the law itself, rather than from any agreement of the parties.  "The law operates upon a status, i.

9   e., that of employer and employé, and affixes certain rights and obligations to that status. True, the

10  relation of employer and employé has its inception in a contract, but, once the relation is created, its

11  incidents depend, not upon the agreement of the parties, but upon the provisions of the law."  <u>Id.</u>, at

12  2.  The Court ultimately held that Alaska had an adequate worker's compensation system and could

13  not limit its coverage based on the residency of the employee.  <u>Id.</u>, at 4.

14       In <u>Maez v. Chevron Texaco Corp.</u> (N.D. Cal. 2005) 2005 WL 1656908, page 3, the Court

15  acknowledged that the presumption is to not apply California laws extraterritorially.  However, the

16  Court held that there were questions of fact as to whether the plaintiff was a proper plaintiff in a

17  California wage claim when he worked in Arizona.  The questions of fact involved issues of

18  plaintiff's customers all being in California and plaintiff making multiple trips each month trips to

19  California.  However, there are no such facts present in this situation.  By Bowman's admission he is

20  a loan originator licensed to broker loans in the state of Washington (Plaintiff's Complaint, page 2,

21  para. 4), is a Washington resident operating branch offices in Washington state (Plaintiff's

22  Complaint, page 2-3, paras. 4-6) and was a Washington employee  (Plaintiff's Complaint, page 2,

23  para. 4).  There is no fact in plaintiffs' complaint regarding any time he spent in California related to

24  the employment or business relationship with CMG.

25  **III.    The Case Law Cited By Plaintiffs Does Not Allow Application of California Labor Law
        To A Washington Employee.**

26

27       Plaintiffs cite <u>Gravquick v. Trimble Navigation</u> (9th Cir. 2003) 313 F.3d 1219, for authority

28  that the California Labor Code may be applied extraterritorially.  However, this case addresses laws

1   related to equipment dealers and business relationships, not employment law.  The Court enforced

2   the contract outside the state borders because the statute did not specifically limit its enforcement

3   outside the state borders.  Id., at 1223.  The California Labor Code, by its nature, exists to protect

4   California employees working in California.  As the Court held in North Alaska, the laws that

5   govern rights and liabilities with respect to employment are not affected by contractual agreements,

6   they are established by law.  North Alaska, 174 Cal. at 2.  The unique interest that a state has in

7   regulating its employment rules, as mandated by statute, requires that employment laws be enforced

8   by the state where the employment takes place.  Case law regulating equipment dealer contracts is

9   simply not relevant.

10          Plaintiff also cites Olinick v. BMG Entertainment (2006) 137 Cal. App. 4th 1286, which is

11  not on point.  Although the Court declined to enforce California law when the contract specified

12  New York law, it was in regard to enforcement of discrimination claims.  There is a difference

13  between the enforcement of a discrimination claim and the enforcement of a California Labor Code

14  claim.  The California legislature "established the Department of Industrial Relations to 'foster,

15  promote and develop the welfare of the wage earners of California.'"  Six Flags, Inc. v. W.C.A.B.

16  (2006) 145 Cal.App.4th 91, 105 (citing Cal. Lab.Code § 50.5).[1]  Thus, the legislative intent is for

17  California labor law to be for the benefit of California wage earners, not Washington wage earners.

18  Bowman, a Washington employee, was simply not a wage earner of California.

19          By way of example, California's Wages and Hour Regulations do not specify that the

20  minimum wage regulations are only to be enforced as to California employees working in

21  California.  8 C.C.R. § 11000.  However, an employee working for a California based company in

22  Kansas (minimum wage $2.65 an hour) could not claim that he was not paid minimum wage under

23  California law ($6.75 an hour), regardless of the choice of law provisions.  Thus, California labor

24  law should not be used to enforce statutory wage claims of a Washington employee.

25  **IV.     Plaintiffs Have Referred to Facts Outside The Pleadings.**

26

27          _____

28          [1]The Division of Labor Standards Enforcement is a division of the Department of Industrial Relations.  Labor
        Code § 79.  The Labor Commissioner is the Chief of the Division of Labor Standards Enforcement.  Labor Code § 21.
        Labor Code § 95, grants the Labor Commissioner the power to enforce the labor laws of California.  This evidences the
        intent of the California Legislature that California labor laws are for the benefit of Californians.

REPLY BRIEF IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to Dismiss-12b6\Reply.wpd

1    In Section IV(C)(2) of plaintiffs' opposition, plaintiff has provided a lengthy recitation of

2    facts that are outside the pleadings.  Additionally, in the opposition, plaintiffs have referred to the

3    contracts between the parties, which are also not a part of the actual complaint.  Plaintiffs have not

4    presented any evidentiary support for these "facts," such as a declaration.  In any event, an FRCP

5    12b(6) motion is meant to test the sufficiency of the pleadings and is not an evidentiary motion.

6    Gen-Probe, Inc. v. Amoco Corp., Inc., 926 F.Supp. 948, 952 (S.D.Cal.,1996).  Thus, matters outside

7    the pleadings should not be considered.  Id.  Thus, defendants respectfully request that the Court

8    ignore all of plaintiffs' references to facts that have not actually been pleaded in his complaint,

9    including references to the contracts at issue.

10   **V.    Conclusion**

11   Defendants respectfully request that this Court accept plaintiffs' amended complaint filed

12   with their opposition to this motion as the operative pleading in this matter.  Defendants will then

13   file an answer to the amended complaint.  As stated above, defendants' counsel attempted to contact

14   plaintiffs' attorney to stipulate but was unable to get in touch with her.  If plaintiffs' counsel agrees

15   to the stipulation prior to the hearing on this matter, defendants will take this motion off calendar to

16   save the Court the time and effort needed to make a ruling.

17   If plaintiffs do not so stipulate prior to the hearing on this motion, defendants respectfully

18   request that the Court grant this motion.  Plaintiff Bowman is a Washington resident.  The California

19   Labor Code is intended to apply to California employees.  Bowman was never employed within

20   California.  Additionally, as stated in defendants' opening brief, the extraterritorial application of

21   labor laws intended to benefit the citizens of one state violates the dormant commerce clause and the

22   full faith and credit clause of the U.S. Constitution.  Thus, defendants respectfully request this

23   motion be granted.

24   Date:   August 31, 2007                 **MEDLIN & HARGRAVE**
                                             A PROFESSIONAL CORPORATION
25

26

27   _____
                                             Joshua A. Rosenthal,
28                                           Attorneys for Defendants

REPLY BRIEF IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS C 07 3140 SI

M:\CMG\85-0706-02 Bowman\Motion\Motion to Dismiss-12b6\Reply.wpd

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS C 07 3140 SI

M:\CMG\85-0706-02 Bowman\Motion\Motion to Dismiss-12b6\Reply.wpd