IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BOWMAN and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CMC MORTGAGE INC., et al., <br><br> Defendants. | No. C 07-03140 SI <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

Defendants have filed a motion to dismiss ten of the twenty-six causes of action alleged in plaintiff's complaint. Hearing on the motion is currently scheduled for September 14, 2007. Having considered the papers submitted, the Court determines that the matter is suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the September 14, 2007 hearing. For the following reasons, the Court DENIES defendants' motion as moot.

Defendants moved to dismiss ten of plaintiff's causes of action on the grounds that they impermissibly sought relief for plaintiff Bowman – a Washington resident – under California law. On August 22, 2007, plaintiff filed an opposition to defendants' motion, along with a First Amended Complaint ("FAC"). The FAC adds, for each of the ten claims subject to defendants' motion to dismiss, an "alternative" claim under Washington law. *See, e.g.,* FAC ¶¶ 30(a), 56(a). Defendants agree that the amended complaint "addressed the concerns raised in the 12b(6) motion . . . ." and were "willing to stipulate to withdrawing the motion and deem the amended complaint the operative pleading." Reply at 1:26-28. However, despite repeated attempts, defendants were unable to elicit a response from

plaintiff's counsel to the offered stipulation.[1]

In light of the foregoing, defendants' motion appears to be moot. Accordingly, the Court DENIES defendants' motion to dismiss, and DEEMS plaintiff's First Amended Complaint the operative pleading. [Docket No. 6]

**IT IS SO ORDERED.**

Dated: September 11, 2007

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff's counsel has not offered any explanation for her failure to respond to defendants' offered stipulation. On the current record, such conduct appears to reflect lack of cooperation and civility. It has also made unnecessary work for both defense counsel and the Court.