David R. Medlin     (SBN 77417)
G. Bradley Hargrave (SBN 173911)
Joshua A. Rosenthal (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:   (510) 832-2900
Facsimile:   (510) 832-2945
E-mail:      *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

Angela M. Xavier (SBN 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650)355-0414
Facsimile:  (650)355-0842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>          Plaintiffs,<br>     vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>          Defendants.<br>_____/ | Case No.: C 07 3140 SI<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:  September 28, 2007<br>Time:   2:00 p.m.<br>Dept:  Courtroom 10<br>Judge: Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: None Set |

1.  **Jurisdiction And Service**

   Plaintiffs contend that jurisdiction is conferred by 28. U.S.C. § 1332(a)(1).  All parties to the action have been served.

   Defendants contend that there is no diversity jurisdiction if plaintiffs cannot demonstrate damages in excess of $75,000.

1

2. **Facts**

**Plaintiffs contend:**

Plaintiffs and Defendants entered into a series of contracts beginning in December, 2003. Plaintiff JAMES W. BOWMAN, JR., (BOWMAN) is a former employee of CMG MORTGAGE, INC., (CMG). The parties had entered into two (2) Employment Agreements under which Defendant was to compensate Plaintiff for his personal services as a Branch Manager for Defendant's two Branch Offices in the State of Washington. On a daily basis, Defendant exercised control, from California, over the Branch Office operations. Defendant terminated Plaintiff's employment and the Employment Agreements effective January 31, 2007. Defendant failed to pay Plaintiff his wages upon termination. Under the Agreements, Defendant was to pay Plaintiff one hundred percent (100%) of all Net Profits realized from the operation of the Branch Offices.

Plaintiffs BOWMAN and PACIFIC REAL ESTATE MANAGEMENT COMPANY (PREMCO) had entered into two (2) Facilities and Equipment Rental Agreements with Defendant CMG MORTGAGE SERVICES, INC,. (CMGS) for the lease of facilities and the rental of equipment. Prior to the Agreements with Defendants, Plaintiffs had operated only one Branch Office. Defendant was to pay Plaintiffs one hundred and twenty five percent (125%) for all costs incurred for the lease of facilities and rental of equipment. During the duration of the contracts, Defendant failed to pay Plaintiffs one hundred and twenty five percent (125%) of all costs as required under the Agreements. This was separate from the one hundred percent (100%) of Branch Offices' Net Profits that were due and owing Plaintiff BOWMAN as his Branch Manager salary under the Employment Agreements.

During his employment, BOWMAN had not submitted fraudulent loans, and Defendants did receive checks from Plaintiffs after termination.

Plaintiffs filed their complaint on June 14, 2007, and their First Amended Complaint on August 22, 2007, alleging causes of action including: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith & Fair Dealing; (3) Nonpayment of Wages; (4) Waiting Time Penalties; and (5) Conversion.

**Defendants contend:**

Plaintiffs operated two branch offices for Defendants in Washington State. Plaintiffs operated the businesses under branch management and employment agreements and facilities agreements. The branch management and employment agreements are employment agreements with CMG employing Bowman to operate the two branches for CMG. The facilities agreements are leases between CMG and Bowman's company, PREMCO. PREMCO had originally operated the two branches prior to beginning a relationship with CMG. Thus, PREMCO already had leases for space, equipment and staff prior to contracting with CMG. Via the facilities agreement, CMG sub-leased the office space and the office equipment from PREMCO.

Bowman's salary, via the branch management and employment agreement, was based upon the net profits of the two branches. His net profits were roughly based upon the money he earned for CMG through mortgage loan production, less the costs associated with operations of the two branches (which also included the payment of 125% of costs per the facility agreements). Thus, if the branches earned less money than CMG was paying PREMCO for its facilities and payroll, Bowman would not be entitled to net profits. Additionally, Bowman's branch management and employment agreement requires indemnity for any fraudulent activity. CMG has incurred significant expenses as a result of fraudulent loans submitted by Bowman. Plaintiffs' branches were also required to forward all checks and files that they started prior to the branch termination date for disbursement pursuant to the contract. Defendants did not receive any checks from plaintiffs after the termination. Thus, Defendants are informed and believe that Plaintiffs misappropriated checks and funds that were owed to Defendants. Thus, the money that Bowman and PREMCO claims is owed to them is offset by the money they owe to CMG.

3. **Legal Issues**

The agreements in question contain arbitration provisions.

**Plaintiffs contend:**

1) That Defendants owe money to Plaintiffs.

2) That Plaintiff BOWMAN's claims, under the Employment Agreements, constitute wages.

3

3) That under the contracts' Choice of Law Clause, California Labor Law applies to Plaintiffs' claims that Defendants failed to pay wages.

4) That for any relief they are seeking pursuant to an oral and/or implied-in-fact contract, such relief is not barred due to the integration clause in the contracts at issue.

**Defendants contend:**

1) That they do not owe money to plaintiffs.

2) That the money that Plaintiffs' claim is owed does not constitute wages, but alleged contractual damages between two businesses.

3) That Washington Labor Law, not California Labor Law, applies to plaintiffs' failure to pay wages claims.

4) That to the extent plaintiffs are seeking any relief pursuant to an oral or implied in fact contract, such relief is barred by the integration clause in the contracts at issue.

4. **Motions**

Defendants anticipate filing a motion for summary judgment/adjudication after conducting discovery.

Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of action and parties.

5. **Amendment of Pleadings**

Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of action and parties.

6. **Evidence Preservation**

Defendants' policy is to maintain and preserve all documents related to its business at all times. All documents relevant to this dispute are being provided to defendants' counsel by CMG.

7. **Disclosures**

The parties have agreed, through their respective counsel, to exchange documents and identify witnesses pursuant to FRCP 26 on October 26, 2007.

8. **Discovery**

Neither party has yet propounded any discovery or issued any subpoenas. Defendants and

4

1  Plaintiffs do plan on doing both after exchanging documents.

2  The parties have agreed to a discovery cut off 30 days before trial.

3  9. **Class Actions**

4  N/A.

5  10. **Related Cases**

6  None.

7  11. **Relief**

8  This issue was discussed during the parties' initial conference.

9  Plaintiffs provide the following regarding relief at this point: As of February 23, 2007, Plaintiffs contacted Defendants' attorney regarding monies owed in an attempt to settle this matter. As of February 27, 2007, Defendants have been in a receipt of a letter from Plaintiffs in which Plaintiffs, at that time, were seeking a total of $82,929.69 in damages.  Thus, Plaintiffs have demonstrated that the amount in controversy is at least $75,000.00, exclusive of interest and costs. Subsequently, Plaintiffs have discovered that there are additional damages, and Plaintiffs will hire a C.P.A. or economist regarding the full extent of damages and the calculations, which will be provided to Defendants.

 Defendants claim that they are entitled to know for what they are being sued, including the damages allegedly suffered by plaintiffs.  A pre-litigation demand letter is not sufficient evidence of damages.  In light of the fact that this matter is in federal court solely on diversity grounds, defendants allege that such jurisdiction is invalid if plaintiffs cannot demonstrate that their damages are at least $75,000.

12. **Settlement and ADR**

The parties have discussed settlement briefly during the initial conference and expect to further discuss this issue in the future.. Defendants would be willing to participate in mediation.

Plaintiffs filed a Notice of Need for ADR Conference.

13. **Consent to a Magistrate Judge For All Purposes.**

Defendants will so consent.  Plaintiff has not consented.

5

14. **Other References**

None.

15. **Narrowing of Issues**

The parties have agreed that it is too early to stipulate to any facts or narrow issues for trial.

16. **Expedited Schedule**

Both parties would prefer that this matter not be expedited in order to adequately complete discovery and prepare for trial.

17. **Scheduling**

The parties request a trial date no earlier than Monday August 25, 2008, and estimate a trial length of 7-10 days. The parties request a pretrial conference 30 days prior to the trial date, a dispositive motion hearing date 30 days prior to the trial date and an expert designation 45 days prior to the trial date. CMG does not request a jury. Plaintiffs do request a jury trial.

18. **Trial.**

See above

19. **Experts**

The parties request designation of experts 45 days before trial and depositions of experts to take place no earlier than 20 days before trial.

20. **Disclosure of Non-Party Interested Entities or Persons**

**Defendants' contend:**

The only non-named individual that has an interest in the outcome of the litigation for defendants is the president of CMG, Christopher M. George. Defendants filed the notice with their answer to the first amended complaint on September 11, 2007.

**Plaintiffs' contend:**

1.   KRISTINE L. BOWMAN is the spouse of JAMES W. BOWMAN, JR., and has a financial interest (potential community property interest).

2.   CHRISTOPHER M. GEORGE is the President of Defendant corporations and has a financial interest.

3.   CMG FINANCIAL SERVICES is the parent company of Defendant Corporations

6

and has a financial interest.

In addition, as of this date, there are no other interested persons or entities to report. Plaintiffs filed their Notice of Interested Parties on September 13, 2007.

Dated: September __, 2007　　　　　　　　　　MEDLIN & HARGRAVE, P.C.

/S/ Joshua A. Rosenthal

Joshua A. Rosenthal, Attorneys for Defendants CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage

Dated: September __, 2007　　　　　　　　　　ANGELA M. XAVIER, ATTORNEY AT LAW

/S/ Angela M. Xavier

Angela M. Xavier, Attorney for James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation