

**MEDLIN &
HARGRAVE**
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
*jrosenthal@mhlawcorp.com*

November 2, 2007

***Via E-Filing and U.S. Mail***

Honorable Susan Illston
Unisted States District Court,
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

  **Re:** ***Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.***
    ***U.S. District Court, Northern District of California***
    ***Case No.: C07-3140 MEJ***

Dear Judge Illston:

  I am respectfully requesting an alteration of the Court's October 3, 2007 Pretrial
Preparation Order with respect to the issue of mediation and a hold on discovery. When
defendants agreed to an early mediation without discovery, it was based on plaintiffs'
representation in correspondence and in the Joint Case Management Conference that their
damages were $82,929.69. (Exhibit A attached hereto, page 5, line 12). At the Joint Case
Management Conference I stated that defendants would agree to an early mediation without
discovery unless they received information in the initial disclosures that made it such that
mediation would not be fruitful without discovery. I believe the Pretrial Preparation Order
reflects my concern in that it allows the parties to contact the Court if either feels that discovery
needs to be conducted before mediation.

  The parties just exchanged their initial disclosures. Plaintiffs' initial disclosures included
a damage computation seeking nearly $3,500,000 in damages from defendants. This is
essentially a 4200% increase in demand from what defendants had understood was being sought.
Had I known that plaintiffs were seeking damages of $3,500,000, I never would have agreed to
an early mediation without any discovery. In light of this new damage claim, I feel that
mediation at this early stage without any discovery would not be fruitful. It would be a waste of
the mediators' time, it would be a waste of all parties' time and a significant waste of money that
the clients will have to pay to their attorneys. I also fear that it would create animosity and make
this matter more difficult to settle in the future.

**MEDLIN & HARGRAVE**

*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
November 2, 2007
Page 2

Plaintiffs' original claim for damages allowed for the possibility that the cost of litigation would quickly approach the amount of a possible settlement. Thus, an early resolution before a significant expenditure of money could be beneficial. However, with a $3,500,000 damage claim, that is no longer an issue. Defendants will need to conduct extensive discovery so they can determine the validity of the numerous theories by which plaintiffs seem to be seeking damages. Defendants will be in no position to discuss settlement until they know more about plaintiffs' case and can prepare their defenses.

When I received plaintiffs' initial disclosures I immediately contacted plaintiffs' counsel, Angela Xavier, and told her that in light of the $3,500,000 damage claim that I felt an early mediation without discovery would not be fruitful. Ms. Xavier disagreed and insisted upon going forward with the mediation schedule. Thus, defendants respectfully request that the Court alter the Pretrial Preparation Order to lift the hold on discovery and move the mediation completion date until some time in April of 2008, so the parties will have an opportunity to conduct discovery prior to a mediation.

Thank you for your consideration of this matter.

Sincerely,

Joshua A. Rosenthal

JAR:xt
court.01.jar.wpd
Enclosures
cc:    Client (w/out enclosures)
       Angela Xavier
       Phillip Keith

# EXHIBIT A

1  David R. Medlin      (SBN 77417)
   G. Bradley Hargrave  (SBN 173911)
2  Joshua A. Rosenthal  (SBN 190284)
   MEDLIN & HARGRAVE
3  A Professional Corporation
   One Kaiser Plaza, Suite 1305
4  Oakland, CA 94612
   Telephone:   (510) 832-2900
5  Facsimile:   (510) 832-2945
   E-mail:       jrosenthal@mhlawcorp.com
6

7  Attorneys for Defendants

8  Angela M. Xavier (SBN 165152)
   Attorney At Law
9  900 Cherry Avenue, Suite 300
   San Bruno, CA 94066
10 Telephone: (650)355-0414
   Facsimile: (650)355-0842
11

12 Attorney for Plaintiffs

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15

16 James W. Bowman, Jr. and Pacific Real Estate    Case No.: C 07 3140 SI
   Management Company, Inc., a Washington
   Corporation,                                    JOINT CASE MANAGEMENT
17                                                 STATEMENT
                        Plaintiffs,
18            vs.                                  Date:   September 28, 2007
                                                   Time:   2:00 p.m.
19 CMG Mortgage Inc., a California Corporation;     Dept:   Courtroom 10
   CMG Mortgage, Inc., d/b/a Pacific Guarantee     Judge: Honorable Susan Illston
20 Mortgage, CMG Mortgage Services, Inc., a
   California Corporation, CMG Mortgage Services,   File date: June 14, 2007
21 Inc. d/b/a Pacific Guarantee Mortgage,           Trial date: None Set

22                      Defendants.

23 _____/

24 1.    **Jurisdiction And Service**

25       Plaintiffs contend that jurisdiction is conferred by 28. U.S.C. § 1332(a)(1).  All parties to the

26 action have been served.

27       Defendants contend that there is no diversity jurisdiction if plaintiffs cannot demonstrate

28 damages in excess of $75,000.

                                        1

1  2.    **Facts**

2  **Plaintiffs contend:**

3          Plaintiffs and Defendants entered into a series of contracts beginning in December, 2003.

4  Plaintiff JAMES W. BOWMAN, JR., (BOWMAN) is a former employee of CMG MORTGAGE,

5  INC., (CMG).  The parties had entered into two (2) Employment Agreements under which

6  Defendant was to compensate Plaintiff for his personal services as a Branch Manager for

7  Defendant's two Branch Offices in the State of Washington.  On a daily basis, Defendant exercised

8  control, from California, over the Branch Office operations.  Defendant terminated Plaintiff's

9  employment and the Employment Agreements effective January 31, 2007.  Defendant failed to pay

10  Plaintiff his wages upon termination.  Under the Agreements, Defendant was to pay Plaintiff one

11  hundred percent (100%) of all Net Profits realized from the operation of the Branch Offices.

12          Plaintiffs BOWMAN and PACIFIC REAL ESTATE MANAGEMENT COMPANY

13  (PREMCO) had entered into two (2) Facilities and Equipment Rental Agreements with Defendant

14  CMG MORTGAGE SERVICES, INC,. (CMGS) for the lease of facilities and the rental of

15  equipment.  Prior to the Agreements with Defendants, Plaintiffs had operated only one Branch

16  Office.  Defendant was to pay Plaintiffs one hundred and twenty five percent (125%) for all costs

17  incurred for the lease of facilities and rental of equipment.  During the duration of the contracts,

18  Defendant failed to pay Plaintiffs one hundred and twenty five percent (125%) of all costs as

19  required under the Agreements.  This was separate from the one hundred percent (100%) of Branch

20  Offices' Net Profits that were due and owing Plaintiff BOWMAN as his Branch Manager salary

21  under the Employment Agreements.

22          During his employment, BOWMAN had not submitted fraudulent loans, and Defendants did

23  receive checks from Plaintiffs after termination.

24          Plaintiffs filed their complaint on June 14, 2007, and their First Amended Complaint on

25  August 22, 2007, alleging causes of action including: (1) Breach of Contract; (2) Breach of the

26  Covenant of Good Faith & Fair Dealing; (3) Nonpayment of Wages; (4) Waiting Time Penalties;

27  and (5) Conversion.

28

1    **Defendants contend:**

2         Plaintiffs operated two branch offices for Defendants in Washington State. Plaintiffs

3    operated the businesses under branch management and employment agreements and facilities

4    agreements. The branch management and employment agreements are employment agreements

5    with CMG employing Bowman to operate the two branches for CMG. The facilities agreements are

6    leases between CMG and Bowman's company, PREMCO. PREMCO had originally operated the

7    two branches prior to beginning a relationship with CMG. Thus, PREMCO already had leases for

8    space, equipment and staff prior to contracting with CMG. Via the facilities agreement, CMG sub-

9    leased the office space and the office equipment from PREMCO.

10        Bowman's salary, via the branch management and employment agreement, was based upon

11   the net profits of the two branches. His net profits were roughly based upon the money he earned for

12   CMG through mortgage loan production, less the costs associated with operations of the two

13   branches (which also included the payment of 125% of costs per the facility agreements). Thus, if

14   the branches earned less money than CMG was paying PREMCO for its facilities and payroll,

15   Bowman would not be entitled to net profits. Additionally, Bowman's branch management and

16   employment agreement requires indemnity for any fraudulent activity. CMG has incurred

17   significant expenses as a result of fraudulent loans submitted by Bowman. Plaintiffs' branches were

18   also required to forward all checks and files that they started prior to the branch termination date for

19   disbursement pursuant to the contract. Defendants did not receive any checks from plaintiffs after

20   the termination. Thus, Defendants are informed and believe that Plaintiffs misappropriated checks

21   and funds that were owed to Defendants. Thus, the money that Bowman and PREMCO claims is

22   owed to them is offset by the money they owe to CMG.

23   3.    **Legal Issues**

24        The agreements in question contain arbitration provisions.

25        **Plaintiffs contend:**

26        1)    That Defendants owe money to Plaintiffs.

27        2)    That Plaintiff BOWMAN's claims, under the Employment Agreements, constitute

28   wages.

3

1        3)     That under the contracts' Choice of Law Clause, California Labor Law applies to

2 Plaintiffs' claims that Defendants failed to pay wages.

3        4)     That for any relief they are seeking pursuant to an oral and/or implied-in-fact

4 contract, such relief is not barred due to the integration clause in the contracts at issue.

5 **Defendants contend:**

6        1)     That they do not owe money to plaintiffs.

7        2)     That the money that Plaintiffs' claim is owed does not constitute wages, but alleged

8 contractual damages between two businesses.

9        3)     That Washington Labor Law, not California Labor Law, applies to plaintiffs' failure

10 to pay wages claims.

11        4)     That to the extent plaintiffs are seeking any relief pursuant to an oral or implied in

12 fact contract, such relief is barred by the integration clause in the contracts at issue.

13 4.     **Motions**

14        Defendants anticipate filing a motion for summary judgment/adjudication after conducting

15 discovery.

16        Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of

17 action and parties.

18 5.     **Amendment of Pleadings**

19        Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of

20 action and parties.

21 6.     **Evidence Preservation**

22        Defendants' policy is to maintain and preserve all documents related to its business at all

23 times.  All documents relevant to this dispute are being provided to defendants' counsel by CMG.

24 7.     **Disclosures**

25        The parties have agreed, through their respective counsel, to exchange documents and

26 identify witnesses pursuant to FRCP 26 on October 26, 2007.

27 8.     **Discovery**

28        Neither party has yet propounded any discovery or issued any subpoenas.  Defendants and

4

1   Plaintiffs do plan on doing both after exchanging documents.

2        The parties have agreed to a discovery cut off 30 days before trial.

3   9.    **Class Actions**

4        N/A.

5   10.   **Related Cases**

6        None.

7   11.   **Relief**

8        This issue was discussed during the parties' initial conference.

9        Plaintiffs provide the following regarding relief at this point: As of February 23, 2007,

10  Plaintiffs contacted Defendants' attorney regarding monies owed in an attempt to settle this matter.

11  As of February 27, 2007, Defendants have been in a receipt of a letter from Plaintiffs in which

12  Plaintiffs, at that time, were seeking a total of $82,929.69 in damages.  Thus, Plaintiffs have

13  demonstrated that the amount in controversy is at least $75,000.00, exclusive of interest and costs.

14  Subsequently, Plaintiffs have discovered that there are additional damages, and Plaintiffs will hire a

15  C.P.A. or economist regarding the full extent of damages and the calculations, which will be

16  provided to Defendants.

17        Defendants claim that they are entitled to know for what they are being sued, including the

18  damages allegedly suffered by plaintiffs.  A pre-litigation demand letter is not sufficient evidence of

19  damages.  In light of the fact that this matter is in federal court solely on diversity grounds,

20  defendants allege that such jurisdiction is invalid if plaintiffs cannot demonstrate that their damages

21  are at least $75,000.

22  12.   **Settlement and ADR**

23        The parties have discussed settlement briefly during the initial conference and expect to

24  further discuss this issue in the future..  Defendants would be willing to participate in mediation.

25        Plaintiffs filed a Notice of Need for ADR Conference.

26  13.   **Consent to a Magistrate Judge For All Purposes.**

27        Defendants will so consent.  Plaintiff has not consented.

28

5

14.    **Other References**

None.

15.    **Narrowing of Issues**

The parties have agreed that it is too early to stipulate to any facts or narrow issues for trial.

16.    **Expedited Schedule**

Both parties would prefer that this matter not be expedited in order to adequately complete discovery and prepare for trial.

17.    **Scheduling**

The parties request a trial date no earlier than Monday August 25, 2008, and estimate a trial length of 7-10 days.  The parties request a pretrial conference 30 days prior to the trial date, a dispositive motion hearing date 30 days prior to the trial date and an expert designation 45 days prior to the trial date.  CMG does not request a jury.  Plaintiffs do request a jury trial.

18.    **Trial.**

See above

19.    **Experts**

The parties request designation of experts 45 days before trial and depositions of experts to take place no earlier than 20 days before trial.

20.    **Disclosure of Non-Party Interested Entities or Persons**

**Defendants' contend:**

The only non-named individual that has an interest in the outcome of the litigation for defendants is the president of CMG, Christopher M. George.  Defendants filed the notice with their answer to the first amended complaint on September 11, 2007.

**Plaintiffs' contend:**

1.    KRISTINE L. BOWMAN is the spouse of JAMES W. BOWMAN, JR., and has a financial interest (potential community property interest).

2.    CHRISTOPHER M. GEORGE is the President of Defendant corporations and has a financial interest.

3.    CMG FINANCIAL SERVICES is the parent company of Defendant Corporations

6

1   and has a financial interest.

2        In addition, as of this date, there are no other interested persons or entities to report.

3   Plaintiffs filed their Notice of Interested Parties on September 13, 2007.

4

5

6   Dated: September __, 2007                    MEDLIN & HARGRAVE, P.C.

7
                                                 /S/ Joshua A. Rosenthal
8                                                _____
                                                 Joshua A. Rosenthal, Attorneys for Defendants
9                                                CMG Mortgage Inc., a California Corporation;
                                                 CMG Mortgage, Inc., d/b/a Pacific Guarantee
10                                               Mortgage, CMG Mortgage Services, Inc., a
                                                 California Corporation, CMG Mortgage
11                                               Services, Inc. d/b/a Pacific Guarantee Mortgage

12

13  Dated: September __, 2007                    ANGELA M. XAVIER, ATTORNEY AT LAW

14

15                                               /S/ Angela M. Xavier
                                                 _____
16                                               Angela M. Xavier, Attorney for James W.
                                                 Bowman, Jr. and Pacific Real Estate
17                                               Management Company, Inc., a Washington
                                                 Corporation

18

19

20

21

22

23

24

25

26

27

28

                                         7