**ANGELA M. XAVIER**
ATTORNEY AT LAW
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Tel: (650) 355-0414

November 13, 2007

Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, CA 94102

RE:    Bowman, et al, vs. CMG, Inc., et al., Case No. C-07-3140-SI MED

Dear Judge Illston:

Thank you for allowing the time that I requested in order to meet with my client James Bowman. This letter is in response to Defendants' attorney's, Joshua A. Rosenthal, letter dated November 2, 2007, in which he requested for you to alter your October 3, 2007, Pretrial Order with respect to mediation and the hold on discovery. Plaintiffs are requesting that the Court not alter the Pretrial Order in respect to the mediation and hold on discovery for the following reasons:

To be accurate, contrary to the statement in his letter regarding discovery, Mr. Rosenthal said, during the Case Management Conference, that he may want one or two key depositions during the course of the mediation. The Court stated that if either party, during the mediation, had a discovery request that the parties should talk about it amongst themselves. If it were not resolved, the parties were to contact the Court for a telephone conference to discuss the matter; however, Mr. Rosenthal has insisted on writing a letter to the Court.

In the first paragraph of the second page of his letter to the Court, Mr. Rosenthal states: "Defendants will need to conduct extensive discovery so they can determine the validity of the numerous theories by which plaintiffs seem to be seeking damages." Defendants have had notice since the Complaint was filed June 14, 2007, of Plaintiffs' alleged causes of action upon which they are claiming damages. The First Amended Complaint, which was filed on August 22, 2007, contains all of the causes of action from the Complaint filed on June 14th. Thus, the causes of action, which Mr. Rosenthal terms as numerous theories, are of no surprise to him.

During our October 31, 2007, telephone conversation Mr. Rosenthal told me that he would recommend that his clients not mediate due to the amount of damages calculation. I informed Mr. Rosenthal that mediation would be helpful. Also, on several occasions, I have told Mr. Rosenthal, that the damages amount would be much greater than Plaintiffs had first requested on February 23, 2007, because at that time, Plaintiffs were not aware of the full extent of the damages. Furthermore, Plaintiffs stated in the Joint Case Management Statement that "Subsequently, Plaintiffs have discovered that there are additional damages, and Plaintiffs will hire a C.P.A. or economist regarding the full extent of damages and the calculations, which will be provided to Defendants." Please see (Exhibit #1) Page 5, lines 14 through 16, of the Joint Case Management Statement.

1

Defendants recommended that Plaintiffs postpone hiring a C.P.A. or economist for the calculation of, additional, damages to keep litigation costs down and because Plaintiffs would be less likely to want to settle after a damages computation by a C.P.A. or economist. In good faith, Plaintiffs agreed to comply with Defendants' request and have informed Defendants that Plaintiff Bowman would calculate damages on behalf of himself and Plaintiff PREMCO. It appears as if Defendants had expected Plaintiff Bowman to grossly underestimate the extent of damages which would have inured to the benefit of Defendants.

As I mentioned to Mr. Rosenthal, the mediation process itself (as described in the ADR Handbook), coupled with the expertise of Mr. Keith as an Early Neutral Evaluator, would help us to narrow issues, and plan discovery. We would have an opportunity, in safe and neutral environment, to evaluate the case realistically and give us an opportunity to settle this case. Mr. Keith's some forty (40) years of experience in state and federal courts in the areas of wage and hour law, real estate, and finances would add greatly to both parties' understanding of this case. I told Mr. Rosenthal that Plaintiffs are very flexible and would like the opportunity for a potential settlement through the mediation process.

At this point, irrespective of the discovery issue, I am very concerned that Defendants want to cut off discussions through mediation at this stage. If Mr. Rosenthal and Defendants were sincere in their expressed interest in reducing the costs of litigation, and coming to a settlement, they would welcome mediation. They would, also, continue to support postponed discovery during the mediation because of the potential, if this case is not settled during mediation, for having gained a more focused and cost effective approach to discovery.

Mr. Rosenthal states that mediation would create animosity and make it more difficult to settle the case in the future. However, the groundwork for animosity was laid when: (1) Plaintiffs were not paid. (2) G. Bradley Hargrave in the February 23, 2007, speaker telephone conversation, with Plaintiffs' attorney and Plaintiff Bowman, was hostile to and made offensive and derogatory comments to and about Plaintiffs' attorney. (3) Defendants failed to respond to Plaintiffs' correspondence requests for payment and communication about settling the case; and (4) Defendants' unilateral decision to cut-off communication. Please, see attached letters, in (Exhibit #2) from Plaintiffs' attorney and Plaintiffs dated February 23, 2007, February 27, 2007, March 12, 2007, April 2, 2007, and April 4, 2007.

To further illustrate that hostility that has been generated, please, see (Exhibit # 3), page one, paragraph two, of Mr. Rosenthal's letter dated June 26, 2007, in which he stated that he would move for Rule 11 sanctions if Plaintiffs did not dismiss their complaint. Furthermore, after filing Plaintiffs' Opposition to Defendants' Rule 12(b)(6) Motion, under U.S. District Court – Northern District of California- Civil Local Rule 7-7(e), Defendants had seven (7) days to withdraw their motion. Defendants failed to do so. Subsequently, in Defendants' Reply to Plaintiffs' Opposition, Mr. Rosenthal attached e-mails making misleading insinuations that cast Plaintiffs' attorney in an inaccurate manner. Due to all of the aforementioned actions by Defendants, Plaintiffs fear that Defendants want to maintain a hostile environment full of animosity.

All of the benefits, as discussed above, make mediation at this stage highly desirous for both parties. If this matter is not settled during the December 4, 2007, mediation, there is the potential to gain much insight as to how to gear the discovery process. Therefore, mediation at this stage would not be a waste of the mediator's or the parties' time. Neither would it be a significant waste of money. Mr. Keith donates four (4) hours of mediation time. After that he charges $200.00 per hour to be shared equally between the parties. This is a bargain. Any

2

attorney's fees that the parties pay to their respective attorneys, and Mr. Keith, would be an investment toward limiting the expense of a broad approach to discovery which is fiscally unreasonable and unfocused. If the case is not settled during mediation, there can always be another mediation later in 2008. However, the early mediation, and all that the parties stand to gain, will make the January 4, 2008, second Case Management Conference, with the Court, much more efficient.

Plaintiffs, respectfully, request that the Court not alter the Pretrial Preparation Order to move the mediation completion date to April, 2008. The mediation date has been set for Tuesday, December 4, 2007. This is a great opportunity for the parties to work through various issues, learn more particulars about the case, reduce the animosity and hostility, and clear a path toward settlement.

Plaintiffs, and their counsel, thank you for your time and consideration regarding this matter.

Sincerely,

Angela M. Xavier

cc:    James Bowman
       Philip S. Keith (mediator)
       Claudia Forehand (ADR Program)

**EXHIBIT # 1**

1  David R. Medlin     (SBN 77417)
   G. Bradley Hargrave  (SBN 173911)
2  Joshua A. Rosenthal  (SBN 190284)
   MEDLIN & HARGRAVE
3  A Professional Corporation
   One Kaiser Plaza, Suite 1305
4  Oakland, CA  94612
   Telephone:   (510) 832-2900
5  Facsimile:   (510) 832-2945
   E-mail:     jrosenthal@mhlawcorp.com
6

7  Attorneys for Defendants

8  Angela M. Xavier (SBN 165152)
   Attorney At Law
9  900 Cherry Avenue, Suite 300
   San Bruno, CA 94066
10 Telephone: (650)355-0414
   Facsimile: (650)355-0842
11

12 Attorney for Plaintiffs

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16 James W. Bowman, Jr. and Pacific Real Estate    Case No.: C 07 3140 SI
   Management Company, Inc., a Washington
17 Corporation,                                    JOINT CASE MANAGEMENT
                                                   STATEMENT
18              Plaintiffs,
                                                   Date:   September 28, 2007
        vs.                                        Time:   2:00 p.m.
19                                                 Dept:   Courtroom 10
   CMG Mortgage Inc., a California Corporation;    Judge: Honorable Susan Illston
20 CMG Mortgage, Inc., d/b/a Pacific Guarantee
   Mortgage, CMG Mortgage Services, Inc., a        File date: June 14, 2007
21 California Corporation, CMG Mortgage Services,   Trial date: None Set
   Inc. d/b/a Pacific Guarantee Mortgage,
22
                Defendants.
23 _____/

24 1.    **Jurisdiction And Service**

25        Plaintiffs contend that jurisdiction is conferred by 28. U.S.C. § 1332(a)(1).  All parties to the

26 action have been served.

27        Defendants contend that there is no diversity jurisdiction if plaintiffs cannot demonstrate

28 damages in excess of $75,000.

                                         1

1  2.  **Facts**

2  **Plaintiffs contend:**

3      Plaintiffs and Defendants entered into a series of contracts beginning in December, 2003.

4  Plaintiff JAMES W. BOWMAN, JR., (BOWMAN) is a former employee of CMG MORTGAGE,

5  INC., (CMG). The parties had entered into two (2) Employment Agreements under which

6  Defendant was to compensate Plaintiff for his personal services as a Branch Manager for

7  Defendant's two Branch Offices in the State of Washington. On a daily basis, Defendant exercised

8  control, from California, over the Branch Office operations. Defendant terminated Plaintiff's

9  employment and the Employment Agreements effective January 31, 2007. Defendant failed to pay

10  Plaintiff his wages upon termination. Under the Agreements, Defendant was to pay Plaintiff one

11  hundred percent (100%) of all Net Profits realized from the operation of the Branch Offices.

12      Plaintiffs BOWMAN and PACIFIC REAL ESTATE MANAGEMENT COMPANY

13  (PREMCO) had entered into two (2) Facilities and Equipment Rental Agreements with Defendant

14  CMG MORTGAGE SERVICES, INC,. (CMGS) for the lease of facilities and the rental of

15  equipment. Prior to the Agreements with Defendants, Plaintiffs had operated only one Branch

16  Office. Defendant was to pay Plaintiffs one hundred and twenty five percent (125%) for all costs

17  incurred for the lease of facilities and rental of equipment. During the duration of the contracts,

18  Defendant failed to pay Plaintiffs one hundred and twenty five percent (125%) of all costs as

19  required under the Agreements. This was separate from the one hundred percent (100%) of Branch

20  Offices' Net Profits that were due and owing Plaintiff BOWMAN as his Branch Manager salary

21  under the Employment Agreements.

22      During his employment, BOWMAN had not submitted fraudulent loans, and Defendants did

23  receive checks from Plaintiffs after termination.

24      Plaintiffs filed their complaint on June 14, 2007, and their First Amended Complaint on

25  August 22, 2007, alleging causes of action including: (1) Breach of Contract; (2) Breach of the

26  Covenant of Good Faith & Fair Dealing; (3) Nonpayment of Wages; (4) Waiting Time Penalties;

27  and (5) Conversion.

28

JOINT CASE MANAGEMENT STATEMENT C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Pleadings\Joint CMC draft3.wpd

1 **Defendants contend:**

2    Plaintiffs operated two branch offices for Defendants in Washington State. Plaintiffs

3 operated the businesses under branch management and employment agreements and facilities

4 agreements. The branch management and employment agreements are employment agreements

5 with CMG employing Bowman to operate the two branches for CMG. The facilities agreements are

6 leases between CMG and Bowman's company, PREMCO. PREMCO had originally operated the

7 two branches prior to beginning a relationship with CMG. Thus, PREMCO already had leases for

8 space, equipment and staff prior to contracting with CMG. Via the facilities agreement, CMG sub-

9 leased the office space and the office equipment from PREMCO.

10    Bowman's salary, via the branch management and employment agreement, was based upon

11 the net profits of the two branches. His net profits were roughly based upon the money he earned for

12 CMG through mortgage loan production, less the costs associated with operations of the two

13 branches (which also included the payment of 125% of costs per the facility agreements). Thus, if

14 the branches earned less money than CMG was paying PREMCO for its facilities and payroll,

15 Bowman would not be entitled to net profits. Additionally, Bowman's branch management and

16 employment agreement requires indemnity for any fraudulent activity. CMG has incurred

17 significant expenses as a result of fraudulent loans submitted by Bowman. Plaintiffs' branches were

18 also required to forward all checks and files that they started prior to the branch termination date for

19 disbursement pursuant to the contract. Defendants did not receive any checks from plaintiffs after

20 the termination. Thus, Defendants are informed and believe that Plaintiffs misappropriated checks

21 and funds that were owed to Defendants. Thus, the money that Bowman and PREMCO claims is

22 owed to them is offset by the money they owe to CMG.

23 3.    **Legal Issues**

24    The agreements in question contain arbitration provisions.

25    **Plaintiffs contend:**

26    1)    That Defendants owe money to Plaintiffs.

27    2)    That Plaintiff BOWMAN's claims, under the Employment Agreements, constitute

28 wages.

3

1      3)    That under the contracts' Choice of Law Clause, California Labor Law applies to
2   Plaintiffs' claims that Defendants failed to pay wages.

3      4)    That for any relief they are seeking pursuant to an oral and/or implied-in-fact
4   contract, such relief is not barred due to the integration clause in the contracts at issue.

5   **Defendants contend:**

6      1)    That they do not owe money to plaintiffs.

7      2)    That the money that Plaintiffs' claim is owed does not constitute wages, but alleged
8   contractual damages between two businesses.

9      3)    That Washington Labor Law, not California Labor Law, applies to plaintiffs' failure
10  to pay wages claims.

11     4)    That to the extent plaintiffs are seeking any relief pursuant to an oral or implied in
12  fact contract, such relief is barred by the integration clause in the contracts at issue.

13  4.    **Motions**

14        Defendants anticipate filing a motion for summary judgment/adjudication after conducting
15  discovery.

16        Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of
17  action and parties.

18  5.    **Amendment of Pleadings**

19        Plaintiffs anticipate filing a motion seeking leave to amend the pleadings to add causes of
20  action and parties.

21  6.    **Evidence Preservation**

22        Defendants' policy is to maintain and preserve all documents related to its business at all
23  times. All documents relevant to this dispute are being provided to defendants' counsel by CMG.

24  7.    **Disclosures**

25        The parties have agreed, through their respective counsel, to exchange documents and
26  identify witnesses pursuant to FRCP 26 on October 26, 2007.

27  8.    **Discovery**

28        Neither party has yet propounded any discovery or issued any subpoenas. Defendants and

4

1    Plaintiffs do plan on doing both after exchanging documents.

2         The parties have agreed to a discovery cut off 30 days before trial.

3    9.    **Class Actions**

4         N/A.

5    10.    **Related Cases**

6         None.

7    11.    **Relief**

8         This issue was discussed during the parties' initial conference.

9         Plaintiffs provide the following regarding relief at this point: As of February 23, 2007,

10   Plaintiffs contacted Defendants' attorney regarding monies owed in an attempt to settle this matter.

11   As of February 27, 2007, Defendants have been in a receipt of a letter from Plaintiffs in which

12   Plaintiffs, at that time, were seeking a total of $82,929.69 in damages.  Thus, Plaintiffs have

13   demonstrated that the amount in controversy is at least $75,000.00, exclusive of interest and costs.

14   Subsequently, Plaintiffs have discovered that there are additional damages, and Plaintiffs will hire a

15   C.P.A. or economist regarding the full extent of damages and the calculations, which will be

16   provided to Defendants.

17        Defendants claim that they are entitled to know for what they are being sued, including the

18   damages allegedly suffered by plaintiffs.  A pre-litigation demand letter is not sufficient evidence of

19   damages.  In light of the fact that this matter is in federal court solely on diversity grounds,

20   defendants allege that such jurisdiction is invalid if plaintiffs cannot demonstrate that their damages

21   are at least $75,000.

22   12.    **Settlement and ADR**

23        The parties have discussed settlement briefly during the initial conference and expect to

24   further discuss this issue in the future..  Defendants would be willing to participate in mediation.

25        Plaintiffs filed a Notice of Need for ADR Conference.

26   13.    **Consent to a Magistrate Judge For All Purposes.**

27        Defendants will so consent.  Plaintiff has not consented.

28

5

14.    **Other References**

None.

15.    **Narrowing of Issues**

The parties have agreed that it is too early to stipulate to any facts or narrow issues for trial.

16.    **Expedited Schedule**

Both parties would prefer that this matter not be expedited in order to adequately complete discovery and prepare for trial.

17.    **Scheduling**

The parties request a trial date no earlier than Monday August 25, 2008, and estimate a trial length of 7-10 days. The parties request a pretrial conference 30 days prior to the trial date, a dispositive motion hearing date 30 days prior to the trial date and an expert designation 45 days prior to the trial date. CMG does not request a jury. Plaintiffs do request a jury trial.

18.    **Trial.**

See above

19.    **Experts**

The parties request designation of experts 45 days before trial and depositions of experts to take place no earlier than 20 days before trial.

20.    **Disclosure of Non-Party Interested Entities or Persons**

**Defendants' contend:**

The only non-named individual that has an interest in the outcome of the litigation for defendants is the president of CMG, Christopher M. George. Defendants filed the notice with their answer to the first amended complaint on September 11, 2007.

**Plaintiffs' contend:**

1.    KRISTINE L. BOWMAN is the spouse of JAMES W. BOWMAN, JR., and has a financial interest (potential community property interest).

2.    CHRISTOPHER M. GEORGE is the President of Defendant corporations and has a financial interest.

3.    CMG FINANCIAL SERVICES is the parent company of Defendant Corporations

6

1  and has a financial interest.

2        In addition, as of this date, there are no other interested persons or entities to report.

3  Plaintiffs filed their Notice of Interested Parties on September 13, 2007.

4

5

6  Dated: September ___, 2007                    MEDLIN & HARGRAVE, P.C.

7

8                                               /S/ Joshua A. Rosenthal

9                                               Joshua A. Rosenthal, Attorneys for Defendants
                                                CMG Mortgage Inc., a California Corporation;
10                                              CMG Mortgage, Inc., d/b/a Pacific Guarantee
                                                Mortgage, CMG Mortgage Services, Inc., a
11                                              California Corporation, CMG Mortgage
                                                Services, Inc. d/b/a Pacific Guarantee Mortgage
12

13  Dated: September ___, 2007                   ANGELA M. XAVIER, ATTORNEY AT LAW

14

15                                              /S/ Angela M. Xavier

16                                              Angela M. Xavier, Attorney for James W.
17                                              Bowman, Jr. and Pacific Real Estate
                                                Management Company, Inc., a Washington
18                                              Corporation

19

20

21

22

23

24

25

26

27

28

7

JOINT CASE MANAGEMENT STATEMENT C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Pleadings\Joint CMC draft3.wpd

**EXHIBIT # 2**

```
*************** -COMM. JOURNAL- ****************** DATE FEB-23-2007 ***** TIME 14:53 ********

MODE = MEMORY TRANSMISSION            START=FEB-23 14:53      END=FEB-23 14:53

   FILE NO.=813

STN NO.   COMM.    ABBR NO.    STATION NAME/TEL NO.    PAGES    DURATION

 001       OK        ☎          15108322945           002/002  00:00:21
```

                                           -Pacific Trust Lending    -

*****************************************  -        - *****  -       2538399093- **********


### ANGELA M. XAVIER
**Attorney At Law**
P.O. Box 4925
Federal Way, WA  98063
Tel: (360) 840-5574
Fax: (360) 851-7272


**DATE:**      (Friday) February 23, 2007

**TO:**        Brad Hargrave
               Medlin & Hargrave

**FAX #:**     (510) 832-2945

**# of pages (including cover sheet):**  2 of 2

**FROM:**      Angela M. Xavier
               Attorney At Law


**RE:**    James Bowman, PREMCO & CMG Mortgage Inc.

--------------------------------------------------------------------------------

Mr. Hargrave:

  Attached is my one-page facsimile to you regarding our conversation earlier this afternoon.

                                           Angela M. Xavier

**ANGELA M. XAVIER**
**Attorney At Law**
P.O. Box 4925
Federal Way, WA 98063
Tel: (360) 840-5574
Fax: (360) 851-7272

**DATE:**      (Friday) February 23, 2007

**TO:**        Brad Hargrave
              Medlin & Hargrave

**FAX #:**      (510) 832-2945

**# of pages (including cover sheet):** 2 of 2

**FROM:**       Angela M. Xavier
               Attorney At Law

**RE:**    James Bowman, PREMCO & CMG Mortgage Inc.

-----------------------------------------------------------------------------------------------------------------

Mr. Hargrave:

        Attached is my one-page facsimile to you regarding our conversation earlier this afternoon.

                                        Angela M. Xavier

**ANGELA M. XAVIER**
**Attorney At Law**
P.O. Box 4925
Federal Way, WA 98063
Tel: (360) 840-5574
Fax: (360) 851-7272

February 23, 2007

Brad Hargrave                    FAXED TO: (510) 832-2945
Medlin & Hargrave
One Kaiser Plaza, Suite 445
Oakland, CA 94612

RE:    CMG

Dear Mr. Hargrave:

As I informed you during our telephone conversation, this afternoon, I represent James Bowman and Pacific Real Estate Management Company (PREMCO), concerning the monies that CMG is withholding. Mr. Bowman has informed me of the following: Paul Chevez informed Mr. Bowman that David Medlin directed CMG to hold all funds until further notice. These funds were due to Mr. Bowman, and PREMCO, on February 15, 2007. Pursuant to your request, I am writing this letter to you regarding information that Mr. Bowman would like to know. Please respond to the following inquiries:

1. Where in the <u>Branch Management and Employment Agreement</u> or the <u>Facilities Agreement</u> is it stated that CMG can withhold these funds from James Bowman and/or PREMCO?

2. On what basis, did you advise your client, CMG, to withhold these funds?

3. What is the total amount of money that CMG is withholding from Mr. Bowman and PREMCO at this time?

4. Please itemize the amount of revenue and deposits that are being withheld that add-up to the total amount being withheld.

Please understand, and inform your client that my clients, James Bowman and PREMCO need to be paid the monies that are duly owed to them. My client has informed me that he will have to pay late fees and penalties on branch expenses and that this will pose an extreme financial hardship. As a result, he wants the monies owed to him, and PREMCO, to be paid immediately.

During our conversation, you informed me that you would respond by telephoning me by 3:30 p.m. or 4:00 p.m., on Tuesday, February 27, 2007. Either you or Mr. Medlin can telephone me with this information.

My client and I are looking forward to your response.

Sincerely,

Angela M. Xavier

cc:    Bowman, James

```
MODE = MEMORY TRANSMISSION              START=FEB-27 17:21    END=FEB-27 17:22

    FILE NO.=852

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

 001      OK       ☎         15108322945            003/003 00:00:28
```

                                            -Pacific Trust Lending    -

    *********************************** -      - ***** -      2538399093- *********

## ANGELA M. XAVIER
**Attorney At Law**
P.O. Box 4928
Federal Way, WA 98063
Tel: (360) 840-5574
Fax: (360) 851-7272

**DATE:**    (Tuesday) February 27, 2007

**TO:**      Brad Hargrave
             Medlin & Hargrave

**FAX #:**   (510) 832-2945

**# of pages (including cover sheet):**  3 of 3

**FROM:**    Angela M. Xavier
             Attorney At Law

**RE:**    James Bowman, PREMCO & CMG Mortgage Inc.

----------------------------------------------------------------

Mr. Hargrave:

    Attached is my two (2) page letter to you regarding our conversation this afternoon.

                                            Angela M. Xavier

# ANGELA M. XAVIER
**Attorney At Law**
P.O. Box 4925
Federal Way, WA  98063
Tel:  (360) 840-5574
Fax:  (360) 851-7272

**DATE:**      (Tuesday) February 27, 2007

**TO:**        Brad Hargrave
               Medlin & Hargrave

**FAX #:**     (510) 832-2945

**# of pages (including cover sheet):**  3 of 3

**FROM:**      Angela M. Xavier
               Attorney At Law

**RE:**   James Bowman, PREMCO & CMG Mortgage Inc.

---

Mr. Hargrave:

    Attached is my two (2) page letter to you regarding our conversation this afternoon.

                                                     Angela M. Xavier

**ANGELA M. XAVIER**
**Attorney At Law**
P.O. Box 4925
Federal Way, WA 98063
Tel: (360) 840-5574
Fax: (360) 851-7272

February 27, 2007

Brad Hargrave                                      FAXED TO:  (510) 832-2945
Medlin & Hargrave
One Kaiser Plaza, Suite 445
Oakland, CA 94612

RE:    CMG

Dear Mr. Hargrave:

Thank you for telephoning me this afternoon.  Please note, Mr. Bowman maintains that there is no basis in the <u>Branch Management and Employment Agreement</u> and/or the <u>Facilities Agreement</u> that authorizes CMG to withhold the funds as stated below.  Therefore, Mr. Bowman wants to be paid the monies that are owed to him now. However, Mr. Bowman is exercising his sincerest determination to resolve this matter at the outset.  As you, Mr. Bowman, and I discussed during our conversation:

1.      Attached are the expenses and reserves that CMG owes to him and Pacific Real Estate Management Company (PREMCO).  These amounts are allocated between the Federal Way and Vancouver, Washington branches.  Please, note that the <u>total expenses are</u> <u>$82,929.69</u> which are itemized as follows:

    **(a)  <u>The Federal Way, Washington Branch (#455)</u>**

        -$17,194.52    (facilities distribution expenses)
        -$12,200.00    (facilities distribution for advertising)
        <u>-$18,525.39</u>    <u>(reserves)</u>
        $47,919.91

    **(b)  <u>The Vancouver, Washington Branch (#457)</u>**

        -$13,852.93    (facilities distribution expenses)
        -$       0.00    (facilities distribution advertising expenses)
        <u>-$21,156.85</u>    <u>(reserves)</u>
        $35,009.78

In turn, pursuant to my request, you agreed to provide us with CMG's statement of the expenses and reserves that are owed to Mr. Bowman and PREMCO.

2.      As you stated, there is a loan of which CMG has concerns about a possible repurchase. Mr. Bowman will use his best efforts to contact the borrower in an attempt to obtain any modification of the original promissory note.  Mr. Bowman has also made me aware that CMG is in the position to directly contact the investor and obtain a copy of any modified promissory

1

note. Thus, we are suggesting that CMG, in its unique position, actually contact the investor in order to obtain a copy of any modified promissory note.

Additionally, you indicated that if Mr. Bowman were able to produce a copy of a modified promissory note that Mr. Christopher George (CMG) would release the expenses (or as you called them profits).

3.     Furthermore, you said that CMG would still hold onto the reserves, for both branches, until there was more information concerning a second loan of which CMG is concerned. Mr. Bowman has spoken with the borrower of this second loan. The borrower has stated that he plans to list the property for sale within the next sixty (60) to ninety (90) days. We discussed, that according to CMG's position, a listing agreement would be convincing enough for CMG to release the reserves for both branches.

Regardless of the present circumstances, Mr. Bowman informed you, during our conversation, his branches continue to submit loans through CMG. He actively solicited approvals to broker loans through CMG, on a wholesale broker relationship, and has currently submitted several loans which are pending with CMG at this time. Also, he plans to continue to advertise the Home Ownership Accelerator (HOA) loan program and to hold seminars promoting CMG's HOA program.

Please contact me with CMG's response. Thank you for your anticipated attention to this matter.

Sincerely,

Angela M. Xavier

cc:    Bowman, James

2

Jim Bowman &
Pacific Real Estate Management Company, Inc.
909 S. 336th St. Suite 105
Federal Way, WA 98003
P: 253-839-9088 F: 253-839-9095

March 12, 2007

Christopher M. George                    SHIPPED:  UPS NEXT DAY AIR
Pacific Guarantee Mortgage               Tracking Number:  1Z-43Y-81V-22-1000-052-2
c/o CMG Mortgage Services, Inc.
3160 Crow Canyon Road, Suite 320
San Ramon, CA 94583

RE:  Notice of Dispute and Relief Requested

Dear Mr. George:

      The purpose of this letter is to notify you that pursuant to pararaph thirteen (13) of the
Branch Management and Employment Agreements entered into between you, CMG Mortgage
Servicing Inc. d.b.a. Pacific Guarantee Mortgage (PGM) and me, Jim Bowman, and dated
effectively December, 3, 2003, for Branch #455 in Federal Way, WA, and July 7, 2004, for
Branch #457, in Vancouver, WA, and their respective Facilities Agreements with Pacific Real
Estate Management Company, Inc. (PREMCO), that I am disputing your right to withhold all
monies due to me.  These amounts include, but are not necessarily limited to compensation and
expense reimbursement as required by the agreements.  The total amount due for the two
branches is $82,929.69.  The relief that I am requesting is that you immediately send a check to
me in the amount of $82,929.69.

      Enclosed are copies of three (3) letters, dated February 23, 20007, February 27, 2007, and
March 8, 2007, from my attorney, Angela M. Xavier, to your attorney, Brad Hargrave.  Her
letters are incorporated by reference into this letter. Unfortunately, Mr. Hargrave has failed to
respond to her two most recent letters dated February 27, 2007, and March 8, 2007.  Due to the
fact that there has been no further communication from you and/or your attorney(s), I am now in
the position of initiating negotiations by providing this written notice in letter form to you.  This
notice is in accordance with the provisions of paragraph eleven (11) of the Federal Way, WA and
Vancouver, WA, Branch Management and Employment Agreements.

      In my conversations with you, Paul Chevez, and Brad Hargrave, I have stated that you
are causing me a financial hardship by withholding these monies that are past due to me.  As a
result, I am incurring unnecessary, and prohibitive, costs such as fees, penalties, and interest.  I
have always respected your business acumen, principles, and sense of fairness.  It is my hope
that you do the right thing and honor your financial obligations to me.

                              Sincerely,

                              Jim Bowman &
                              PREMCO

Enclosures:
  1.  February 23, 2007, letter from Angela M. Xavier to Brad Hargrave
  2.  February 27, 2007, letter from Angela M. Xavier to Brad Hargrave
  3.  March 8, 2007, letter from Angela M. Xavier to Brad Hargrave

Jim Bowman &
Pacific Real Estate Management Company, Inc.
909 S. 336th St. Suite 105
Federal Way, WA 98003
P: 253-839-9088 F: 253-839-9095

April 2, 2007

Christopher M. George                SHIPPED:  UPS NEXT DAY AIR
Pacific Guarantee Mortgage           Tracking Number:  1Z-43Y-81V-22-1000-053-1
c/o CMG Mortgage Services, Inc.
3160 Crow Canyon Road, Suite 320
San Ramon, CA 94583

RE:    Request for Payment of Monies Owed

Dear Mr. George:

        You have not responded to my letter to you, dated March 12, 2007, regarding the payment of
monies that are owed to me and Pacific Real Estate Management Company (PREMCO).  Please
immediately send a check to me in the amount of $82,929.69.

                                        Sincerely,

                                        Jim Bowman &
                                        PREMCO

**ANGELA M. XAVIER**
ATTORNEY AT LAW
P.O. Box 4925
Federal Way, WA  98063
Tel:  (360) 840-5574
Fax:  (360) 851-7272

April 4, 2007

David R. Medlin & G. Bradley Hargrave       MAILED:  Certified with Return Receipt Requested
Medlin & Hargrave                           Article #7006-0810-0001-9100-7293
One Kaiser Plaza, Suite 445                 COPY MAILED:  First Class
Oakland, CA  94612

RE:    CMG

Dear Mr. Medlin & Mr. Hargrave:

    Enclosed are letters from my clients, James Bowman and Pacific Real Estate Management Company, Inc. (PREMCO).  They are dated March 12, 2007, and April 2, 2007.

    My client wants to be paid monies that are being withheld, from him, by your client.  We need to communicate about this matter.  Please contact me.

                Sincerely,

                Angela M. Xavier

cc:  Bowman, Jim

Enclosures:
1.  April 2, 2007, letter from Bowman, Jim to Christopher M. George
2.  March 12, 2007, letter from Bowman, Jim to Christopher M. George

**EXHIBIT # 3**



**MEDLIN &**

**HARGRAVE**

A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
jrosenthal@mhlawcorp.com

June 26, 2007

*Via Facsimile & U.S. Mail*

Angela Xavier
900 Cherry Avenue, Suite 300
San Bruno, CA 94066

     Re:   *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
          *U.S. District Court, Northern District of California*
          *Case No.: C07-3140 MEJ*

Dear Ms. Xavier:

     I am in receipt of the above entitled lawsuit for breach of contract, conspiracy and California Labor Code violations. As you know, the operative contracts, which you did not attach to the complaint, include agreements to arbitrate. Both the Branch Management Agreements and the Facilities Agreements contain mandatory arbitration agreements. Article 5.1 of the Facilities Agreement as well as Paragraph 13 of the Branch Management agreement require that any dispute, claim or controversy arising out of or relating to the respective Agreements is to be resolved by binding arbitration. The Arbitration will be conducted by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures in San Francisco, California.

     In light of the fact that plaintiffs are seeking to enforce provisions of two contracts, it seems quite disingenuous not to attach them to the complaint and completely ignore the mandatory arbitration of said contracts. I am formally requesting that you dismiss this action immediately. If plaintiffs wish to go forward with this action, they should initiate arbitration with JAMS in San Francisco pursuant to JAMS's Comprehensive Arbitration Rules. If plaintiff fails to dismiss this action within 21 days, defendant will bring a petition to compel arbitration and will thereafter move under Rule 11 for all available sanctions.

     In light of the short amount of time defendant has to challenge the pleading, I will need to know by the close of business Wednesday, June 27, 2007, whether you will be dismissing this action. If I do not receive a response from you by then, I will assume you will not voluntarily submit this matter to arbitration, leaving me no choice but to file a petition to compel arbitration.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Angela Xavier
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
June 26, 2007
Page 2

      If you have any questions, please do not hesitate to call.

                     Sincerely,

                     Joshua A. Rosenthal

JAR:xt
xavier.01.jar.wpd
cc:    Client