1 | David R. Medlin      (SBN 77417)
G. Bradley Hargrave   (SBN 173911)
2 | Joshua A. Rosenthal   (SBN 190284)
MEDLIN & HARGRAVE
3 | A Professional Corporation
One Kaiser Plaza, Suite 1305
4 | Oakland, CA 94612
Telephone:    (510) 832-2900
5 | Facsimile:    (510) 832-2945
E-mail:      jrosenthal@mhlawcorp.com
6 |
Attorneys for Defendants
7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | James W. Bowman, Jr. and Pacific Real Estate     Case No.: C 07 3140 SI
Management Company, Inc., a Washington
11 | Corporation,                                      DECLARATION OF JOSHUA A.
                                                   ROSENTHAL IN SUPPORT OF MOTION
12 |                  Plaintiffs,                    TO COMPEL COMPLIANCE WITH
                        vs.                         SUBPOENA
13 |
CMG Mortgage Inc., a California Corporation;       Date:   June 6, 2008
14 | CMG Mortgage, Inc., d/b/a Pacific Guarantee      Time:   9:00 a.m.
Mortgage, CMG Mortgage Services, Inc., a          Dept:   Courtroom 10
15 | California Corporation, CMG Mortgage Services,   Judge:  Honorable Susan Illston
Inc. d/b/a Pacific Guarantee Mortgage,
16 |                                                  File date: June 14, 2007
                  Defendants.                      Trial date: August 28, 2008
17 | _____/

18 |

19 | **DECLARATION OF JOSHUA A. ROSENTHAL**

20 |       I, Joshua A. Rosenthal, declare:

21 |       1.      I am an attorney at law duly licensed to practice before this court all courts of this state and

22 | an attorney with Medlin & Hargrave, a P.C.

23 |       2.      Attached hereto as Exhibit A is a true and correct copy of one of the Branch Management

24 | & Employment Agreements between CMG and plaintiffs.

25 |       3.      Attached hereto as Exhibit B is a true and correct copy of the request for production of

26 | documents propounded by CMG on December 12, 2008.

27 |       4.      Attached hereto as Exhibit C is a true and correct copy of the response to the production of

28 | documents served by plaintiffs on January 17, 2008.

1  5.   Attached hereto as Exhibit D are true and correct copy of the documents received back
2  from two title companies in response to subpoenas.

3  6.   Attached hereto as Exhibit E is a true and correct copy of the subpoena served on Sierra
4  Pacific Mortgage on April 3, 2008.

5  7.   Attached hereto as Exhibit F is a true and correct copy of a document provided to me by
6  Sierra Pacific Mortgage on April 2, 2008. Sierra Pacific Mortgage's counsel Tony Eaton told me that this
7  was a document that indicated the loans closed by Bowman's office and an indication of the dates he was
8  paid commissions.

9  8.   Attached hereto as Exhibit G is a true and correct copy of the letter sent by Mr. Eaton and
10  the objection to the subpoena served by Sierra Pacific Mortgage, Inc.

11  9.   Attached hereto as Exhibit H is a true and correct copy of a meet and confer letter from
12  Plaintiffs' counsel, dated April 10, 2008.

13  10.  Attached hereto as Exhibit I is a true and correct copy of Plaintiffs' objections to CMG's
14  inspection demand seeking records of checks received for loan activity.

15  11.  On or about April 9, 2008, I talked with Tony Eaton about the response he would be
16  providing to the subpoena. He told me he would be objecting and wanted the court to weigh in on the
17  issue. I offered to allow redaction some of the information from the loan applications so that I could find
18  out when the loan process started. I also offered to allow redaction of some of the information on the
19  closing statement because I was only interested in the closing date, the amount of the loans and the
20  amount paid to Bowman and Sierra Pacific. I also offered to enter into a protective order. Mr. Eaton
21  declined this proposed compromise.

22  12.  On May 2, 2008, I talked with Mr. Eaton to ask whether he would accept service of the
23  motion via email in lieu of personal service, and he said he would. I also asked him whether he would be
24  willing to accept any of my previously offered compromises like a protective order or redaction of the
25  documents. He told me that he imagined that we would be able to resolve most of the issues regarding
26  the subpoena via a protective order and he would only be seeking guidance from the court as to whether
27  consumer notice was necessary. I told him since I don't have the consumer information, I can't provide
28  the notice. However, I said that he could provide the notice and since the notice period under California

DECLARATION OF JOSHUA A. ROSENTHAL IN SUPPORT OF MOTION TO COMPEL COMPLIANCE
WITH SUBPOENA  C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to compel compliance\Decl of JAR1.wpd

1 | Code of Civil Procedure Section 1983.6 is less than the 35 days until the hearing on this motion, we could

2 | possible avoid the hearing altogether. He agreed and we hope to have the issued resolved prior to the

3 | court having to hear the motion.

4 |     I declare under penalty of perjury under the laws of the United States that the foregoing is true and

5 | correct, and if sworn as a witness, I could and would testify competently thereto.

6 |     Executed at Oakland, California, on May 2, 2008.

9 |           Joshua A. Rosenthal

DECLARATION OF JOSHUA A. ROSENTHAL
M:\CMG\85-0706-02 Bowman\Motion\Motion to compel compliance\Decl of JAR1.wpd

1          **PROOF OF SERVICE BY MAIL**

2          I am over the age of eighteen years and not a party to the within action. My business address is

3    One Kaiser Plaza, Suite 1305, Oakland, California 94612, which business is located in the county where

4    the mailing described below took place.

5          I am readily familiar with my employer's business practice for collection and processing of

6    correspondence for e-mailing. On the date set forth below, at my place of business in Oakland,

7    California, I served the within:

8    **NOTICE OF MOTION, MOTION AND SUPPORTING MEMORANDUM OF POINTS &
     AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**
9

10   **DECLARATION OF JOSHUA A. ROSENTHAL IN SUPPORT OF MOTION TO COMPEL
     COMPLIANCE WITH SUBPOENA**
11

12   by e-mailing such copy to the addresses indicated below. Electronic transmission was reported complete

13   without error.

14   Anthony R. Eaton
     Wilke, Fleury, Hoffelt, Gould & Birney, LLP
15   400 Capitol Mall
     Twenty-Second Floor
16   Sacramento, CA 95814
     aeaton@wilkefleury.com
17

18         I certify and declare under penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct. Executed on May 2, 2008, at Oakland, California.

20

21                                    _____
                                      Xinh Truong
22

23

24

25

26

27

28

PROOF OF SERVICE
M:\CMG\85-0706-02 Bowman\Proof\email.wpd

# EXHIBIT A

MAR-27-2006 MON 12:41 PM Pacific Guarantee Mtg.    FAX NO. 5109707930    P. 01
Case 3:07-cv-03140-SI    Document 45-2    Filed 05/02/2008    Page 6 of 96
Case 3:07-cv-0314    T    Document 9-3    Filed 08/22/2   7    Page 2 of 13

#455

## BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENT

This Branch Management and Employment Agreement (hereinafter referred to as "Agreement") is entered into as of the Effective Date, as that term is defined herein, by and between CMG Mortgage, Inc., a California corporation doing business as Pacific Guarantee Mortgage (hereinafter referred to as "PGM"), and Jim Bowman (hereinafter referred to as "Branch Manager").

### RECITALS

WHEREAS PGM and Branch Manager desire to reduce to writing their understanding and agreement pursuant to which Branch Manager will assist PGM in the management, administration and supervision of activities of its staff and employees, and the activities of all unlicensed assistants and support personnel, at PGM's branch office located at 2505 South 320th Street, Suite 260 Federal Way, WA 98003 ("Branch Office"); and,

WHEREAS PGM and Branch Manager also desire to reduce to writing the terms and conditions of Branch Manager's employment with PGM;

In consideration of the covenants, agreements and representations contained herein, PGM and Branch Manager agree as follows:

1.    **PGM.** PGM represents that PGM is duly licensed by all applicable governmental authorities and is doing business as a mortgage broker under the name Pacific Guarantee Mortgage. Concurrently with the execution of this Agreement, PGM will obtain the necessary branch license for the Branch Office.

2.    **Employment at Will.** PGM employs Branch Manager and Branch Manager accepts employment with PGM as branch manager of PGM's Branch Office. Either PGM or Branch Manager may terminate this Agreement in accordance with the provisions of paragraph 19 herein, or with or without cause, at any time on thirty (30) days notice to the other pursuant to the notice provisions of paragraph 12 herein. The rights and duties set forth in this paragraph may not be modified in any way except pursuant to the terms of paragraph 21 (e) herein.

3.    **Licensed Status.** Branch Manager represents that he/she holds all such licenses as required by state and/or federal law to conduct mortgage brokerage activity at PGM's Branch Office, and that he/she has a minimum of three (3) years of full time experience in mortgage brokerage activity gained during the immediately preceding five (5) year period. Branch Manager further represents that while this Agreement is in effect he/she will maintain in good standing each and every such license.

4.    **Devotion to PGM's Business.** During the term of this Agreement, all of Branch Manager's time and attention dedicated to mortgage loan brokerage and/or origination, shall be devoted solely to the business of PGM at the Branch Office. During the term of this Agreement, Branch Manager shall not engage in any other business duties or pursuits whatsoever, or directly or indirectly render any services of a business, commercial or professional nature to any other person or organization, whether for compensation or otherwise, without the prior written consent

MAR-27-2006 MON 12:41 PM Pacific Guarantee Mtg.    FAX NO. 5109707930    P. 02
Case 3:07-cv-03140-SI    Document 45-2    Filed 05/02/2008    Page 7 of 96
Case 3:07-cv-0314.    Document 9-3    Filed 08/22/2    7    Page 3 of 13

of PGM. During the term of this Agreement, Branch Manager shall not, directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of PGM

   5.   **Duties of Branch Manager.** Branch Manager shall do and perform all services, acts, or things necessary or advisable to fulfill his/her duties as such, subject to the direction of PGM and to the policies established by it. Pursuant thereto, PGM and Branch Manager intend for Branch Manager to assist PGM in administering reasonable supervision over the activities of all licensed activity at Branch Office, and over the activities of unlicensed assistants and support personnel, assigned to PGM's Branch Office. "Reasonable supervision" includes, as appropriate, the establishment of policies, rules, procedures and systems to review, oversee, inspect and manage:

   a)   transactions requiring a license;

   b)   documents which may have a material effect upon the rights or obligations of a party to every such transaction;

   c)   filing, storage and maintenance of all documents created in connection with every such transaction;

   d)   the handling of trust funds, (Branch Manager agrees not to establish or use a trust account unless approved by PGM, in advance, and in writing);

   e)   advertising of any service for which a license is required, (Branch Manager agrees that all advertising material must be approved by PGM, in advance, and in writing);

   f)   familiarizing licensed employees, and unlicensed assistants and support personnel, with the requirements of federal and state laws relating to the prohibition of discrimination;

   g)   familiarizing licensed employees with the requirements of federal and state laws relating to disclosures to be given in connection with mortgage loan transactions;

   h)   regular and consistent reports of licensed activities of all employees;

   i)   ensuring that in every transaction Branch Manager, and every employee associate involved in each such transaction, honors all affirmative obligations owed to each client, as required by federal law, state law and/or ethical practices, including but not limited to: the duty of utmost *care, integrity, honesty and loyalty*; the duty to disclose all material loan terms or any other material facts that may affect the decision to borrow and to encumber real property; the duty to maintain *confidentiality*, except to the extent that information must be disclosed to a potential lender in order to permit the lender to make an informed and considered

Case 3:07-cv-03140-SI    Document 45-2    Filed 05/02/2008    Page 8 of 96    P. 03

MAR-27-2006 MON 12:41 PM Pacific Guarantee Mrtg.        FAX NO. 5100707930

Case 3:07-cv-0314...    Document 9-3    Filed 08/22/2...    Page 4 of 13

decision to extend credit; and the duty to recommend a *competitive* loan product in the right class of loans (e.g., "A", "A-", "B", "C", etc.) when considering the borrower's income and credit history, financial standing and net worth (including the capacity to repay the loan), personal and financial needs, the loan terms requested at the time of application, the type and location of the proposed real property security, the purpose for obtaining the loan, and any time limits the borrower has imposed to receive the loan in question;

j)      assist in ensuring that all independent contractors serving the Branch Office are properly licensed by any applicable state licensing authority and in good standing throughout the duration of their employment (including such things as timely payment of annual licensing fees and assessments and compliance with continuing education requirements);

k)      assist in ensuring that Branch Office and its employees function in compliance with all applicable state and federal employment laws including, but not limited to the Federal Fair Labor Standards Act.

Additionally, subject to PGM policies and procedures, Branch Manager shall be responsible for the general management of the Branch Office, consistent with the intent of this Agreement and sound business practices, including but not limited to:

a)      recruiting of employees and support staff;

b)      creation, maintenance and monitoring of relationships with suppliers, vendors, lenders, real estate agents and other settlement service providers to ensure courtesy, efficient, legal and ethical conduct of business;

c)      accurate reporting to PGM, in such form and such manner as PGM may require, of all mortgage loan transactions and related financial information as necessary to carry out the terms and covenants of this Agreement;

d)      maintenance of any and all records and other data at the Branch Office for such periods and in such manner as state and/or federal law may require;

e)      locating, securing and arranging for the lease of Branch Facilities as necessary to conduct the business of the Branch Office;

f)      maintenance of all mortgage loan files originated by Branch Office (whether closed, cancelled, withdrawn or denied) on site, or as PGM may otherwise approve, in writing, for such period of time as required by state and/or federal law. All mortgage loan files are to be delivered to PGM upon termination of this Agreement; and,

g)      primary responsibility to ensure that all employees of Branch Office are covered under the scope of all applicable state licensing requirements for loan originators

Case 3:07-cv-03140-SI   Document 45-2   Filed 05/02/2008   Page 9 of 96   P. 04
MAR-27-2006 MON 12:42 PM Pacific Guarantee Mtg.      FAX NO. 5109707930
Case 3:07-cv-0314-   I   Document 9-3      Filed 08/22/2   7   Page 5 of 13

and are duly licensed and in good standing throughout the duration of their
employment (including such things as timely payment of annual licensing fees
and assessments and compliance with continuing education requirements).

6.    **Duties of PGM.** PGM shall assume responsibility for all accounting and the
disbursement of all funds for the operation of the Branch Office. PGM shall forward to Branch
Manager a monthly statement of income and expenses of the Branch Office, determined in
accordance with the provisions of paragraph 9 below. In addition, PGM shall have those other
and further duties and responsibilities set forth on Schedule A attached hereto and incorporated
herein. The parties understand and agree that said schedule is subject to amendment by PGM by
notice given in accordance with the provisions of paragraph 11 below. Any such amendment
shall become a part of this Agreement thirty (30) days after notice.

7.    **Compliance with Laws, Regulations and Policies.** PGM and Branch Manager
each acknowledge that state and federal law impose certain obligations on PGM with regard to
the supervision, employment and compensation of any person who acts on behalf of PGM in
furtherance of licensed activity. PGM shall review and supervise the activities of Branch
Manager as required by law, and as more particularly set forth above, Branch Manager shall
assist PGM in carrying out its supervisory obligations. However, this Agreement shall not be
construed as, and is not intended as, PGM's relinquishment of overall responsibility for the
supervision of the acts of salesperson associates licensed to PGM. Branch Manager agrees to
comply with all federal, state and local laws, rules, regulations, policies and procedures to which
PGM and/or Branch Manager are subject as a result of engaging in mortgage brokerage activity,
including without limitation, those of HUD and guidelines of Fannie Mae, Freddie Mac and
other investors. Branch Manager agrees to provide to borrowers and potential borrowers such
disclosures, in such form and in such manner as PGM, in its sole discretion, shall require from
time to time. The parties understand and agree that changes in federal, state and/or local laws,
rules, regulations, policies and procedures may necessitate, in PGM's sole discretion, future
amendment of this Agreement in order to maintain full compliance. Accordingly, such
amendments may be made by notice given in accordance with the provisions of paragraph 11
below. Any such amendment shall become a part of this Agreement thirty (30) days after notice.

8.    **Errors and Omissions Insurance.** PGM shall obtain and keep in place
professional liability insurance in such amounts and subject to such deductibles, endorsements,
exceptions and exclusions as PGM, in its sole discretion, shall deem appropriate. The
proportionate costs of such insurance attributable to PGM's Branch Office shall be considered an
expense of operations in the calculation of Net Profits, as that term is defined herein.

9.    **Compensation.** As compensation for the services to be rendered by Branch
Manager hereunder, PGM shall pay Branch Manager one hundred percent (100%) of all Net
Profits realized from the operation of the Branch Office. The term "Net Profits," as used herein,
shall mean Net Income from operations after Expenses but before taxes, in conformity with
mortgage industry accounting practices, all as determined according to sound accounting
principles. Net Income shall be determined by deducting Expenses from Gross Income. The
term "Gross Income" shall mean all income earned and derived from the Branch Office. The

term "Expenses" shall mean all operating expenses of the Branch Office, including those items of Expense identified elsewhere in this Agreement and including but not limited to the following:

a)     rent, copiers, office supplies, telephone service and utilities;

b)     commissions, salaries, payroll costs and expenses, and benefits of all employees and loan agents, including but not limited to commissions paid to Branch Manager in his/her capacity as a loan agent;

c)     all costs incurred by PGM in connection with the repurchase, by reason of fraud, of any loans originated by the Branch Office. Such costs may include, without limitation, disputes or settlements involving demands to repurchase loans;

d)     loss or costs, including reasonable attorneys' fees arising out of suits, actions, audits, foreclosures, or legal proceedings of any nature, arising out of the activities or operations of the Branch Office;

e)     all costs incurred by PGM in connection with Early Pay-offs or Early Payment Defaults, by reason of fraud, of any loans originated by the Branch Office;

f)     all costs (including up-front fees) to lock and/or extend locked loans; and,

g)     monthly shortages resulting from, but not limited to, non-collection of fees paid for credit reports, appraisals, etc.

Additionally, as set forth in Schedule B, which schedule is incorporated herein, there shall be other fees and expenses associated with Branch Office loan activity which shall be treated as Expenses. The parties understand and agree that Schedule B is subject to amendment by PGM by notice given in accordance with the provisions of paragraph 11 below. Any such amendment shall become a part of this Agreement thirty (30) days after notice.

Net Profits for any one month shall be paid to Branch Manager, or Branch Manager's designee, on the 30th day following the last day of that month. All such payments to Branch Manager shall be considered an Expense of the Branch Office.

10.     No solicitation. After termination of this Agreement, Branch Manager shall not solicit PGM's prospective or existing clients or customers based upon PGM-generated leads obtained during the term of this Agreement, nor may he/she solicit any client or customer with existing contractual obligations to PGM. Furthermore, after termination of this Agreement, Branch Manager shall not solicit Branch Office personnel in accordance with paragraph 21(v) of this Agreement.

Nothing contained in this paragraph is intended to preclude Branch Manager from purchasing and/or developing, at his/her own cost and expense, customer lists which shall be considered the separate property of Branch Manager and not subject to the provisions of this paragraph 10.

Page 5 of 12

MAR-27-2006 MON 12:42 PM Pacific Guarantee Mrtg.          FAX NO. 5109707930          Page 11 of 96  P. 06

Case 3:07-cv-0314  31     Document 9-3          Filed 08/22/2  7     Page 7 of 13

11.    Notices. Any notice required or permitted under this Agreement shall be in writing, delivered to the party at the address set forth for such party below, and shall be deemed effectively delivered upon (i) personal delivery, (ii) one (1) day after deposit for overnight delivery with Federal Express or a comparable national express courier, or (iii) two (2) days after deposit in the United States mail, by first-class mail, postage prepaid. Notices shall be delivered to the parties at the following addresses:

<table>
<tr><td>· If to PGM:</td><td>If to Branch Manager:</td></tr>
<tr><td>Christopher M. George</td><td>Jim Bowman</td></tr>
<tr><td>Pacific Guarantee Mortgage</td><td>Pacific Guarantee Mortgage</td></tr>
<tr><td>c/o CMG Mortgage Services, Inc.</td><td>2505 South 320th Street, Suite 260</td></tr>
<tr><td>3160 Crow Canyon Road, Suite 350</td><td>Federal Way, WA 98003</td></tr>
<tr><td>San Ramon, CA 94583</td><td></td></tr>
</table>

A party may designate another address for notice purposes upon written notice thereof pursuant to the provisions of this paragraph.

12.    Indemnity.

a) Branch Manager shall indemnify, defend, and hold PGM, its officers, directors, shareholders and affiliates, and their respective successors and assigns, harmless from and . against any and all liability, claims, losses, costs, expenses, penalties, fines, forfeitures, judgments, or damages, including reasonable attorneys' fees and court costs, arising out of or in connection with any fraud or willful misconduct of Branch Manager.

b) PGM shall indemnify Branch Manager for all that Branch Manager loses in direct consequence of the discharge of his/her duties as such, or which result from his/her obedience to the directions of PGM, even though unlawful, unless Branch Manager, at the time of obeying such directions believed them to be unlawful. However, this paragraph shall not, in any respect, release or exempt Branch Manager from his/her duties under paragraph 7 of this Agreement, nor from his/her independent obligation(s) pursuant to his/her status as a licensed real estate broker/salesperson.

13.    Mandatory Negotiation, Mediation and Arbitration. The parties will attempt in good faith to resolve through negotiation any dispute, claim or controversy arising out of or relating to this Agreement. Either party may initiate negotiations by providing written notice in letter form to the other party, in accordance with the provisions of paragraph 11 above. Such · notice shall set forth the subject of the dispute and the relief requested. The recipient of such notice will respond in writing within five days with a statement of its position on and recommended solution to the dispute. If the dispute is not resolved by this exchange of correspondence, the representatives of each party with full settlement authority will meet at a mutually agreeable time and place within ten days of the date of the initial notice in order to exchange relevant information and perspectives, and to attempt to resolve the dispute. If the

dispute is not resolved by these negotiations, the matter will be submitted to JAMS, or its successor, for mediation in accordance with the terms of this paragraph 13.

Either party may commence mediation by providing to JAMS and the other party a written request for mediation, pursuant to the provisions of paragraph 11 above. Such request shall set forth the subject of the dispute and the relief requested. The parties will cooperate with JAMS and with one another in selecting a mediator from JAMS' panel of neutrals, and in scheduling the mediation proceedings. The parties covenant that they will participate in the mediation in good faith, and that they will share equally in its costs. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the parties, their agents, employees, experts and attorneys, and by the mediator or any JAMS employees, are confidential, privileged, and inadmissible for any purpose, including impeachment, in any arbitration or other proceeding involving the parties, provided that evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation.

Either party may initiate arbitration in accordance with this paragraph 13 by filing a written demand for arbitration at any time following the initial mediation session or 45 days after the date of filing the written request for mediation, whichever occurs first. The mediation may continue after the commencement of arbitration if the parties so desire. Unless otherwise agreed by the parties, the mediator shall be disqualified from serving as arbitrator in the case. It is the intent of the parties to this Agreement that any and every dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, which can not be resolved by negotiation and/or mediation, be resolved by binding arbitration. This includes, but is not limited to the determination of the scope or applicability of this agreement to arbitrate. Arbitration shall be conducted in San Francisco, California, before a sole arbitrator, in accordance with the laws of the State of California for agreements made in and to be performed in California. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. The arbitrator shall, in the Award, allocate all of the costs of the arbitration and the mediation, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party, against the party who did not prevail.

The provisions of this paragraph 13 may be enforced by any court having jurisdiction, and the party seeking enforcement shall be entitled to an award of all costs, fees and expenses, including attorneys' fees, to be paid by the party against whom enforcement is ordered.

14.    **Proprietary Information.** All loan files, records, documents, lists, rate sheets, product guidelines, investor/secondary market information, databases, trade secrets (as defined in paragraph 21(q)), manuals (including policies and procedures), training manuals, forms, marketing materials, hardware and software obtained from PGM, and similar items relating to the business of PGM, (collectively "Proprietary Information") whether prepared by Branch Manager or otherwise, coming into the possession of the Branch Office, its personnel and/or Branch Manager during the term of this Agreement shall be, and remain, the exclusive property of PGM.

MAR-27-2006 MON 12:43 PM Pacific Guarantee Mrtg.     FAX NO. 510 707930     P. 08
Case 3:07-cv-03140-SI   Document 45-2   Filed 05/02/2008   Page 13 of 96

Case 3:07-cv-0314, 3I   Document 9-3   Filed 08/22/2  7   Page 9 of 13

Nothing contained in this paragraph is intended to preclude Branch Manager from purchasing, at his/her own cost and expense, databases, marketing materials, hardware and/or software, which shall be considered the separate property of Branch Manager and not subject to the provisions of this paragraph 14.

15.     **Branch Facilities.** "Branch Facilities" shall include, but not be limited to office space, furnishing and business equipment. Branch Manager shall arrange for the execution by PGM of a month-to-month lease for appropriate Branch Facilities for a Fair Market Rent. "Fair Market Rent" shall mean a fixed monthly amount that does not vary with the volume or the value of mortgage loans originated by the Branch Office, and that is no more than the fair market rent paid by other similar businesses for comparable facilities in the geographic area in which the Branch Office is located.

16.     **Name.** The Branch Office shall conduct business under the name Pacific Guarantee Mortgage, or such other name as PGM shall approve in advance, in writing. Branch Manager acknowledges and agrees that the name Pacific Guarantee Mortgage, and any and all derivations thereof, including but not limited to PGM trade names, trademarks and/or logos used in the conduct of the business of the Branch Office, are proprietary and belong exclusively to PGM. Upon termination of this Agreement for any reason, Branch Manager shall cease to use, in any manner, the name Pacific Guarantee Mortgage, and all derivations thereof, together with all PGM trade names, trademarks and logos, and during the term of this Agreement, shall acquire no license, proprietary rights to, or interest in them, or in any derivations thereof.

17.     **Solicitation of Mortgage Loans in Other States.** Branch Manager shall limit solicitation of mortgage loan activity by Branch Manager and Branch Office personnel to the state in which the Branch Office is located, unless Branch Manager first receives the prior written approval of PGM. Such approval shall be subject to reasonable conditions, including but not limited to the requirement that PGM and all affected Branch Office personnel currently hold such licenses as necessary for the subject state and that Branch Manager and the affected personnel demonstrate a thorough familiarity with such state's laws and regulations related to loan solicitation and mortgage loan origination.

18.     **Authority to Contract.** Branch Manager shall have no authority to enter into any agreement in the name of PGM. Branch Manager agrees to indemnify and hold PGM harmless from and against any and all liability arising out of any agreement entered into without the prior written consent of PGM. This covenant of indemnity shall include all costs of defense, including reasonable attorney's fees, for any such claim asserted.

19.     **Events of Default/Termination.** This Agreement shall terminate upon any of the following events or for any of the following causes:

a) Immediately following notice of a material breach of any covenant, condition, representation of contractual obligation of a party, given by the party that is or could be adversely affected thereby; provided said breach remains uncured for a period of ten (10) days following such written notice of said breach;

Case 3:07-cv-03140-SI    Document 45-2    Filed 05/02/2008    Page 14 of 96    P. 09
MAR-27-2006 MON 12:43 PM Pac'fic Guarantee Mrtg.    FAX NO. 51°°707930
Case 3:07-cv-03140-SI    Document 9-3    Filed 08/22/2007    Page 10 of 13

b) Immediately in the event of insolvency, bankruptcy or receivership of either party; or,

c) Immediately in the event of Branch Manager's fraud or intentional breach of duty to a client.

Upon termination of this Agreement for any reason, Branch Manager shall promptly return to PGM all originals and copies of all Proprietary Information obtained by Branch Manager from PGM. Branch Manager acknowledges and agrees that all such materials are the sole and exclusive property of PGM, and agrees not to utilize such materials for any purpose other than as contemplated by this Agreement, or at all upon termination.

20.    **Status of Loans in Process at Termination.** Except in the case of termination for Branch Manager's fraud or intentional breach of duty to a client, and subject to any applicable law to the contrary, any mortgage loans which are in process or which have been originated by the Branch Office, up to and including any mortgage loans originated through 5:00 p.m., on the day of termination of this Agreement, shall be processed, submitted and closed by PGM. Branch Manager shall receive compensation related thereto in accordance with the terms of this Agreement, as if such loans had been closed prior to termination, provided that all loan files and other PGM property have been returned to PGM. All rights of Branch Manager to compensation under this Agreement shall immediately terminate in the event of termination of this Agreement by reason of Branch Manager's fraud or intentional breach of duty to a client.

21.    **Miscellaneous.**

a. **Effective Date.** The "Effective Date" of this Agreement shall be the date that it is signed by PGM.

b. **Assignment.** PGM shall have the right to assign its rights and duties under this Agreement to any party without the consent of Branch Manager. Any such assignee of PGM shall be an intended third-party beneficiary of the representations, warranties, covenants, agreements and remedies contained herein. Branch Manager shall have no right to assign his/her rights or duties under this Agreement without PGM's prior written consent, which may be withheld by PGM in its sole discretion.

c. **Choice of Law.** This Agreement shall be governed by and construed under the laws of the State of California, without regard to conflicts of laws principles.

d. **Integration.** This Agreement is the entire agreement between the parties regarding the subject matter and supersedes any prior oral or written agreement among them regarding the subject matter contained herein.

e. **Amendment.** Except as set forth herein, this Agreement may not be amended or modified orally and no provision of this Agreement may be waived or amended except in a writing which makes reference to this Agreement and which is signed by PGM.

**f. Severability.** If a court of competent jurisdiction finds any provision in this Agreement to be invalid, illegal, or otherwise unenforceable, that determination will not affect any other provision of this Agreement. The invalid provision will be severed from this Agreement and all remaining provisions will continue to be of full force and effect.

**g. Interpretation.** Any ambiguities in this Agreement will not be strictly construed against the drafter of the language concerned but will be resolved by applying the most reasonable interpretation under the circumstances giving full consideration to the intentions of the parties at the time of contracting. This Agreement will not be construed against any party by reason of its preparation.

**h. No Third Party Beneficiaries.** Except as expressly set forth in paragraph 21 (b), above, this Agreement has been made by, and is made solely for the benefit of Branch Manager and PGM, and PGM's successors and permitted assigns. Except as expressly set forth in paragraph 21 (b), above, nothing in this Agreement is intended to confer any rights or remedies under or because of this Agreement on any persons or entities other than the parties to it and their respective successors and permitted assigns. Nothing in this Agreement is intended to relieve or discharge the obligation or liability of any third person or entity to any party to this Agreement.

**i. Waiver.** No waiver of any provision of this Agreement or consent to any action shall constitute a waiver of any other provision of this Agreement or consent to any other action. No waiver or consent shall constitute a continuing waiver or consent, or commit a party to provide a future waiver.

**j. Further Assurances.** Branch Manager shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts and things reasonably necessary in connection with his/her performance of his/her obligations hereunder to carry out the intent of this Agreement.

**k. Captions.** All captions and headings in this Agreement are for reference only and may not be used in the interpretation of this Agreement or any related document.

**l. Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The parties agree that a signed copy of this Agreement transmitted by one party to the other by facsimile transmission shall be binding upon the sending party to the same extent as a signed original of this Agreement.

**m. Attorneys' Fees.** In the event that any action or arbitration is brought by either party to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

**n. Venue.** PGM and Branch Manager agree that the proper venue for any legal action brought under this Agreement is either the County of Contra Costa, California or the United States District Court for the Northern District of California, as appropriate.

Page 10 of 12

o. **Survival Upon Termination.** Branch Manager's representations, warranties, covenants and other obligations and agreements contained in this Agreement, including without limitation Branch Manager's indemnification obligations, shall survive any termination of this Agreement.

p. **Non-exclusive Remedies.** No remedy under this Agreement is exclusive of any other available remedy, but each remedy is cumulative and is in addition to other remedies given under this Agreement or existing in law or in equity.

q. **Confidentiality.** Each party understands, acknowledges and agrees that certain trade secrets and customer lists exist which are wholly owned and controlled by the other. These shall be referred to herein collectively as "trade secrets" and consist of information and materials that are valuable and not generally known by such party's competitors. All trade secrets, however maintained, shall be and remain the exclusive property of the originator thereof. Each party agrees not to disclose any of the other's trade secrets, directly or indirectly, or use them in any way, either during the term of this Agreement or at any time thereafter, except as required in the course of performance of this Agreement.

r. **Offset.** Amounts past due and owing by Branch Manager to PGM under this Agreement may, at PGM's option and in its sole discretion, be offset by PGM against any payments or other indebtedness then or thereafter owed by PGM to Branch Manager.

s. **Statute of Limitations.** Any action arising under this Agreement or because of its breach must be commenced within one year after the cause of action accrues.

t. **No Partnership or Joint Venture Intended.** PGM and Branch Manager intend that, to the maximum extent permissible by law, this Agreement shall not be construed as a partnership and/or joint venture.

u. **Regulatory Compliance.** PGM and Branch Manager recognize the importance of full compliance at all times with all state and federal laws, rules and regulations governing mortgage loan origination. Accordingly, notwithstanding anything to the contrary contained elsewhere herein, the parties recognize and agree that PGM retains the right to amend this Agreement as necessary, in its reasonable discretion, to ensure full compliance with all state and federal laws, rules and regulations. Any such amendment shall become a part of this Agreement thirty (30) days after notice thereof is given in accordance with paragraph 11 above.

v. **Anti-Poaching.** Branch Manager agrees not to solicit or in any way entice to leave, interview, hire or contract, either directly or indirectly, with any employees or independent contractors affiliated with PGM, or any of its affiliates, during the term of this Agreement, and for a period of two (2) years following termination of this Agreement.

w. **Jury Trial.** Pursuant to the provisions of paragraph 14 above, Branch Manager and PGM each agree to waive trial by jury in any action or proceeding arising out of this Agreement.

Case 3:07-cv-03140-SI · Document 45-2 · Filed 05/02/2008 · Page 17 of 96 p. 12
MAR-27-2006 MON 12:43 PM Pacific Guarantee Mtg.    FAX NO. 5107707930
Case 3:07-cv-03140 · Document 9-3 · Filed 08/22/20 · Page 13 of 13

x. **Condition Precedent.** It is understood and agreed that the respective rights, duties and obligations of the parties hereto are expressly made subject to and conditioned upon the completion of the transaction by and between PGM and RBC, which transaction is expected to conclude on or about June 30, 2003. PGM will notify Jim Bowman once said transaction is concluded.

IN WITNESS WHEREOF, the undersigned have executed this Agreement at San Ramon, California.

Dated: _____

**CMG Mortgage Services, Inc., doing business as Pacific Guarantee Mortgage**

By: _____
    Christopher M. George, President

Dated: 12/1/03

**Branch Manager**

By: _____
    Jim Bowman

.

# EXHIBIT B

David R. Medlin      (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA 94612
Telephone:    (510) 832-2900
Facsimile:    (510) 832-2945
E-mail:       jrosenthal@mhlawcorp.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

James W. Bowman, Jr. and Pacific Real Estate
Management Company, Inc., a Washington
Corporation,

                          Plaintiffs,

                 vs.

CMG Mortgage Inc., a California Corporation;
CMG Mortgage, Inc., d/b/a Pacific Guarantee
Mortgage, CMG Mortgage Services, Inc., a
California Corporation, CMG Mortgage Services,
Inc. d/b/a Pacific Guarantee Mortgage,

                          Defendants.
_____/

Case No.: C 07 3140 SI

REQUEST FOR PRODUCTION OF
DOCUMENTS UNDER RULE 34

Defendants CMG Mortgage Inc., CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG

Mortgage Services, Inc., CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage requests

plaintiffs James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington

Corporation respond within 30 days to the following requests. The time and date for the inspection

shall be 10:00 a.m. on January 14, 2008. The place for the inspection shall be the law offices of Medlin

& Hargrave, a P.C., One Kaiser Plaza, Suite 1305, Oakland, California 94612.

### DEFINITIONS

The terms "YOU" and "YOUR" shall mean and refer to the responding parties.

The term "VANCOUVER BRANCH" shall mean and refer to the Pacific Guarantee Mortgage

branch that was located at 500 West 8th Street, Suite 100, Vancouver, WA 98660.

///

1

1    The term "FEDERAL WAY BRANCH" shall mean and refer to the Pacific Guarantee Mortgage

2 branch that was located at 2505 South 320th Street, Suite 260, Federal Way, WA 98003

3 **REQUEST NO. 1**

4    That responding parties produce and permit propounding parties to inspect and to copy each of

5 the following documents:

6    a)    All documents evidencing YOUR claim that propounding parties failed to pay in excess

7        of $1.2 million in expenses for the VANCOUVER BRANCH and FEDERAL WAY

8        BRANCH, in violation of the facilities agreements for said branches.

9    b)    All documents evidencing YOUR claim that YOU suffered losses in excess of $500,000

10        as a result of having to close the office located at 500 West 8th Street, Suite 100,

11        Vancouver, WA 98660 in September of 2007.

12    c)    All documents evidencing YOUR claim that propounding parties are liable for any

13        losses YOU suffered as a result of having to close the office located at 500 West 8th

14        Street, Suite 100, Vancouver, WA 98660 in September of 2007.

15    d)    All documents evidencing YOUR claim that propounding parties overpaid any

16        compensation to loan officers or employees that worked at the VANCOUVER

17        BRANCH or FEDERAL WAY BRANCH.

18    e)    All contracts signed by any loan officers or employees that worked at the

19        VANCOUVER BRANCH or FEDERAL WAY BRANCH, whom you claim were

20        overpaid any compensation.

21    f)    All documents evidencing YOUR claim that Jim Bowman withdrew any funds from any

22        retirement account as a result of any action by propounding parties.

23    g)    All documents evidencing YOUR claim that propounding parties withheld any money

24        owed to YOU as a result of 401k contributions for loan officers or employees that

25        worked at the VANCOUVER BRANCH or FEDERAL WAY BRANCH.

26    h)    All documents evidencing YOUR claim that YOU are entitled to any unvested 401k

27        contributions made by propounding parties for loan officers or employees that worked at

28        the VANCOUVER BRANCH or FEDERAL WAY BRANCH.

2

1     i)     All documents evidencing YOUR claim that propounding parties withheld any money

2            owed to YOU as a result of paying any taxes on behalf of the VANCOUVER BRANCH

3            or FEDERAL WAY BRANCH.

4     j)     All documents evidencing YOUR claim that any money paid for taxes by propounding

5            parties on behalf of the VANCOUVER BRANCH or FEDERAL WAY BRANCH was

6            not, in fact, owed.

7     k)     All documents evidencing YOUR claim that propounding parties withheld any money

8            owed to YOU for any accounting fees charged by propounding parties.

9     l)     Copies of all loan files started by any loan officer or employee at the VANCOUVER

10           BRANCH or FEDERAL WAY BRANCH between September 1, 2006 and February 1,

11           2007.

12     m)    All documents identified in YOUR initial disclosures.

13     n)     All documents evidencing any communications between YOU and any of the

14           propounding parties

15     o)     All documents and drafts of documents evidencing any contracts or agreements between

16           YOU and propounding parties.

17

18

19 Date: December 12, 2007                 **MEDLIN & HARGRAVE**

20                            A PROFESSIONAL CORPORATION

21

22                       By:        Joshua A. Rosenthal,

23                                    Attorneys for Defendants

24

25

26

27

28

3

1            **PROOF OF SERVICE BY MAIL**

2       I am over the age of eighteen years and not a party to the within action. My business address is

3 One Kaiser Plaza, Suite 1305, Oakland, California 94612, which business is located in the county where

4 the mailing described below took place.

5       I am readily familiar with my employer's business practice for collection and processing of

6 correspondence for mailing with the United States Postal Service. On the date set forth below, at my

7 place of business in Oakland, California, I served the within:

8           **REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34**

9 by placing a true copy thereof enclosed in a sealed envelope, with postage fully prepaid, for collection

10 and mailing with the United States Postal Service where it would be deposited with the United States

11 Postal Service that same day in the ordinary course of business, addressed as follows:

12 Angela M. Xavier                        Alan F. Cohen
    Attorney At Law                       101 Montgomery Street, Suite 2050
13 900 Cherry Avenue, Suite 300             San Francisco, CA 94104
    San Bruno, CA 94583

14

15       I certify and declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct. Executed on December 12, 2007, at Oakland, California.

17

18                              Xinh Truong

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

ORIGINAL

1   Alan F. Cohen (State Bar No. 194075)
    **LAW OFFICES OF ALAN F. COHEN**
2   101 Montgomery Street, Suite 2050
    San Francisco, CA 94104
3   415.984.1943 (tel.)
4   415.984.1953 (fax)
    cohenlaw@mindspring.com
5
6   Angela M. Xavier (State Bar No. 165152)
    900 Cherry Avenue, Suite 300
7   San Bruno, CA 94066
    650.355.0414 (tel.)
8   650.355.0842 (fax)
9   Attorneys for Plaintiffs
10
11                  UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
13
14
    JAMES W. BOWMAN, JR. and PACIFIC          Case No.: C-07-3140-SI
15  REAL ESTATE MANAGEMENT
16  COMPANY, INC., a Washington               **RESPONSE TO DEFENDANTS' REQUEST**
    Corporation                               **FOR PRODUCTION OF DOCUMENTS**
17                                            **UNDER RULE 34**
              Plaintiffs,
18
19        v.
20  CMG MORTGAGE, INC., a California
    Corporation; CMG MORTGAGE, INC.,
21  d/b/a PACIFIC GUARANTEE
    MORTGAGE, CMG MORTGAGE
22  SERVICES, INC., a California corporation;
23  CMG MORTGAGE SERVICES, INC., d/b/a
    PACIFIC GUARANTEE MORTGAGE,
24
              Defendants.
25
26  PROPOUNDING PARTY:    DEFENDANTS CMG MORTGAGE, INC., CMG MORTGAGE,
27                        INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG
                          MORTGAGE SERVICES, INC., CMG MORTGAGE
28                        SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE

RESPONDING PARTY:     PLAINTIFFS JAMES BOWMAN AND PACIFIC REAL
ESTATE MANAGEMENT COMPANY, INC.

SET NO:            ONE

## PRELIMINARY STATEMENT

Plaintiffs' responses to the Request for Production of Documents Under Rule 34 ("Request") are made based on Plaintiffs' present knowledge, information and belief. Said responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Plaintiffs' further discovery or investigation. Plaintiffs reserve the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Discovery Request obtained through subsequent discovery or investigation.

To the extent that Plaintiffs respond to these Document Request by stating that Plaintiffs will provide documents which Plaintiffs or any other party to this litigation deem to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiffs will do so only upon the entry of, and subject to, an appropriate protective order against the unauthorized use or disclosure of such information.

To the extent that the only documents in Plaintiffs' possession, custody or control responsive to a request are those produced by Defendants in initial disclosures, Plaintiffs will not re-produce those documents back to Defendants. Similarly, to the extent Plaintiffs have produced all documents within their possession, custody, or control to Defendants as part of their initial disclosure, Plaintiffs will not produce another copy of such documents. A contrary interpretation of the rules of discovery would be wasteful and unnecessary, and would impose an undue and unreasonable burden and expense on the responding party.

LAW OFFICES OF
ALAN F. COHEN

2

1    Plaintiffs reserve all objections or other questions as to the competency, relevance,

2  materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or

3  any other action for any purpose whatsoever of Plaintiffs' responses herein and of any document or

4  thing identified or provided in response to the Request.

5    Plaintiffs reserve the right to object on any ground at any time to such other or supplemental

6  Request for Production or any other discovery as Defendant may at any time propound involving or

7  relating to the subject matter of this Request.

8  **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST**

9  **Request No. 1(a):**

10    All documents evidencing YOUR claim that propounding parties failed to pay in excess

11  of $1.2 million in expenses for the VANCOUVER BRANCH and FEDERAL WAY BRANCH,

12  in violation of the facilities agreements for said branches.

13  **Response to Request 1(a)**

14    Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

15  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

16  as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

17  to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff;

18  seeks documents protected by the right of privacy.  Notwithstanding and without waiving the

19  above objections Plaintiff will comply.

20  **Request No. 1(b):**

21    All documents evidencing YOUR claim that YOU suffered losses in excess of $500,000

22  as a result of having to close the office located at 500 West 8th Street, Suite 100, Vancouver,

23  WA 98660 in September of 2007.

24  **Response to Request 1(b)**

25    Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

26  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

27  as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

28  to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff;

LAW OFFICES OF
ALAN F. COHEN

3

1 | seeks documents protected by the right of privacy. Notwithstanding and without waiving the

2 | above objections Plaintiff will comply.

3 | **Request No. 1(c):**

4 |     All documents evidencing YOUR claim that propounding parties are liable for any losses

5 | YOU suffered as a result of having to close the office located at 500 West 8th Street, Suite 100,

6 | Vancouver, WA 98660 in September of 2007.

7 | **Response to Request 1(c)**

8 |     Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

9 | attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

10 | as to the phrase "evidencing YOUR claim;" seeks documents protected by the right of privacy;

11 | fails to describe the documents sought with sufficient particularity because it appears to seek a

12 | legal conclusion, not documents.  Notwithstanding and without waiving the above objections

13 | Plaintiff will comply.

14 | **Request No. 1(d):**

15 |     All documents evidencing YOUR claim that propounding parties overpaid any

16 | compensation to loan officers or employees that worked at the VANCOUVER BRANCH or

17 | FEDERAL WAY BRANCH.

18 | **Response to Request 1(d)**

19 |     Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

20 | attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

21 | as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

22 | to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

23 | Notwithstanding and without waiving the above objections Plaintiff will comply.

24 | **Request 1(e)**

25 |     All contracts signed by any loan officers or employees that worked at the VANCOUVER

26 | BRANCH OR FEDERAL WAY BRANCH, whom you claim were overpaid any compensation.

27 |

28 |

1    **Response to Request 1(e)**

2         Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

3    attorney-client privilege or attorney work-product doctrine; seeks documents more readily

4    available to Defendants and therefore is unduly burdensome and calculated to harass and annoy

5    Plaintiff.  Notwithstanding and without waiving the above objections Plaintiff will comply, to the

6    extent that such documents are in his possession, custody or control.

7    **Request 1(f)**

8         All documents evidencing YOUR claim that Jim Bowman withdrew any funds from any

9    retirement account as a result of any action by propounding parties.

10   **Response to Request 1(f)**

11        Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

12   attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

13   as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

14   to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

15   Notwithstanding and without waiving the above objections Plaintiff will comply.  To the extent

16   responsive documents contain non-responsive information outside the scope of discovery and

17   protected by the right of privacy, such documents will only be produced in redacted form.

18   **Request 1(g)**

19        All documents evidencing YOUR claim that propounding parties withheld any money

20   owed to YOU as a result of 40lk contributions for loan officers or employees that worked at the

21   VANCOUVER BRANCH or FEDERAL WAY BRANCH.

22   **Response to Request 1(g)**

23        Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

24   attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

25   as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

26   to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

27   Notwithstanding and without waiving the above objections Plaintiff will comply.

28

1  **Request 1(h)**

2       All documents evidencing YOUR claim that YOU are entitled to any unvested 401k

3  contributions made by propounding parties for loan officers or employees that worked at the

4  VANCOUVER BRANCH or FEDERAL WAY BRANCH.

5  **Response to Request 1(h)**

6       Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

7  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

8  as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

9  to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff;

10  fails to describe the documents sought with sufficient particularity because it appears to seek a

11  legal conclusion, not documents.  Notwithstanding and without waiving the above objections

12  Plaintiff will comply.

13  **Request 1(i)**

14       All documents evidencing YOUR claim that propounding parties withheld any money

15  owed to YOU as a result of paying any taxes on behalf of the VANCOUVER BRANCH or

16  FEDERAL WAY BRANCH.

17  **Response to Request 1(i)**

18       Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

19  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

20  as to the phrase "evidencing YOUR claim;" assumes that taxes were owed or paid on behalf of

21  the Vancouver or Federal Way branches; seeks documents equally or more readily available to

22  Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

23  Notwithstanding and without waiving the above objections Plaintiff will comply.

24  **Request 1(j)**

25       All documents evidencing YOUR claim that any money paid for taxes by  propounding

26  parties on behalf of the VANCOUVER BRANCH or FEDERAL WAY BRANCH was not, in

27  fact, owed.

28

LAW OFFICES OF
ALAN F. COHEN

6

1  **Response to Request 1(j)**

2  Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

3  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, overbroad and

4  unintelligible, as it appears to seek information relating to legal authority as opposed to

5  documents; as to the phrase "evidencing YOUR claim;" assumes that taxes were owed or paid on

6  behalf of the Vancouver or Federal Way branches; seeks documents equally or more readily

7  available to Defendants and therefore is unduly burdensome and calculated to harass and annoy

8  Plaintiff; fails to describe the documents sought with sufficient particularity because it appears to

9  seek a legal conclusion, not documents.  Notwithstanding and without waiving the above

10  objections, and to the extent they understand the request, Plaintiffs respond that they cannot

11  comply because they have no such documents within their possession, custody, or control.

12  **Request 1(k)**

13  All documents evidencing YOUR claim that propounding parties withheld any money

14  owed to YOU for any accounting fees charged by propounding parties.

15  **Response to Request 1(k)**

16  Plaintiff objects to this Request to the extent that it:  seeks documents protected by the

17  attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

18  as to the phrase "evidencing YOUR claim;" seeks documents equally or more readily available

19  to Defendants and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

20  Notwithstanding and without waiving the above objections Plaintiff will comply.

21  **Request 1(l)**

22  Copies of all loan files started by any loan officer or employee at the VANCOUVER

23  BRANCH or FEDERAL WAY BRANCH between September 1,2006 and February 1, 2007.

24  **Response to Request 1(l)**

25  Plaintiff is unable to comply because he has no documents in his possession, custody, or

26  control responsive to this request.  All such documents were shipped to Defendants by or before

27  March 2007.

28

1 **Request 1(m)**

2 　　　All documents identified in YOUR initial disclosures.

3 **Response to Request 1(m)**

4 　　　Plaintiff objects to this Request to the extent that it: seeks documents protected by the

5 attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

6 in that if fails to describe the documents sought with particularity; seeks documents equally or

7 more readily available to Defendants and therefore is unduly burdensome and calculated to

8 harass and annoy Plaintiff; seeks documents protected by the right of privacy. Notwithstanding

9 and without waiving the above objections, and to the extent that he can respond to such an

10 overbroad request, Plaintiff will comply.

11 **Request 1(n)**

12 　　　All documents evidencing any communications between YOU and any of the

13 propounding parties

14 **Response to Request 1(n)**

15 　　　Plaintiff objects to this Request to the extent that it: seeks documents protected by the

16 attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

17 as to the term "evidencing;" seeks documents equally or more readily available to Defendants

18 and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

19 Notwithstanding and without waiving the above objections Plaintiff will comply.

20 **Request 1(o)**

21 　　　All documents and drafts of documents evidencing any contracts or agreements between

22 YOU and propounding parties.

23 **Response to Request 1(o)**

24 　　　Plaintiff objects to this Request to the extent that it: seeks documents protected by the

25 attorney-client privilege or attorney work-product doctrine; is vague, ambiguous, and overbroad

26 as to the phrase "evidencing;" seeks documents equally or more readily available to Defendants

27 and therefore is unduly burdensome and calculated to harass and annoy Plaintiff.

28 Notwithstanding and without waiving the above objections Plaintiff will comply.

1

LAW OFFICES OF ALAN F. COHEN

2

3    Dated: January 17, 2008

4                                                    By _____
                                                         Alan F. Cohen
5                                                        Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION, Set One**
**Case No. C-07-3140 SI**

1

2

## DECLARATION OF SERVICE

3      I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age
of eighteen years, and not a party to the within action. I am a member of the bar of this Court.
4   My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

5          On the date set forth below I served a true and correct copy of:

6

7

### 1. RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34

8      ☒    (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage
thereon fully prepaid, with the United States Postal Service for mailing this day
9          from San Francisco, California.

10     ☐    (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

11     ☐    (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on
this date to the party(ies) indicated.

12
       ☐    (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage
13          thereon fully prepared, with the United States Postal Service or an overnight
            courier for next day delivery to the party(ies) indicated.
14
          I served the above document(s) on the following persons:
15

       David R. Medlin
16     G. Bradley Hargrave
       Joshua Rosenthal
17     Medlin & Hargrave
       One Kaiser Plaza, Suite 1305
18     Oakland, A  94612

19

20     *Attorneys for Defendants CMG Mortgage, Inc. et al.*

21         I am readily familiar with my firm's practices for processing of correspondence for
delivery according to the instructions indicated above, under which correspondence would be
22   deposited in the mail or other delivery service set forth above on the date below. The above-
referenced documents were placed for deposit in accordance with the office's practice. I declare
23   under penalty of perjury under the laws of the State of California that the foregoing is true and
correct. Executed at San Francisco, California on January 17, 2008.
24

25

26                                                        Alan F. Cohen

27

28

**EXHIBIT D**

03-06-'08 11:45  FROM-Digital Escrow          253-839-7567          T-087  P005/008 F-252

**** REAL ESTATE CLOSING ****

18567

Buyer/Borrower: Theresa L. Johnson, Married as her separate estate
  Seller: The Heirs and Devisees of Lavona I. Johnson, deceased Lavona I Johnson, deceased
  Lender: Washington Mutual Bank                    0729934109/073000379
  Property: 1305 South Puget Drive #B26 / Renton
Settlement Date: March 9, 2007                      Closer/Responsible Party: Young Martz
Disbursement Date: March 9, 2007
  Check Amount: $ 4,837.28              (2006712.PFD/2008712/131)
    Pay To: Pacific Trust Lending
    For: Loan Closing

        Credit Report $32.28
        Processing fee $595.00
        Loan Origination Fee $2,970.00
        Yield Spread Premium $1,240.00

---

18567

**DIGITAL ESCROW, INC.**
2505 S. 320TH ST., SUITE 240
FEDERAL WAY, WA 98003
PHONE: (253) 839-7555

KEY BANK
MIDWAY BRANCH
23250 PACIFIC HWY. SO
KENT, WA 98032
18-57/1250

2006712
Loan Closing

--Four Thousand Eight Hundred Thirty Seven and 28/100 --------------            DATE            AMOUNTDollars

PAY
TO THE
ORDER
OF                                             March 9, 2007          $ ****4,837.28

Pacific Trust Lending                          ESCROW TRUST ACCOUNT 340-1.
2505 S 320th St, Ste 260
Federal Way, WA 98003

                                               AUTHORIZED SIGNATURE

    ⑈018567⑈  ⑆125000574⑆47908102297B⑈

---

DIGITAL ESCROW, INC.                                            18567

                                                                18567

Buyer/Borrower: Theresa L. Johnson, Married as her separate estate
  Seller: The Heirs and Devisees of Lavona I. Johnson, deceased Lavona I Johnson, deceased
  Lender: Washington Mutual Bank                    0729934109/073000379
  Property: 1305 South Puget Drive #B26 / Renton
Settlement Date: March 9, 2007                      Closer/Responsible Party: Young Martz
Disbursement Date: March 9, 2007
  Check Amount: $ 4,837.28              (2006712.PFD/2008712/131)
    Pay To: Pacific Trust Lending
    For: Loan Closing

        Credit Report $32.28
        Processing fee $595.00
        Loan Origination Fee $2,970.00
        Yield Spread Premium $1,240.00

TO REORDER CALL ACS NORTHWEST, INC. 1-800-338-0803

81N021·1(C/6) 04:093

03-06-'08 11:45 FROM-Digital Escrow          253-839-7567          T-087 P006/008 F-252

OMB NO. 2502-0265

| A. | 8. TYPE OF LOAN: | | | | | |
|---|---|---|---|---|---|---|
| U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. | |

**SETTLEMENT STATEMENT**

| 6. FILE NUMBER: 2006712 | 7. LOAN NUMBER: 0729994109/073000379 |
|---|---|
| 8. MORTGAGE INS CASE NUMBER: | |

C. NOTE:  This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0  3/86  (2006712/PFD42006712/133)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Theresa L. Johnson 4719 S Bond St Seattle, WA 98118 | The Heirs and Devisees of Lavona I Johnson, deceased | Washington Mutual Bank 5300 SW Meadows Road, Ste 250 Lake Oswego, OR 97035 |

| G. PROPERTY LOCATION: 1305 South Puget Drive #826 Renton, WA 98065 King County, Washington | H. SETTLEMENT AGENT:  51-0476339 Digital Escrow Inc. PLACE OF SETTLEMENT 2505 S. 320th Street, Suite 240 Federal Way, WA 98003 | I. SETTLEMENT DATE: March 9, 2007 FINAL Revised 3/20 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 155,000.00 | 401. Contract Sales Price | 155,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 613.34 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes          to | | 406. City/Town Taxes          to | |
| 107. County Taxes  03/09/07 to 07/01/07 | 411.71 | 407. County Taxes          to | |
| 108. Hoa Dues  03/09/07 to 04/01/07 | 232.04 | 408. Hoa Dues  03/09/07 to 04/01/07 | 232.04 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 156,257.09 | **420. GROSS AMOUNT DUE TO SELLER** | 155,232.04 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 500.00 | 501. Excess Deposit (See instructions) | |
| 202. Principal Amount of New Loan(s) | 124,000.00 | 502. Settlement Charges to Seller (Line 1400) | 100,182.12 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Funds to close | 1,526.82 | 504. Payoff First Mortgage to Select Portfolio Servicing | 54,607.95 |
| 205. Principal Amt of New Loan(s) | 31,000.00 | 505. Payoff Second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. Closing Costs | | 508. Closing Costs | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes          to | | 510. City/Town Taxes          to | |
| 211. County Taxes          to | | 511. County Taxes  01/01/07 to 03/09/07 | 241.97 |
| 212. Hoa Dues          to | | 512. Hoa Dues          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 157,026.82 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 155,232.04 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 156,257.09 | 601. Gross Amount Due To Seller (Line 420) | 155,232.04 |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 157,026.82 ) | 602. Less Reductions Due Seller (Line 520) | ( 155,232.04 ) |
| **303. CASH ( FROM ) ( X TO ) BORROWER** | 769.73 | **603. CASH ( TO ) ( FROM ) SELLER** | 0.00 |

## HUD-1, Page 3

Borrower (s): Theresa L. Johnson
4719 S Bond St
Seattle, WA 98118

Seller(s): The Heirs and Devisees of Lavona I.
Johnson, deceased Lavona I Johnson,
deceased

Lender: Washington Mutual Bank
Settlement Agent: Digital Escrow Inc.
(253)839-7555
Place of Settlement: 2505 S. 320th Street, Suite 240
Federal Way, WA 98003
Settlement Date: March 9, 2007
Property Location: 1305 South Puget Drive #B26
Renton, WA 98055
King County, Washington

### Additional Disbursements

| Payee/Description | Note/Ref No. | Borrower | Seller |
|---|---|---|---|
| Theresa Johnson<br>Refund of Earnest Money | | 500.00 | |
| Department of Social and Health Services<br>Lien | #003615999 | | 3,601.34 |
| Harlan M. Reese & Associates<br>Release of Judgement | #1022429 | | 75.00 |
| Sunset Ridge Condominiums<br>Delinquent Hoa dues | Dues Dec. thru March | | 748.10 |
| Kappes-Miller Management<br>Transfer & Move in fee | Buyer $179.00 | | 179.00 |
| Sunset Ridge Condominiums<br>2 months Upfront HOA dues | Theresa Johnson | 510.88 | |
| Law Office of Cheryle Smith Harris Trust Account<br>Sellers Proceeds | Lavona Johnson Estat | | 79,512.31 |
| Law Office of Cheryle Smith Harris Trust Account<br>Held funds released | Lavona Johnson Estat | | 50.00 |
| Total Additional Disbursements shown on Line 1305 | | $    1,010.88 | $    84,165.75 |

### Seller Loan Payoff Details

| Payoff First Mortgage | to Select Portfolio Servicing, LP | | Re: Ln #0004720546 |
|---|---|---|---|

| Loan Payoff | 54,737.27 | As of 03/09/07 | |
|---|---|---|---|
| Total Additional Interest | 70.68 | 6 days @ | 11.780000 Per Diem |

| Total Loan Payoff | 54,807.95 | | |
|---|---|---|---|

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
Theresa L. Johnson

The Heirs and Devisees of Lavona I.
Johnson, deceased

BY:_____
Theresa L. Johnson
Personal Representative

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(2006712.PFD/2006712/135)

FROM DIGITAL ESCROW                    (THU)MAR  8 2008 11:49/ST. 11:48/No. 8842902001 P  4

**** REAL ESTATE CLOSING ****                    18567

Buyer/Borrower: Theresa L. Johnson, Married as her separate estate
    Seller: The Heirs and Devisees of Lavona I. Johnson, deceased Lavona I Johnson, deceased
    Lender: Washington Mutual Bank                    0729934109/073000379
    Property: 1305 South Puget Drive #B26 / Renton
Settlement Date: March 9, 2007                    Closer/Responsible Party: Young Martz
Disbursement Date: March 9, 2007
Check Amount: $ 4,837.28            (2006712:PFD/2006712/131)
    Pay To: Pacific Trust Lending
    For: Loan Closing

      Credit Report $32.28
      Processing fee $595.00
      Loan Origination Fee $2,970.00
      Yield Spread Premium $1,240.00

---

18567

**DIGITAL ESCROW, INC.**
2505 S. 320TH ST., SUITE 240
FEDERAL WAY, WA 98003
PHONE: (253) 839-7555

KEY BANK
MIDWAY BRANCH
23250 PACIFIC HWY. SO
KENT, WA 98032
19-57/1250

2006712
Loan Closing

—Four Thousand Eight Hundred Thirty Seven and 28/100 —————————    DATE    AMOUNT Dollars

PAY
TO THE
ORDER
OF

    Pacific Trust Lending
    2505 S 320th St, Ste 260
    Federal Way, WA 98003

March 9, 2007        $ *****4,837.28

ESCROW TRUST ACCOUNT 240-1

AUTHORIZED SIGNATURE

⑆018567⑆ ⑆125000574⑆4790810 2 2978⑈

---

DIGITAL ESCROW, INC.                    18567

18567

Buyer/Borrower: Theresa L. Johnson, Married as her separate estate
    Seller: The Heirs and Devisees of Lavona I. Johnson, deceased Lavona I Johnson, deceased
    Lender: Washington Mutual Bank                    0729934109/073000379
    Property: 1305 South Puget Drive #B26 / Renton
Settlement Date: March 9, 2007                    Closer/Responsible Party: Young Martz
Disbursement Date: March 9, 2007
Check Amount: $ 4,837.28            (2006712:PFD/2006712/131)
    Pay To: Pacific Trust Lending
    For: Loan Closing

      Credit Report $32.28
      Processing fee $595.00
      Loan Origination Fee $2,970.00
      Yield Spread Premium $1,240.00

TO REORDER CALL ACB NORTHWEST, INC. 1-800-292-0900

51N321 (10/06) 541087

FROM DIGITAL ESCROW                    (THU)MAR  8 2008 11:50/ST. 11:48/No. 6842902001 P  5

OMB NO. 2502-0265

| A. | | B. TYPE OF LOAN: | | | | |
|---|---|---|---|---|---|---|
| **U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT** | 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. | |
| **SETTLEMENT STATEMENT** | 6. FILE NUMBER:<br>2006712 | | 7. LOAN NUMBER:<br>0729934109/073000379 | | | |
| | 8. MORTGAGE INS CASE NUMBER: | | | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.  1.0  3/86  (2006712PFD)2006712P339)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Theresa L. Johnson<br>4719 S Bond St<br>Seattle, WA 98118 | The Heirs and Devisees of<br>Lavona I Johnson, deceased | Washington Mutual Bank<br>5300 SW Meadows Road, Ste 250<br>Lake Oswego, OR 97035 |

| G. PROPERTY LOCATION:<br>1305 South Puget Drive #B26<br>Renton, WA 98055<br>King County, Washington | H. SETTLEMENT AGENT:    51-0476339<br>Digital Escrow Inc.<br><br>PLACE OF SETTLEMENT<br>2505 S. 320th Street, Suite 240<br>Federal Way, WA 98003 | I. SETTLEMENT DATE:<br><br>March 8, 2007<br><br>**FINAL**<br>Revised |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 155,000.00 | 401. Contract Sales Price | 155,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 613.34 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes          to | | 406. City/Town Taxes          to | |
| 107. County Taxes  03/09/07  to  07/01/07 | 411.71 | 407. County Taxes          to | |
| 108. Hoa Dues  03/09/07  to  04/01/07 | 232.04 | 408. Hoa Dues  03/09/07  to  04/01/07 | 232.04 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 156,257.09 | **420. GROSS AMOUNT DUE TO SELLER** | 155,232.04 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 500.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 124,000.00 | 502. Settlement Charges to Seller (Line 1400) | 100,182.12 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Funds to close | 1,526.82 | 504. Payoff First Mortgage to Select Portfolio Servicin | 54,807.95 |
| 205. Principal Amt of New Loan(s) | 31,000.00 | 505. Payoff Second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. Closing Costs | | 508. Closing Costs | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes          to | | 510. City/Town Taxes          to | |
| 211. County Taxes          to | | 511. County Taxes  01/01/07  to  03/09/07 | 241.97 |
| 212. Hoa Dues          to | | 512. Hoa Dues          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 157,026.82 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 155,232.04 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 156,257.09 | 601. Gross Amount Due To Seller (Line 420) | 155,232.04 |
| 302. Less Amount Paid By/For Borrower (Line 220) | 157,026.82 | 602. Less Reduction/s Due Seller (Line 520) | 155,232.04 |
| **303. CASH ( FROM ) ( X TO ) BORROWER** | 769.73 | **603. CASH ( TO ) ( FROM ) SELLER** | 0.00 |

## L. SETTLEMENT CHARGES

| | | | | | PAID FROM BORROWERS FUNDS AT SETTLEMENT | PAID FROM SELLERS FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|
| 700. TOTAL COMMISSION Based on Price | | $ | @ | % | 3,875.00 | |
| Division of Commission (line 700) as Follows: | | | | | | |
| 701. $ | to | | | | | |
| 702. $ 3,875.00 | to  Christensen Properties | | | | | |
| 703. Commission Paid at Settlement | | | | | | 3,875.00 |
| 704. | | to | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | | |
| 801. Loan Origination Fee | % | to  Washington Mutual Bank | | | | |
| 802. Loan Discount | % | to  Washington Mutual Bank | | | | |
| 803. Appraisal Fee | | to  Thomas M. Love | | | Buyer $400.00 | 400.00 |
| 804. Credit Report | | to  Credco | | | Buyer $32.28 | 32.28 |
| 805. Lender's Inspection Fee | | to | | | | |
| 806. Mortgage Ins. App. Fee | | to | | | | |
| 807. Assumption Fee | | to | | | | |
| 808. Processing fee | | to  Pacific Trust Lending | | | Buyer $595.00 | 595.00 |
| 809. Tax Service fee | | to  Washington Mutual Bank, F.A. | | | Buyer $81.00 | 81.00 |
| 810. Flood Cert. fee | | to  LandAmerica | | | Buyer $8.00 | 8.00 |
| 811. Lender Funding & Review Fee | | to  Washington Mutual Bank | | | Buyer $799.00 | 799.00 |
| 812. Intrm Int 03/09/07 to 03/01/07 | | to  Washington Mutual Bank | | | | -72.72 |
| 813. AU Fee | | to  Association Underwriters of Washington, LLC | | Inv #53348 Buyer $38 | 38.00 |
| 814. Prem Yld Adj to Brkr | | to  Pacific Trust Lending | | | POC:1,240.00 | |
| 815. 2nd Lender Processing Fee | | to  Washington Mutual Bank | | | Buyer $299.00 | 299.00 |
| 816. 2nd Flood Search Fee | | to  LandAmerica | | | Buyer $4.00 | 4.00 |
| 817. Loan Origination Fee | | to  Pacific Trust Lending | | | Buyer $2970.00 | 2,970.00 |
| 818. | | | | | | |
| 819. | | | | | | |
| 820. | | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | | |
| 901. Interest From  03/09/07   to  03/01/07 | @  $ | 28.500000/day | ( | -8 days | %) | -212.00 |
| 902. Mortgage Insurance Premium for | months to | | | | | |
| 903. Hazard Insurance Premium for | 1.0 years to | | | | | |
| 904. | | | | | | |
| 905. | | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | | |
| 1001. Hazard Insurance | | months  @  $ | | per  month | | |
| 1002. Mortgage Insurance | | months  @  $ | | per  month | | |
| 1003. City/Town Taxes | | months  @  $ | | per  month | | |
| 1004. County Taxes | | 8.000 | months  @  $ 112.91 | per  month | Buyer $903.20 | 0.08 | 903.20 |
| 1005. Hoa Dues | | months  @  $ | | per  month | | |
| 1006. | | months  @  $ | | per  month | | |
| 1007. Aggregate Adjustment | | months  @  $ | | per  month | -112.90 | |
| 1008. | | months  @  $ | | per  month | | |
| **1100. TITLE CHARGES** | | | | | | |
| 1101. Settlement or Closing Fee | | to  Digital Escrow Inc. | | | Buyer $475.00 | 950.00 |
| 1102. Sales Tax for escrow charges | | to  Digital Escrow Inc. | | | Buyer $51.48 | 97.68 |
| 1103. Overnight/Courier fee | | to  Digital Escrow Inc. | | | Buyer $35.00 | 85.00 |
| 1104. Wire fee | | to  Digital Escrow Inc. | | | Buyer $25.00 | 50.00 |
| 1105. Escrow Fee | | to  Digital Escrow Inc. | | | Buyer $272.00 | 272.00 |
| 1106. Wire Fee | | to  Digital Escrow Inc. | | | Buyer $25.00 | 25.00 |
| 1107. E-mail doc fee | | to  Digital Escrow Inc. | | | Buyer $50.00 | 50.00 |
| (Includes above item numbers: | | | | | ) | |
| 1108. Title Insurance | | to  Pacific Northwest Title | | | Buyer $454.78 | 1,111.93 |
| (Includes above item numbers: | | | | | ) | |
| 1109. Lender's Coverage | | $ | 124,000.00 | | 454.78 | |
| 1110. Owner's Coverage | | $ | 155,000.00 | | 657.15 | |
| 1111. Tech Fund | | to  Digital Escrow Inc. | | | Buyer $5.00 | 5.00 |
| 1112. 2nd Title Fee | | to  Pacific Northwest Title | | | Buyer $201.28 | 201.28 |
| 1113. | | Pacific Northwest Title | | | | |
| 1114. Recording of Quitclaim Deed | | to  Pacific Northwest Title | | | Buyer $45.00 | 45.00 |
| 1115. Legal Doc Fee | | to  Digital Escrow Inc. | | | Buyer $150.00 | 150.00 |
| 1116. | | | | | | |
| 1117. | | | | | | |
| 1118. | | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | |
| 1201. Recording Fees: Deed $ | 35.00; Mortgage $ | 105.00; | Releases $ | | Buyer $140.00 | 140.00 |
| 1202. City/County Tax/Stamps: Deed | | : Mortgage | | | | |
| 1203. State Tax/Stamps:  Revenue Stamps | | : Mortgage | | | | |
| 1204. Local Excise Tax | | to  King County Treasurer | | | | 775.00 |
| 1205. State Excise Tax | | to  King County Treasurer | | | | 1,984.00 |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | |
| 1301. Survey | | to | | | | |
| 1302. Pest Inspection | | to | | | | |
| 1303. Reconveyance tracking fee | | to  Digital Escrow Inc. | | | | 70.00 |
| 1304. Final utility holdback | | | | | | |
| 1305. See add'tl disb. exhibit | | to | | | | 1,010.88 | 84,165.75 |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | | | | 613.34 | 100,182.12 |

FINAL

FROM DIGITAL ESCROW                    (THU)MAR  8 2008 11:50/ST. 11:48/No. 6842902001 P  7

## HUD-1, Page 3

Borrower (s): Theresa L. Johnson
4719 S Bond St
Seattle, WA 98118

Seller(s): The Heirs and Devisees of Lavona I.
Johnson, deceased Lavona I Johnson,
deceased

Lender: Washington Mutual Bank
Settlement Agent: Digital Escrow Inc.
(253)839-7555
Place of Settlement: 2505 S. 320th Street, Suite 240
Federal Way, WA 98003
Settlement Date: March 9, 2007
Property Location: 1305 South Puget Drive #B26
Renton, WA 98055
King County, Washington

---

### Additional Disbursements

| Payee/Description | Note/Ref No. | Borrower | Seller |
|---|---|---|---|
| Theresa Johnson<br>Refund of Earnest Money | | 600.00 | |
| Department of Social and Health Services<br>Lien | #003615999 | | 3,601.34 |
| Harlan M. Reese & Associates<br>Release of Judgement | #1022429 | | 75.00 |
| Sunset Ridge Condominiums<br>Delinquent Hoa dues | Dues Dec. thru March | | 748.10 |
| Kappes-Miller Management<br>Transfer & Move in fee | Buyer $179.00 | | 179.00 |
| Sunset Ridge Condominiums<br>2 months Upfront HOA dues | Theresa Johnson | 510.88 | |
| Law Office of Cheryle Smith Harris Trust Account<br>Sellers Proceeds | Lavona Johnson Estat | | 79,512.31 |
| Law Office of Cheryle Smith Harris Trust Account<br>Held funds released | Lavona Johnson Estat | | 50.00 |
| Total Additional Disbursements shown on Line 1305 | | $  1,010.88 | $  84,165.75 |

### Seller Loan Payoff Details

| Payoff First Mortgage | to Select Portfolio Servicing, LP | | Re:Ln #0004720546 |
|---|---|---|---|
| Loan Payoff | 54,737.27 | As of 03/09/07 | |
| Total Additional Interest | 70.68 | 6 days @ | 11.780000 Per Diem |
| **Total Loan Payoff** | **54,807.95** | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
Theresa L. Johnson

The Heirs and Devisees of Lavona I.
Johnson, deceased

BY: _____
Theresa L. Johnson
Personal Representative

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(2006712.PFD/2006712/135)



V63843                 Sierra Pacific Mortgage dba Pacific Trust Lending              273992

02/20/2007                                                                           02/20/2007

Van House              YSP                                    6,187.50    $12,482.50
                       Broker Points                          6,295.00
                       Total Accumulation                    $12,482.50

24809 NE 222nd Ave:
Battle Ground, WA

Reference/Loan No.:

235418-000

        Van House                                                         273992

        24609 NE 222nd Ave: Battle Ground, WA                             02/20/2007

Sierra Pacific Mortgage dba Pacific Trust Lending

YSP                                                           6,187.50
Broker Points                                                6,295.00
Total Accumulation                                          $12,482.50



⑈273992⑈ ⑆121000358⑆ 1233122019⑈

HUD-1 (3/86) RESPA, HB 4305.2        Page 1 of 3             Form Approved OMB 2502-0265

**A. SETTLEMENT STATEMENT**

**Fidelity National Title**

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

| 1. _____ FHA | 2. _____ FMHA | 3. _____ CONV. UNINS |
|---|---|---|
| 4. _____ VA | 5. _X_ CONV. INS. | _____ OTHER |
| 6. File Number | | 7. Loan Number |
| V63843 | | 0091765172 |
| 8. Mortgage Ins. Case No. | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER:** Daniel R. Van House

24809 NE 222nd Ave
Battle Ground, WA 98604

**E. NAME, ADDRESS AND TIN OF SELLER:**

**F. NAME AND ADDRESS OF LENDER:** Greenpoint Mortgage Funding
981 Airway Ct #E
Santa Rosa, CA 95403

**G. PROPERTY LOCATION:** 24809 NE 222nd Ave
Battle Ground, WA 98604

**H. SETTLEMENT AGENT:** Fidelity National Title Insurance Company  (360)750-3686

PLACE OF SETTLEMENT: 500 E. Broadway #120, Vancouver, WA 98660

**I. SETTLEMENT DATE** 2/20/2007 **FINAL**     **DISBURSEMENT DATE** 2/20/2007

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100 GROSS AMOUNT DUE FROM BORROWER | | 400 GROSS AMOUNT DUE TO SELLER | |
| 101 Contract sales price | | 401 Contract sales price | |
| 102 Personal Property | | 402 Personal Property | |
| 103 Settlement charges to borrower (line 1400) | 36,313.43 | 403 | |
| 104 EMC Mortgage 02/23/07 | 226,819.75 | 404 | |
| 105 Clark Public Utility District -(2/23/07) | 11,874.54 | 405 | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106 City/town taxes to | | 406 City/town taxes to | |
| 107 County taxes to | | 407 County taxes to | |
| 108 Assessments to | | 408 Assessments to | |
| 109 | | 409 | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| 113 | | 413 | |
| 114 | | 414 | |
| 115 | | 415 | |
| 116 | | 416 | |
| 120 GROSS AMOUNT DUE FROM BORROWER | 275,007.72 | 420 GROSS AMOUNT DUE TO SELLER | |
| 200 AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500 REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201 Deposit or earnest money | | 501 Excess deposit (see instructions) | |
| 202 Principal amount of new loan  Greenpoint Mo | 275,000.00 | 502 Settlement charges to seller (line 1400) | |
| 203 Existing loan taken subject to | | 503 Existing loan taken subject to | |
| 204 | | 504 Payoff first mortgage | |
| 205 | | 505 Payoff second mortgage | |
| 206 | | 506 | |
| 207 | | 507 | |
| 208 | | 508 | |
| 209 | | 509 | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210 City/town taxes to | | 510 City/town taxes to | |
| 211 County taxes to | | 511 County taxes to | |
| 212 Assessments to | | 512 Assessments to | |
| 213 | | 513 | |
| 214 | | 514 | |
| 215 | | 515 | |
| 216 | | 516 | |
| 217 | | 517 | |
| 218 | | 518 | |
| 219 | | 519 | |
| 220 TOTAL PAID BY/FOR BORROWER | 275,000.00 | 520 TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300 CASH AT SETTLEMENT FROM/TO BORROWER | | 600 CASH AT SETTLEMENT TO/FROM SELLER | |
| 301 Gross amount due from borrower (line 120) | 275,007.72 | 601 Gross amount due to seller (line 420) | |
| 302 Less amounts paid by/for borrower (line 220) | 275,000.00 | 602 Less reductions in amount due seller (line 520) | |
| 303 CASH (X FROM) ( TO) BORROWER | 7.72 | 603 CASH ( FROM) ( TO) SELLER | |

Tax Year 2007      Substitute Form 1099S Seller Statement
You are required by law to provide Fidelity National Title Insurance Company with your correct taxpayer identification number. If you do not provide Fidelity National Title Insurance Company wi
identification number, you may be subject to civil or criminal penalties imposed by law. Seller's name(s), address and tax identification number(s) is shown in item B above and should be checked fi
Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E,G,H,I, and line 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a ne
penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

HUD-1 (3/86) RESPA, HR 4305.2            Page 2 of 3            Form Approved OMB 2502-0265

**L.**        **SETTLEMENT CHARGES**

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **BASED ON PRICE** $   @   %= | | | |
| Division of Commission (line 700) as follows: | | | |
| 701.    to | | | |
| 702.    to | | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 801. Loan Origination Fee   % | Greenpoint Mortgage Funding | 725.00 | |
| 802. Loan Discount   % | | | |
| 803. Appraisal Fee to | Mulligan & Associates Appraisal | 400.00 | |
| 804. Credit Report to | First American CredCo | 19.26 | |
| 805. Tax Service Fee | Greenpoint Mortgage Funding | 79.00 | |
| 806. Flood Cert. Fee | Greenpoint Mortgage Funding | 11.00 | |
| 807. ReDraw Fee | Greenpoint Mortgage Funding | 125.00 | |
| 808. Yield Spread Premium to Broker | Sierra Pacific Mortgage dba Pacific Ti   (6,187.50L) | | |
| 809. Broker Points | Sierra Pacific Mortgage dba Pacific Ti | 6,295.00 | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 901. Interest from 02/20/07 to 03/01/07 @ 49.910000 /day 9 -days) | | 449.19 | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for | | | |
| 904. | | | |
| 905. | | | |
| 1001. Hazard Insurance   12 months @ $ 61.26 | per month | 735.12 | |
| 1002. Mortgage Insurance   months @ $ | per month | | |
| 1003. City property taxes   months @ $ | per month | | |
| 1004. County property taxes   2 months @ $ 212.16 | per month | 424.32 | |
| 1005. Annual assessments   months @ $ | per month | | |
| 1006. Aggregate Account Cred   1 months @ $ -245.15 | per month | (245.15) | |
| 1007. | | | |
| 1008. | | | |
| 1101. Settlement or closing fee to | Fidelity National Title Insurance Com (41.00) | 540.50 | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fee to | | | |
| 1107. Attorney's fee to | | | |
| (includes above items numbers:   1103, 1104 | ) | | |
| 1108. Title insurance to | Fidelity National Title | 506.38 | |
| (includes above items numbers: | ) | | |
| 1109. Lender's coverage   $ 275,000.00 | $ 468.00   (38.38) | | |
| 1110. Owner's coverage   $ | $ | | |
| 1111. Delivery Charges | Fidelity National Title Insurance Com (5.24) | 43.24 | |
| 1112. Trust Accounting Fee | Fidelity National Title Insurance Com (2.03) | 27.03 | |
| 1113. Sub Total (line 1117) | | 65.40 | |
| 1201. Recording: Deed $ 240.00 | Mortgage $ 50.00   Release $ | 290.00 | |
| 1202. City/county tax/stamps: Deed $ | Mortgage $ | | |
| 1203. State tax/stamps: Deed $ | Mortgage $ | | |
| 1204. | | | |
| 1205. | | | |
| 1301. 1st Half 2007 Taxes | Clark County Treasurer | 1,272.86 | |
| 1302. consumer debt | Capital One | 2,271.00 | |
| 1303. proceeds wired to Riverview | proceeds wired to Riverview | 22,272.03 | |
| 1304. 1st Half fire patrol- 2007-235418000 | Clark County Treasurer | 7.25 | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | | 36,313.43 | |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

_____
Daniel R. Van House

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

**Fidelity National Title Insurance Company**                         Date
WARNING: It is a crime to knowingly make false statements to the United States or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see Title 18 U.S. Code Sections 1001 and Section 1010.

HUD-1 (3/86) RESPA, HR 4305.2          Page 3 of 3                          Form Approved OMB 2502-0265
File No. V63843                        Loan No. 0091765172

| | | | |
|---|---|---|---|
| 1114 E-Doc Fee | Fidelity National Title Insurance Cc | 54.05 | |
| 1115 UPS Fee | Fidelity National Title Insurance Cc (0.85) | 11.35 | |
| 1116 | | | |
| 1117 TOTAL (entered on line 1113 Section L) | | 65.40 | |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.



| V58477 | Sierra Pacific Mortgage | | 274189 |
| | 500 W 5th St, 108 | | |
| 02/27/2007 | Vancouver, WA 98660 | | 02/27/2007 |

Barcus

Vaughters

36824 SE Sunset View
Road; Washougal, WA

| | YSP | 5,588.00 | $9,537.26 |
| | Broker Points - 1st | 3,932.00 | |
| | Credit Report | 17.26 | |
| | Total Accumulation | $9,537.26 | |

Reference/Loan No.:

129898-000

Barcus                         Vaughters                         274189

36824 SE Sunset View Road; Washougal, WA                02/27/2007

Sierra Pacific Mortgage

YSP                                                    5,588.00
Broker Points - 1st                                    3,932.00
Credit Report                                            17.26
Total Accumulation                                     $9,537.26



FOR SECURITY PURPOSES THIS DOCUMENT HAS VISIBLE & FLUORESCENT FIBERS & A TRUE WATERMARK-HOLD TO LIGHT TO VIEW.

Nine Thousand Five Hundred Thirty-Seven and 26/100

⑆274189⑆ ⑆121000358⑆ 1233122019⑈

HUD-1 (3/86) RESPA, HB 4305.2      Page 1 of 3      Form Approved OMB 2502-0265

**A. SETTLEMENT STATEMENT**

| 1. ___ FHA | 2. ___ FMHA | 3. ___ CONV. UNINS |
|---|---|---|
| 4. ___ VA | 5. _X_ CONV. INS. | ___ OTHER |

**Fidelity National Title**

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

6. File Number: V58477

7. Loan Number: 0091778951 and 0091778969

8. Mortgage Ins. Case No.

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | |
|---|---|
| **D. NAME AND ADDRESS OF BORROWER:** | Greg Baccus<br><br>PO Box 187<br>Battle Ground, WA 98604 |
| **E. NAME, ADDRESS AND TIN OF SELLER:** | Kent D. Vaughters<br><br>36824 SE Sunset View Road<br>Washougal, WA 98671 |
| **F. NAME AND ADDRESS OF LENDER:** | Greenpoint Mortgage Funding<br>981 Airway Ct #E<br>Santa Rosa, CA 95403 |
| **G. PROPERTY LOCATION:** | 36824 SE Sunset View Road<br>Washougal, WA 98671 |
| **H. SETTLEMENT AGENT:** | Fidelity National Title Insurance Company (360)256-1400 |
| **PLACE OF SETTLEMENT:** | 500 E. Broadway #120, Vancouver, WA 98660 |
| **I. SETTLEMENT DATE** 2/27/2007 FINAL | DISBURSEMENT DATE 2/27/2007 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 101 Contract sales price | 254,000.00 | 401 Contract sales price | 254,000.00 |
| 102 Personal Property | | 402 Personal Property | |
| 103 Settlement charges to borrower (line 1400) | 7,998.56 | 403 | |
| 104 | | 404 | |
| 105 | | 405 | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106 City/town taxes to | | 406 City/town taxes to | |
| 107 County taxes to | | 407 County taxes to | |
| 108 Assessments to | | 408 Assessments to | |
| 109 | | 409 | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| 113 | | 413 | |
| 114 | | 414 | |
| 115 | | 415 | |
| 116 | | 416 | |
| **120 GROSS AMOUNT DUE FROM BORROWER** | 261,998.56 | **420 GROSS AMOUNT DUE TO SELLER** | 254,000.00 |
| 201 Deposit or earnest money | 500.00 | 501 Excess deposit (see instructions) | |
| 202 Principal amount of new loan Greenpoint Mo | 203,200.00 | 502 Settlement charges to seller (line 1400) | 70,983.97 |
| 203 Existing loan taken subject to | | 503 Existing loan taken subject to | |
| 204 Additional Cash | 29,544.47 | 504 Payoff first mortgage GMAC | 140,693.22 |
| 205 Funds from 2nd | 23,712.65 | 505 Payoff second mortgage Schwabe, Willia | 36,829.03 |
| 206 Seller - Paid Closing Costs - 2% | 5,080.00 | 506 Seller - Paid Closing Costs - 2% | 5,080.00 |
| 207 | | 507 | |
| 208 | | 508 | |
| 209 | | 509 | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210 City/town taxes to | | 510 City/town taxes to | |
| 211 County taxes 01/01/07 to 02/27/07 | 411.06 | 511 County taxes 01/01/07 to 02/27/07 | 411.06 |
| 212 Assessments to | | 512 Assessments to | |
| 213 2007 CWP 01/01/07 to 02/27/07 | 3.61 | 513 2007 CWP 01/01/07 to 02/27/07 | 3.61 |
| 214 | | 514 | |
| 215 | | 515 | |
| 216 | | 516 | |
| 217 | | 517 | |
| 218 | | 518 | |
| 219 | | 519 | |
| **220 TOTAL PAID BY/FOR BORROWER** | 262,451.79 | **520 TOTAL REDUCTION AMOUNT DUE SELL** | 254,000.89 |
| 301 Gross amount due from borrower (line 120) | 261,998.56 | 601 Gross amount due to seller (line 420) | 254,000.00 |
| 302 Less amounts paid by/for borrower (line 220) | 262,451.79 | 602 Less reductions in amount due seller (line 520) | 254,000.89 |
| **303 CASH ( FROM) (X TO) BORROWER** | 453.23 | **603 CASH (X FROM) ( TO) SELLER** | 0.89 |

Tax Year 2007      Substitute Form 1099 Seller Statement

You are required by law to provide Fidelity National Title Insurance Company with your correct taxpayer identification number. If you do not provide Fidelity National Title Insurance Company wi
identification number, you may be subject to civil or criminal penalties imposed by law. (Seller's name(s), address and tax identification number(s) is above in item E above and should be checked fi
Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E,G,H,I, and line 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a n
penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

HUD-1 (3/86) RESPA, HB 4305.2        Page 2 of 3        Form Approved OMB 2502-0265

## L.      SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **BASED ON PRICE $ 254,000.00 @ %=** | | | |
| Division of Commission (line 700) as follows: | | | |
| 701.   to | | | |
| 702.   to | | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 801. Loan Origination Fee   % | | | |
| 802. Loan Discount   % | | | |
| 803. Appraisal Fee to   Gleason Appraisal | | 425.00 | |
| 804. Credit Report to   Pacific Trust Lending | | 17.26 | |
| 805. Origination Fee to 1st   Greenpoint Mortgage Funding | | 550.00 | |
| 806. Tax Service Fee - 1st   Greenpoint Mortgage Funding | | 79.00 | |
| 807. Assumption Fee to | | | |
| 808. Broker Yield Spread Premium   Pacific Trust Lending   (5,588.00L) | | | |
| 809. Broker Points - 1st   Pacific Trust Lending | | 3,932.00 | |
| 810. Flood Cert fee   Greenpoint Mortgage Funding | | 11.00 | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 901. Interest from   to   @   /day   -days) | | 94.64 | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for   1   year to   State Farm | | 456.00 | |
| 904. | | | |
| 905. | | | |
| 1001. Hazard Insurance   months @ $   per month | | | |
| 1002. Mortgage Insurance   months @ $   per month | | | |
| 1003. City property taxes   months @ $   per month | | | |
| 1004. County property taxes   months @ $   per month | | | |
| 1005. Annual assessments   months @ $   per month | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. | | | |
| 1101. Settlement or closing fee to   Fidelity National Title Insurance Con (65.60) | | 432.40 | 432.40 |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fee to | | | |
| 1107. Attorney's fee to | | | |
| (includes above items numbers:   1103, 1104      ) | | | |
| 1108. Title insurance to   Fidelity National Title Insurance Company | | 446.45 | 968.39 |
| (includes above items numbers:      ) | | | |
| 1109. Lender's coverage   $ 203,200.00   $ 413.00   (33.45) | | | |
| 1110. Owner's coverage   $ 254,000.00   $ 895.00   (73.39) | | | |
| 1111. | | | |
| 1112. Wire Transfer Fee   Fidelity National Title Insurance Con (2.03) | | 27.03 | |
| 1113. Sub Total (line 1120) | | 75.67 | 446.47 |
| 1201. Recording:   Deed $ 34.00   Mortgage $ 59.00   Release $ | | 93.00 | |
| 1202. City/county tax/stamps   Deed $   Mortgage $ | | | |
| 1203. State tax/stamps:   Deed $   Mortgage $ | | | |
| 1204. | | | |
| 1205. Sub Total (line 1212) | | 43.00 | 4,526.20 |
| 1301. , doc. #18947   David W. Christel, Attorney at Law | | | 5,529.44 |
| 1302. Judgement # 7, to 3/2/08   Suttell & Associates, P.S. 3/02/07 | | | 12,900.42 |
| 1303. Federal Tax Lien # 8 to 03-01-2007   Internal Revenue Service 03-01-2007 | | | 6,714.58 |
| 1304. Appraisal   Gleason Appraisal*** | | | 400.00 |
| 1305. 1st Half 2007 Taxes   Clark County Treasurer | | 1,316.11 | |
| 1306. proceeds wired to WAMU   proceeds wired to WAMU | | | 39,066.07 |
| 1307. | | | |
| 1308. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | 7,998.56 | 70,983.97 |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Greg Barcus                  Kent D. Vaughteen

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Fidelity National Title Insurance Company           Date
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Sections 1001 and Section 1010.

# EXHIBIT E

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern      DISTRICT OF      California

James W. Bowman, Jr. et al.

V.

CMG Mortgage, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 07 3140 SI

TO: Sierra Pacific Mortgage Co., Inc.
50 Iron Point Circle, Suite 200
Folsom, CA 95630

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please See Attachment

| PLACE   Legal Department, One Hour Legal Services, 1280 Boulevard Way, Suite 205, Walnut Creek, CA 94595 | DATE AND TIME 4/14/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for defendants | DATE 4/3/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joshua A. Rosenthal, Medlin & Hargrave, P.C., One Kaiser Plaza, Suite 1305, Oakland, CA 94612

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| DATE | | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE                              SIGNATURE OF SERVER

                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Attachment

1.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to Pacific Trust Lending or any of its employees, agents or assigns as commissions or any other payment in connection with any loan origination activity.  For purposes of this subpoena duces tecum, the terms "YOU" and YOUR" shall refer to the responding party.

2.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to Pacific Real Estate or any of its employees, agents or assigns as commissions or any other payment in connection with any loan origination activity.

3.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to Pacific Real Estate Management Company or any of its employees, agents or assigns as commissions or any other payment in connection with any loan origination activity.

4.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer of otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to James Bowman or any of his employees, agents or assigns as commissions or any other payment in connection with any loan origination activity.

5.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to any business entity or person located at 500 West 8th Street, Suite 100, Vancouver, WA 98660, or any employees, agents or assigns of such person and/or entity, as commissions or  any other payment in connection with any loan origination activity.

6.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR direction, to any business entity or person located at 2505 South 320th Street, Suite 260, Federal Way, WA 98003, or any employees, agents or assigns of such person and/or entity, as commissions or any other  payment in connection with any loan origination activity.

7.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April 1, 2007 as a result of any loan origination activity by Pacific Trust Lending or any of its employees, agents or assigns.

8.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007

to April 1, 2007 as a result of any loan origination activity by Pacific Real Estate or any of it employees, agents or assigns.

     9.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April 1, 2007 as a result of any loan origination activity by Pacific Real Estate Management Company or any of its employees, agents or assigns.

     10.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April 1, 2007 as a result of any loan origination activity by James Bowman or any of his employees, agents or assigns.

     11.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April 1, 2007 as a result of any loan origination activity by any business entity or person located at 2505 South 320th Street, Suite 260, Federal Way, WA 98003 or any employees, agents or assigns of such person and/or entity.

     12.     Records of all compensation of any form (including, but not limited to, check, cash, wire transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April 1, 2007 as a result of any loan origination activity by any business entity or person located at 500 West 8th Street, Suite 100, Vancouver, WA 98660 or any employees, agents or assigns of any such person and/or entity.

     13. For each record of compensation produced in compliance with any of the above requests:

     a)     the HUD-1 or HUD-1A for each related mortgage loan transaction.

     b)     Any 1003 loan applications for each related mortgage loan transaction.

1 **PROOF OF SERVICE BY MAIL**

2     I am over the age of eighteen years and not a party to the within action. My business address is

3 One Kaiser Plaza, Suite 1305, Oakland, California 94612, which business is located in the county where

4 the mailing described below took place.

5     I am readily familiar with my employer's business practice for collection and processing of

6 correspondence for mailing with the United States Postal Service. On the date set forth below, at my

7 place of business in Oakland, California, I served the within:

8     **SUBPOENA IN A CIVIL CASE-SIERRA PACIFIC MORTGAGE CO., INC.**

9

10 by placing a true copy thereof enclosed in a sealed envelope, with postage fully prepaid, for collection

11 and mailing with the United States Postal Service where it would be deposited with the United States

12 Postal Service that same day in the ordinary course of business, addressed as follows:

Angela M. Xavier                    Alan F. Cohen
13 Attorney At Law                     101 Montgomery Street, Suite 2050
900 Cherry Avenue, Suite 300        San Francisco, CA 94104
14 San Bruno, CA 94583

15     I certify and declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct. Executed on April 3, 2008, at Oakland, California.

17

18

19                                  Xinh Truong

20

21

22

23

24

25

26

27

28

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE 4/3/08  2:10PM | PLACE 50 IRON POINT CIRCLE, STE 200 FOLSOM, CA 95630 |

SERVED SIERRA PACIFIC MORTGAGE CO., INC.

| SERVED ON (PRINT NAME) JAMIE SCOTT, EXECUTIVE ASSISTANT, AUTHORIZED TO ACCEPT | MANNER OF SERVICE PERSONAL |
|---|---|
| SERVED BY (PRINT NAME) GARI GREENHALGH | TITLE REGISTERED CALIFORNIA PROCESS SERVER #92-007/SACRAMENTO COUNTY |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER    ONE HOUR LEGAL
1280 BOULEVARD WAY, #205
WALNUT CREEK, CA 94596
ADDRESS OF SERVER    925-947-3470

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| *Attorney or Party without Attorney:*<br>JOSHUA A. ROSENTHAL<br>MEDLIN & HARGRAVE<br>ONE KAISER PLAZA, SUITE 1305<br>Oakland, CA 94612<br>*Telephone No:* 510-832-2900        *FAX No:* 510-832-2945 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:*<br>85-0706-01 CMG BOWMAN | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court, Northern District Of California | | | | |
| *Plaintiff:* BOWMAN | | | | |
| *Defendant:* CMG | | | | |
| **PROOF OF SERVICE**<br>**SUBPOENA IN A CIVIL** | *Hearing Date:*<br>Mon, Apr. 14, 2008 | *Time:*<br>10:00AM | *Dept/Div:* | *Case Number:*<br>C073140SI |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; ATTACHMENT

*3. a. Party served:*            SIERRA PACIFIC MORTGAGE CO., INC.
   *b. Person served:*           JAMIE SCOTT, EXECUTIVE ASSISTANT, AUTHORIZED TO ACCEPT

*4. Address where the party was served:*        50 IRON POINT CIRCLE, SUITE 200
                                                Folsom, CA 95630

*5. I served the party:*
   a. by **personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Thu., Apr. 03, 2008 (2) at: 2:10PM
   *b. I received this subpena for service on:*        Thursday, April 03, 2008

*6. Witness fees were not demanded or paid.*

*7. Person Who Served Papers:*                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GARI GREENHALGH                        d. *The Fee for Service was:*  $110.00

    1280 BOULEVARD WAY #205        e. I am: (3) registered California process server
                        WALNUT CREEK, CA 94595                *(i)* Employee
                        (925) 947-3470
                        FAX (925) 947-3480                    *(ii) Registration No.:*    #92-007
                        WWW.ONEHOUR.NET                       *(iii) County:*            SACRAMENTO

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of
America that the foregoing is true and correct.*

Date:Fri, Apr. 04, 2008

                                                                    (GARI GREENHALGH)

Judicial Council Form                           **PROOF OF SERVICE**
Rule 2.150.(a)&(b) Rev January 1, 2007          **SUBPOENA IN A CIVIL**                    *medljr.11152*

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 4/3/08 | PLACE 50 IRON POINT CIRCLE, STE 200 |
| --- | --- | --- |
| 2:10PM | | FOLSOM, CA 95630 |

SERVED SIERRA PACIFIC MORTGAGE
CO., INC.

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| JAMIE SCOTT, EXECUTIVE ASSISTANT, AUTHORIZED TO ACCEPT | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
| GARI GREENHALGH | REGISTERED CALIFORNIA PROCESS SERVER #92-007/SACRAMENTO COUNTY |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER    ONE HOUR LEGAL
                       1280 BOULEVARD WAY, #205
                       WALNUT CREEK, CA 94596
ADDRESS OF SERVER      925-947-3470

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT F

## Joshua A. Rosenthal

**From:** Anthony R. Eaton [aeaton@wilkefleury.com]

**Sent:** Wednesday, April 02, 2008 3:32 PM

**To:** jrosenthal@mhlawcorp.com

**Subject:** Information Request

**Attachments:** bowman.pdf

Josh,

Attached is the information we have gathered.

Thanks,

Tony

Anthony Eaton
Wilke, Fleury, Hoffelt, Gould & Birney, LLP
400 Capitol Mall, 22nd Floor
Sacramento, CA 95814
Tel (916) 441-2430
Fax (916) 442-6664
Email: aeaton@wilkefleury.com

CONFIDENTIALITY NOTICE: E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient.

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding the message to postmaster@wilkefleury.com <mailto:postmaster@wilkefleury.com> or by telephone at (916) 441-2430 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

loans closed 2/1/07 - 3/31/07



| FIRST_NAME | LAST_NAME | LOAN_OFFICE | LOAN_OFFICER_NAME | FUNDED_DATE |
|---|---|---|---|---|
| ███ | ███ | 59002 | ███ | 21-Feb |
| | | 59002 | | 21-Feb |
| | | 58992 | | 14-Feb |
| | | 59002 | | 9-Feb |
| | | 58996 | | 20-Feb |
| | | 58996 | | 27-Feb |
| | | 58996 | | 27-Feb |
| | | 59004 | | 22-Feb |
| | | 59004 | | 26-Feb |
| | | 59001 | | 26-Feb |
| | | 59004 | | 19-Mar |
| | | 59000 | | 9-Mar |
| | | 59000 | | 8-Mar |
| | | 59000 | | 8-Mar |
| | | 59004 | | 30-Mar |
| | | 59001 | | 28-Mar |
| | | 59001 | | 5-Mar |
| | | 5900█ | | 13-Mar |
| | | 59002 | | 14-Mar |
| | | 59001 | | 20-Mar |
| | | 59002 | | 30-Mar |
| | | 59004 | | 26-Mar |
| | | 59001 | | 30-Mar |
| | | 5899█ | | 16-Mar |
| | | 59001 | | 29-Mar |
| | | 59001 | | 29-Mar |
| | | 58989 | | 9-Mar |
| | | 59000 | | 28-Mar |
| | | 59000 | | 28-Mar |

GENERAL LEDGER DETAIL REPORT

## SIERRA PACIFIC MORTGAGE CO.

*DETAIL POSTINGS FOR DATES 02/01/07 THRU 04/01/07*

| ACCOUNT NO / PER | DATE | JOURNAL | POSTING REMARKS | BEGINNING BAL | DEBIT | CREDIT | NET CHANGE | ENDING BAL |
|---|---|---|---|---|---|---|---|---|
| 3220-318 | | Loan Origination Fees: | | 00 | | | | 00 |
| 02 | 03/23/07 | GJ-J0551 | | | | 7,008 56 | | 7,008 56CR |
| 02 | 03/22/07 | GJ-J0551 | | | | 605 00 | | 7,613 56CR |
| 02 | 03/28/07 | GJ-J0641 | | | | 680 00 | | 8,293 56CR |
| 03 | 03/01/07 | CR-J0151 | | | | 4,966 20 | | 13,259 76CR |
| 03 | 03/06/07 | CR-J0166 | | | | 1,350 00 | | 14,609 76CR |
| 03 | 03/06/07 | CR-J0166 | | | | 3,315 51 | | 17,925 27CR |
| 03 | 03/08/07 | GJ-J0752 | | | | 6,173 28 | | 24,098 55CR |
| 03 | 03/08/07 | GJ-J0752 | | | | 582 00 | | 24,680 55CR |
| 03 | 03/09/07 | CR-J0174 | | | | 2,370 00 | | 27,050 55CR |
| 03 | 03/09/07 | CR-J0174 | | | | 797 00 | | 27,847 55CR |
| 03 | 03/09/07 | CR-J0174 | | | | 9,158 01 | | 37,005 56CR |
| 03 | 03/09/07 | GJ-J0830 | | | | 4,391 78 | | 41,397 34CR |
| 03 | 03/13/07 | OJ-J0888 | | | | 3,464 27 | | 44,861 61CR |
| 03 | 03/26/07 | CR-J0229 | | | | 3,826 06 | | 48,687 67CR |
| 03 | 03/26/07 | CR-J0229 | | | | 4,837 28 | | 53,524 95CR |
| 03 | 03/26/07 | CR-J0229 | | | | 11 89 | | 53,536 84CR |
| 03 | 03/26/07 | CR-J0229 | | | | 2,807 13 | | 56,343 97CR |
| 03 | 03/29/07 | CR-J0229 | | | | 997 37 | | 57,341 34CR |
| 03 | 03/30/07 | GJ-J1125 | | | | 5,333 38 | | 62,674 72CR |
| 03 | 03/30/07 | GJ-J1128 | | | | 1,480 19 | | 64,154 91CR |
| | | | | 00 | 00 | 64,154 91 | 64,154 91CR | 64,154 91CR |
| | | REPORT TOTAL: | | 00 | .00 | 64,154 91 | 64,154 91CR | 64,154 91CR |



# EXHIBIT G

# WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP

400 CAPITOL MALL
TWENTY - SECOND FLOOR
SACRAMENTO, CALIFORNIA 95814

PHILIP R. BIRNEY*
SCOTT L. GASSAWAY
ERNEST JAMES KRTIL
ROBERT R. MIRKIN
MATTHEW W. POWELL
STEPHEN K. MARMADUKE
DAVID A. FRENZNICK
JOHN R. VALENCIA
KELLI M. KENNADAY
ANTHONY J. DECRISTOFORO
ROBERT F. TYLER
MICHAEL G. POLIS
DANIEL L. EGAN
DANIELLE M. GUARD
DANIEL L. BAXTER

* PROFESSIONAL CORPORATION

TELEPHONE
(916) 441-2430

TELECOPIER
(916) 442-6664

RICHARD H. HOFFELT
WILLIAM A. GOULD, JR.
GENE E. PENDERCAST, JR.
THOMAS G. REDMON
RONALD R. LAMB

KIM JOHNSTON
MEGAN A. LEWIS
ERIN E. WEBER
TREVOR L. STAPLETON
ANTHONY R. EATON
CRAIG A. CARNES, JR.
MARISSA L. DRAGOO

AEATON@WILKEFLEURY.COM

April 10, 2008

Joshua A. Rosenthal
Medlin & Hargrave, P.C.
One Kaiser Plaza, Suite 1305
Oakland, CA 94612

### Re: Subpoena re Bowman, et al. v. CMG Mortgage, Inc., et al.

Dear Mr. Rosenthal:

This firm represents Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"). We request that any further communication and correspondence regarding the above-referenced matter be directed to this office.

Enclosed you will find Sierra Pacific's written objections to the subpoena delivered via fax to Sierra Pacific on or about April 3, 2008. These objections are provided pursuant to Federal Rule of Civil Procedure 45(c)(2)(B). As there was no proof of service included with the fax received by my client, I am unaware of the identity or service information related to any party to the underlying litigation other than Mr. Bowman. I do have contact information for counsel to Mr. Bowman and, by copy of this letter, have provided them with Sierra Pacific's objections.

In order to avoid the specter of my client being accused of providing information to one party at the expense of all others, please ensure that all parties receive our initial response to this subpoena.

While I am certain that many of the issues raised in our response can be worked out, I do anticipate requiring the Court's guidance relative to the applicability of California's Consumer Notice Statutes relative to the personal and confidential information that you are seeking.

Joshua A. Rosenthal
April 10, 2008
Page 2

Please do not hesitate to contact me with any questions or concerns that you may have.

Very truly yours,

WILKE, FLEURY, HOFFELT, GOULD &
BIRNEY, LLP

Anthony R. Eaton

ARE:vg
Enclosure
351424.1

1   WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
    ANTHONY R. EATON (SBN 238070)
2   400 Capitol Mall, Twenty-Second Floor
    Sacramento, CA 95814
3   Telephone:    (916) 441-2430
    Facsimile:    (916) 442-6664
4
    Attorneys for Non-Party
5
    SIERRA PACIFIC MORTGAGE COMPANY, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11                                          | Case No. C 07 3140 SI (as stated on
    JAMES W. BOWMAN,                        | subpoena)
12
            Plaintiff,
13
        v.
14
    CMG Mortgage, Inc., et al.
15
            Defendants.
16

17   **SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA
     ISSUED BY JOSHUA A. ROSENTHAL, "ATTORNEY FOR DEFENDANTS"**
18

19       Pursuant to Rule 45 of the Federal Rules of Civil Procedure SIERRA PACIFIC

20   MORTGAGE COMPANY, INC. ("Sierra Pacific"), a non-party, objects to the Subpoena issued

21   by Joshua A. Rosenthal ("Subpoena") on the following grounds.

22                           **GENERAL OBJECTIONS**

23       1.      Sierra Pacific generally objects to the Subpoena on the ground that the Subpoena

24   was delivered to Sierra Pacific via facsimile to a general facsimile number. Delivery by fax to a

25   general facsimile number at a corporation does not constitute valid service of a subpoena under

26   Federal Rule of Civil Procedure 45.

27       2.      Sierra Pacific generally objects that the Subpoena fails to allow reasonable time to

28   comply as required by Federal Rule of Civil Procedure 45.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP          351334.1                      - 1 -
ATTORNEYS AT LAW
SACRAMENTO           SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1        3.    Sierra Pacific generally objects that notice of the Subpoena has not been served to

2   all parties as required by Federal Rule of Civil Procedure 45.

3        4.    Sierra Pacific generally objects that the Subpoena subjects it to undue burden and

4   cost to recover and produce any potentially responsive documentation.

5        5.    Sierra Pacific generally objects to the Subpoena in that the document requests are

6   not reasonably calculated to lead to the discovery of admissible evidence and, therefore, are

7   outside the permissible scope of discovery.

8        6.    Sierra Pacific generally objects to the Subpoena on the ground that it is overbroad

9   in terms of the breadth of the document requests themselves.

10       7.    Sierra Pacific generally objects to the Subpoena to the extent it purports to impose

11   burdens beyond the scope allowable under the applicable Federal Rules of Civil Procedure.

12       8.    Sierra Pacific generally objects to the Subpoena to the extent that it purports to

13   seek or require the production of documents subject to, and in violation of the Consumer's Right

14   to Privacy, Sierra Pacific's borrowers (who are also not parties to this lawsuit) Rights to Privacy

15   and any other applicable privilege or protection.

16       9.    Sierra Pacific generally objects to the production of any of Sierra Pacific's

17   confidential or proprietary documents.

18      10.    Sierra Pacific generally objects that the Subpoena purports to seek trade secrets

19   and confidential commercial information in violation of Federal Rule of Civil Procedure 45.

20                  **SPECIFIC OBJECTIONS**

21   **REQUEST NO. 1:**

22        Records of all compensation of any form (including, but not limited to, check, cash, wire

23   transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR

24   direction, to Pacific Trust Lending or any of its employees, agents or assigns as commissions or

25   any other payment in connection with any loan origination activity.  For purposes of this

26   subpoena deuces tecum, the terms "YOU" and "YOUR" shall refer to the responding party.

27   **OBJECTION TO REQUEST NO. 1:**

28        Sierra Pacific incorporates its General Obligations.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                - 2 -

Case 3:07-cv-03140-SI   Document 45-2   Filed 05/02/2008   Page 67 of 96

1    Sierra Pacific specifically objects to this document request on the ground that it is vague

2 and ambiguous. The request is vague and ambiguous to the extent it seeks records of all

3 compensation of any form issued to "Pacific Trust Lending or any of its employees, agents or

4 assigns" without identifying Pacific Trust Lending and/or any of its employees, agents or assigns.

5 The request is also vague and ambiguous to the extent that it seeks records of "commissions or

6 any other payment in connection with any loan origination activity" without defining what falls

7 under the term "loan origination activity."

8    Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

9 is not limited to records that have any bearing on, or relationship to, the matters at issue in the

10 underlying action.

11    Sierra Pacific further objects to this document request on the ground that it seeks

12 documents not relevant to the subject matter of this action or reasonably calculated to lead to the

13 discovery of admissible evidence.

14    Sierra Pacific further objects to this document request on the ground that it seeks

15 documents from a non-party to this litigation that should be sought and obtained from the parties

16 to the litigation and/or from James Bowman, the plaintiff in the related action.

17    Sierra Pacific further objects to this document request on the ground that it seeks

18 production of confidential documents, the disclosure of which would violate the constitutional

19 right to privacy of persons not a party to the underlying litigation.

20    Sierra Pacific further objects that disclosure of the requested documents would be in

21 violation of California Code of Civil Procedure §1985.3.

22    Sierra Pacific further objects to this request to the extent that it seeks production of trade

23 secrets and other confidential commercial information such as the identity and personal/financial

24 information of the customers/borrowers of Sierra Pacific. Such information is critical in the

25 marketing of mortgage services.

26    **REQUEST NO. 2:**

27    Records of all compensation of any form (including, but not limited to, check, cash, wire

28 transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 3 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    direction, to Pacific Real Estate or any of its employees, agents or assigns as commissions or any

2    other payment in connection with any loan origination activity.

3    **OBJECTION TO REQUEST NO. 2:**

4        Sierra Pacific incorporates its General Obligations.

5        Sierra Pacific specifically objects to this document request on the ground that it is vague

6    and ambiguous.    The request is vague and ambiguous to the extent it seeks records of all

7    compensation of any form issued to "Pacific Real Estate or any of its employees, agents or

8    assigns" without identifying Pacific Real Estate and/or any of its employees, agents or assigns.

9    The request is also vague and ambiguous to the extent that it seeks records of "commissions or

10   any other payment in connection with any loan origination activity" without defining what falls

11   under the term "loan origination activity."

12       Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

13   is not limited to records that have any bearing on, or relationship to, the matters at issue in the

14   underlying action.

15       Sierra Pacific further objects to this document request on the ground that it seeks

16   documents not relevant to the subject matter of this action or reasonably calculated to lead to the

17   discovery of admissible evidence.

18       Sierra Pacific further objects to this document request on the ground that it seeks

19   documents from a non-party to this litigation that should be sought and obtained from the parties

20   to the litigation and/or from James Bowman, the plaintiff in the related action.

21       Sierra Pacific further objects to this document request on the ground that it seeks

22   production of confidential documents, the disclosure of which would violate the constitutional

23   right to privacy of persons not a party to the underlying litigation.

24       Sierra Pacific further objects that disclosure of the requested documents would be in

25   violation of California Code of Civil Procedure §1985.3.

26       Sierra Pacific further objects to this request to the extent that it seeks production of trade

27   secrets and other confidential commercial information such as the identity and personal/financial

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                  - 4 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1   information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

2   marketing of mortgage services.

3   **REQUEST NO. 3:**

4       Records of all compensation of any form (including, but not limited to, check, cash, wire

5   transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR

6   direction, to Pacific Real Estate Management Company or any of its employees, agents or assigns

7   as commissions or any other payment in connection with any loan origination activity.

8   **OBJECTION TO REQUEST NO. 3:**

9       Sierra Pacific incorporates its General Obligations.

10      Sierra Pacific specifically objects to this document request on the ground that it is vague

11  and ambiguous.  The request is vague and ambiguous to the extent it seeks records of all

12  compensation of any form issued to "Pacific Real Estate Management Company or any of its

13  employees, agents or assigns" without identifying Pacific Real Estate Management Company

14  and/or any of its employees, agents or assigns.  The request is also vague and ambiguous to the

15  extent that it seeks records of "commissions or any other payment in connection with any loan

16  origination activity" without defining what falls under the term "loan origination activity."

17      Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

18  is not limited to records that have any bearing on, or relationship to, the matters at issue in the

19  underlying action.

20      Sierra Pacific further objects to this document request on the ground that it seeks

21  documents not relevant to the subject matter of this action or reasonably calculated to lead to the

22  discovery of admissible evidence.

23      Sierra Pacific further objects to this document request on the ground that it seeks

24  documents from a non-party to this litigation that should be sought and obtained from the parties

25  to the litigation and/or from James Bowman, the plaintiff in the related action.

26      Sierra Pacific further objects to this document request on the ground that it seeks

27  production of confidential documents, the disclosure of which would violate the constitutional

28  right to privacy of persons not a party to the underlying litigation.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 5 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects that disclosure of the requested documents would be in
2    violation of California Code of Civil Procedure §1985.3.

3    Sierra Pacific further objects to this request to the extent that it seeks production of trade
4    secrets and other confidential commercial information such as the identity and personal/financial
5    information of the customers/borrowers of Sierra Pacific. Such information is critical in the
6    marketing of mortgage services.

7    **REQUEST NO. 4:**

8    Records of all compensation of any form (including, but not limited to, check, cash, wire
9    transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR
10   direction, to James Bowman or any of his employees, agents or assigns as commissions or any
11   other payment in connection with any loan origination activity.

12   **OBJECTION TO REQUEST NO. 4:**

13   Sierra Pacific incorporates its General Obligations.

14   Sierra Pacific specifically objects to this document request on the ground that it is vague
15   and ambiguous. The request is vague and ambiguous to the extent it seeks records of all
16   compensation of any form issued to "James Bowman or any of his employees, agents or assigns"
17   without identifying any of James Bowman's employees, agents or assigns. The request is also
18   vague and ambiguous to the extent that it seeks records of "commissions or any other payment in
19   connection with any loan origination activity" without defining what falls under the term "loan
20   origination activity."

21   Sierra Pacific further objects that this request is overbroad as to scope to the extent that it
22   is not limited to records that have any bearing on, or relationship to, the matters at issue in the
23   underlying action.

24   Sierra Pacific further objects to this document request on the ground that it seeks
25   documents not relevant to the subject matter of this action or reasonably calculated to lead to the
26   discovery of admissible evidence.

27

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                  - 6 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects to this document request on the ground that it seeks

2    documents from a non-party to this litigation that should be sought and obtained from the parties

3    to the litigation and/or from James Bowman, the plaintiff in the related action.

4    Sierra Pacific further objects to this document request on the ground that it seeks

5    production of confidential documents, the disclosure of which would violate the constitutional

6    right to privacy of persons not a party to the underlying litigation.

7    Sierra Pacific further objects that disclosure of the requested documents would be in

8    violation of California Code of Civil Procedure §1985.3.

9    Sierra Pacific further objects to this request to the extent that it seeks production of trade

10    secrets and other confidential commercial information such as the identity and personal/financial

11    information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

12    marketing of mortgage services.

13    **REQUEST NO. 5:**

14    Records of all compensation of any form (including, but not limited to, check, cash, wire

15    transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR

16    direction, to any business entity or person located at 500 West 8th Street, Suite 100, Vancouver,

17    WA 98660, or any employees, agents or assigns of such person and/or entity, as commissions or

18    any other payment in connection with any loan origination activity.

19    **OBJECTION TO REQUEST NO. 5:**

20    Sierra Pacific incorporates its General Obligations.

21    Sierra Pacific specifically objects to this document request on the ground that it is vague

22    and ambiguous.  The request is vague and ambiguous to the extent it seeks records of all

23    compensation of any form issued to "any business entity or person located at 500 West 8th Street,

24    Suite 100, Vancouver, WA 98660, or any employees, agents or assigns of such person and/or

25    entity" without identifying any such entities and/or any of those entities' employees, agents or

26    assigns.  The request is also vague and ambiguous to the extent that it seeks records of

27    "commissions or any other payment in connection with any loan origination activity" without

28    defining what falls under the term "loan origination activity."

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 7 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects that this request is overbroad as to scope to the extent that it
2    is not limited to records that have any bearing on, or relationship to, the matters at issue in the
3    underlying action.

4    Sierra Pacific further objects to this document request on the ground that it seeks
5    documents not relevant to the subject matter of this action or reasonably calculated to lead to the
6    discovery of admissible evidence.

7    Sierra Pacific further objects to this document request on the ground that it seeks
8    documents from a non-party to this litigation that should be sought and obtained from the parties
9    to the litigation and/or from James Bowman, the plaintiff in the related action.

10    Sierra Pacific further objects to this document request on the ground that it seeks
11    production of confidential documents, the disclosure of which would violate the constitutional
12    right to privacy of persons not a party to the underlying litigation.

13    Sierra Pacific further objects that disclosure of the requested documents would be in
14    violation of California Code of Civil Procedure §1985.3.

15    Sierra Pacific further objects to this request to the extent that it seeks production of trade
16    secrets and other confidential commercial information such as the identity and personal/financial
17    information of the customers/borrowers of Sierra Pacific.   Such information is critical in the
18    marketing of mortgage services.

19    **REQUEST NO. 6:**

20    Records of all compensation of any form (including, but not limited to, check, cash, wire
21    transfer or otherwise) issued from February 1, 2007 to April 1, 2007 by YOU, or at YOUR
22    direction, to any business entity or person located at 2505 South 320th Street, Suite 260, Federal
23    Way, WA 98003, or any employees, agents or assigns of such person and/or entity, as
24    commissions or any other payment in connection with any loan origination activity.

25    **OBJECTION TO REQUEST NO. 6:**

26    Sierra Pacific incorporates its General Obligations.

27    Sierra Pacific specifically objects to this document request on the ground that it is vague
28    and ambiguous.   The request is vague and ambiguous to the extent it seeks records of all

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 8 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1   compensation of any form issued to "any business entity or person located at 2505 South 320th
2   Street, Suite 260, Federal Way, WA 98003, or any employees, agents or assigns of such person
3   and/or entity" without identifying any such entities and/or any of those entities' employees,
4   agents or assigns. The request is also vague and ambiguous to the extent that it seeks records of
5   "commissions or any other payment in connection with any loan origination activity" without
6   defining what falls under the term "loan origination activity."

7          Sierra Pacific further objects that this request is overbroad as to scope to the extent that it
8   is not limited to records that have any bearing on, or relationship to, the matters at issue in the
9   underlying action.

10         Sierra Pacific further objects to this document request on the ground that it seeks
11  documents not relevant to the subject matter of this action or reasonably calculated to lead to the
12  discovery of admissible evidence.

13         Sierra Pacific further objects to this document request on the ground that it seeks
14  documents from a non-party to this litigation that should be sought and obtained from the parties
15  to the litigation and/or from James Bowman, the plaintiff in the related action.

16         Sierra Pacific further objects to this document request on the ground that it seeks
17  production of confidential documents, the disclosure of which would violate the constitutional
18  right to privacy of persons not a party to the underlying litigation.

19         Sierra Pacific further objects that disclosure of the requested documents would be in
20  violation of California Code of Civil Procedure §1985.3.

21         Sierra Pacific further objects to this request to the extent that it seeks production of trade
22  secrets and other confidential commercial information such as the identity and personal/financial
23  information of the customers/borrowers of Sierra Pacific. Such information is critical in the
24  marketing of mortgage services.

25  **REQUEST NO. 7:**

26         Records of all compensation of any form (including, but not limited to, check, cash, wire
27  transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow
28  company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 9 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1  1, 2007 as a result of any loan origination activity by Pacific Trust Lending or any of its

2  employees, agents or assigns.

3  **OBJECTION TO REQUEST NO. 7:**

4  Sierra Pacific incorporates its General Obligations.

5  Sierra Pacific specifically objects to this document request on the ground that it is vague

6  and ambiguous.  The request is vague and ambiguous to the extent that it seeks records of

7  compensation received "as a result of any loan origination activity by Pacific Trust Lending or

8  any of its employees, agents or assigns" without defining what falls under the term "loan

9  origination activity" or identifying Pacific Trust Lending and/or any of its employees, agents or

10  assigns.

11  Sierra Pacific further objects to this request in that it calls for speculation and lacks

12  foundation in that Sierra Pacific is unaware of any direction relative to compensation given by

13  any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage

14  bankers or mortgage brokers.

15  Sierra Pacific further objects to this request to the extent that it seeks production of trade

16  secrets and other confidential commercial information such as the identity and personal/financial

17  information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

18  marketing of mortgage services.

19  Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

20  is not limited to records that have any bearing on, or relationship to, the matters at issue in the

21  underlying action.

22  Sierra Pacific further objects to this document request on the ground that it seeks

23  documents not relevant to the subject matter of this action or reasonably calculated to lead to the

24  discovery of admissible evidence.

25  Sierra Pacific further objects to this document request on the ground that it seeks

26  production of confidential documents, the disclosure of which would violate Sierra Pacific's right

27  to privacy as an entity which is not a party to the underlying litigation.

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                      - 10 -

1  **REQUEST NO. 8:**

2       Records of all compensation of any form (including, but not limited to, check, cash, wire

3  transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow

4  company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April

5  1, 2007 as a result of any loan origination activity by Pacific Real Estate or any of its employees,

6  agents or assigns.

7  **OBJECTION TO REQUEST NO. 8:**

8       Sierra Pacific incorporates its General Obligations.

9       Sierra Pacific specifically objects to this document request on the ground that it is vague

10  and ambiguous.   The request is vague and ambiguous to the extent that it seeks records of

11  compensation received "as a result of any loan origination activity by Pacific Real Estate or any

12  of its employees, agents or assigns" without defining what falls under the term "loan origination

13  activity" or identifying Pacific Real Estate and/or any of its employees, agents or assigns.

14       Sierra Pacific further objects to this request in that it calls for speculation and lacks

15  foundation in that Sierra Pacific is unaware of any direction relative to compensation given by

16  any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage

17  bankers or mortgage brokers.

18       Sierra Pacific further objects to this request to the extent that it seeks production of trade

19  secrets and other confidential commercial information such as the identity and personal/financial

20  information of the customers/borrowers of Sierra Pacific.   Such information is critical in the

21  marketing of mortgage services.

22       Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

23  is not limited to records that have any bearing on, or relationship to, the matters at issue in the

24  underlying action.

25       Sierra Pacific further objects to this document request on the ground that it seeks

26  documents not relevant to the subject matter of this action or reasonably calculated to lead to the

27  discovery of admissible evidence.

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                              - 11 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects to this document request on the ground that it seeks

2    production of confidential documents, the disclosure of which would violate Sierra Pacific's right

3    to privacy as an entity which is not a party to the underlying litigation.

4    **REQUEST NO. 9:**

5    Records of all compensation of any form (including, but not limited to, check, cash, wire

6    transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow

7    company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April

8    1, 2007 as a result of any loan origination activity by Pacific Real Estate Management Company

9    or any of its employees, agents or assigns.

10   **OBJECTION TO REQUEST NO. 9:**

11   Sierra Pacific incorporates its General Obligations.

12   Sierra Pacific specifically objects to this document request on the ground that it is vague

13   and ambiguous.  The request is vague and ambiguous to the extent that it seeks records of

14   compensation received "as a result of any loan origination activity by Pacific Real Estate

15   Management Company or any of its employees, agents or assigns" without defining what falls

16   under the term "loan origination activity" or identifying Pacific Real Estate Management

17   Company and/or any of its employees, agents or assigns.

18   Sierra Pacific further objects to this request in that it calls for speculation and lacks

19   foundation in that Sierra Pacific is unaware of any direction relative to compensation given by

20   any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage

21   bankers or mortgage brokers.

22   Sierra Pacific further objects to this request to the extent that it seeks production of trade

23   secrets and other confidential commercial information such as the identity and personal/financial

24   information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

25   marketing of mortgage services.

26   Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

27   is not limited to records that have any bearing on, or relationship to, the matters at issue in the

28   underlying action.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                          - 12 -

1    Sierra Pacific further objects to this document request on the ground that it seeks
2  documents not relevant to the subject matter of this action or reasonably calculated to lead to the
3  discovery of admissible evidence.

4    Sierra Pacific further objects to this document request on the ground that it seeks
5  production of confidential documents, the disclosure of which would violate Sierra Pacific's right
6  to privacy as an entity which is not a party to the underlying litigation.

7  **REQUEST NO. 10:**

8    Records of all compensation of any form (including, but not limited to, check, cash, wire
9  transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow
10  company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April
11  1, 2007 as a result of any loan origination activity by James Bowman or any of his employees,
12  agents or assigns.

13  **OBJECTION TO REQUEST NO. 10:**

14    Sierra Pacific incorporates its General Obligations.

15    Sierra Pacific specifically objects to this document request on the ground that it is vague
16  and ambiguous.  The request is vague and ambiguous to the extent that it seeks records of
17  compensation received as a result of any loan origination activity by James Bowman or any of his
18  employees, agents or assigns" without defining what falls under the term "loan origination
19  activity" or identifying any of James Bowman's employees, agents or assigns.

20    Sierra Pacific further objects to this request in that it calls for speculation and lacks
21  foundation in that Sierra Pacific is unaware of any direction relative to compensation given by
22  any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage
23  bankers or mortgage brokers.

24    Sierra Pacific further objects to this request to the extent that it seeks production of trade
25  secrets and other confidential commercial information such as the identity and personal/financial
26  information of the customers/borrowers of Sierra Pacific.  Such information is critical in the
27  marketing of mortgage services.

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                 - 13 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

2  is not limited to records that have any bearing on, or relationship to, the matters at issue in the

3  underlying action.

4    Sierra Pacific further objects to this document request on the ground that it seeks

5  documents not relevant to the subject matter of this action or reasonably calculated to lead to the

6  discovery of admissible evidence.

7    Sierra Pacific further objects to this document request on the ground that it seeks

8  production of confidential documents, the disclosure of which would violate Sierra Pacific's right

9  to privacy as an entity which is not a party to the underlying litigation.

10  **REQUEST NO. 11:**

11    Records of all compensation of any form (including, but not limited to, check, cash, wire

12  transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow

13  company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April

14  1, 2007 as a result of any loan origination activity by any business entity or person located at

15  2505 South 320th Street, Suite 260, Federal Way, WA 98003 or any employees, agents or assigns

16  of such person and/or entity.

17  **OBJECTION TO REQUEST NO. 11:**

18    Sierra Pacific incorporates its General Obligations.

19    Sierra Pacific specifically objects to this document request on the ground that it is vague

20  and ambiguous. The request is vague and ambiguous to the extent that it seeks records of

21  compensation received "as a result of any loan origination activity by any business entity or

22  person located at 2505 South 320th Street, Suite 260, Federal Way, WA 98003 or any employees,

23  agents or assigns of such person and/or entity" without defining what falls under the term "loan

24  origination activity" or identifying any business entity or person located at 2505 South 320th

25  Street, Suite 260, Federal Way, WA 98003 and/or any employees, agents or assigns of such

26  person and/or entity.

27    Sierra Pacific further objects to this request in that it calls for speculation and lacks

28  foundation in that Sierra Pacific is unaware of any direction relative to compensation given by

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 14 -

1    any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage
2    bankers or mortgage brokers.

3        Sierra Pacific further objects to this request to the extent that it seeks production of trade
4    secrets and other confidential commercial information such as the identity and personal/financial
5    information of the customers/borrowers of Sierra Pacific.  Such information is critical in the
6    marketing of mortgage services.

7        Sierra Pacific further objects that this request is overbroad as to scope to the extent that it
8    is not limited to records that have any bearing on, or relationship to, the matters at issue in the
9    underlying action.

10        Sierra Pacific further objects to this document request on the ground that it seeks
11    documents not relevant to the subject matter of this action or reasonably calculated to lead to the
12    discovery of admissible evidence.

13        Sierra Pacific further objects to this document request on the ground that it seeks
14    production of confidential documents, the disclosure of which would violate Sierra Pacific's right
15    to privacy as an entity which is not a party to the underlying litigation.

16    **REQUEST NO. 12:**

17        Records of all compensation of any form (including, but not limited to, check, cash, wire
18    transfer or otherwise) received by YOU from, or at the direction of, any title company, escrow
19    company, mortgage lender, mortgage banker or mortgage broker from February 1, 2007 to April
20    1, 2007 as a result of any loan origination activity by any business entity or person located at 500
21    West 8th Street, Suite 100, Vancouver, WA 98660 or any employees, agents or assigns of such
22    person and/or entity.

23    **OBJECTION TO REQUEST NO. 12:**

24        Sierra Pacific incorporates its General Obligations.

25        Sierra Pacific specifically objects to this document request on the ground that it is vague
26    and ambiguous.  The request is vague and ambiguous to the extent that it seeks records of
27    compensation received "as a result of any loan origination activity by any business entity or
28    person located at 500 West 8th Street, Suite 100, Vancouver, WA 98660 or any employees, agents

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 15 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1  or assigns of such person and/or entity" without defining what falls under the term "loan

2  origination activity" or identifying any business entity or person located at 500 West 8th Street,

3  Suite 100, Vancouver, WA 98660 and/or any employees, agents or assigns of such person and/or

4  entity.

5          Sierra Pacific further objects to this request in that it calls for speculation and lacks

6  foundation in that Sierra Pacific is unaware of any direction relative to compensation given by

7  any (as of yet unidentified) title companies, escrow companies, mortgage lenders, mortgage

8  bankers or mortgage brokers.

9          Sierra Pacific further objects to this request to the extent that it seeks production of trade

10  secrets and other confidential commercial information such as the identity and personal/financial

11  information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

12  marketing of mortgage services.

13          Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

14  is not limited to records that have any bearing on, or relationship to, the matters at issue in the

15  underlying action.

16          Sierra Pacific further objects to this document request on the ground that it seeks

17  documents not relevant to the subject matter of this action or reasonably calculated to lead to the

18  discovery of admissible evidence.

19          Sierra Pacific further objects to this document request on the ground that it seeks

20  production of confidential documents, the disclosure of which would violate Sierra Pacific's right

21  to privacy as an entity which is not a party to the underlying litigation.

22  **REQUEST NO. 13:**

23          For each record of compensation produced in compliance with any of the above requests:

24          a)     The HUD-1 or HUD-1A for each related mortgage loan transaction.

25          b)     Any 1003 loan applications for each related mortgage loan transaction.

26  **OBJECTION TO REQUEST NO. 13:**

27          Sierra Pacific incorporates its General Obligations.

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                                    - 16 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1    Sierra Pacific further objects that this request is overbroad as to scope to the extent that it

2    is not limited to records that have any bearing on, or relationship to, the matters at issue in the

3    underlying action.

4    Sierra Pacific further objects to this document request on the ground that it seeks

5    documents not relevant to the subject matter of this action or reasonably calculated to lead to the

6    discovery of admissible evidence.

7    Sierra Pacific further objects to this document request on the ground that it seeks

8    documents from a non-party to this litigation that should be sought and obtained from the parties

9    to the litigation and/or from James Bowman, the plaintiff in the related action.

10    Sierra Pacific further objects to this document request on the ground that it seeks

11    production of confidential documents, the disclosure of which would violate the constitutional

12    right to privacy of persons not a party to the underlying litigation.

13    Sierra Pacific further objects to this request to the extent that it purports to seek or require

14    the production of documents subject to, and in violation of the Consumer's Right to Privacy,

15    Sierra Pacific's borrowers (who are also not parties to this lawsuit) Rights to Privacy and any

16    other applicable privilege or protection.

17    Sierra Pacific further objects that disclosure of the requested documents would be in

18    violation of California Code of Civil Procedure §1985.3.

19    Sierra Pacific further objects to this request to the extent that it seeks production of trade

20    secrets and other confidential commercial information such as the identity and personal/financial

21    information of the customers/borrowers of Sierra Pacific.  Such information is critical in the

22    marketing of mortgage services.

23    Dated:    April 10 , 2008              WILKE, FLEURY, HOFFELT,
                                             GOULD & BIRNEY, LLP
24

25                                          BY: _____

26                                             ANTHONY R. EATON
                                                Attorneys for Non-Party
27                                          SIERRA PACIFIC MORTGAGE COMPANY,
                                                          INC.
28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

351334.1                          - 17 -

SIERRA PACIFIC MORTGAGE COMPANY'S OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A. ROSENTHAL

1

## **PROOF OF SERVICE**

2    I, Victoria Garner, declare:

3    I am a citizen of the United States and employed in Sacramento County, California. I am

4    over the age of eighteen years and not a party to the within-entitled action. My business address

5    is 400 Capitol Mall, Twenty-Second Floor, Sacramento, California 95814. On April 10, 2008, I

6    served a copy of the within document(s):

7
8

**SIERRA PACIFIC MORTGAGE COMPANY'S
OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A.
ROSENTHAL, "ATTORNEY FOR DEFENDANTS"**

9
10

☒    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

11
12

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

13
14

☒    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

15
16

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

17
18
19

Joshua A. Rosenthal
Medlin & Hargrave, P.C.
One Kaiser Plaza, Suite 1305
Oakland, CA 94612
Fax: (510) 832-2945

20    I am readily familiar with the firm's practice of collection and processing correspondence

21    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

22    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23    motion of the party served, service is presumed invalid if postal cancellation date or postage

24    meter date is more than one day after date of deposit for mailing in affidavit.

25    I declare that I am employed in the office of a member of the bar of this court at whose

26    direction the service was made.

27

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

351601.1

1     Executed on April 10, 2008, at Sacramento, California.

2                                          Victoria Garner

3     _____

4                                          Victoria Garner

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2          I, Victoria Garner, declare:

3          I am a citizen of the United States and employed in Sacramento County, California. I am

4   over the age of eighteen years and not a party to the within-entitled action. My business address

5   is 400 Capitol Mall, Twenty-Second Floor, Sacramento, California 95814. On April 10, 2008, I

6   served a copy of the within document(s):

7
8                 **SIERRA PACIFIC MORTGAGE COMPANY'S
                  OBJECTIONS TO SUBPOENA ISSUED BY JOSHUA A.
                  ROSENTHAL, "ATTORNEY FOR DEFENDANTS"**

9   ☒    by transmitting via facsimile the document(s) listed above to the fax number(s) set
10          forth below on this date before 5:00 p.m.

11  ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at Sacramento, California addressed as set
12          forth below.

13  ☐    by placing the document(s) listed above in a sealed _____ envelope and
           affixing a pre-paid air bill, and causing the envelope to be delivered to a
14          _____ agent for delivery.

15  ☐    by personally delivering the document(s) listed above to the person(s) at the
           address(es) set forth below.
16

17     Alan Cohen
       101 Montgomery Street, Suite 2050
18     San Francisco, CA 94104
       Fax: (415) 984-1953
19

20          I am readily familiar with the firm's practice of collection and processing correspondence

21   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

22   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23   motion of the party served, service is presumed invalid if postal cancellation date or postage

24   meter date is more than one day after date of deposit for mailing in affidavit.

25          I declare that I am employed in the office of a member of the bar of this court at whose

26   direction the service was made.

27          Executed on April 10, 2008, at Sacramento, California.    _Victoria Garner_

28                                                                      Victoria Garner

WILKE, FLEURY,
HOFFELT, GOULD &     351600.1
BIRNEY, LLP
ATTORNEYS AT LAW

# EXHIBIT H

LAW OFFICES OF
## ALAN F. COHEN

101 MONTGOMERY STREET
SUITE 2050
SAN FRANCISCO, CA  94104
TEL: 415.984.1943
FAX: 415.984.1953
cohenlaw@mindspring.com

April 10, 2008

### Via email and U.S. Mail

Joshua Rosenthal
Medlin & Hargrave, P.C.
One Kaiser Plaza, Suite 1305
Oakland CA 94612

Re:    *Bowman v. CMG, Inc. et al. – Discovery Issues*

Dear Josh:

I am writing to follow up on our telephone conversation earlier and to respond to your letters dated April 3.

### Plaintiff's Special Interrogatory No. 1

First, thank you for your courtesy in agreeing to an informal correction of Special Interrogatory No. 1. You agreed that Defendants will respond to the interrogatory as if it had referenced "service release premiums" rather than "service *yield* premiums". In return, you asked for and I agreed to grant an additional week for you to respond to the interrogatories.

It also sounded as if you were likely going to object to the interrogatory rather than respond substantively; if I got the wrong impression, then the following discussion is irrelevant. We did not pursue this issue, but I am writing now to meet and confer over this issue in hopes that we will not have to bring this matter before the Court.

Defendants drafted Mr. Bowman's Branch Management Agreement to provide that he was to receive Net Profits based on "all income earned and derived from the Branch Office." This is exceedingly broad phrasing which, by its plain language, encompasses more than just loan origination fees to include all income generated by the Branches, including the aforementioned service release premiums. In this breach of contract action, Mr. Bowman is entitled to an award that includes all such income flowing from the Branch operations. Defendants are free to contest this point, I suppose, but they will have to do so at trial or by dispositive motion, after Plaintiffs have had an opportunity to conduct discovery.

### Defendants' Meet & Confer Letter

Defendants' document request sought copies of "loan files" started by any employee of the Vancouver or Federal Way branches between September 1, 2006 and February 1, 2007. As Mr. Bowman responded originally, he does not have in his possession, custody, or control any such "loan files" as that term is commonly used in his industry. What you are now asking for are other documents that might relate to such loans, including database records. That is not what you asked for; it is not Mr. Bowman's duty to supplement an inartfully drafted document request by anticipating what you really meant.

Re: *Bowman v. CMG, Inc. et al.*
April 10, 2008
Page 2

Based on the plain language of your request, you are not entitled to the documents you are now asking for, and the court would probably deny any motion to compel based on that alone. More importantly, however, the information within these documents is protected by the borrowers' financial privacy rights. The documents referenced in your letter have to do with loans brokered by Mr. Bowman's employer, Sierra Pacific Mortgage. It is my understanding that Sierra Pacific's counsel has informed you that they, too, believe your requests seek private information and that they will not produce any such documents absent an order from the Court. Mr. Bowman is a Sierra Pacific employee; he cannot produce documents his employer deems to be private regardless of whether they are within his possession, custody, or control. For Mr. Bowman to produce these records would breach his obligations to both the borrowers and his employer. If he were to produce these documents he would likely be fired and perhaps subjected to additional civil and possibly criminal liability in the bargain. If you disagree, you will have to take this matter up with Sierra Pacific.

**Plaintiff's Meet & Confer Letter**

I have reviewed your response to Plaintiffs' meet and confer letter of March 21. Your objections to production are groundless. While corporations may have a limited right of privacy in certain situations, that cannot by any stretch of the imagination encompass basic information such as organizational charts or bylaws. I can only interpret such baseless objections as a further indication that Defendants have much to hide.

If your objection to Request No. 22 is that it is overbroad, I am happy to narrow it to exclude foreclosure lawsuits or the like. I invite you to meet and confer further so we can arrive at language that would satisfy both of us.

I agree that Request No. 23 is vague and withdraw my complaint about your response.

As to Requests Nos. 6 and 7, your objection is misplaced. The requests are worded very broadly: they ask for documents "evidencing, pertaining to, or referring to" reserves and security deposits. CMG's accounting and banking records would satisfy all three criteria. You state that we should ask for the banking records specifically, but that is not necessary given the broad but unexceptional language in the request. You also state that you would then object to the requests, but please note that you did not object to the original request and therefore have waived such objections even if they were valid (which they are not).

I will not reiterate the other points raised in my meet and confer letter. If you are willing to change your position in response to the above or in response to a more careful reading of my original letter, please let me know by the end of the day on Friday, April 11. Otherwise, we will clearly have exhausted all reasonable efforts to resolve the disputes informally and will proceed to appeal directly to the Court.

Sincerely,

Alan F. Cohen

cc:   Angela Xavier
      Client

# EXHIBIT I



1   Alan F. Cohen (State Bar No. 194075)
    **LAW OFFICES OF ALAN F. COHEN**
2   101 Montgomery Street, Suite 2050
    San Francisco, CA 94104
3   415.984.1943 (tel.)
    415.984.1953 (fax)
4   cohenlaw@mindspring.com
5
    Angela M. Xavier (State Bar No. 165152)
6   900 Cherry Avenue, Suite 300
    San Bruno, CA 94066
7   650.355.0414 (tel.)
    650.355.0842 (fax)
8
9   Attorneys for Plaintiffs
10
11                  UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                     SAN FRANCISCO DIVISION
13
14
    JAMES W. BOWMAN, JR. and PACIFIC        Case No.: C-07-3140-SI
15  REAL ESTATE MANAGEMENT
16  COMPANY, INC., a Washington             **RESPONSE TO DEFENDANTS' REQUEST**
    Corporation                             **FOR PRODUCTION OF DOCUMENTS**
17                                          **UNDER RULE 34 [SET TWO]**
                 Plaintiffs,
18
19         v.
20  CMG MORTGAGE, INC., a California
    Corporation; CMG MORTGAGE, INC.,
21  d/b/a PACIFIC GUARANTEE
    MORTGAGE, CMG MORTGAGE
22  SERVICES, INC., a California corporation;
23  CMG MORTGAGE SERVICES, INC., d/b/a
    PACIFIC GUARANTEE MORTGAGE,
24
                 Defendants.
25
26  PROPOUNDING PARTY:    DEFENDANTS CMG MORTGAGE, INC., CMG MORTGAGE,
                          INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG
27                        MORTGAGE SERVICES, INC., CMG MORTGAGE
28                        SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE

**LAW OFFICES OF**
**ALAN F. COHEN**                           1
                    **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION, Set Two**
                                     **Case No. C-07-3140 SI**

1

2

RESPONDING PARTY:    PLAINTIFFS JAMES BOWMAN AND PACIFIC REAL
                     ESTATE MANAGEMENT COMPANY, INC.

3

SET NO:              ONE

4

## PRELIMINARY STATEMENT

5

6

7

8

9

10

11

12

13

Plaintiffs' responses to the Request for Production of Documents Under Rule 34 [Set Two] ("Request") are made based on Plaintiffs' present knowledge, information and belief. Said responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Plaintiffs' further discovery or investigation. Plaintiffs reserve the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Request obtained through subsequent discovery or investigation.

14

15

16

17

18

19

20

To the extent that Plaintiffs respond to this Request by stating that Plaintiffs will provide documents which Plaintiffs or any other party to this litigation deem to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section I, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiffs will do so only upon the entry of, and subject to, an appropriate protective order against the unauthorized use or disclosure of such information.

21

22

23

24

25

26

27

To the extent that the only documents in Plaintiffs' possession, custody or control responsive to a request are those previously produced by Defendants, Plaintiffs will not re-produce those documents back to Defendants. Similarly, to the extent Plaintiffs have produced all documents within their possession, custody, or control to Defendants as part of their initial disclosure, Plaintiffs will not produce another copy of such documents. A contrary interpretation of the rules of discovery would be wasteful and unnecessary, and would impose an undue and unreasonable burden and expense on the responding party.

28

1     Plaintiffs reserve all objections or other questions as to the competency, relevance,

2   materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or

3   any other action for any purpose whatsoever of Plaintiffs' responses herein and of any document or

4   thing identified or provided in response to the Request.

5     Plaintiffs object to each and every document request to the extent it seeks documents

6   constituting attorney-client communications or attorney work-product.

7     Plaintiffs reserve the right to object on any ground at any time to such other or supplemental

8   Request for Production or any other discovery as Defendant may at any time propound involving or

9   relating to the subject matter of this Request.

10   **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST**

11   **Request No. 2(a):**

12     All checks YOU received from any source as compensation for any loan activity from

13   any source from January 1, 2007 to April 1, 2007.

14   **Response to Request 2(a)**

15     Plaintiffs object to this Request to the extent that it: is vague, ambiguous, and overbroad

16   as to the phrase "compensation for any loan activity," especially as applied to two separate

17   responding parties, one individual and one corporate; seeks documents protected by the right of

18   privacy that are neither directly relevant to the action nor essential to its fair resolution, and

19   Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private

20   matters.

21   **Request No. 2(b):**

22     All checks made out to Pacific Trust Lending received from any source as compensation

23   for any loan activity from any source from January 1, 2007 to April 1, 2007.

24   **Response to Request 2(b)**

25     Plaintiffs object to this Request to the extent that it: is vague, ambiguous, and overbroad

26   as to the phrase "compensation for any loan activity," seeks documents protected by the right of

27   privacy that are neither directly relevant to the action nor essential to its fair resolution, and

28

LAW OFFICES OF
ALAN F. COHEN

3

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION, Set Two**
**Case No. C-07-3140 SI**

1 | Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private
2 | matters.

3 | **Request No. 2(c):**

4 |     All checks made out to Pacific Real Estate Management Company received from any
5 | source as compensation for any loan activity from any source from January 1, 2007 to April 1,
6 | 2007.

7 | **Response to Request 2(c)**

8 |     Plaintiffs object to this Request to the extent that it: is vague, ambiguous, and overbroad
9 | as to the phrase "compensation for any loan activity," seeks documents protected by the right of
10 | privacy that are neither directly relevant to the action nor essential to its fair resolution, and the
11 | request is not narrowly tailored.

12 | **Request No. 2(d):**

13 |     All checks made out to Pacific Real Estate received from any source as compensation for
14 | any loan activity from any source from January 1, 2007 to April 1, 2007.

15 | **Response to Request 2(d)**

16 |     Plaintiffs object to this Request to the extent that it is vague, ambiguous, unduly
17 | burdensome, and overbroad as to the phrase "compensation for any loan activity" and the
18 | unknown term or entity "Pacific Real Estate." Plaintiffs also object in that the Request seeks
19 | documents outside of their possession, custody, or control.

20 | **Request No. 2(e):**

21 |     All checks made out to any entity located at 500 West 8th Street, Suite 100, Vancouver,
22 | WA 98660 received from any source as compensation for any loan activity from any source from
23 | January 1, 2007 to April 1, 2007.

24 | **Response to Request 2(e)**

25 |     Plaintiffs object to this Request to the extent that it is vague, ambiguous, unduly
26 | burdensome, and overbroad as to the phrases "compensation for any loan activity." Plaintiffs
27 | also object to the extent the Request seeks documents outside of their possession, custody, or
28 | control.

1    **Request No. 2(f):**

2        All checks made out to any entity located at 2505 South 320th Street, Suite 260, Federal

3    Way, WA 98003 received from any source as compensation for any loan activity from any

4    source from January 1, 2007 to April 1, 2007.

5    **Response to Request 2(f)**

6        Plaintiffs object to this Request to the extent that it is vague, ambiguous, unduly

7    burdensome, and overbroad as to the phrases "compensation for any loan activity." Plaintiffs

8    also object to the extent the Request seeks documents outside of their possession, custody, or

9    control.

10   **Request No. 2(g):**

11       All bank account statement or records indicating deposits for any account in the name of

12   James Bowman from January 1, 2007 to April 1, 2007.

13   **Response to Request 2(g)**

14       Plaintiffs object to this Request to the extent that it seeks documents outside the scope of

15   discovery; seeks documents protected by the right of privacy (including the rights of third

16   parties) that are neither directly relevant to the action nor essential to its fair resolution, and

17   Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private

18   matters.

19   **Request No. 2(h):**

20       All bank account statement or records indicating deposits for any account in the name of

21   Pacific Trust Lending from January 1, 2007 to April 1, 2007.

22   **Response to Request 2(h)**

23       Plaintiffs object to this Request to the extent that it seeks documents outside the scope of

24   discovery; seeks documents protected by the right of privacy (including the rights of third

25   parties) that are neither directly relevant to the action nor essential to its fair resolution, and

26   Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private

27   matters.

28

LAW OFFICES OF
ALAN F. COHEN

5

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION, Set Two**
**Case No. C-07-3140 SI**

1 | **Request No. 2(i):**

2 |     All bank account statement or records indicating deposits for any account in the name of

3 | Pacific Real Estate Management Company from January 1, 2007 to April 1, 2007.

4 | **Response to Request 2(i)**

5 |     Plaintiffs object to this Request to the extent that it seeks documents outside the scope of

6 | discovery; seeks documents protected by the right of privacy (including the rights of third

7 | parties) that are neither directly relevant to the action nor essential to its fair resolution, and

8 | Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private

9 | matters.

10 | **Request No. 2(j):**

11 |     All bank account statement or records indicating deposits for any account in the name of

12 | Pacific Real Estate from January 1, 2007 to April 1, 2007.

13 | **Response to Request 2(j)**

14 |     Plaintiffs object to this Request to the extent that it seeks documents outside the scope of

15 | discovery; seeks documents protected by the right of privacy (including the rights of third

16 | parties) that are neither directly relevant to the action nor essential to its fair resolution, and

17 | Plaintiffs further object that the request is not narrowly tailored to limit its intrusion into private

18 | matters. Plaintiffs also object to the extent that the Request seeks documents from an unknown

19 | entity, and thus seeks documents outside of their possession, custody, or control.

20 | **Request No. 2(k):**

21 |     All documents indicating YOUR affiliation with a mortgage broker or lender licensed to

22 | do business in the state of Washington after January 31, 2007.

23 | **Response to Request 2(k)**

24 |     Plaintiffs object to this Request to the extent that it is vague, ambiguous, overbroad, and

25 | unintelligible as to the phrase "documents indicating YOUR affiliation," especially as directed to

26 | two respondents, one a natural person and one a corporation. Plaintiffs further object that the

27 | Request seeks documents outside the scope of discovery in that their "affiliation" (whatever that

28 | means) with third persons is irrelevant to any issue raised in the pleadings.

1

2

3   Dated: April 22, 2008

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ALAN F. COHEN

By _Alan. Cohen_.
    Alan F. Cohen
    Attorneys for Plaintiffs

1

2

## DECLARATION OF SERVICE

3    I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age
of eighteen years, and not a party to the within action. I am a member of the bar of this Court.

4    My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

5        On the date set forth below I served a true and correct copy of:

6
            1.  **RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF**
7                **DOCUMENTS UNDER RULE 34 [SET TWO]**

8        ☐    (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage
                thereon fully prepaid, with the United States Postal Service for mailing this day
9                from San Francisco, California.

10       ☐    (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

11       ☐    (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on
                this date to the party(ies) indicated.

12       ☐    (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage
13               thereon fully prepared, with the United States Postal Service or an overnight
                courier for next day delivery to the party(ies) indicated.

14       ☒    (EMAIL) by emailing such copy to the address indicated below.  Electronic
15               transmission was reported complete and without error.

16
         I served the above document(s) on the following persons:
17

18   Joshua Rosenthal
     Medlin & Hargrave
19   One Kaiser Plaza, Suite 1305
     Oakland, A  94612
20   jrosenthal@mhlawcorp.com

21
     ***Attorneys for Defendants CMG Mortgage, Inc. et al.***
22

23       I am readily familiar with my firm's practices for processing of correspondence for
     delivery according to the instructions indicated above, under which correspondence would be
24   deposited in the mail or other delivery service set forth above on the date below.  The above-
     referenced  documents were placed for deposit in accordance with the office's practice.  I declare
25   under penalty of perjury under the laws of the State of California that the foregoing is true and
     correct. Executed at San Francisco, California on April 22, 2008.
26
                                              *Alan Coh*
27                                    _____
                                              Alan F. Cohen
28