LAW OFFICES OF
# ALAN F. COHEN

101 MONTGOMERY STREET
SUITE 2050
SAN FRANCISCO, CA 94104
TEL: 415.984.1943
FAX: 415.984.1953
cohenlaw@mindspring.com

May 2, 2008

**Via E-Filing and U.S. Mail**

Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

      Re:    *Bowman et al. v. CMG Mortgage, Inc. et al.* – Case No. 3:07-cv-03140-SI

            **Plaintiffs' Opposition to Defendants' Motion to Compel Production of Documents**

Dear Judge Illston:

    Plaintiffs James Bowman and Pacific Real Estate Management Company, Inc. (PREMCO) oppose the motion to compel production of documents filed by Defendants CMG Mortgage, Inc., *et al.* by letter brief dated April 25, 2008. Defendants seek to compel Plaintiffs to produce this single category of documents:

> **Copies of all loan files started by any loan officer or employee at the VANCOUVER BRANCH or FEDERAL WAY BRANCH between September 1, 2006 and February 1, 2007.**

    I.        **Summary of Plaintiffs' Opposition**

    Plaintiffs oppose the motion on two grounds:

    First, Plaintiffs don't have any such "loan files." The files in question have not been in Plaintiffs' possession, custody, or control for some time, since all of these loans closed over a year ago. They do have a very small number of records that *evidence* closed loans, such as database records, but that is not what Defendants requested. Defendants asked for one thing, and now complain that Plaintiffs have not produced another. A motion to compel discovery is not the proper remedy for Defendants' failure to draft a broader or different set of document requests.

    More importantly, the information Defendants seek is protected by the privacy interests of two sets of third parties. Loan documents by their very nature are comprised of the private financial information of third party borrowers. Also, any loan-related records Mr. Bowman has in his possession belong not to him but to his current employer, Sierra Pacific Mortgage; he cannot produce them without Sierra Pacific's permission and Sierra Pacific has made it very clear that they object to the production.

Re: *Bowman v. CMG et al.*, Case No. 3:07-cv-03140-SI
May 2, 2008
Page 2

This raises a third important point. Defendants' counsel has today filed a related motion to compel production of loan documents in response to a subpoena to Sierra Pacific Mortgage. Plaintiffs request that the Court consider and decide these motions together, as the privacy issues are the same in each case. Moreover, since any documents in Mr. Bowman's possession belong not to him but to Sierra Pacific, that company must have the opportunity to raise its privacy concerns to the Court in the instant motion as well.

**Statement of Relevant Facts**

Defendants are mortgage brokers and also mortgage lenders. They employed Plaintiff Bowman from December 2003 until January 31, 2007 as a branch manager in what is known as a "net branching" arrangement. Mr. Bowman established a turnkey branch for Defendants, leasing offices, buying or leasing fixtures, locating and managing employees, and originating loans for Defendants. In return, Mr. Bowman was compensated with the net income for the branch, *i.e.,* branch revenues minus expenses. Just what comprised "branch revenues" and "expenses" are contested issues in this case. Numerous aspects of Defendants' net branch arrangements are unlawful, but most of these are not at issue in this motion and need not be discussed here.

Defendants terminated their relationship with Mr. Bowman effective January 31, 2007 after he refused to sign a new and more onerous employment agreement. Out of spite, or for whatever reason, Defendants refused to pay Mr. Bowman all earned but unpaid wages on his last day of work, and have continued to withhold those wages. This suit followed. As an apparent *post-hoc* justification for their actions, Defendants now have embarked on a fishing expedition to prove that Mr. Bowman appropriated loans that were in the pipeline when he transitioned from CMG to Sierra Pacific.[1]

Plaintiffs contest virtually all of the facts portrayed in Defendants' brief. For example, Defendants vastly inflate the number of pipeline loans that "must" have existed because, they state, it took an average of 45 days for a loan to go from application to closing. Actually, CMG's president, Christopher George, testified in deposition just the other day that the average loan closing time is from two to four weeks, and that loans can close within a week. Defendants also ignore the fact that Plaintiffs were working as hard as they could to close all CMG loans before the transition from CMG. Defendants claim that a heavily redacted and unexplained document they received from Sierra Pacific demonstrates that Plaintiff's branches closed 15 loans within 45 days of the termination. Even if that were true, since the true average closing time was not 45 days but two to four weeks, it appears that all of this commotion is about five or ten loan files.

**Relevant Procedural History**

Defendants state that they "had no choice" but to take an "expensive shot in the dark" and issue multiple subpoenas to third parties because they were dissatisfied with Plaintiff's response to the inspection request. This is nonsense; the sequence of events shows instead that Defendants were raring to take the offensive and send out broadsides

---

[1] Even if this were true, it would not constitute legal justification for failure to pay Mr. Bowman all wages owed on his last day of employment. "[A]n employer is not entitled to a setoff of debts owing it by an employee against any wages due that employee" on termination. *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6.

of subpoenas.

Plaintiffs served their response to the inspection requests on January 17. **Defendants did not attempt to meet and confer over the supposed inadequacies of Plaintiffs' responses until April 3.** *See* **Exhibit H** to the Rosenthal Declaration accompanying Defendants' moving papers.

Long before they complained about Plaintiffs' responses, Defendants informed Plaintiffs of their intent to send out nine subpoenas to third parties. See the letter from Joshua Rosenthal to Alan Cohen dated February 26, 2008, attached as **Exhibit D** to the Rosenthal declaration. This letter is notable for two things. One, Mr. Rosenthal's letter did not ask Plaintiffs to reconsider or amend their now-supposedly inadequate responses. Two, the letter shows that Plaintiffs had raised serious concerns early in the litigation that Defendants' sweeping request for loan documents encroached on the privacy of third-party borrowers.

As Defendants note, they served a subpoena on Sierra Pacific on April 3. Sierra Pacific's attorneys objected to the subpoena on privacy and other grounds and stated that they would not produce documents until the Court had provided guidance on applicability of California's Consumer Notice Statutes and the privacy rights of its borrowers. See **Exhibit G** to the Rosenthal declaration. Given Mr. Bowman's status as an employee of Sierra Pacific with a duty to protect the confidentiality of Sierra Pacific's customers, he too seeks the Court's guidance before proceeding further.

**Discussion**

Defendants' letter brief is five pages long. The first four pages are devoted to their version of the facts, their version of the relevant procedural history, and their reasons for wanting these documents. Not until the bottom of the fourth page do Defendants get around to discussing the issues involved in this motion. Read carefully, Defendants' brief contains only **two paragraphs** addressing the reasons they have not received the documents they now seek. As the Court will soon learn as this litigation unfolds, this ratio of bluster to substance is typical of these Defendants and their counsel.

1. **Plaintiffs do not have any responsive documents**

Defendants' document request seeks "loan files," without defining the term. It does not seek documents "evidencing, pertaining to, or referring to" loans, or "RELATING TO" loans, with such a term defined to sweep broadly. The request did not define "loan files," nor did it contain any definitions or instructions indicating that Defendants were seeking electronic data related to the loan files.

In Defendants' business, the term loan file connotes an actual physical file with a particular set of documents required in every transaction. CMG's president, Christopher M. George (he is the C.M.G. in CMG), testified in deposition three days ago that a loan file is a "physical file submitted to the lender" containing "files of the borrower" and including up to 50 particular documents required by the lender.[2] The loan files are forwarded to the lender when a loan is closed and never seen by

---

[2] Because the deposition took place only three days ago, we do not yet have the reporter's transcript for the Court's review. I will represent to the Court that this is an accurate reflection of Mr. George's testimony, and will supplement this brief with a declaration or copy of the transcript if the Court deems it necessary.

Re: *Bowman v. CMG et al.*, Case No. 3:07-cv-03140-SI
May 2, 2008
Page 4

Mr. Bowman again. All the loans in question were closed over a year ago.

When Defendants propounded a request for "loan files" dating back to February 1, 2007, Plaintiffs truthfully responded that they had no such loan files. They still do not. There is nothing "esoteric" about Plaintiffs' understanding of the request, as it was and remains the only logical reading possible. Defendants now say that "loan files" really meant documents ("likely in electronic format") relating to the loan application process. That is not what they asked for, and it is not sophistry to suggest that Defendants are entitled only to the documents they requested. Plaintiff has no duty to supplement an inartfully drafted document request by trying to anticipate what Defendants really meant.

Notwithstanding Defendants' failure to request these other documents, Plaintiffs might be willing to compromise on this issue and produce whatever few documents they have by stipulation. This matter would not otherwise require the Court's attention, but for the larger issue of the private nature of the information in question.

2.  **The loan documents contain private financial information belonging to third parties**

The homeowner loan application process entails the collection of virtually all of a borrower's private financial information. There is no question that this information is protected by the borrower's right of privacy. Defendants' brief mistakenly states that "there is no law to argue in this brief," presumably because it is convenient for them to pretend that they are not tromping over other people's privacy rights. They have never once shown any desire to address the delicate privacy issues raised by their requests.

In other contexts, Defendants freely admit that these documents are private and confidential. Indeed, Mr. Bowman's employment agreement with Defendants imposed an express duty to maintain the confidentiality of borrower information. *See* **Exhibit A** to Rosenthal declaration, page 2, paragraph 5 (i). Christopher George testified that Mr. Bowman is required to maintain confidentiality as to personal information, "credit info, Social Security number, that type of thing." The documents Defendants are seeking are made up almost entirely of this information.

The confidential financial affairs of third persons are entitled to privacy and protection from discovery. *See Valley Bank of Nevada v. Superior Ct.*, 15 Cal.3d 652, 658 (1975).[3] Where a party seeks such information, it is under an **affirmative duty to notify** the third parties of the request, and they must be given a fair opportunity to object to the invasion of their privacy. *Id.* This opportunity for notice and objection is codified in California under Code Civ. Proc. § 1985.3, which sets forth an elaborate procedure that requires the subpoenaing party to provide notice to the consumer before even serving the subpoena, thus giving the consumer an opportunity to object to production. Section 1985.3 expressly applies to "anyone authorized by this state to make or arrange loans that are secured by real property." *Id.*, subsection (a)(1).

Secondly, this information belongs not to Mr. Bowman but to his employer, Sierra Pacific. Sierra Pacific has an obligation to protect its borrowers' financial information, and also has *its own* privacy right in these documents. Mr. Bowman has no

---

[3] California law applies because this case is before the Court on diversity grounds. Where state law supplies the rule of decision (*e.g.*, diversity actions), privacy claims are determined under applicable state law. *See, e.g,. Oakes v. Halvorsen Marine Ltd.*, 179 FRD 281, 284 (CD CA 1998).

Re: *Bowman v. CMG et al.*, Case No. 3:07-cv-03140-SI
May 2, 2008
Page 5

more right to voluntarily turn over this information than any other employee has to reveal private information kept by his or her employer. Sierra Pacific has formally objected to the production of any private borrower information; for Mr. Bowman to agree to produce such information could well subject him to discipline up to and including termination.

What is most troubling about Defendants' position is that they have never shown any willingness to concede that their request raises serious privacy concerns. Both Defendants and their counsel are intimately familiar with the laws and obligations applying to mortgage brokers; they are well aware of the privacy rights inherent in the information they seek. But in the run-up to this motion they never suggested a compromise that might protect the borrowers' rights, never narrowed their request, never suggested trying to redact private information, or proposed entering into a protective order. I do not see anything to this effect in Mr. Rosenthal's meet and confer letter (**Exhibit H** to his declaration).

**Conclusion**

Defendants' motion presents difficult privacy questions, and Plaintiffs seek the Court's guidance on how to proceed. We believe that the motion should be denied outright because of Defendants' failure to request the documents they are now seeking, because the information in question is unquestionably protected by third parties' privacy rights, and because Defendants have done nothing to address those privacy rights. They have not shown that the information is directly relevant to a cause of action of defense *i.e.,* that it is *essential* to determining the truth of the matters in dispute. *Britt v. Superior Ct.* (1978) 20 Cal. 3d 844, 859-62. They did nothing to ensure that the requests were as narrow as possible to protect the third parties involved.

However, if the Court determines that the information should be produced in one form or another, Plaintiffs look to the Court to help the parties determine a middle course that 1) addresses Sierra Pacific's independent concerns about these documents, and 2) protects the borrower's privacy rights. We therefore request that the Court consolidate its decision on this motion with the decision on Defendants' motion regarding its subpoenas to Sierra Pacific Mortgage, because the issues involved are inextricably related.

Sincerely,

Alan F. Cohen

cc: Joshua Rosenthal
Angela Xavier
Anthony Eaton (counsel for Sierra Pacific Mortgage)