Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
415.984.1943 (tel.)
415.984.1953 (fax)
cohenlaw@mindspring.com

Angela M. Xavier (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

Attorneys for Plaintiffs James Bowman and
Pacific Real Estate Management Company, Inc.

**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation<br><br>            Plaintiffs,<br><br>    *v.*<br><br>CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,<br><br>            Defendants. | Case No.: C-07-3140-SI<br><br>**THIRD JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  May 14, 2008<br>Time:  2:30 p.m.<br>Dept:  Courtroom 10<br>Judge: Hon. Susan Illston<br><br>Complaint filed:    June 14, 2007<br>Trial Date:          August 25, 2008 |

Pursuant to the Court's Case Management Conference Order and Local Rule 16-10(d), the parties submit this Third Joint Case Management Conference Statement.

## I. Status of the Pleadings

### A. Plaintiff's position

Based in part on information obtained in deposition testimony within the last two months, Plaintiffs intend to file a Second Amended Complaint alleging several new causes of action, new defendants, and new measures of damages. Given the liberal rules governing pleadings in general and amendments to the pleading in particular, Plaintiffs will first seek Defendants' stipulation to filing the amended complaint. Should Defendants refuse to stipulate, Plaintiffs will seek leave to amend from the Court.[1]

Plaintiffs also intend to notify the California Labor and Workforce Development Agency (LWDA) that they intend to seek relief under the Labor Code Private Attorney General Act (Labor Code § 2699) on behalf of Plaintiff James Bowman, Jr. and other aggrieved employees. Assuming the LWDA does not give notice within the 33-day period set forth in § 2699.3 that it intends to investigate these claims itself, Plaintiffs will then amend their complaint to allege an additional cause of action under that statute. Such an amendment is of right so long as Plaintiff files this amendment within 60 days of the date on which the LWDA gives notice that it does not intend to pursue an investigation. Labor Code § 2699.3(a)(2)(C).

### B. Defendants' position

Defendant CMG Mortgage, Inc. ("CMG") received a proposed Second Amended Complaint from Plaintiffs at the end of the day on May 6, 2008 and has not had time to review and digest the impact of the proposed amended complaint in time to respond to Plaintiffs' request for a stipulation with respect to its filing. However, at first glance it adds many new causes of action and a new party. Plaintiffs now seek to sue the president of CMG for fraud, among many things. Plaintiffs have also alluded to filing another amended complaint in 60 days under the Labor Code Private Attorney General Act. CMG is confident that Plaintiffs will ask the Court to continue the trial date and the discovery cut off to allow it to conduct additional discovery on the new causes of action.

---

[1] If Defendants stipulate to filing the Second Amended Complaint, it will be on file at the time of this CMC.

CMG has spent significant money and time conducting discovery and preparing for the August 25, 2008 trial date and is in the process of preparing for trial on the allegations in the First Amended Complaint. The filing of Plaintiffs' proposed amended complaint will necessitate additional discovery, at great cost to CMG, and will necessitate new motions on the pleadings, as well as a summary judgment motion. CMG will be significantly prejudiced if the trial date is continued and will request that the Court adhere to the existing trial date.

CMG intends to file a cross-complaint against Plaintiffs for breach of contract, fraud, violation of the Uniform Trade Secrets Act and conversion related to Mr. Bowman's admission during his deposition that he took CMG's loan files. However, this cross-action will not require any continuance of the trial date or a moving of the discovery cut-off. CMG could not have filed this cross-action any sooner, as it had to conduct discovery to obtain the evidence of the misappropriation and fraud (and plaintiffs' refusal to comply with its discovery obligations further delayed the discovery of this information). If plaintiffs do not so stipulate, CMG intends to bring a motion seeking leave to file a cross-complaint.

**II.    Status of Mediation Efforts**

**A. Plaintiff's position**

The parties took part in the Northern District's Mediation Program, meeting with appointed mediator Phillip Keith for about four hours on December 4, 2007. The case did not settle at mediation. While it initially appeared that an exchange of documents and depositions of the principals might allow the parties to resume mediation, the parties remain so far apart in their assessments of all aspects of the case – liability, applicable law, and damages – that Plaintiffs do not believe that successful mediation is possible at this juncture. Plaintiffs are cautiously optimistic that amending the pleadings, completing further discovery, and possibly some initial determinations of key issues by the Court may bring the parties to a point where further mediation would be fruitful. However, given the chasm between the parties' understandings of the case, Plaintiffs do not believe that it would be fruitful to schedule further mediation at this point.

**B. Defendants' position**

In light of plaintiffs' expectation of a multi-million dollar verdict, Plaintiffs' refusal to resume mediation before the court appointed mediator and CMG's expectation that it will establish that Mr. Bowman misappropriated its property in violation of applicable state licensing laws, CMG agrees that further mediation would not be fruitful at this time. CMG will be prepared for trial on August 25, 2008.

**III. Status of Discovery**

**A. Plaintiff's Discovery**

The parties initially held off on most discovery in the hope that mediation might make discovery moot. The case did not settle at mediation. The parties exchanged a first set of document requests on December 14. Defendants have produced some, but not all, documents responsive to the requests. Extensive meet and confer efforts have yielded a commitment from Defendants to produce some additional documents, but there are several other categories of documents which Defendants continue to refuse to produce. Plaintiffs may file a motion to compel production of these documents.

Since then, Plaintiffs have propounded the following discovery:

| Form of Discovery | Status |
| --- | --- |
| 1. Special Interrogatories | Plaintiff expects to bring a motion to compel further responses |
| 2. Deposition of Chris George (principal and owner of the corporate defendants) | Initial deposition held April 29 |
| 3. Deposition of CMG, Inc.'s persons most knowledgeable | Initial depositions scheduled for May 12, 13 |

Depending on what information is revealed in discovery, Plaintiffs expect to take additional depositions and to propound additional written discovery.

### B. Defendants' Discovery

CMG propounded an inspection demand on Plaintiffs in December of 2007. In response to one of the requests regarding loans started with CMG and finished elsewhere, Plaintiffs claimed it had returned all responsive documents to CMG. CMG had to subpoena title companies and plaintiff Bowman's current employer to obtain information indicating that Plaintiffs' discovery response was false. CMG has two pending discovery motions pending – one to compel Plaintiffs to provide the responsive documents and one to compel Plaintiff Bowman's current employer to provide the documents, as sought in a subpoena. CMG took one session of Bowman's deposition and will need an additional session, especially if Plaintiffs will be amending their complaint. Plaintiffs' counsel has not yet committed to another session of the deposition. CMG will bring a motion to compel if the deposition is not rescheduled. CMG is awaiting preparation of the deposition transcript and then expects to propound further written discovery.

LAW OFFICES OF ALAN F. COHEN

Dated: May 7, 2008                    By __/s/ Alan Cohen_____
                                          Alan F. Cohen
                                          Attorney for Plaintiffs


Dated: May 7, 2008                    By __/s/ Angela M. Xavier_____
                                          Angela M. Xavier
                                          Attorney for Plaintiffs

///

///

1
2                                                         MEDLIN & HARGRAVE
3
4   Dated: May 7, 2008                    By __/s/__ Joshua A. Rosenthal
                                              Joshua A. Rosenthal
5                                             Attorneys for Defendants
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28