David R. Medlin      (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:   (510) 832-2900
Facsimile:   (510) 832-2945
E-mail:      *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>            Plaintiffs,<br>    vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>            Defendants. | Case No.: C 07 3140 SI<br><br>OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Date:  June 6, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10<br>Judge: Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

## I.   INTRODUCTION

Plaintiffs are seeking to amend their first amended complaint to add a plethora of new causes of action and new legal theories.  Additionally, the amended complaint adds new parties and delves into areas and facts that are far beyond that alleged in the first amended complaint.  All of the newly alleged facts and causes of action were based upon information available to plaintiffs from the time they filed the first amended complaint.  Now, less than 3 months before the trial and a month and a half before the end of the newly extended discovery cut off, plaintiffs seek to amend the complaint so that defendants will have to conduct all new discovery, defend against new legal theories and hire new experts.  Additionally, plaintiffs haved failed to advise the court in this motion that they are planning on filing another amended complaint after they exhaust their legal remedies on a California Private Attorney General action on behalf of other CMG employees.  The trial date must be

1

continued if the second amended complaint is allowed to be filed.  Many of the causes of action do not state cause of action upon which relief can be granted (aiding and abetting a breach of fiduciary duty, for example).  Thus, defendants will need the opportunity to attack the pleadings.  Additionally, defendants will want the opportunity to conduct discovery on the new theories and then file a motion for summary adjudication.

Defendants have spent significant time, money and effort preparing for the trial with the operative pleading.  Since there is nothing new that plaintiffs learned at this point to justify filing this second amended complaint at this late date, leave to amend should be denied.  Defendants respectfully request that if leave to amend is granted, it should not be granted so as to add Christopher M. George as a defendant.  Moreover, plaintiffs should be ordered to pay defendants' discovery costs thus far because most of the discovery will have to be retaken if the second amended complaint is filed.

## II.     STATEMENT OF ISSUES PRESENTED

Plaintiffs have provided yet another inaccurate and legally false recitation of the nature of this case.  Defendants have already taken umbrage with the recitation in opposition to plaintiffs' motion to compel their inspection demand.  Plaintiffs continue to mislead this Court by referring to a cancelled HUD mortgage letter in falsely stating that net branching arrangements, like the ones at issue in this lawsuit, are disfavored by HUD.  A good portion of the operative HUD handbook spells out how net branches are to be arranged.  Additionally, plaintiffs ignore the fact that there were one set of contacts between CMG and PREMCO and one set of contracts between CMG and Bowman, the employee.  CMG required the corporation to pay the security deposits, not the employee.

Quite simply, CMG had a business to business relationship with PREMCO, for PREMCO to provide facilities, via a sub-lease, to operate a net branch.  CMG also had an employment relationship with Bowman, the president of PREMCO, whereby Bowman received a paycheck every two weeks based on his regular loan activity.  Bowman was also paid net profits each month, if any net profits existed.  Net profits were revenue of the branch less any expenses attributable to the branch.  CMG did not make Bowman the insurer of its business losses, as portrayed by plaintiffs.  CMG set up a basic profit sharing arrangement where profits were based upon revenue less

2

1  expenses.  Prachasaisoradej v. Ralph's Grocery Co., Inc. (2007) 42 Cal.4th 217, 236.

2  **III.    PROCEDURAL HISTORY**

3        Plaintiffs claim that they learned that the security deposits/reserves were first placed in an
4  operating account at the deposition of Paul Chevez.  The predicate wrong, as alleged by plaintiffs, is
5  that this violates the Labor Code.  Significantly, the security deposits/reserves were paid by
6  PREMCO, not an employee.  The contracts require the security deposit/reserves of the corporation
7  not the employee.  Plaintiffs ignore this fact and mislead this Court by suggestion.  That is certainly
8  an issue to be raised in a motion attacking the pleadings.  However, plaintiffs should not be able to
9  amend their complaint at this late date to allege Labor Code violations for an obligation of a
10 corporation.  Thus, the breach of fiduciary duty and aiding and abetting a breach of fiduciary causes
11 of action are not proper, nor are the Labor Code causes of action based upon the security deposit.

12       Further, these causes of action do not relate back to the original filing date.   These are new
13 theories that plaintiffs were aware of at the time of filing.  Plaintiffs are also now alleging wrongful
14 termination.  The first amended complaint had nothing to do with wrongful termination.  Plaintiffs
15 are now alleging fraud and violations of Business & Professions Code Section 17200 et seq. against
16 a new defendant (Mr. George) and should not benefit from the relation back document on these
17 newly alleged facts and theories.  Finally, plaintiffs are claiming that Mr. George may be liable to all
18 branch managers for withholding of undisclosed sums.  This certainly does not relate back to the
19 original complaint.

20 **IV.    ARGUMENT**

21     **A.    <u>In Light Of The Late Date Of The Proposed Amendment And The Drastic
22         Change To The Operative Pleading, Leave To Amend Should Be Denied.</u>**

23       This Court has already entered a pretrial scheduling order.  The trial date is set for August
24 25, 2008 and the original discovery cut off has already passed.  Leave to amend should be granted as
25 matter of course, at least until defendant files responsive pleadings; after that point, leave to amend
26 should be granted unless amendment would cause prejudice to opposing party, is sought in bad faith,
27 is futile, or creates undue delay.  Johnson v. Mammoth Recreations, Inc. (9th Cir. 1992) 975 F.2d
28 604, 609.  While amendments seeking to add claims are to be granted more freely, amendments

3

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Plaintiffs' Motion to file amended complaint\Opposition.wpd

seeking to add parties are not. <u>Union Pac. R.R. Co. v. Nevada Power Co.</u> (9th Cir. 1991). The courts have denied motions for leave to add a party one year after the complaint was filed because it was too prejudicial to the party. <u>Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u> (6th Cir. 1995) 43 F.3d 1054, 1069.

      The proposed amendment drastically changes the lawsuit by bringing in new legal theories which will require additional discovery. Also, plaintiffs are seeking to bring in two new parties, one of which is the president of the corporate defendants. It would be patently unfair to throw Mr. George into the middle of a trial at the end of the discovery cut off with new theories alleged against him personally with less than three months before trial. The trial date will have to be continued. However, if the trial date is continued it is patently unfair to the other defendants that have diligently worked and prepared this action.

      Plaintiff has demonstrated no good cause for this late amendment. They have demonstrated no information discovered in the depositions of Mr. George or Paul Chevez that justifies naming Mr. George to this litigation now. Thus, this amendment is just an attempt by plaintiffs to stall the trial date while they can turn a business dispute into a personal vendetta against an individual in an attempt to pressure him into paying a higher settlement amount than is warranted, and worse yet to attempt to bring down the entire corporations (by alleging that the deposit of security deposits by a corporation in some way makes plaintiffs have a stake in the profits and earnings of CMG).

      Plaintiffs make some vague reference to defendants' concealment of facts which caused this late attempted amendment. However, it seems plaintiffs are only referring to the "need" to add CMG Financial Services, Inc. CMG Financial Services, Inc.'s sole assets are CMG Mortgage, Inc. and CMG Mortgage Services, Inc., which plaintiffs have already sued and the amendment adds nothing to the complaint.

      Plaintiffs have dealt with Mr. George during the entire length of the business relationship and plaintiffs learned nothing during discovery that would give them reason to now feel that they had to name him personally to a fraud cause of action. Plaintiffs have provided no specific testimony wherein they learned only recently of the facts which support the allegations in the proposed second amended complaint.

4

## V. CONCLUSION

In light of plaintiffs bad faith litigation tactics in waiting until this late date to amend this complaint and add new parties without any indication that the "new" information which forms the basis for the proposed amended pleading was recently discovered and the prejudice that such amendment will cause, leave to amend should be denied. Defendants respectfully request that if leave to amend is granted that it not be granted so as to add Mr. George and that plaintiffs be ordered to pay defendants' attorney's fees and costs for completely changing the nature of the litigation two and a half months before the trial date and after defendants prepared the case for trial based on the first amended complaint.

Date:   May 27, 2008

**MEDLIN & HARGRAVE**
A PROFESSIONAL CORPORATION


/s/
Joshua A. Rosenthal,
Attorneys for Defendants