David R. Medlin     (SBN 77417)
G. Bradley Hargrave (SBN 173911)
Joshua A. Rosenthal (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:   (510) 832-2900
Facsimile:   (510) 832-2945
E-mail:      *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>            Plaintiffs,<br>    vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>            Defendants.<br>_____/ | Case No.: C 07 3140 SI<br><br>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE COUNTER-CLAIM AND AMEND ANSWER<br><br>Date:  June 6, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10<br>Judge: Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

## I.   INTRODUCTION

Plaintiffs claim they are not really opposing this motion because they want the right to amend their complaint. They also claim that since they want to amend their complaint, and defendants want leave to file a counter-claim, defendants should have just stipulated to the filings. However, plaintiffs conveniently ignore the differences between the effect of defendants' proposed counter claim and plaintiffs' proposed amendment. Plaintiffs' proposed amendment will require moving the trial date. In addition, plaintiffs want to amend their complaint again in another month, and want to add a new party to the litigation two and a half months before the trial. Defendants' proposed counter-claim adds nothing new of substance to the existing pleadings and plaintiffs have known of the allegation for over seven months. Thus, defendants respectfully request that their motion for leave to file a counter claim and amended answer be granted.

1

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO FOR LEAVE TO FILE A COUNTER-CLAIM AND AMENDED ANSWER C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to file x comp and amend answer\reply.wpd

## II. ARGUMENT

Plaintiffs quote from defendants' motion that leave to amend is granted with liberality as some sort of indication that defendants are being hypocritical because they are opposing plaintiffs' motion for leave to amend. Defendants' use of the quote was to justify amending their answer to clarify affirmative defenses they had already made in light of the new information gathered in discovery. However, plaintiffs are seeking to amend a complaint to add numerous causes of action, allegations, and parties that will almost require starting discovery all over again and will certainly require continuing the trial date. Defendants' proposed amendment to the answer and the proposed counter-claim add nothing that was not already at issue and adds nothing that plaintiffs did not already know about and had an opportunity to discover.

As plaintiffs stated, they are not really opposing this motion since they want their motion to be granted. However, their only argument is that defendants' proposed counter claim is more than a clarification of an affirmative defense because it seeks affirmative relief. Thus, they argue, the trial date will need to be continued if the counter claim is allowed. However, that is the only difference in effect from the affirmative defense and the counter claim. All plaintiffs can say is that at this point they may not know the amount of damages claimed as a result of the allegations in the counter claim. However, there is ample time to figure out that limited information without the need to continue the trial. Additionally, this is information that plaintiffs' possess and refused, and still refuse, to provide in response to discovery. First, plaintiffs' lied about the existence of the loan files at issue. Defendants had to subpoena the information from title companies and plaintiffs' current employer. Then, finally, plaintiff Bowman admitted in his deposition that the loans existed. Plaintiffs know exactly how much money is at issue in the proposed counter claim and if they had produced the documents, defendants would know the amount at issue as well.

At the time defendants filed their answer they only had a suspicion that plaintiffs stole loan files. Defendants were not about to bring an action against plaintiffs, however, based on mere speculation. There is no longer any speculation, as Bowman admitted at his deposition that he closed loans with Sierra Pacific that he started with CMG. Immediately after Bowman's deposition defendants sought this relief. It is no more than a clarification of the affirmative defense, and the

2

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO FOR LEAVE TO FILE A COUNTER-CLAIM AND AMENDED ANSWER C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to file x comp and amend answer\reply.wpd

information regarding CMG's damages would be readily available to all parties had plaintiffs complied with their discovery obligations. As it is, only plaintiffs know this information. Thus, it is disingenuous for plaintiffs to claim that extensive discovery will be needed to determine this aspect of the counter claim when they are the ones that know exactly what the damages are.

## III.   CONCLUSION

Defendants' motion for leave to amend to file a counter claim, and its motion for leave to file an amended answer, should be granted. Plaintiffs have not substantively opposed this motion but only argue that the trial will need to be continued if this motion is granted. However, the facts demonstrate that it will not need to be continued. There is a very significant difference between what plaintiffs are trying to do via their proposed amended complaint and what defendants are trying to do via their proposed counter claim and amended answer. One will require a trial continuance, an entire new discovery schedule and retaking of existing deposition and the other can all occur under the present schedule.

Date:   May 30, 2008                    **MEDLIN& HARGRAVE**
                                        A PROFESSIONAL CORPORATION


                                        /s/
                                        Joshua A. Rosenthal,
                                        Attorneys for Defendants