1   Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
2   101 Montgomery Street, Suite 2050
San Francisco, CA  94104
3   415.984.1943 (tel.)
415.984.1953 (fax)
4   cohenlaw@mindspring.com
5
Angela M. Xavier (State Bar No. 165152)
6   Attorney At Law
900 Cherry Avenue, Suite 300
7   San Bruno, CA  94066
Telephone:  (650) 355-0414
8   Facsimile:   (650) 355-0842
9
Attorneys for Plaintiffs James W. Bowman, Jr. and
10  Pacific Real Estate Management Company, Inc.

11
## UNITED STATES DISTRICT COURT
12
### NORTHERN DISTRICT OF CALIFORNIA
13
### SAN FRANCISCO DIVISION
14

15  | JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation | Case No.: C-07-3140-SI |

16

17

18                    Plaintiffs,

19          v.

20  CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,

21

22

23

24

25                    Defendants.

26

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Date:   June 6, 2008
Time:  9:00 a.m.
Dept.:  Courtroom 10
Hon. Susan Illston

Case filed:     June 14, 2007
Trial Date:     August 25, 2008

27      Defendants' Opposition to this motion contains **no evidence** demonstrating undue

28  prejudice, bad faith or other cognizable basis for overcoming the "extreme liberality" with which

1
**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1    amendments to the pleadings must be granted.  *See, e.g., Shipner v. Eastern Air Lines, Inc.*, 868

2    F.2d 401, 406–407 (11th Cir. 1989) (burden is on party opposing the motion to show that justice

3    requires denial).  None of Defendants' unsupported arguments can be credited, therefore, and the

4    motion must be granted.  There is not even a declaration from Defendants' counsel, let alone one

5    from any witness capable of speaking directly for Defendants.

6        Defendants do not even address any of Plaintiffs' arguments other than to pretend that

7    they were not there in the moving papers.  For example, Defendants claim that "there is nothing

8    new that plaintiffs learned at this point to justify filing this second amended complaint."  But

9    Plaintiffs' moving papers described the new testimony just obtained in March and April 2008

10   from Defendants' CFO and CEO, along with a discussion of why that testimony has had new and

11   far-reaching consequences, and why it supports amending the pleadings.   Defendants do not

12   contradict that testimony, or offer testimony to the contrary, or provide any basis which the

13   Court could use to devalue Plaintiffs' argument.  They simply ignore it, and claim there is

14   nothing there.  It is the emperor's new clothes defense.

15   **I.    ARGUMENT**

16       **A.    There is no evidence supporting Defendants' Opposition**

17       The rule is that leave to amend must be freely given unless the opposing party makes a

18   showing of undue prejudice, or bad faith, or dilatory motive.  *Foman v. Davis*, 371 U.S. 178,

19   182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Martinez v. Newport Beach*, 125 F.3d 777, 785 (9th

20   Cir.1997).  The word "showing" can only mean an evidentiary showing.[1]  However, Defendants

21   offer no evidence in opposition to Plaintiffs' motion.  As a matter of law, they have failed to

22   meet their burden, and it would be an abuse of discretion to deny the motion.  *Eminence Capital*

23   *LLC v. Aspeon, Inc.*, 316 F.3d 1048.  "[U]nless a substantial reason exists to deny leave to

24   amend, the discretion of the district court is not broad enough to permit denial."  *Shipner, supra*,

25   868 F.2d at 407.

26

27   ───────────────

[1] Black's Law Dictionary defines the noun "showing" as "The act or an instance of establishing through evidence
28   and argument; proof."  (7th Ed. 1999).

2

Instead of evidence, Defendants' brief contains only generalities, such as the assertion that it would be "patently unfair" to join Mr. George to the case.  However, Defendants do not set forth any facts showing **how** this would be unfair, or delineate what additional discovery they need, or why they do not have time to conduct such discovery.  In truth, there is precious little additional discovery for Defendants to take – that is the nature of a Defendants' position in such a suit.  They are the ones in possession of all the accounting documents, bank records, audits, and communications needed to shed light on their own liability.  They are also the ones with primary access to all employees and other witnesses, and presumably know what they did with the Plaintiffs' Reserves.  If anyone here needs to be concerned about obtaining discovery regarding the new claims, it is the Plaintiffs.

It should be pointed out, too, that the showing in question is not simply whether a party might argue prejudice but whether the party will be **unduly** prejudiced.  In fact, to justify denial of leave to amend, the prejudice must be "substantial." *Federal Civil Procedure Before Trial*, 1999, Schwarzer, Toshima and Wagstaffe at § 8:424.2) *citing Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir. 1990).

There is no undue prejudice here:

- the case is less than a year old;
- Defendants' claim that they need to take "all new discovery" is meaningless since discovery has only just begun; Defendants have taken only one deposition so far, which Plaintiffs have agreed to allow to continue to a second day;[2]
- the new allegations relate back to those in the original complaint;
- the Defendants concealed the facts giving rise to the amendments;
- the new Defendants have been actively involved in the litigation;
- Defendants are seeking to add a cross-claim and amend their own answer at the same time(!)

---

[2] Moreover, litigation expenses already incurred before the motion to amend was filed do not establish prejudice unless it can be shown that the moving party acted in bad faith by delaying amendment in order to force the nonmoving party to incur unnecessary expense. *Owens v. Kaiser Found. Health Plan, Inc.* 244 F3d 708, 712 (9th Cir. 2001).

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1   Plaintiffs, by contrast, would be sorely prejudiced if they are not allowed to file the

2   Second Amended Complaint.  *See Bell v. Allstate Life Ins. Co.* 160 F3d 452, 454 (8th Cir. 1998)

3   ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by

4   not allowing the amendment.")  Plaintiffs have only recently learned of the factual bases for most

5   of the new facts and causes of action they seek to pursue.  Plaintiffs had no way of knowing that

6   Defendants had misused the Branch Managers' Reserves for their own ends until March 18,

7   when they took the first deposition in this case.  Plaintiffs brought this suit in the belief that they

8   were entitled to the return of their Reserves; they could not have known the extent of

9   Defendants' misfeasance regarding these Reserves until they began to take depositions.  They are

10  entitled to amend the existing complaint to conform to recently discovered evidence.

11  Nor could it have been clear before these depositions the extent to which Mr. George

12  personally benefited from harvesting his employees' Reserves into the corporation's accounts.

13  The depositions so far have revealed that CMG's mortgage lending was secured by the

14  corporation's liquid assets and by a personal guarantee from Mr. George.  Increase those liquid

15  assets by throwing all the Branch Managers' Reserves into the mix and you get numerous

16  additional benefits flowing directly to Mr. George: a reduction of Mr. George's personal

17  financial risk; less demand for him to provide capital to the business or dilute his ownership

18  share by seeking outside capital; the ability to generate many more loans; and the ability to

19  quickly realize more operating capital at any time by the simple expedient of announcing an

20  increase in Reserve requirements.

21  **B.    There is no law supporting Defendants' Opposition**

22  The only case Defendants cite that seems to support their argument is *Becherer v. Merrill*

23  *Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054 (6th Cir. 1995), which stands only for the

24  proposition that under **some** circumstances at least one court has denied  a motion for leave to

25  add a party late in a case because of undue prejudice.  Defendants do not, however, show how

26  this case resembles the *Becherer* case, or how the standards in that case would apply here.

27  This case is distinguishable in every way from *Becherer*.  That case was nearly three

28  years old when the court ruled on the misjoinder issue, "and the paperwork submitted thus far

4

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

has surely decimated a small forest." *Id.,* 43 F.3d at 1068. By contrast, this case is less than a year old and discovery has only just begun. As noted above, Defendants have taken only one deposition, and virtually all of their other discovery efforts to date focused on what is now shaping up as their own proposed counterclaim rather than on defending against Plaintiffs' claims. Secondly, in *Becherer*, the plaintiff joined the new defendant without seeking leave of court and in contravention of a previous order limiting the nature of any amendments – an unusual circumstances in violation of Fed R. Civ. Proc. 21 not present here. The Court's scheduling order in this case did not set any deadlines for amending the complaint. Third, the plaintiffs in *Becherer* had no newly-discovered evidence supporting a late amendment three years into the case. Here, Plaintiffs have discovered striking new evidence just within the last few months that points to new liability for both the existing Defendants and the proposed new defendants. Fourth, in *Becherer* the new defendant (a wholly separate entity) had not been involved in the litigation. Here, Mr. George is the existing Defendants' CEO and owner, and is the individual who makes all of the decision in the litigation for Defendants. For example, he represented Defendants in mediation and at Mr. Bowman's deposition.

The bottom line is that under the federal rules amendment must be allowed in this circumstance. The role of the pleadings in a federal case is very limited for the simple reason that federal policy is based on notice pleading, and strongly favors determination of cases on the merits and not on the arcane of pleadings. *Ross v. Pioneer Life Ins. Co.*, --- F.Supp.2d ----, 2008 WL 1756355 (C.D.Cal. 2008). Hence the "extreme liberality" rule governing requests for leave to amend.

### C.    Defendants cannot argue for the right to add a counterclaim and amend their answer and deny the same right to Plaintiffs

The Random House Unabridged Dictionary defines "chutzpah" as "unmitigated effrontery or impudence; gall." The classic definition is that given by Leo Rosten: "that quality enshrined in a man who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan." Defendants' simultaneous positions demanding leave to amend their pleadings but opposing Plaintiffs' right to do the same falls into the same

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1  category.[3]  They have not shown any greater prejudice inherent in the one amendment but

2  absent from the other.  Fairness demands that Plaintiffs be given the same right to amend being

3  demanded by Defendants.

4          **D.      Defendants' statement of the issues is filled with misrepresentations**

5          The most brazen of Defendants' misstatements is their repeated claim that Plaintiffs'

6  have not obtained any new information leading to their request to amend the pleadings.  As noted

7  above, this is hopelessly false.  Plaintiffs first obtained blockbuster testimony from Paul Chevez

8  on March 18 that indicated that CMG had failed to segregate the Branch Managers' Reserves,

9  had intermingled these with their operating funds, and had used these Reserves to fund loans.

10 These facts are supported by the Declaration of Alan F. Cohen filed in support of this motion.

11 This was also the first inkling Plaintiffs had that Mr. George had personally benefited from the

12 use of these funds.  This was in Plaintiffs' moving papers, and is not contradicted by anything in

13 the Opposition.  Yet Defendants keep repeating that there are no new facts detailed in the

14 moving papers.  It is as if by repeating this enough times they hope to make it so.

15         Defendants also claim that Plaintiffs are misleading the Court by referring to a cancelled

16 HUD mortgagee letter regulating prohibited net branch arrangements.  It is true that the

17 mortgage letter was "cancelled" in August 2006 (which Plaintiffs' counsel was unaware of).

18 Defendants are being disingenuous, however, in neglecting to tell the Court that the Mortgagee

19 letter was cancelled because its substantive contents were now contained virtually word for word

20 in HUD's revised Mortgagee Handbook.[4]  The law is the same, and Defendants' practices are

21 just as unlawful as ever.

22         As predicted in the moving papers, Defendants also argue that some of the new claims

23 will fail because Mr. Bowman is not a party to the Facilities Agreement.  This is false, as even a

24 cursory review of the Facilities Agreements reveals.  In any case, it is irrelevant in reviewing the

25

26 [3] There is Ninth Circuit precedent for using this term.  *See* Kozinski, Alex; Eugene Volokh (1993). "Lawsuit Shmawsuit". *Yale Law Journal* 103: 463 ("chutzpah" had been used 231 times in legal opinions at the time the article was written).

27 [4] Handbook No. 4060.1 REV-2, FHA Title II Mortgagee Approval Handbook at 2-11.  It should also be pointed out that the cancelled Mortgagee Letter controlled during most of Mr. Bowman's employment.

28

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

validity of the pleadings.  The Second Amended Complaint states a claim for breach of the Facilities Agreement.  Defendants are free to attack the merits of the complaint at summary judgment or at trial.  Similarly, Defendants' argument that Plaintiffs cannot bring certain Labor Code claims because the contract in question was with a corporation, not James Bowman, the individual, is false, but irrelevant to the facial validity of the complaint.

## II.    CONCLUSION

On these facts, a request to amend the complaint is virtually ministerial, to the point that denial of either party's request would be an abuse of discretion.  Case after case holds that amendment is freely given absent a substantial showing of undue prejudice, bad faith, or delay, none of which is present here.  Defendants have utterly failed to make this or any other showing that would allow them to argue against Plaintiffs' request for leave to amend.  This is why Plaintiffs first tried to obtain Defendants' stipulation to filing the Second Amended Complaint, since it seemed foolish to tie up the Court's and the parties' resources with motions to amend. Plaintiffs therefore respectfully request that the Court grant their motion and allow the parties to forge ahead with resolving all of their disputes on their merits once and for all.

LAW OFFICES OF ALAN F. COHEN


By _____
    Alan F. Cohen
    Attorney for Plaintiffs

7

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**