IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BOWMAN, and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>CMG MORTGAGE INC., et al.,<br><br>Defendants.<br>_____/ | No. C 07-03140 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTER-CLAIM** |

Both sides in this case have filed motions to amend their pleadings, scheduled for hearing on June 6, 2008. Plaintiffs seek to file a Second Amended Complaint, adding claims and parties; and defendants seek to file an amended answer and new counter-claims. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART plaintiffs' motion for leave to amend and GRANTS defendants' motion for leave to file a counter-claim.

**BACKGROUND[1]**

In December, 2003, plaintiffs James W. Bowman and Pacific Real Estate Management Company entered into a series of written agreements with defendants CMG Mortgage and CMG Mortgage Services. Plaintiffs were to manage defendants' branch offices in Federal Way, Washington, and

---

[1] Unless otherwise stated, all of the following factual allegations are taken from plaintiffs' First Amended Complaint ("FAC").

Vancouver, Washington, and defendants were to perform various services and make various payments to plaintiffs, in accordance with the Agreements. Ultimately disagreements arose between the parties, and as of January 31, 2007, defendants terminated the Agreements.

On June 14, 2007, plaintiffs filed this lawsuit against defendants. In August, 2007, plaintiffs amended their complaint. Plaintiffs' First Amended Complaint ("FAC") includes claims for breach of contract and the implied covenant of good faith and fair dealing, violation of California Labor Code §§ 201 and 218.5 for nonpayment of wages, waiting time penalties under California Labor Code § 203, and unlawful conversion of property. Initial disclosures revealed the existence of defendants' parent company, CMG Financial Services, Inc. ("CMG Financial"), and CMG president and owner, Christopher M. George, but plaintiffs claim they were not aware of the need to name these parties until recently. The deposition of Paul Chevez, defendants' CFO, on March 28, 2008, revealed that defendants did not segregate certain reserve funds and security deposits belonging to Bowman. *See* Cohen decl. at ¶¶ 5-6. Plaintiffs now seek leave to file a Second Amended Complaint to add CMG Financial and Christopher M. George as defendants and to add claims for intentional fraud, fraud by concealment, breach of fiduciary duty, failure to reimburse expenses, and wrongful termination. *See* Proposed Second Amended Complaint.

Defendants also seek leave to file a counter-claim and amend their answer, in order to add new causes of action and clarify their affirmative defenses in light of newly discovered evidence. Defendants allege that Bowman misrepresented the status of pipeline loans at termination, and misappropriated loan files and customer information, which was only revealed by subpoena of documents and Bowman's deposition on April 30, 2008. They seek to amend their pleading by adding counter-claims for breach of contract, conversion of property, violation of the Uniform Trade Secrets Act, and intentional interference with prospective economic advantage.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Federal Rule of Civil Procedure 13(f) provides for the filing of an omitted counter-claim by leave of the court "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires." Fed. R. Civ. P. 13(f).

## DISCUSSION

**1.    Plaintiffs' motion for leave to amend**

Plaintiffs move for leave to amend to add new causes of action arising out of recently discovered information. They assert that Chevez's deposition revealed additional harms and damages resulting from defendants' actions, including breach of fiduciary duty to plaintiffs by misappropriating plaintiffs' reserves to fund defendants' operating costs, fraudulently concealing a forbidden purpose in obtaining the reserves, and wrongfully terminating Bowman in violation of public policy. The Court agrees that plaintiffs should be granted leave to add these claims. Defendants argue that plaintiffs allege facts and causes of action based on information available to them at the time they filed their FAC, but defendants have not shown how plaintiffs could have known about the defendants' use of reserves at least until after the commencement of discovery. Plaintiffs were not aware of these facts before Chevez's deposition on March 28, 2008, and therefore could not have included them in the FAC on August 22, 2007. *See* Cohen decl. at ¶¶ 5-6. Further, plaintiffs did not unduly delay in seeking leave to amend at this juncture, and defendants have not demonstrated that plaintiffs acted in bad faith or that defendants will be unduly prejudiced by the amendment. The amendment is also not futile, because it adds new causes of action for which plaintiffs may be granted relief.

However, the same analysis does apply to plaintiffs' effort to add two new defendants, CMG Financial and George, to their complaint. Plaintiffs note that defendants failed to list CMG Financial in the Certification of Interested Parties filed on September 11, 2007, but since plaintiffs listed both George and CMG Financial in their own Certification of Interested Entities or Persons filed with the

3

1 Court on September 13, 2007, they were obviously aware that George and CMG Financial were
2 potentially liable over nine months ago. *See* Docket No. 22. Plaintiffs argue that they initially decided
3 not to name George out of "caution," but that he is now a necessary party because of newly discovered
4 evidence that he was misappropriating the reserves for his personal and corporate interests. However,
5 plaintiffs have not pointed to any such evidence.

6 Accordingly, plaintiffs may amend their complaint to add the newly-discovered causes of action
7 but may not add George and CMG Financial as defendants.

### 2. Defendants' motion for leave to file a counter-claim

Defendants move for leave to file a counter-claim and amend their answer, in order to add new causes of action and clarify their affirmative defenses in light of newly discovered evidence. Defendants contend that Bowman's deposition revealed he had misrepresented the status of pipeline loans and misappropriated loan and customer files, confirming defendants' speculations that Bowman in fact closed loans with his new employer that he started while employed by defendants. Defendants argue that they could not have asserted counter-claims against plaintiffs based on their knowledge at the time they filed their answer with the Court on September 11, 2007, because new facts indicating Bowman's concealment of the existence of pipeline loans only became clear at his deposition on April 30, 2008 and through document discovery. The Court agrees. Defendants have not unduly delayed in seeking to file a counter-claim, nor have they shown bad faith in requesting leave to do so now. In addition, plaintiffs have not demonstrated that they would be unduly prejudiced by the filing of the counter-claim. Therefore, the Court GRANTS defendants' motion for leave to file a counter-claim. The Court also notes that defendants' motion for leave to amend their answer is moot because defendants will be permitted to file a new answer in response to plaintiffs' amended complaint.

///

4

**CONCLUSION**

The Court GRANTS IN PART plaintiffs' motion to amend to add new causes of action, but DENIES plaintiffs' motion to amend to add two new defendants. The Court also GRANTS defendants' motion to file a counter-claim.

**IT IS SO ORDERED.**

Dated: June 5, 2008

SUSAN ILLSTON
United States District Judge