Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
415.984.1943 (tel.)
415.984.1953 (fax)
cohenlaw@mindspring.com

Angela M. Xavier (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

Attorneys for Plaintiffs James W. Bowman, Jr. and
Pacific Real Estate Management Company, Inc.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation<br><br>Plaintiffs,<br><br>v.<br><br>CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,<br><br>Defendants. | Case No.: C-07-3140-SI<br><br>**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE CLAIMS AGAINST CHRISTOPHER GEORGE**<br><br>Date: June 6, 2008 (vacated)<br>Time: 9:00 a.m.<br>Dept.: Courtroom 10<br>Hon. Susan Illston<br><br>Case filed: June 14, 2007<br>Trial Date: August 25, 2008 |

Plaintiffs respectfully request that the Court reconsider its decision denying Plaintiff's request to add Christopher George as a defendant on the ground that Plaintiffs only seek to hold

1    Case No.: C-07-3140-SI
**MOTION FOR PARTIAL RECONSIDERATION**

him liable on the newly-discovered causes of action in the Second Amended Complaint, which the Court found could not have been pleaded previously. Order at 3:16-23.[1] Since these amendments were timely, and Plaintiffs could not have brought these claims against *any* defendant before their evidentiary bases were recently revealed, it logically must follow that Plaintiffs' request to join Mr. George as a defendant on these new claims is timely as well.

The Second Amended Complaint (SAC) alleges only five causes of action against Mr. George, all of which are pleaded for the first time in the SAC: the Eighth Cause of Action (Intentional Fraud); Ninth Cause of Action (Fraud by Concealment); Eleventh Cause of Action (Breach of Fiduciary Duty); Twelfth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty); and Fifteenth Cause of Action (Unfair Competition Law – Bus. & Prof. Code § 17200). Regarding the factual basis for these claims, the Court found that

> Plaintiffs were not aware of these facts before Chevez's deposition on March 28, 2008, and therefore could not have included them in the FAC on August 22, 2007. Further, plaintiffs did not unduly delay in seeking leave to amend at this juncture, and defendants have not demonstrated that plaintiffs acted in bad faith or that defendants will be unduly prejudiced by the amendment.

Order at 3:19-21.

The Court's conclusion that Plaintiffs were aware over nine months ago that Mr. George could be potentially liable therefore is logically inconsistent with its conclusion that the basis for the new claims has only recently been discovered. It is certainly true that Plaintiffs were aware earlier that Mr. George was CMG's CEO, but Plaintiffs could not have known that he was a proper defendant then because the basis for his liability only became apparent when Plaintiffs learned of the basis for the new causes of action. Plaintiffs do not seek to join Mr. George as a Defendant as to any cause of action that was previously pleaded in the FAC.

Plaintiffs should have made it clearer in their moving papers that they only sought to join Mr. George as a Defendant as to these new causes of action rather than assuming the Court would extract that information from the SAC. Plaintiffs apologize to the Court for consuming more of the Court's time on this matter. However, the moving papers, evidence, and SAC placed

---

[1] "Order" refers to the Order Granting Plaintiff's Motion for Leave to Amend and Granting Defendants' Motion for Leave to File Counterclaim dated June 5, 2008.

all of this in the record, and Plaintiffs in seeking reconsideration are not asking the Court to consider any evidence that was not previously before the Court. Plaintiffs do not ask the Court to reconsider its ruling denying joinder of CMG Financial Services.

Respectfully submitted,

LAW OFFICES OF ALAN F. COHEN

By _____
Alan F. Cohen
Attorney for Plaintiffs