David R. Medlin       (SBN 77417)
G. Bradley Hargrave   (SBN 173911)
Joshua A. Rosenthal   (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:   (510) 832-2900
Facsimile:   (510) 832-2945
E-mail:      *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>　　　　　　　Defendants.<br>_____/ | Case No.: C 07 3140 SI<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO STRIKE PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>Date:   June 6, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom 10<br>Judge:  Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

## I.   INTRODUCTION

Defendants are aware that there is no requirement that they respond to plaintiffs' motion for reconsideration but felt the need to do so briefly.  First, defendants respectfully request that plaintiffs' motion for reconsideration be stricken.  The local rules of the United States Distrcit Court for the Northern District of California require that a party seek leave to file a motion for reconsideration.  Rule 7-9(a) is clear that before judgment, no party may notice a motion for reconsideration without first obtaining leave of court to file the motion.  Plaintiffs did not do this and simply filed a motion for reconsideration.  Thus, defendants respectfully request that the motion be stricken as improper for not being in compliance with local rules.

As a second issue, the improper motion for reconsideration filed by plaintiffs does not

1

address any of the issues that would be required in a motion for leave to file a motion for reconsideration.  Per Local Rule 7-9(b):

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

In response to subsection (1), plaintiffs have not mentioned any material difference in the law since the time it presented the issues to the Court.  Plaintiffs allude to their failure to properly explain why they were entitled to add Chris George and CMG Financial Services, Inc. as defendants.  However, there is no explanation by plaintiffs as to how, in the exercise of reasonable diligence, plaintiffs did not know of these facts at the time of the order.  Plaintiffs just seem to be saying that they did not explain the issues well enough.  Thus, the facts were known and explained, but plaintiffs think that they didn't explain it in a way the Court could understand.

In response to subsection (2), plaintiffs make no reference to change of law or facts.  The only other option is (3), and it is unclear if plaintiffs are stating that there was a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order.  Plaintiffs claim that since the Court granted its motion to amend with respect to the existing defendants on the ground that plaintiffs learned where the security deposits/reserves were deposited at the deposition of CMG Chief Financial Officer, Paul Chevez, that the Court should have to grant its motion with respect to Mr. George and CMG Financial Services, Inc.  The Court allowed the amendments with respect to the existing defendants because the Court determined that in light of the liberal pleading amendment rules, plaintiffs could amend against the existing defendants based on what they learned at the deposition.  However, the rules are not as liberal with respect to adding parties.  The Court properly ruled that plaintiffs were aware of

2

1  the existence of Chris George and CMG Financial Services, Inc. at the outset of this litigation and
2  pointed to no evidence that indicates why they learned at this late date that Mr. George or CMG
3  Financial Services, Inc. needed to be added.  The issue as to the new parties was separate and apart
4  from the issue regarding the location of the security deposits/reserves.  The Court recognized the
5  difference between the two issues and made a ruling based on the evidence presented.  Plaintiffs
6  learned that defendants deposited security deposits paid by plaintiff Pacific Real Estate Management
7  Company, Inc. into a CMG Mortgage, Inc. general operating account (which is completely proper).
8  Plaintiffs did not learn that the money was deposited into Mr. George's personal account or any
9  CMG Financial Service, Inc. account.
10         Thus, the improper motion for reconsideration violates Local Rule 7-9(c), which prohibits a
11 party from simply repeating arguments made in the original moving papers.  The rule authorizes the
12 Court to sanction a party appropriately for such a motion.  Defendants respectfully request that
13 plaintiffs' motion for reconsideration be stricken as not in compliance with Local Rule 7-9.  If the
14 Court considers plaintiffs' motion one for leave to file a motion for reconsideration (as opposed to a
15 motion for reconsideration filed without leave), defendants respectfully request that it be denied
16 because plaintiffs have not met the standards set out in Local Rule 7-9(b) and merely repeat
17 arguments made in the moving papers, in violation of Local Rule 7-9(c).

19 Date:   June 9, 2008                                    **MEDLIN& HARGRAVE**
                                                          A PROFESSIONAL CORPORATION

22                                                        /s/
                                                          Joshua A. Rosenthal,
                                                          Attorneys for Defendants