

MEDLIN & HARGRAVE
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
jrosenthal@mhlawcorp.com

June 18, 2008

*Via E-Filing and U.S. Mail*

Honorable Susan Illston
Unisted States District Court, Northern District of California
450 Golden Gate Ave. Courtroom 10, 19th Floor
San Francisco, CA 94102

Re: *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
U.S. District Court, Northern District of California, Case No.: C07-3140 MEJ
**Defendants' Opposition To Plaintiffs' Motion To Compel Amended Responses to Special Interrogatories**

Dear Judge Illston:

This letter brief is in opposition to plaintiffs' motion to compel amended responses to special interrogatories.

**Response To Plaintiff's Recitation of Facts & Issues**

Plaintiffs like to describe this as an "employment dispute" and that all money at issue is unpaid wages to employee James W. Bowman ("Bowman"). However, plaintiffs conveniently omit the fact that Pacific Real Estate Management Company, Inc. ("PREMCO") is also a plaintiff. PREMCO is the plaintiff that signed the facilities agreements at issue and PREMCO is the plaintiff that paid the security deposit that Bowman is now claiming he paid.

Plaintiffs are claiming that income, as defined in the Branch Management and Employment Agreements ("BMA's") includes income that defendant CMG Mortgage, Inc. ("CMG") made on the secondary market sales of loans originated from the branches at issue. Thus, plaintiffs are claiming a right to see all of the money that CMG made for matters that it has no right to. Plaintiff Bowman was the branch manager for CMG for the Vancouver and Federal Way branches. PREMCO provided the facilities for the branches. CMG is a mortgage lender and also has broker relationships with other lenders. The reason that Bowman and PREMCO, with no lender relationships, became involved with CMG is to benefit from those relationships and have a large numbers of lenders to shop loans to. The reasons that CMG affiliates with local brokers with an existing business in a local geographical area is solely for lending. CMG provides all of the net profits for brokered loans to the branch manager. CMG retains it banking and secondary market income for itself.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
June 18, 2008
Page 2

    CMG is a mortgage banker. This essentially means that CMG has lines of credit. When it makes a loan on the line of credit it immediately has to sell the loan to free up the line of credit to make more loans. Additionally, it has to pay interest to the provider of the line of credit for as long as CMG owns the loan, which eats into any profit it makes when it sells the loan.

    When a branch originates a loan with CMG as the lender, CMG pays the branch a commission on speculation that it will be able to sell the loan immediately thereafter. It pays the branch before it knows how much and if it will make any money on the loan. If it can't sell the loan immediately and has to hold on to it and pay interest on it and doesn't make any money on the loan, the branch still keeps its commission. Thus, the money that CMG makes when it sells the loan on the secondary market is not "income earned and derived from the branch office." CMG made a loan, paid the branch a pre-agreed upon amount for its work and then sold the loan to an investor. The work of the branch office stops when it originates the loan and accepts payment for the loan from CMG before (and "if") CMG realizes any money for the sale of the loan to CMG's business partners in the secondary market. Earnings for selling loans on the secondary market are the only reason CMG engages in net branching. Now Bowman is claiming that he is entitled to that money, yet has no responsibility for any risk related to the business.

    Plaintiffs are also claiming they are entitled to money related to administrative fees and underwriting fees CMG received for the loans. First, this money is not profit. This is an amount CMG charges based on the work and staff it needs to administer and underwrite loans. Second, plaintiffs know this information because each charge for administrative fees for brokered loans and underwriting fees for banked loans is a flat amount per loan. Plaintiffs know all of the loans they did because they have all of the accounting. Thus, they know all of the charges.

    Plaintiffs are making the argument that any money defendants earned in connection with any loan plaintiffs "touched" now belongs to plaintiffs, i.e., plaintiffs content CMG was not entitled to any income in connection with any loans plaintiffs "touched." Such an argument is ridiculous and the contracts do not provide for such a remedy.

**Interrogatories 1 & 2**

    As stated above, plaintiffs are not entitled to information regarding money CMG earned on the secondary market because it is not money they are entitled to. Additionally, plaintiffs are not entitled to administrative fees and underwriting fees as a profit derived from the branch. The money is not a profit and it is for work that CMG performed, not work plaintiffs performed.

    Since the information sought by plaintiffs is not relevant because it is not money plaintiffs are entitled to, the effort required to obtain the information is not justified and is thus unduly burdensome. The burden on the responding party will be deemed unjust where the amount of work required to

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
June 18, 2008
Page 3

answer the question is so great and the utility of the information sought so minimal, that it would defeat the ends of justice to require answers. <u>Columbia Broadcasting System, Inc. v Superior Court</u> (1968) 263 Cal. App. 2d 12, 19. It will take significant time to pull the information in each loan, reference it with each sale of a loan on the secondary market for the two branches at issue and then list the income for each of hundreds of loans.[1] In consideration of the fact that the information sought is irrelevant and not likely to lead to the further discovery of admissible information, because plaintiffs are not entitled to the money, the effort required to compile the information is oppressive and unduly burdensome.

With respect to the administrative and underwriting fees, nearly the same analysis applies. It is not money that plaintiffs are entitled to as it is not a profit derived from the branch. It is a fee charged by CMG to underwrite a loan or administer a brokered loan. CMG would have to go through each loan originated by the branch over a three plus year period to determine the fees charged. Since plaintiffs are not entitled to the money, the effort required to obtain the information far outweighs the utility of the information. Additionally, plaintiffs can just as easily determine this information because the administrative and underwriting fees per loan are flat fees. From reviewing the accounting, plaintiffs can determine that information in the same way that CMG can. <u>Alpine Mut. Water Co. v. Superior Court</u> (1968) 259 Cal. App. 2d 45, 53.

**Interrogatories 16-18**

Plaintiffs expanded their fishing expedition so they can harass CMG's former employees. Plaintiffs have made no specific showing that they plan on deposing any of these former employees or even are considering calling them as witnesses at trial. Thus, in light of the privacy invasion in providing the last known addresses of these employees, CMG offered to contact these witnesses if plaintiffs wanted to take their depositions or have them appear at trial. If CMG is unable to contact them or is unable to get the witnesses to appear, CMG will provide the last known information it has at that time. However, plaintiffs have refused that compromise and insisted upon compelling this information.

The court performed a balancing test of privacy information versus the need for the information in <u>Harding Lawson Associates v. Superior Court</u> (1992) 10 Cal.App.4th 7, 10. The court held that there were privacy interests in employees records in the employer's possession that were protected from discovery. Similarly, without any specific showing as to how these particular former employees are important to plaintiff's case, defendants should not have to violate their privacy interests by

---

[1] The fact that plaintiffs quoted a passage from Chris George's deposition stating that CMG could locate the information is completely irrelevant. There is no doubt that the information could be found. The issue is the amount of work compared to the utility of the information.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
June 18, 2008
Page 4

providing their contact information. Thus, defendants seek the Court's guidance in determining the best way to protect the privacy interests of these former employees.

**Interrogatory No. 20**

Plaintiffs' harassing and oppressive discovery tactics know no bounds. They are seeking any complaints by any other employees over a 10 year period. CMG is a national company with hundreds of employees of all types over the past 10 years. To compile and list every administrative complaint an employee may have had over that time is unnecessary and overbroad. Plaintiffs are asking defendants for records of administrative complaints for employees that may have filed sex discrimination claims against CMG in New York, something that has no connection to the allegations in this complaint. Plaintiffs did not choose to narrow this request, as defendants asked.

While defendants assert that this information is not relevant as sought in its current form, defendants seek the Court's assistance to the extent the request can be narrowed down so that it does not seek require CMG to go through 10 years of records related to hundreds of employees to find information that has absolutely no relevance to this dispute.

**Interrogatory No. 25**

Plaintiffs seek the contact information of all CMG's branch managers over the past 5 years. As stated, plaintiffs have much this information and is unnecessarily asking defendants to recompile it. Bowman was in meetings with all of CMG's branch managers during his employment. He was addressed on emails with all of CMG's branch managers, which included all of the branch managers' e-mail addresses. (Exhibit A). Plaintiffs can locate the branch managers with the information they already have. It would be harassing to have defendants do so when plaintiffs have the email addresses of the people they supposedly want to contact.

**Conclusion**

For the reasons set forth herein, plaintiffs are not entitled to the further discovery they seek. They are not entitled to the information about the service release premiums because it is not income they are entitled to and the effort to provide the information is much more than the utility of the information. Similarly, they are not entitled to the administrative or underwriting fees so the utility of the information is far less than the work needed to provide the information. In any event, plaintiffs can obtain the information as easily as defendants (although it is a lot of work for either side). Private contact information of CMG former employees deserves protection and defendants compromise offer should be more than sufficient for plaintiffs. Plaintiffs should be forced to narrow their request with regard to prior lawsuits. Finally, plaintiffs have the contact information of CMG's branch managers

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
June 18, 2008
Page 5

and defendants should not have to recompile it for them. Defendants respectfully request that plaintiffs' motion be denied.

    Thank you for your consideration of this matter.

                        Sincerely,

                        Joshua A. Rosenthal

JAR:alb
Opposition.wpd
cc:    Client,    Angela Xavier, Alan Cohen