IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BOWMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CMG MORTGAGE, INC., et al.,<br><br>    Defendants.<br>_____ / | No. C 07-03140 SI<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

    Plaintiffs James Bowman and Pacific Real Estate Management Company, Inc., have filed a letter brief asking the Court to compel defendants CMG Mortgage, Inc., and CMG Mortgage Services, Inc., to produce certain documents requested by plaintiffs. Plaintiffs seek discovery of all documents "evidencing the nature and amount of reserves," and "the use of those reserves," as well as the same documents relating to security deposits. Plaintiffs also ask defendants to provide them with copies of all complaints from any civil, criminal, arbitral, or administrative proceeding in which defendants are named as parties. The Court will address each request in turn.

    In response to plaintiffs' request for documents regarding defendants' use of the reserves and security deposits, defendants take issue only with the bank account records that plaintiffs seek as part of this request. Defendants argue that plaintiffs' request did not mention bank records and that it was impossible to discern from the request that bank records were included within its scope. The Court finds that plaintiffs' request for documents showing the nature, amount, and use of the reserves and security deposits reasonably includes bank records for accounts in which those reserves and deposits were kept. The Court also finds that defendants' concerns about privacy and relevance are overstated, and that defendants can simply create a privilege log and redact any information from the bank records that may

reveal private information, such as account numbers. In addition, defendants have not objected to plaintiffs' request for documents discussing defendants' policies with regard to reserves and deposits, their communications regarding reserves and deposits, and other similar documents, and the Court finds that these documents must be disclosed.

Next, plaintiffs seek copies of all complaints or similar documents for cases, of any nature, in which defendants are named as parties. Defendants object that such information can be obtained from the public record and that many such cases may have no relevance at all to the instant lawsuit. The Court agrees with defendants, in part, that plaintiffs' request is overbroad, and suggests that plaintiffs narrow the scope of this request to include only complaints that are likely to lead to the discovery of admissible evidence, such as complaints in specific categories of lawsuits that could be relevant to plaintiffs' claims. The Court doubts, for instance, that lawsuits raising boundary or easement disputes, in which defendants happen to be named merely because they hold liens on the properties at issue, are the proper subject of discovery in the instant employment dispute.

For all of these reasons, plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART [Docket No. 48].

**IT IS SO ORDERED.**

Dated: June 20, 2008

SUSAN ILLSTON
United States District Judge