# Exhibit A

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

May 1, 2000

OFFICE OF THE ASSISTANT SECRETARY
FOR HOUSING-FEDERAL HOUSING COMMISSIONER

Mortgagee Letter 00-15

To:    ALL APPROVED MORTGAGEES

Subject:    Prohibited Branch Arrangements

It has come to the Department's attention that some HUD/FHA approved mortgagees are engaging in prohibited types of "branch office" arrangements. There have been growing numbers of arrangements referred to as "net branches." Some of these are allowable and some are not. This reflects the fact that the industry does not have a universal definition for the term "net branch." Accordingly, this letter provides further guidance and clarification regarding the Department's requirements for branch offices of HUD/FHA approved mortgagees.

The Department has learned that some HUD/FHA approved mortgagees are engaged in the practice of taking on an existing, separate mortgage company or broker as a branch and allowing that separate entity to originate insured mortgages under the approved mortgagee's HUD Mortgagee Number. Some mortgagees refer to this arrangement as a "net branch." This, however, constitutes a prohibited net branch arrangement. The Department has also noted advertisements in trade publications touting such prohibited "net branching" arrangements as a way for independent brokers to originate FHA mortgages without meeting HUD's application and asset requirements.

Paragraph 1-2 of the Mortgagee Approval Handbook 4060.1 Rev-1 specifies that HUD/FHA insured mortgages may only be originated, serviced, purchased, held, or sold by mortgagees that have been approved by HUD/FHA. Approved mortgagees are permitted to conduct such activities from branch offices. However, separate entities may not operate as "branches" of a HUD/FHA approved mortgagee and if the separate entity lacks HUD/FHA approval, its mortgages constitute third party originations which violate Departmental requirements. If the separate entity was purchased and merged into the approved mortgagee in compliance with applicable state law(s), the approved mortgagee must provide a copy of the merger documents and state license(s) to HUD's Lender Approval and Recertification Division, 451 Seventh Street SW, Room B133-P3214, Washington, DC 20410.

In contrast to the arrangements described above, another common example of a net branch arrangement is one wherein the branch manager's compensation is based upon the "net" profit of the branch. The HUD/FHA approved mortgagee collects the revenue from the branch, pays the branch expenses, and then pays the branch manager the remaining revenues, if any, as a commission. Such an arrangement is, essentially, an alternative compensation program for the branch manager and is an acceptable branch arrangement if all other branch requirements are met.

2

Paragraph 2-17 of the Mortgagee Approval Handbook 4060.1 Rev-1 requires a HUD/FHA approved mortgagee to pay all of its operating expenses including the compensation of all employees of its main and branch offices. Other operating expenses that must be paid by the HUD/FHA approved mortgagee include, but are not limited to, equipment, furniture, office rent, and other similar expenses incurred in operating a mortgage lending business. Thus, the distinction between an acceptable and unacceptable alternative branch compensation plan is not whether the manager's or any other employee's compensation is related to the profits generated by the branch. Rather, it is whether the operating expenses are paid by the HUD/FHA approved mortgagee. If the expenses are paid by the HUD/FHA approved mortgagee, the arrangement is acceptable. If, however, the expenses are paid by the branch manager from a personal or non-mortgagee account (or by some third party), the arrangement is prohibited and a true branch does not exist.

As part of on-site mortgagee monitoring reviews, the Department has obtained "employment" agreements executed by HUD/FHA approved mortgagees and their "net branches." A number of the provisions in these agreements violate Departmental branch requirements. For example, there are provisions that:

o   require all contractual relationships with vendors such as leases, telephones, utilities, and advertising to be in the name of the "employee" (branch) and not in the name of the HUD/FHA approved mortgagee.

o   require the "employee" (branch) to indemnify the HUD/FHA approved mortgagee if it incurs damages from any apparent, express, or implied agency representation by or through the "employee's" (branch's) actions.

o   require the "employee" (branch) to issue a personal check to cover operating expenses if funds are not available from an operating account.

These provisions violate Paragraphs 1-2, 2-13, 2-17, and 3-2B of the Mortgagee Approval Handbook 4060.1 Rev-1. Taken as a whole, such provisions seem designed to maintain a clear separation between the HUD/FHA approved mortgagees and their so-called "branches," which is inconsistent with the close supervisory control over all employees mandated by the handbook.

The Department believes that the origination of insured mortgages by lenders that have not received HUD/FHA approval increases the risk to the FHA insurance funds and to the public. Accordingly, mortgagees found to be in violation may be subject to the full range of HUD sanctions.

Sincerely,

William C. Apgar
Assistant Secretary for Housing-
 Federal Housing Commissioner