**Exhibit C**

STATE OF CALIFORNIA                                                          PETE WILSON, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
## DIVISION OF LABOR STANDARDS ENFORCEMENT
*LEGAL SECTION*
45 Fremont Street, Suite 3220
San Francisco, CA 94105
(415) 975-2060

H. THOMAS CADELL, JR., *Chief Counsel*



March 21, 1997


Joan M. Ibsen, Esq.
Automatic Data Processing
One ADP Boulevard
Roseland, NJ  07068-1728

     Re:  **Expense Reimbursement By Direct Deposit**

Dear Ms. Ibsen:

     Your letter to Chief Deputy Director John Duncan has been referred to this office for response.

     In your letter you propose a policy as follows:

1.   After an employee incurs a business expense, such as travel, the employee inputs the information directly into an accounting software package through his computer terminal.

2.   The software package records the expenses in categories, and the employee is reimbursed solely by direct deposit into a bank account of his choice.

3.   The employee receives his reimbursement monies within two days of inputting the data.  The present system of cutting expense checks takes at least two weeks.

     Your question is whether ADP can make compliance with this policy mandatory for ADP employees in California.

     The provisions of Labor Code § 213(d) deal with the right of an employer to pay the <u>wages</u> due an employee in a direct deposit account.  That law requires that any such deposit may be made "provided the employee has voluntarily authorized such deposit." Obviously, such direct deposit of wages would not be valid where the employee <u>must</u>, as a condition of employment, agree to the direct deposit.

Joan M. Ibsen, Esq.
March 21, 1997
Page 2

However, in your letter you ask about direct deposit of expenses, not wages. The Legislature has not directly addressed the question of whether it would be proper to require that an employee accept, as a condition of employment, that his or her expense reimbursement be through a direct deposit. An analysis of the law, however, leads to the conclusion that the intention of the Legislature is to protect workers' expense reimbursement in a manner not unlike the protections provided for wages.

The provisions of Labor Code § 2802 provide:

"An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful."

Further, the provisions of Labor Code § 2804 provide that no agreement may be made which would waive the rights of employees.

Labor Code § 450 provides:

"No employer, or agent or officer thereof, or other person, shall compel or coerce any employee, or applicant for employment, to patronize his employer, **or any other person**, in the purchase of any thing of value."

Obviously, the Legislature intended that the right of the employee to recover all of the expenses incurred were not to be waived. One must pay fees in order to have a bank account. It would be necessary to have a bank account in order to recover the expenses. Thus, these fees would diminish the amount of expenses which would be recovered. And, of course, unless the worker purchases the services of a bank, he or she cannot recover the expenses. The purchase of the service would, under these circumstances, be compelled by the employer.

For the reasons stated above, it is the opinion of the Labor Commissioner that while there would be nothing wrong with allowing workers to recover their expenses through the direct deposit method, such a procedure may not be compelled.

I hope this adequately addresses the issue you raise in your letter of March 13, 1997.

1997.03.21-2

Joan M. Ibsen, Esq.
March 21, 1997
Page 3


Yours truly,

H. THOMAS CADELL, JR.
Chief Counsel


c.c. John Duncan, Chief Deputy Director
     Nance Steffen, Assistant Labor Commissioner
     Greg Rupp, Assistant Labor Commissioner
     Tom Grogan, Assistant Labor Commissioner
     Abagail Calva, Assistant Labor Commissioner


1997.03.21-2