Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
415.984.1943 (tel.)
415.984.1953 (fax)
cohenlaw@mindspring.com

Angela M. Xavier (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

Attorneys for Plaintiffs and Counter-Defendant

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation | Case No.: C-07-3140-SI |
| Plaintiffs, | **COUNTER-DEFENDANT'S REPLY TO COUNTER-CLAIM** |
| v. | |
| CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, | |
| Defendants. | |
| CMG Mortgage Inc., a California Corporation | |
| Counter-Claimant, | |
| v. | |
| James W. Bowman, Jr., an individual, | |
| Counter-Defendant. | |

Counter-Defendant James W. Bowman, Jr., replies to the Counter-Claim filed by CMG Mortgage, Inc. as follows:

1.      In response to paragraph 1, Counter-Defendant admits that this Court has jurisdiction over the Counter-Claim.

2.      In response to paragraph 2, Counter-Defendant is informed and believes and on that basis admits the allegations contained therein.

3.      In response to paragraph 3, Counter-Defendant admits the allegations contained therein.

4.      In response to paragraph 4, Counter-Defendant denies the allegations of the first sentence.   Counter-Defendant lacks sufficient information to admit or deny the truth of the second sentence and on that basis denies the allegations.  Counter-Defendant admits that he became an employee of CMG in 2003.

5.      In response to paragraph 5, Counter-Defendant denies the allegations.  The term "net branch," at least as applied to Counter-Defendant's relationship with CMG, denotes an employment relationship, not a "method of business."  Counter-Defendant denies all of the allegations of this paragraph except that he admits that under the Branch Management and Employment Agreement he was to be compensated, in part, with the Branch Net Income.

6.      In response to paragraph 6, Counter-Defendant denies the allegations.

7.      In response to paragraph 7, Counter-Defendant denies the allegations of the first sentence.  Counter-Defendant lacks sufficient information or belief to enable him to admit or deny the allegations of the remaining sentences of the paragraph and on that basis denies the allegations.

8.      In response to paragraph 8, Counter-Defendant admits that the Facilities Agreement established a sub-leasing arrangement between PREMCO and CMG, among many other terms and conditions, but denies the implication that Mr. Bowman was not also a party to the agreement and denies all other aspects of the first sentence.  Counter-Defendant admits that the Branch Management and Employment Agreement (BMA) was an employment agreement.

**REPLY TO COUNTER-CLAIM**

9.       In response to paragraph 9, Counter-Defendant admits that the law required the branches he managed to be part of CMG and that CMG was required by law to pay all expenses of the branch.  Counter-Defendant denies the remaining allegations of the paragraph.

10.      In response to paragraph 10, Counter-Defendant admits that CMG was required to pay a Rental Fee equal to 125% of all Facilities Costs but denies that CMG's obligation was limited to paying the Rental Fee to PREMCO only, since Mr. Bowman was also a Provider as defined by the Facilities Agreement.  Counter-Defendant admits that the Facilities Agreement required PREMCO (and also Mr. Bowman) to post a so-called "security deposit" with CMG. Counter-Defendant denies that CMG paid the Rental Fee as required and denies the remaining allegations.

11.      In response to paragraph 11, Counter-Defendant admits that the BMA provided that the branch office was to be managed by a responsible person but denies that the BMA complies with all applicable laws.  Counter-Defendant admits that the BMA was intended to compensate Mr. Bowman with the Net Income of the branch as defined in the BMA.  Counter-Defendant admits that the branches generated income for CMG, that CMG collected some of that income and withheld fees for itself, and that PREMCO (and Mr. Bowman) submitted expense vouchers to CMG after being instructed to do so.  Counter-Defendant denies that the BMA was a profit-sharing plan and denies the remainder of the allegations in the paragraph.

12.      In response to paragraph 12, Counter-Defendant denies the allegations.

13.      In response to paragraph 13, Counter-Defendant admits that CMG terminated the contracts between them but denies that the termination was properly noticed under the termination provisions of the Facilities Agreement.   Counter-Defendant admits that he sought and was granted an extension of his employment to wind down existing CMG operations but denies that all extensions he sought were granted.  Counter-Defendant denies the remaining allegations of the paragraph.

14.      In response to paragraph 14, Counter-Defendant denies the allegations.

15.      In response to paragraph 15, Counter-Defendant admits that CMG terminated the contracts between them but denies that the termination was properly noticed under the

**REPLY TO COUNTER-CLAIM**

termination provisions of the Facilities Agreement.   Counter-Defendant admits that he sought and was granted an extension of his employment to wind down existing CMG operations but denies that all extensions he sought were granted.  Counter-Defendant denies the remaining allegations of the paragraph.

16.    In response to paragraph 16, Counter-Defendant denies or does not have sufficient information or belief to enable him to admit or deny the allegations and, basing his denial thereon, denies each and every allegation contained therein.

17.    In response to paragraph 17, Counter-Defendant denies the allegations.

18.    In response to paragraph 18, Counter-Defendant denies the allegations.

19.    In response to paragraph 19, Counter-Defendant denies the allegations.

20.    In response to paragraph 20, Counter-Defendant denies the allegations.

21.    In response to paragraph 21, Counter-Defendant admits that CMG terminated the contracts between them but denies that the termination was properly noticed under the termination provisions of the Facilities Agreement.   Counter-Defendant admits that he sought and was granted an extension of his employment to wind down existing CMG operations but denies that all extensions he sought were granted.  Counter-Defendant denies the remaining allegations of the paragraph.

22.    In response to paragraph 22, Counter-Defendant admits that he was CMG's employee and president of PREMCO.  Counter-Defendant denies the remaining allegations.

23.    In response to paragraph 23, Counter-Defendant denies the allegations.

24.    In response to paragraph 24, Counter-Defendant denies the allegations.

25.    In response to paragraph 25, Counter-Defendant denies the allegations.

26.    In response to paragraph 26, Counter-Defendant denies the allegations.

27.    In response to paragraph 27, Counter-Defendant denies the allegations.

28.    In response to paragraph 28, Counter-Defendant denies the allegations.

29.    In response to paragraph 29, Counter-Defendant denies the allegations.

30.    In response to paragraph 30, Counter-Defendant admits that he signed an employment agreement with CMG but lacks sufficient information or belief to enable him to

**REPLY TO COUNTER-CLAIM**

admit or deny the remaining allegations and, basing his denial thereon, deny each and every

allegation contained therein.

     31.     In response to paragraph 31, Counter-Defendant denies the allegations.

     32.     In response to paragraph 32, Counter-Defendant denies the allegations.

     33.     In response to paragraph 33, Counter-Defendant denies the allegations.

     34.     In response to paragraph 34, Counter-Defendant denies the allegations.

     35.     In response to paragraph 35, Counter-Defendant denies the allegations.

     36.     In response to paragraph 36, Counter-Defendant denies the allegations.

     37.     In response to paragraph 37, Counter-Defendant denies the allegations.

     38.     In response to paragraph 38, Counter-Defendant denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that the

Counter-claim, and each alleged cause of action thereof, fails to state facts sufficient to constitute

a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-

CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges

that Counter-Complainant's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-

CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges

that Counter-Complainant's claims are barred by the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-Complainant's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-Complainant's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(At Will Employment)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-Defendant's employment was terminable at will.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-Complainant consented to the conduct alleged in the Counter-claim and acknowledged, authorized, ratified, and acquiesced in the alleged acts or omissions, if any, and Counter-Complainant is therefore barred from any recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to State Claim for Attorneys' Fees)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that the Counter-claim fails to state a cause of action for attorneys' fees.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to State Claim for Punitive Damages)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that the Counter-claim fails to state a cause of action upon which either punitive or exemplary damages can be awarded, that the Counter-claim to the extent that it seeks exemplary or punitive damages pursuant to Civil Code § 3294, violates Counter-Defendant's right to protection from "excessive fines" as provided by the Eighth Amendment of the United States Constitution, Article I, Section 17, of the Constitution of the State of California, and violates Counter-Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action for punitive or exemplary damages; that the Counter-claim, and each cause of action therein, is barred by reason of Article VI of the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

**(Privilege and Justification)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that his conduct at all times herein was privileged, justified, reasonable and in good faith, without any improper motive, purpose or means, and without hatred, ill will, malice, or intent to injure.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Excuse)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that any breach of duty or conduct by him deemed unlawful was excused.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that his

1  actions were proper and legal and in substantial compliance with all applicable regulations,

2  statutes and ordinances.

3  ### THIRTEENTH AFFIRMATIVE DEFENSE

4  ### (Business Necessity)

5       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

6  AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that his

7  alleged improper conduct, if any, was justified by business necessity.

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9  ### (Res Judicata)

10       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE  COMPLAINT, AND

11  EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-

12  Complainant's claims are barred by res judicata.

13  ### FIFTEENTH AFFIRMATIVE DEFENSE

14  ### (Collateral Estoppel)

15       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

16  AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that

17  Counter-Complainant's claims are barred by collateral estoppel.

18  ### SIXTEENTH AFFIRMATIVE DEFENSE

19  ### (Avoidable Consequences)

20       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

21  AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that

22  Counter-Complainant's claims are subject to the doctrine of avoidable consequences.

23  ### SEVENTEENTH AFFIRMATIVE DEFENSE

24  ### (Statute of Limitations)

25       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

26  AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that

27  Counter-Complainant's claims are time-barred by all applicable statutes of limitations, including

28

but not limited to Code of Civil Procedure sections 337, 338(a), 338(d), 339(1), 340(l), 340(2), 340(3), 343, 359, and California Commercial Code section 2725.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that Counter-Complainant failed to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure of Covenants or Conditions)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that his performance is excused by Counter-Complainant's failure to perform any antecedent or simultaneous contractual covenants or conditions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure of Covenants or Conditions)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that he performed, satisfied and discharged all duties and obligations they may have owed to the Counter-Complainant arising out of any and all agreements, representations or contracts made by them or on behalf of Counter-Defendants, which agreements, representations or contracts are denied, and this action is therefore barred by the provisions of sections 1473, 1474, and/or 1476 of the California Civil Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Violation of Labor Code)

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM, AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that the Counter-claim and all purported causes of action therein are barred by the California Labor Code.

1    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2    **(No Unlawful Conduct)**

3    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

4    AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that he

5    did not authorize, direct, participate in, or have actual or constructive knowledge of, any alleged

6    unlawful conduct.

7    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8    **(Prior Breach)**

9    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

10   AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that

11   Counter-Complainant's claims are barred on the ground that, as to each and every contract,

12   covenant or warranty alleged therein, Counter-Complainant committed a prior breach thereof,

13   excusing any duty of further performance by Counter-Defendant.

14   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15   **(Contract Contrary to Law)**

16   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

17   AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that the

18   contract alleged in the Counter-claim is unenforceable. It is contrary to the express provisions of

19   state and federal laws and regulations.

20   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21   **(Indemnity)**

22   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTER-CLAIM,

23   AND EACH ALLEGED CAUSE OF ACTION THEREIN, Counter-Defendant alleges that any

24   recovery is barred by Counter-Complainant's obligation to indemnify, defend and hold harmless

25   Counter-Defendant.

26   WHEREFORE, Counter-Defendant James W. Bowman, Jr. prays that Counter-

27   Complainants take nothing by way of the Counter-claim, and that Counter-Defendant be

28

**REPLY TO COUNTER-CLAIM**

1    awarded reasonable attorneys' fees and costs of suit incurred herein, together with such other and

2    further relief as the court may deem just and proper.

3

                                              LAW OFFICES OF ALAN F. COHEN
4

5

6    Dated: June 26, 2008                     By _____
                                                  Alan F. Cohen
7                                                 Attorney for Counter-Defendant
                                                  James W. Bowman, Jr.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY TO COUNTER-CLAIM**