David R. Medlin      (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA 94612
Telephone:  (510) 832-2900
Facsimile:  (510) 832-2945
E-mail:     *jrosenthal@mhlawcorp.com*

Attorneys for Defendants/Counter-Claimant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>     Plaintiffs,<br>vs.<br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>     Defendants.<br>_____/<br>CMG Mortgage Inc., a California Corporation<br><br>     Counter-Claimant,<br><br>vs.<br>James W. Bowman, Jr., an individual,<br><br>     Cross-Defendant.<br>_____/ | Case No.: C 07 3140 SI<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>Dept:  Courtroom 10<br>Judge: Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

## I. INTRODUCTION

The Court made a well reasoned decision in denying plaintiffs the ability to name Chris George as a defendant at this late date. Adding Mr. George as a defendant now to new causes of action a month and a half before the trial date will impose a manifest injustice upon Mr. George.

1

Further, this Court properly ruled that plaintiffs failed to show any evidence that it recently learned that Mr. George was misappropriating reserves for his personal and corporate interests. Finally, plaintiff Bowman, the president of plaintiff Pacific Real Estate Management Company, Inc. admitted in his deposition that he has no knowledge of Mr. George having any fraudulent intent to deprive him of his property, thus making this amendment futile.

## II.    ARGUMENT.

A motion for reconsideration will only be granted if the Court is presented with newly discovered evidence, the Court "committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. School Dist. No. 1J. Multnomah County, Or. v. AcandS, Inc. (9th Cir. 1993) 5 F.3d 1255, 1263. Plaintiffs have not presented any new evidence or pointed to any new controlling law. Thus, plaintiffs must demonstrate that the Court committed clear error or the initial decision was manifestly unjust. Plaintiffs have made no such showing.

Plaintiffs claim that they learned at the deposition of Paul Chevez, CMG's CFO, that reserves of PREMCO were not held in separate accounts. Plaintiffs draw the conclusion that CMG used this money to fund its operating accounts. Thus, the Court allowed plaintiffs to amend the complaint to add new causes of action related to these newly discovered facts as to the existing defendants. However, the Court ruled that plaintiffs could not add Mr. George as a defendant because plaintiffs have not pointed to any evidence in their moving parts to support the allegation that they recently learned that Mr. George was misappropriating the reserves for his personal and corporate interests. Court Order Granting Plaintiffs' Motion For Leave To Amend And Granting Defendants' Motion For Leave To File Counter-Claim, Page 4, lines 2-7. It is not logically inconsistent to allow the claims against existing parties and not against new parties. The Court already held that plaintiffs have shown no new facts that they have learned in discovery that implicates Mr. George in the new causes of action that they have added.

In plaintiffs motion for reconsideration, they point to no facts that they stated in the motion to amend that indicated that Mr. George was misappropriating the reserves for his personal and corporate interests. Plaintiffs just refer to the deposition of Mr. Chevez, who stated that the reserves were kept in a CMG operating account. There were no facts alleged that implicated Mr. George in

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Plaintiffs' Motion to file amended complaint\Opp to mx for recon.wpd

1  the intentional torts that plaintiffs seek to add to a complaint against Mr. George.  The Court
2  properly ruled that there is a difference between the liberal pleading allowance for amendment of a
3  pleading against existing parties and adding a party to existing litigation.  Union Pac. R.R. Co. v.
4  Nevada Power Co. (9th Cir. 1991) 950 F. 2d 1429, 1432.  Courts have denied motions for leave to
5  add a party one year after the complaint was filed because it was too prejudicial to the party.
6  Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (6th Cir. 1995) 43 F.3d 1054, 1069.

7       Finally, plaintiff Jim Bowman, the president of plaintiff PREMCO, and the only party
8  making allegations in this matter recently testified at his deposition that he has no knowledge that
9  Mr. George had any intent to defraud defendants.  Deposition of Bowman, 468:4-475:20.  Thus, the
10  proposed amendment against Mr. George for fraud and breach of fiduciary duty are all futile, as they
11  are intentional acts that require intent.  If the plaintiff does not even have knowledge that Mr.
12  George had such intent, the amendment is futile and should not be allowed.  Forman v. Davis (1962)
13  371, U.S. 178, 182.

14  **III.    CONCLUSION.**

15       The Court made a well reasoned decision based on the evidence presented to it by the parties
16  when it concluded that Mr. George should not be added as a defendant to this action at this late date.
17  Plaintiffs have provided no additional information to warrant changing that decision with a month
18  and a half left before trial and discovery essentially being cut off.  The reasoning behind allowing
19  new allegations against the existing defendants was completely consistent with the decision not to
20  let in new allegations against new defendants.  There was no evidence presented as to how plaintiffs
21  recently learned that Mr. George had any involvement in the new allegations.  Further, plaintiff
22  Bowman has already testified that he has no reason to believe that Mr. George had any intent to
23  defraud him.  Thus, defendants respectfully request that the Court maintain its original decision.

24  Date:   July 3, 2008                         **MEDLIN& HARGRAVE**
25                                                A PROFESSIONAL CORPORATION
26
27                                                /s/
                                              Joshua A. Rosenthal,
                                              Attorneys for Defendants/Counter-Claimants
28