United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES W. BOWMAN, et al.,            No. C 07-03140 SI

        Plaintiffs,                     **ORDER GRANTING PLAINTIFFS'**
                                             **MOTION TO COMPEL**
  v.

CMG MORTGAGE, INC., et al.,

        Defendants.
                                        /

        Plaintiffs have filed a letter brief asking the Court to compel defendants to respond to multiple interrogatories propounded by plaintiffs. The Court will address each interrogatory in turn.

        Interrogatory Nos. 1 and 2 seek information about income earned by defendants from loans originated at branches managed by plaintiffs, namely income derived from service release premiums and administrative or underwriting fees. Defendants have refused to provide this information. They argue that because plaintiffs are not entitled to be paid any of this income, the information is not relevant and the burden of production necessarily outweighs plaintiffs' need for the information. Defendants' objection would require the Court to determine the merits of plaintiffs' claims with regard to this income, and as such is not appropriate. If plaintiffs are correct that they may be entitled to a share of this income, evidence regarding the income would be relevant, and it is undisputed that there is no other way for plaintiffs to obtain the information. Accordingly, the Court GRANTS plaintiffs' motion to compel with regard to Interrogatory Nos. 1 and 2.

        Interrogatory Nos. 16-18 seek the contact information of five former employees of defendants. Plaintiffs have provided no explanation as to why these former employees are relevant to this action. Defendants object that it would be an invasion of the privacy rights of the employees to provide

plaintiffs with their last known addresses. The Court is not inclined to find that an invasion of privacy would occur were defendants to release the addresses of these former employees. Therefore, if plaintiffs can articulate a reason why they need to contact these particular individuals, defendants must provide plaintiffs with their last known addresses. No other information from their personnel files shall be disclosed without further order from the Court.

Interrogatory No. 20 seeks information about any civil or administrative proceedings brought against defendants by their employees in the past 10 years. Defendants object that this request is overbroad and burdensome. The Court agrees that the 10 year requested time is excessive, and GRANTS plaintiffs' motion to compel with respect to this interrogatory only for the past 5 years – that is, to 2003.

Finally, in Interrogatory No. 25 plaintiffs seek the contact information of all other branch managers employed by defendants since 2003. Defendants object that plaintiffs already have much of this information. Regardless, the Court GRANTS plaintiffs' motion to compel with respect to this interrogatory.

**IT IS SO ORDERED.**

Dated: July 9, 2008

SUSAN ILLSTON
United States District Judge