David R. Medlin (SBN 77417)
G. Bradley Hargrave (SBN 173911)
Joshua A. Rosenthal (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA 94612
Telephone: (510) 832-2900
Facsimile: (510) 832-2945
E-mail: *jrosenthal@mhlawcorp.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>            Plaintiffs,<br>    vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>            Defendants.<br>_____/<br>CMG Mortgage Inc., a California Corporation<br><br>            Counter-Claimant,<br><br>    vs.<br><br>James W. Bowman, Jr., an individual,<br><br>            Cross-Defendant.<br>_____/ | Case No.: C 07 3140 SI<br><br>DEFENDANTS' OBJECTION TO EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION<br><br>Date:   July 25, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom 10<br>Judge:  Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

Defendants make the following objections to the evidence provided in support of plaintiffs' motion for summary adjudication. <u>FDIC v. New Hampshire Ins. Co.</u> (9th Cir. 1991) 953 F.2d 478, 484.

1

**Paragraph 23 (page 6, lines 24-27) of Declaration of James Bowman and Exhibit G.**

Plaintiff Bowman attached documents that he possessed from at least February of 2007 to January of 2008. These are documents that plaintiff is claiming makes up his claims. However, plaintiff did not produce these documents as part of his initial disclosures nor did he produce them as part of a subsequent inspection demand which sought, "All documents evidencing YOUR claim that propounding parties failed to pay in excess of $1.2 million in expenses for the VANCOUVER BRANCH and FEDERAL WAY BRANCH, in violation of the facilities agreements for said branches."[1]

These are documents that were obviously in the possession of plaintiffs for quite some time - at least a year and a half. A party is not permitted to use as evidence at trial, at a hearing, or on a motion any information not disclosed in an initial disclosure. FRCP 37(c)(1). The only way a party can use the information is if the failure to disclose was harmless. In this case, the failure was not harmless. Defendants have had no opportunity to investigate this claim or question plaintiff Bowman about this claim. Plaintiffs' claim that CMG violated Labor Code Section 2802 by making an employee liable for expenses. While that is not the case (as explained in the opposition), this is the only evidence that plaintiffs have put forward in support of this proposition. The evidence should not be considered in this motion due to plaintiffs' failure to disclose this information prior to bringing this motion.

In addition to not providing Exhibit G prior to attaching it as an exhibit to a summary adjudication motion, plaintiffs have failed to provide any foundation for the evidence and have failed to provide a complete document. First, plaintiff Bowman has not provided any foundation for the documents and have failed to properly explain what they are and what they mean. Federal Rule of Evidence 901(a) requires that as a condition precedent to admissibility there needs to be evidence sufficient to support a finding that the matter in question is what its proponent claims. All Bowman

---

[1] The quoted inspection demand is 1(a) from defendants' inspection demand to plaintiffs, which was filed with this court as part of the declaration of Joshua A. Rosenthal filed with defendants' motion to compel compliance with inspection demand on April 25, 2008, document number 44.

2

DEFENDANTS' OBJECTION TO EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Plaintiff's MSA 06.23.2008\Opposition\objection to evidence.wpd

stated was that some of the documents indicated that it was evidence that a company was trying to collect debts from Bowman. However, there has been no foundation laid as to whether the collection company is trying to collect debts from Bowman or PREMCO (an important distinction that would negate any claim under Labor Code Section 2802).

Also, there has been no foundation laid as to what debts are allegedly being sought by these documents. These documents are allegedly invoices for credit reports pulled for borrowers during the loan process. Ordinarily, an invoice would indicate the charge for each credit report being purchased, the name of the borrower and the date it was purchased. There is an invoice in February of 2007, but it does not include any indication of what credit reports were pulled, for what borrowers and when. It very well could have been for borrowers for whom Bowman closed loans after he left CMG. CMG has already demonstrated that Bowman misappropriated loans started in January of 2007 and closed them with his new employer after January 31, 2007. Without the date and borrower information for the credit reports, there is no way of knowing whether Bowman is claiming unpaid bills for loans that he misappropriated and/or credit reports that he may have been paid for by Sierra Pacific when he closed the loans with them.[2] The invoice could also be for credit reports that Bowman did not have authorization to purchase.

Also, it is impossible to tell whether the letters requesting payment of a past due balance are in any way related to the invoice submitted in Exhibit G. The letters requesting payment could be for a different invoice. There is no way of telling because the letters don't refer to the invoice and Bowman didn't make any claim that the letters were related to the invoice. The letters requesting

---

[2]It was discovered for the first time in the deposition of the Person Most Knowledgeable of the relationship between plaintiffs and Sierra Pacific (Bowman's new employer) on July 5, 2008, that Bowman started working for his new employer, Sierra Pacific, while still employed with his old employer, CMG Mortgage, Inc. Bowman told Sierra Pacific that he was terminated as early as January 17, 2007, when he signed a new sub-lease of his office space with Sierra Pacific (Exhibit 3). His loan activity, as indicated in Exhibit 5 of defendants opposition to defendants' opposition indicates that he was already acting as an employee of Sierra Pacific - submitting loans while still employed by CMG. However, his sub-lease and employment with CMG was not over until 5:00 p.m. on January 31, 2007. Thus, Bowman is asking for payment of his rent per the Facilities Agreement when he had a sub-lease already in place with Sierra Pacific for half that month. Deposition of Osborn, 20:24-21:19, 22:4-19, 24:4-11, 46:5-20.

3

payment could have been for a subsequent invoice (after Bowman's termination) and the invoice in question could have already been paid.  The amounts requested in the letters ($392.56) are different than the amount listed on the invoice ($355.35).  There is no indication from the evidence provided that the invoice has any connection to the letters demanding payment - thus, there is no evidence that there were unpaid bills for which Bowman was individually responsible.  Since, plaintiffs did not produce these documents in discovery, there was no opportunity to question Bowman on this important issue.

Finally, the third page of Exhibit G is a fax cover sheet. It states that there are 16 pages to the fax, plus the fax cover sheet.  It appears that the invoice (the last page of Exhibit G) was one of the pages in the fax (from the fax header).  However, plaintiff did not include any of the other pages of the fax.  In light of the fact that the invoice does not include information about the nature of the charges, this incomplete exhibit is not the best evidence of the invoice and its contents and has not been properly authenticated.  The lack of information as to the charges that comprise the invoice and an indication that the information exists but was intentionally omitted by the declaration demonstrates that it is not the best evidence of amounts, if any, charged to plaintiffs. FRE 901(a) & 1002.  Defendants respectfully request that Paragraph 23 and Exhibit G be stricken and any reference to the paragraph and exhibit be stricken from the moving papers.

**Paragraph 24 of Declaration of Bowman**

Bowman declared how CMG does business and how it makes money.  However, there is absolutely no evidence that this is based on the personal knowledge of the declarant and thus completely lacks foundation.  Bowman has not stated how he knows the sources of CMG's income and the amount of interest it could be saving.  There is no foundation as to how Bowman may know any of the details of what percentage CMG must put down to make a loans.  Bowman worked on the retail side as a mortgage broker of CMG.  There is no indication in his declaration that he has any reason to know how a mortgage banker makes loans.  Federal Rule of Evidence 602.  Defendants respectfully request that Paragraph 24 be stricken and any reference to the paragraph be stricken from the moving papers.

4

| | |
|---|---|
| Date: July 14, 2008 | **MEDLIN & HARGRAVE**<br>A PROFESSIONAL CORPORATION |
| | By: _____<br>Joshua A. Rosenthal,<br>Attorneys for Defendants |

5