Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
415.984.1943 (tel.)
415.984.1953 (fax)
cohenlaw@mindspring.com

Angela M. Xavier (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

Attorneys for Plaintiffs and Cross-Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation<br><br>    Plaintiffs,<br><br>  v.<br><br>CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,<br><br>    Defendants. | Case No.: C-07-3140-SI<br><br>**PLAINTIFFS' OBJECTIONS AND MOTION TO STRIKE DEFENDANTS' EVIDENCE OPPOSING MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |
| CMG Mortgage Inc., a California Corporation<br><br>    Counter-Claimant,<br><br>  v.<br><br>James W. Bowman, Jr., an individual,<br><br>    Cross-Defendant. | |

1    CASE NO.: C-07-3140-SI
**PLAINTIFFS' OBJECTION TO EVIDENCE**

Plaintiffs object to the admission of the following evidence submitted by Defendants in opposition to Plaintiffs' motion for summary adjudication.

### A. Evidentiary requirements on summary adjudication

Evidence submitted in support of or in opposition to a motion for summary adjudication must meet all evidentiary requirements for admissibility. Such evidence must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the declarant is competent to testify to the matters stated. Fed. R. Civ. Proc. 56(e)(1).

### B. Declaration of Patricia Mitchell

**1.   Paragraph 3 – Lack of Foundation, Hearsay, No Personal Knowledge**

Paragraph 3 begins, "Beginning in October of 2005, *I understand that* . . ." (emphasis added). There is no evidence that the Declarant has any personal knowledge of any of the ensuing testimony. The Declarant does not state the basis of her "understanding" or show that she is competent to testify to the matter stated. "(H)earsay evidence in Rule 56 affidavits is entitled to no weight." *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (internal quotes omitted). Plaintiff objects to the admission of this entire paragraph and moves that it be stricken.

**2.   Paragraph 4 – Lack of Foundation, Hearsay, No Personal Knowledge**

Plaintiff objects to the first sentence of this paragraph as lacking foundation and constituting hearsay. The Declarant states "From and after October of 2005, *at Bowman's direction, I was instructed to* . . ." (emphasis added). There is no evidence that the Declarant has personal knowledge that Mr. Bowman made any such direction, nor is it clear who gave the instruction to the Declarant. This is artifice. It does not state that Mr. Bowman directed the Declarant to do anything, or that he instructed her to do anything (since he in fact did not). The intention is that the writer should read that Mr. Bowman gave the "direction" and "instruction" to Ms. Mitchell, but the sentence is phrased artfully and ambiguously enough to allow Defendants to later state that the instruction in question came from someone else. The "direction" phrase is repeated on the next page at 3:2-7. Plaintiff objects to the admission of these two sentences and moves that they be stricken.

### 3. Paragraph 7 – Lack of Foundation, Hearsay, No Personal Knowledge

Plaintiff objects to this paragraph and the attached exhibits as hearsay. There is no indication that these were business records regularly kept in the course of business, or of any other indicia of reliability. To meet the requirements of Rule 56, documents "are required to be authenticated by affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial." *Zoslaw v. MCA Distributing Corp.* (9th Cir. 1982) 693 F.2d 870, 883; see also ND CA Rule 7–5(a)—"evidentiary matters must be appropriately authenticated by affidavit or declaration." To the extent these documents are being used to indicate the existence of "additional expenses," they are double hearsay, since there is no evidence supporting either the existence of these supposed expenses or the data allegedly cited by the Declarant.

### 4. Paragraph 8 – Lack of Foundation, Hearsay, No Personal Knowledge

This paragraph states that the Declarant has reviewed Mr. Bowman's payroll records and that they indicate that he was paid certain amounts. The payroll records are not attached, nor is there any foundation laid for their authenticity or exception from the hearsay rule.

Again, there is no foundation for the Declarant's testimony, which at best recites that she read data from uncertain hearsay documents and is reciting it for the Court. There is no indication that the "payroll records" satisfy the requirements for introduction of business records. Plaintiffs move that this paragraph be stricken.

### B. Declaration of Paul Chevez

### 1. Paragraph 7-9 – Lack of Foundation, Hearsay, No Personal Knowledge

This paragraph contains the same language to the effect that Defendants did something "at Bowman's direction" (page 3, line 23). As with the identical language inserted in Ms. Mitchell's declaration, this, too, fails to provide a foundation for the subject matter of the paragraph. There is no indication that Mr. Bowman "directed" Mr. Chevez to do anything; in fact, there is no evidence that Mr. Bowman communicated this direction to anyone (since, in

fact, he did not). Mr. Chevez does not state that he communicated with Mr. Bowman, nor does he identify which representative of Defendants supposedly did, when this "direction" was supposed to have occurred, or what the context was supposed to have been.

Nor is there any foundation for the remainder of the paragraph. Mr. Chevez states in paragraph 1 that he is CFO of CMG Mortgage, Inc. and describes his job duties (much of which appear to have been cut-and-pasted from Patricia Mitchell's job duties). There are no facts indicating the basis for the statements in paragraph 7. To the extent this purports to describe the terms of the contracts between Mr. Bowman and Defendants, the documents speak for themselves and are not subject to interpretation by a percipient witness without a foundation for such testimony (*i.e.,* ambiguity, uncertainty, or some other cognizable reason for admission of parol evidence). To the extent this and subsequent paragraphs purport to testify how payments to Mr. Bowman were handled, there is no indication what the source of Mr. Chevez's knowledge is supposed to be. Is he reciting information from business records? If so, this testimony is hearsay absent a proper foundation. Does he have personal knowledge of these transactions? He does not say. Accordingly, this testimony is inadmissible. Plaintiff moves that paragraphs 7-9 be stricken in their entirety.

In the alternative, if the Court declines to strike these entire paragraphs, Plaintiff moves that at the very least the second sentence of paragraph 7 containing the "at Bowman's direction" hearsay be stricken.

**2.    Paragraph 10 – Parol Evidence Rule, Lack of Foundation, No Personal Knowledge, Relevance**

The paragraph begins, "The way the contracts were set up to work . . . ." This is parol evidence, offered to vary or at least interpret the parties' agreements. As noted in Plaintiff's Reply, these were integrated agreements. See Exhibits A-D of Bowman Decl. Accordingly, parol evidence is inadmissible for any purpose, but especially for the purpose here, which is to further interpret the agreements (and really to vary their meaning) beyond what is within the four corners of the documents. The parol evidence rule prohibits the introduction of any such extrinsic evidence to vary, alter, or augment the terms of an integrated agreement. Civ. Code

§§ 1625, 1856; *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 343. Moreover, to the extent that Mr. Chevez's declaration is intended to state Defendants' supposed <u>*subjective*</u> understanding of the agreement, the testimony is irrelevant. *Winet v. Price* (1992) 4 Cal.App.4th 1159, 1166.

Nor is there any indication that the Declarant even has personal knowledge of the subject matter of his testimony. There is no foundation demonstrating that Mr. Chevez was involved in negotiating, executing, or implementing the contracts in question. There is no evidence that he communicated with Mr. Bowman about the contracts. There is no indication that this is anything but an attempt by Defendants' attorney to run his own testimony through an available witness. Nor does Mr. Chevez lay a foundation for his knowledge about PREMCO's leases discussed in this paragraph. Plaintiff objects to this evidence and moves that paragraph 10 be stricken.

**3.     Paragraph 13 – Incompetent Opinion Testimony, Parol Evidence, Lack of Foundation, No Personal Knowledge, Relevance**

Mr. Chevez states on page 5, lines 18-19 that the marketing credits owed to Mr. Bowman are not wages. Whether or not some item of payment constitutes wages within the broad meaning of Labor Code § 200 is a legal conclusion that only the Court can decide.[1] Defendants' subjective intent, and Mr. Chevez's understanding of the ramifications of their agreement, are not relevant. "[T]he term 'wages' should be deemed to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as a part of his compensation." *DIR v. UI Video Stores, Inc.* (1997) 55 Cal.App.4th 1084, 1091. Moreover, Mr. Chevez, as a lay witness, cannot offer any opinion testimony about whether or not an item of compensation constitutes "wages" within the meaning of the Labor Code.

Similarly, Mr. Chevez's declaration does not lay a foundation for his testimony about the rights and obligations of the parties under their agreement providing for marketing credits. To the extent that Mr. Chevez offers that "CMG was under no obligation to convert the credits into

---

[1] Labor Code § 200 provides: "As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

cash value," this is parol evidence and inadmissible to explain or vary the terms of the parties' agreement. Plaintiffs move to have paragraph 13 stricken.

**4.      Paragraph 14 – Parol Evidence, Lack of Foundation, No Personal Knowledge, Relevance**

In paragraph 14, the Declarant again purports to interpret the terms and conditions of the Facility Agreements. This, again, is inadmissible parol evidence. To the extent that this interpretation varies from the objective meaning of the integrated agreement (for example, describing the "Provider" under the agreement to include only PREMCO, when the plain language of the agreement defines the term to include both PREMCO and Mr. Bowman), it must be stricken.

Secondly, this paragraph, too, contains inadmissible hearsay. Beginning on page 5, line 25, the Declarant testifies that "This was explained to Bowman on more than one occasion . . .," and then purports to introduce an email from someone other than the Declarant to Mr. Bowman. There is no indication of personal knowledge about what was explained to Mr. Bowman, when, or by whom. The attached email is from someone other than Mr. Chevez, and he was not even copied on it. Plaintiff therefore moves to have this paragraph and the accompanying Exhibit 14 stricken.

**5.      Paragraphs 15, 16 – Lack of Foundation, No Personal Knowledge**

The Declarant does not state that he has any basis for his assertions in paragraph 15. He does not state that he was personally involved in any of these transactions. He does not identify what information he is relying on in making these statements. There is no foundation laid for any exception from hearsay that would allow him to repeat what he has been told or even what he may have obtained from documents. Similarly, the Declarant's testimony in paragraph 16 appears to be based on simply reading the documents attached as Exhibit 15. These are hearsay, and therefore so is the Declarant's testimony. There is no foundation laid that would allow to these documents to come into evidence under the business records exception to the hearsay rule or any other exception. Plaintiff moves that paragraphs 15 and 16, and Exhibit 15 be stricken from the record.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | LAW OFFICES OF ALAN F. COHEN |
| Dated: July 18, 2008 | By  /s/ Alan Cohen  <br>     Alan F. Cohen  <br>     Attorneys for Plaintiffs |

7                                      CASE NO.: C-07-3140-SI

**PLAINTIFFS' OBJECTION TO EVIDENCE**