

MEDLIN &
HARGRAVE
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
jrosenthal@mhlawcorp.com

July 21, 2008

*Via E-Filing and U.S. Mail*

Honorable Susan Illston
Unisted States District Court,
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

Re:   *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
      *U.S. District Court, Northern District of California*
      *Case No.: C07-3140 MEJ*

Dear Judge Illston:

This letter is in response to the Court's ruling on defendants' motion to compel plaintiff's compliance with an inspection demand (Docket Item No. 56). Defendants sought plaintiff to produce loan files started prior to January 31, 2007 that closed after January 31, 2007. The Court ruled that in light of plaintiffs' employer Sierra Pacific providing that information pursuant to a subpoena, that the motion did not need to be heard and for defendants to inform the Court if they felt otherwise.

Defendants received the documents and had a chance to review them, take the deposition of a Person Most Knowledgeable at Sierra Pacific and complete the deposition of James Bowman. It is not entirely clear whether all of the documents related to the loans at issue have been produced. As a compromise, defendants asked plaintiffs to provide all of the documents in their possession related to any loans started prior to January 31, 2007 and completed thereafter, to the extent it had different or additional document (a copy of the request is attached as Exhibit A). If plaintiffs did not have any additional documents, then to produce a statement that it possesses no additional documents. Plaintiffs have refused to comply.

Defendants are entitled to know whether plaintiffs misappropriated any additional loan files other than the ones produced by Sierra Pacific and if plaintiffs have any additional documents that would shed more light on how much work was performed on the loans prior to Bowman's termination. Documents in Bowman's possession could include credit reports pulled

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 21, 2008
Page 2

for borrowers, loan disclosure documents and loan applications. These documents have dates and could indicate how much work Bowman did for Sierra Pacific while he was still employed by CMG. This provides evidence in support of CMG Mortgage, Inc.'s counter-claim against Bowman and also provides a defense to plaintiffs' claim of unpaid expenses for the last month of plaintiffs' affiliation with CMG Mortgage, Inc. Plaintiffs are demanding reimbursement for expenses for that last month when plaintiffs were already affiliated with another mortgage loan originator, sending loans to that originator and having expenses reimbursed by that originator.

Thus, defendants respectfully request the Court order plaintiffs to provide any additional documents in their possession (including any electronic records related to the applicable loans). This will not require duplication of work, as plaintiffs will not have to produce any documents not already produced by Sierra Pacific. If there are no additional documents in their possession, defendants request a statement that no additional documents exist.

Thank you for your consideration of this matter.

Sincerely,

Joshua A. Rosenthal

JAR:alb
court.04.jar.wpd
cc:   Client
      Angela Xavier
      Alan Cohen

# EXHIBIT A

**From:** Joshua A. Rosenthal [jrosenthal@mhlawcorp.com]
**Sent:** Monday, June 30, 2008 1:25 PM
**To:** 'Alan Cohen'
**Cc:** 'David R. Medlin'; 'bhargrave@mhlawcorp.com'
**Subject:** RE: response to your meet and confer

Alan,

With regard to the documents that were the subject of CMG's previous motion to compel – if you don't have responsive documents please state that you don't have responsive documents. You have objected and opposed motions regarding documents and have indicated that you have responsive documents. With respect to the subpoena to SPM, it redacted identifying information regarding the borrowers. I want the documents in your clients' possession that apply to the loan files as produced by SPM. I don't need duplicates of what SPM produced, I just want any additional documents in your clients' possession related to the files at issue. You can redact the borrower information. If you do not produce it I will request it as a follow up with the court.

Thank you,

Josh Rosenthal

---

**From:** Alan Cohen [mailto:cohenlaw@mindspring.com]
**Sent:** Friday, June 20, 2008 2:53 PM
**To:** Joshua A. Rosenthal
**Subject:** Re: response to your meet and confer

Josh:

When you scheduled the depositions, and when you sent your meet and confer letter on June 9, there was no mention of resolving the production disputes before the deposition. The first mention was in your June 17 email, to which I responded on June 19. It is not my responsibility to plan for the Defendants' deposition prep if you do not bring this into the conversation.

I cannot amend the responses until after the depo - I simply don't have time. We do plan to produce some documents, so as a courtesy I can move the production up to the deposition date, with the understanding that any documents are being produced subject to responses and objections that will be forthcoming after the production . As to the ones within Plaintiff's control, these do not pose a problem. There are other documents you requested, however, that are Sierra Pacific's confidential or proprietary property. Until they give permission for Mr. Bowman to produce these, it is out of his or my hands. I have already asked SPM's counsel for instructions on these documents.

I have no idea what you mean by documents that relate to the documents provided by SPM. We will produce those documents responsive to Def's requests to Mr. Bowman that are within the scope of discovery and are not subject to withholding on the grounds of privacy or privilege.

As for Def's motion to compel, once and for all Mr. Bowman has no loan files in his possession, custody or control from January through March 2007. You know better than I do that branches forward the loan files to their central offices after the loans close. It appears that SPM has provided documents from the time period you requested from those loan files. Since you came to an agreement with SPM as to which documents they would produce, I am at a loss to understand why you believe Mr. Bowman either possesses or is authorized to produce SPM loan files.

-Alan


Alan F. Cohen
*Attorney at Law*
101 Montgomery Street, Suite 2050
San Francisco, CA  94104
cohenlaw@mindspring.com
415.984.1943 *(tel.)*
415.984.1953 *(fax)*


This email may contain confidential or legally privileged information.  It is intended only for the addressee's use; if you are not the intended recipient please notify the sender by email that you have received this in error and delete this message from your computer.  You are hereby notified that any disclosure, copying, forwarding, distribution, or any use of the contents of this email by anyone other than the intended recipient is strictly prohibited and may result in criminal or civil liability.



On Jun 20, 2008, at 12:07 PMJun/20/08, Joshua A. Rosenthal wrote:


Alan,

Please provide amended responses and the responsive documents immediately and before your client's deposition, as stated in your letter of June 19, 2008. Defendants in no waive their rights to challenge the further responses provided, to the extent that plaintiffs claim to be withholding any documents under any claim of privilege or privacy.

Also, I will be asking the court for an order related to defendants' motion to compel discovery.  The court stated that the inspection demand may be mooted by the documents to be produced by Sierra Pacific. We just received the documents produced by Sierra Pacific.  Thus, we would like any documents that are in

file:///M|/CMG/85-0706-02%20Bowman/Correspondence/RE%20response%20to%20your%20meet%20and%20confer.htm

Case 3:07-cv-03140-SI     Document 91     Filed 07/21/2008     Page 6 of 6

your clients' possession that relate to the documents provided by Sierra Pacific, to the extent that your clients have additional or different documents that relate to the loans at issue. If you do not agree to provide those documents, I will ask the court to make an order for your client to provide those documents. If it is your clients' contention that he does not have any such additional documents, please provide a statement to that effect.

Thank you,

Josh Rosenthal

---

**From:** Alan Cohen [mailto:cohenlaw@mindspring.com]
**Sent:** Thursday, June 19, 2008 2:44 PM
**To:** Joshua Rosenthal
**Subject:** response to your meet and confer

Please see attached letter.

Alan F. Cohen
*Attorney at Law*
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
cohenlaw@mindspring.com
415.984.1943 *(tel.)*
415.984.1953 *(fax)*


This email may contain confidential or legally privileged information. It isintended only for the addressee's use; ifyou are not the intended recipient please notify the sender by email that you have received this in error and delete this message from your computer. You are hereby notified that any disclosure, copying, forwarding, distribution, or any use of the contents of this email by anyone other than the intended recipient is strictly prohibited andmay result in criminal or civil liability.

file:///M|/CMG/85-0706-02%20Bowman/Correspondenc...20response%20to%20your%20meet%20and%20confer.htm (3 of 3) [7/21/2008 12:03:28 PM]