

**MEDLIN & HARGRAVE**
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
jrosenthal@mhlawcorp.com

July 25, 2008

*Via E-Filing and U.S. Mail*

Honorable Susan Illston
Unisted States District Court,
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

Re:   *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
      *U.S. District Court, Northern District of California*
      Case No.: C07-3140 MEJ

**Defendants' Motion To Compel Plaintiffs' Further Responses
To Special Interrogatories and Request For Production of Documents**

Dear Judge Illston:

Defendant CMG Mortgage, Inc. and CMG Mortgage Services, Inc. (sometimes referred to collectively as "CMG") is moving to compel compliance with written discovery propounded on Bowman and Pacific Real Estate Management Co. (collectively "Plaintiffs"). Defendants sent a meet and confer letter immediately after receiving the responses to address the deficient responses. Plaintiffs did not respond to the letter by the deadline requested and plaintiffs' counsel stated that he would not be responding because he did not have time and wasn't planning on changing any of his responses. Declaration of Rosenthal, para. 13. Counsel did have a telephone conversation on July 23, 2008, wherein plaintiffs' counsel agreed to address a few of the numerous inadequate responses. Declaration of Rosenthal, para. 14. However, the vast amount of the discovery remains unanswered and subject to frivolous objections. Plaintiffs' inability or unwillingness to respond in writing to a meet and confer letter underlines the lack of care plaintiffs' have for the discovery process. They would rather pose frivolous objections than respond to discovery regarding the allegations in the lawsuit.

Defendants are filing one discovery motion to address 5 different discovery requests. Instead of filing 5 different motions, defendants have consolidated all of the request into 1 motion. Thus, the motion exceeds the allotted 5 pages but is much less voluminous than it would be if it were 5 separate motions.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 2

Special Interrogatories from CMG Mortgage, Inc. to PREMCO

### SPECIAL INTERROGATORY NO. 9

Itemize all attorneys' fees and costs you have incurred to date in pursuit of this lawsuit, for which YOU are seeking compensation from Defendants.

### RESPONSE TO SPECIAL INTERROGATORY NO. 9

Plaintiff objects to this interrogatory as seeking information protected by the attorney-client privilege or attorney work-product doctrine and outside the scope of discovery. Plaintiff's agreements with his attorneys concerning fees and costs are confidential under California law. Moreover, fees and costs are not damages and are not properly subject to a discovery request.

Plaintiffs have asked for attorneys' fees in their prayer for damages. It is a component of the amount sought from defendants. Thus, defendants are entitled to know the amount of attorney's fees thus far incurred. Defendants are aware of no state law which prohibits discovery of this information and plaintiffs have pointed to no such law. This is basic damage information and should be disclosed. The amount of fees is not a privileged matter and it in no way breaches the attorney client privilege. If it were, a party could never obtain attorney fees from an opposing party.

### SPECIAL INTERROGATORY NO. 10

IDENTIFY all borrowers for whom YOU, BOWMAN or any entity located at either address of the BRANCHES closed loans from January 1, 2007 through March 30, 2007.

### RESPONSE TO SPECIAL INTERROGATORY NO. 10

Plaintiff objects that this interrogatory seeks information protected by the borrowers' right of privacy.

CMG Mortgage, Inc. filed a counter claim alleging that Bowman started loans with CMG while still employed by CMG in January of 2007 and closed them with another company after January of 2007. Bowman admitted to doing so but will not identify the borrowers or loans in

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 3

question. There is a protective order in place in this matter. Thus, the privacy rights of the borrowers, if any, are adequately protected as there will be not disclosure of the information outside of this litigation.

During the meet and confer telephone call, Mr. Cohen stated he would ask the attorney for Sierra Pacific whether the information could be provided. Declaration of Rosenthal, para. 14. However, this is evidence of Mr. Bowman's misappropriation and is necessary to CMG's defenses as well as its counter-claim. It is not information that Bowman can claim belongs to other people - especially in light of the protective order in place and in light of the fact that he has sought and been granted the names and addresses of numerous former CMG employees and net branch operators.

### SPECIAL INTERROGATORY NO. 25

If YOU ever filed federal tax returns, state the years it filed said returns.

### RESPONSE TO INTERROGATORY NO. 25

Plaintiff objects to this interrogatory as unintelligible, violating the responding party's right of privacy, and outside the scope of discovery. Whether or not PREMCO filed federal tax returns is not likely to lead to the discovery of admissible evidence.

Whether or not PREMCO filed federal tax returns is not privileged information. Webb v. Standard Oil Co. (1957) 49 Cal.2d 509, 513-514. Plaintiffs have claimed that PREMCO is a sham corporation - that it only conducted business with CMG upon CMG's demand, that it was not properly capitalized and that it was not a real corporation and had no other business than with CMG. Thus, defendants are entitled to know whether or not that is true. Such information would include whether PREMCO ever filed taxes.

Special Interrogatories from CMG Mortgage Services, Inc. to PREMCO

### SPECIAL INTERROGATORY NO.1

If PREMCO ever filed Washington State tax returns, state the years it filed said returns.

### RESPONSE TO INTERROGATORY NO.1

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 4

>    Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege or attorney work-product doctrine; seeks information protected by the right of privacy; seeks information not calculated to lead to the discovery of admissible evidence.

CMG requests this information for the same reason requested in 25 above.

Special Interrogatories from CMG Mortgage, Inc. to Bowman

### SPECIAL INTERROGATORY NO. 18

>    Itemize all attorneys' fees and costs you have accrued to date in pursuit of this lawsuit, for which YOU are seeking compensation from Defendants.

### RESPONSE TO INTERROGATORY NO. 18

>    Plaintiff objects to this interrogatory as seeking information protected by the attorney client privilege or attorney work-product doctrine and outside the scope of discovery. Plaintiffs agreements with his attorneys concerning fees and costs are confidential under California law. Moreover, fees and costs are not damages and not properly subject to a discovery request.

CMG requests a response to this interrogatory for the same reason as specified in interrogatory 9, above.

Special Interrogatories from CMG Mortgage Services, Inc. to Bowman

### SPECIAL INTERROGATORY NO. 5

>    State all facts in support of YOUR affirmative defenses to CMG Mortgage, Inc.'s counter-claim.

### RESPONSE TO SPECIAL INTERROGATORY NO.5

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 5

>Plaintiff objects to this interrogatory as compound, overbroad, and unduly burdensome, inasmuch as it seeks "all facts" concerning 25 separate affirmative defenses. In addition, Plaintiff objects to this interrogatory as inapplicable as directed to Plaintiff inasmuch as it asks Plaintiff to respond to a counter-claim against a cross-defendant.

There is simply no justification for this objection. Bowman filed an answer with 25 affirmative defenses. He needs to provide facts to support them. As Plaintiffs' counsel knows, this is a California judicial counsel form interrogatory (15.1). Additionally, Plaintiff asked CMG the same question in special interrogatories set one (no. 19). This is Exhibit B to a previously filed motion to compel (docket no. 65. CMG provided a full response to this interrogatory. It is incredibly disingenuous to make a discovery request and then refuse to comply with it. It is not compound, as it is all related to the same request - facts about each affirmative defense.

### SPECIAL INTERROGATORY NO.7

>Itemize all monetary damages that YOU suffered related to the claim that YOU suffered emotional distress as a result of Defendants' alleged conduct, as stated in Paragraph III of the SECOND AMENDED COMPLAINT.

### RESPONSE TO SPECIAL INTERROGATORY NO.7

>Plaintiff objects to this interrogatory as invading the province of the jury, in that only the fact finder can determine the full monetary value on emotional distress damages.

Plaintiff Bowman claimed he suffered emotional distress as a result of the conversion of his money. However, he has refused to quantify how much he is seeking to compensate him. It is patently unfair to make a claim for monetary relief and then refuse to provide an amount that it is worth. Such refusal makes it impossible to resolve a claim and it is simply something that a defendant is entitled to know. Plaintiffs' justification for his refusal (which he stated in counsel's meet and confer conference) was that if he provided a number now and then provided a more reasonable number for the jury, that defendants would use that against him. I told him to give me the number he was planning on providing to the jury. However, he refused. Declaration of Rosenthal, para. 14. CMG respectfully request that plaintiff be compelled to quantify his emotional distress damages or withdraw the claim.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 6

### SPECIAL INTERROGATORY NO. 10

If YOU contend that YOU are entitled to retain any portion of the sums received by CMG in connection with defendants funding of a mortgage loan, state all facts by which YOU contend that YOU would be required to return said sums to defendants.

### RESPONSE TO SPECIAL INTERROGATORY NO. 10

Plaintiff objects that the interrogatory is vague, ambiguous, and unintelligible.

Defendants explained this interrogatory in the meet and confer letter and then on the phone to Mr. Cohen. Mr. Cohen claimed to understand it after it was explained to him on the phone. However, he refused to provide a further response. Declaration of Rosenthal, para. 15. Plaintiffs are claiming that it is entitled to all sums that CMG may have earned from sales of loans in the secondary market as well as loan origination fees on brokered loans. CMG claims that Bowman is not entitled to secondary market income. Thus, defendants want to know if there are any circumstances whereby plaintiffs contend they would have to return that money - for example if there was an early refinance and the investor required a refund of an origination fee. Bowman is claiming that he is entitled to all of the reward from the business relationship (with includes over 10 times the amount of money that CMG earned). CMG wants to know if there are any circumstances whereby he has any risk.

Request For Production of Documents 3

a) All contracts between BOWMAN and/or PREMCO and any mortgage loan originator from 2000 to the present.

**Response**

Plaintiffs object to the Request as overbroad as to time and seeking documents outside the scope of discovery.
Notwithstanding and without waiving these objections, Plaintiffs respond that they are unable to comply because no such documents exist.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 7

During the meet and confer telephone call, Mr. Cohen stated that he thought this request was seeking different documents. It is seeking documents related to any contracts with any other mortgage loan originator Bowman and/or PREMCO may have entered into. Mr. Cohen stated he would look for any contracts with other mortgage loan originators and PREMCO, but did not believe he had to comply with a requests for contracts with Bowman, because it was protected by his right of privacy. Declaration of Rosenthal, para. 16.

Documents related to Bowman's current contracts with Sierra Pacific have already been produced. They are relevant just as any other documents indicating Bowman's relationship in other net branch arrangements demonstrate the custom and practice in the industry, which is a key issue in this matter. Further, to the extent Bowman has claimed that he does not know how net branching arrangements work, CMG is entitled to see if he was involved in other similar net branch arrangements. Finally, there are no privacy concerns regarding his previous employment contracts. There is a protective order in place anyway, to the extent there are any such concerns.

> c) All corporate by-laws for PREMCO.
> d) All Articles of Incorporation for PREMCO.
> e) All DOCUMENTS related to bank records in the name of PREMCO.

**Response**

> Plaintiffs object to the Request as seeking documents outside the scope of discovery and protected by the corporation's right to privacy.

Plaintiffs have claimed that PREMCO is a sham corporation, it does nothing other than act as a subterfuge for CMG's requirements and is not properly capitalized. Thus, defendants are entitled to information regarding the corporation, the reason why it was established and bank records indicating its capitalization. Plaintiffs have sought the same information from defendants and received it. It is just as relevant for defendants and it should be produced.

> i) All DOCUMENTS evidencing capital contributions to PREMCO from any source, including its initial capitalization.
>
> j) All DOCUMENTS relating to YOUR financial accounts (e.g. bank accounts, securities accounts, etc.) from 2003 to the present.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 8

> k)   All DOCUMENTS relating to your issuance of stock.
> l)   All DOCUMENTS identifying PREMCO's corporate officers at any time from 2003 to the present.
> m)   All DOCUMENTS memorializing the minutes of meetings of PREMCO's Board of Directors oat any time from 2003 to the present.
> n)   All DOCUMENTS memorializing the minutes of PREMCO's shareholders meetings at any time from 2003 to the present.
> o)   All DOCUMENTS identifying PREMCO's shareholders since you were incorporated.
> p)   All DOCUMENTS relating to PREMCO's distributions to shareholders.
> q)   All DOCUMENTS relating to loans PREMCO made to BOWMAN.
> r)   All DOCUMENTS relating to business transactions PREMCO entered into with BOWMAN.
> s)   All DOCUMENTS relating to approval of business transactions PREMCO entered into with BOWMAN.
> v)   All financial records of PREMCO from 2003 to the present.
> ee)  All business records of PREMCO from 2003 to the present.
>
> **Response**
>
> Plaintiffs object that the Request seeks documents protected by the right of privacy and outside the scope of discovery.[1]

For the same reasons stated in responses (c)-(e), these documents should be produced. Plaintiffs have claimed that PREMCO is a fake corporation only established and used for CMG's purposes of avoiding the Labor Code. Thus, PREMCO has placed its corporate status at issues and CMG is entitled to know information about its capitalization, its sources of income and its

---

[1] Plaintiffs also object that (j) & (k) seek information from two parties. That is true - (j) seeks documents from Bowman related to his financial accounts to determine how he was funding PREMCO and seeks it from PREMCO to see how it was funded. (k) seeks documents from both plaintiffs related to the issuance of PREMCO stock. It was most likely to Bowman because he has been the primary shareholder for most of PREMCO's existence.

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 9

relationship with its president, plaintiff Bowman. This is relevant in light of plaintiffs' claim that the corporation is a sham. Defendants are entitled to disprove that theory. To the extent there are any privacy concerns, they were waived by plaintiffs asserting that the corporation is a sham. Finally, there is a protective order in place which should address any concerns regarding privacy issues.

> w) All documents indicating the net worth of BOWMAN.
> x) All financial statements of James W. Bowman, Jr.
> y) Records of all accounts in the name of BOWMAN.
> z) All accounts (savings, checking, money market, etc.) in which BOWMAN is a signatory.
> aa) Records of all stock owned by BOWMAN.
> bb) All DOCUMENTS related to any real property owned by BOWMAN.
> cc) All DOCUMENTS related to any vehicles or boats owned by BOWMAN.
> dd) Records of any purchase money financing or refinancing of any properties by BOWMAN from 2003 to the present.

**Response**

> Plaintiffs object that the Request seeks documents protected by the right of privacy and outside the scope of discovery.

Defendant CMG Mortgage, Inc. is entitled to information regarding Bowman's net worth for its punitive damages claim in its counter-claim. StreetScenes v. ITC Entertainment Group, Inc., 103 Cal.App.4th 233 (2002). There is a protective order in place so there is no concern regarding Bowman's privacy. This is necessary information to prepare for the punitive damages claim at trial and it is discoverable information.

**Conclusion**

Plaintiffs have refused to comply with their discovery obligations. They have refused to respond to basic requests that they themselves propounded. Additionally, they refuse to provide documents to support their more outrageous allegations in this lawsuit. Finally, plaintiffs barely participated in the meet and confer process. They would not respond to a meet and confer letter and only met and conferred during a telephone conversation to state that they wouldn't be

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 25, 2008
Page 10

changing anything substantive. Defendants respectfully request that their discovery requests be compelled.

Sincerely,

Joshua A. Rosenthal

JAR:xt
court.03.jar.wpd
cc:     Client
        Angela Xavier