1  David R. Medlin       (SBN 77417)
   G. Bradley Hargrave   (SBN 173911)
2  Joshua A. Rosenthal   (SBN 190284)
   MEDLIN & HARGRAVE
3  A Professional Corporation
   One Kaiser Plaza, Suite 1305
4  Oakland, CA  94612
   Telephone:     (510) 832-2900
5  Facsimile:     (510) 832-2945
   E-mail:        jrosenthal@mhlawcorp.com
6
   Attorneys for Defendants and Counter-Claimant
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 James W. Bowman, Jr. and Pacific Real Estate      Case No.: C 07 3140 SI
   Management Company, Inc., a Washington
11 Corporation,                                      **DECLARATION OF JOSHUA A.
                                                     ROSENTHAL IN SUPPORT OF MOTION
12                           Plaintiffs,             TO COMPEL FURTHER DISCOVERY
                   vs.                               RESPONSES**
13
   CMG Mortgage Inc., a California Corporation;
14 CMG Mortgage, Inc., d/b/a Pacific Guarantee
   Mortgage, CMG Mortgage Services, Inc., a
15 California Corporation, CMG Mortgage Services,     File date: June 14, 2007
   Inc. d/b/a Pacific Guarantee Mortgage,            Trial date: August 25, 2008
16
                             Defendants.
17 _____/

18 CMG Mortgage Inc., a California Corporation

19                    Counter-Claimant,

20

21                    vs.

22 James W. Bowman, Jr., an individual,

23                    Cross-Defendant.
   _____/
24

25 **DECLARATION OF JOSHUA A. ROSENTHAL**

26         I, Joshua A. Rosenthal, declare:

27         1.      I am an attorney at law duly licensed to practice before this court all courts of this state and

28 an attorney with Medlin & Hargrave, a P.C.

---

1

DECLARATION OF JOSHUA A. ROSENTHAL IN SUPPORT OF MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to Compel Compliance with final disco\Decl of JAR.wpd

1    2.    Attached hereto as Exhibit A is a true and correct copy of the special interrogatories

2    propounded by CMG Mortgage, Inc. to PREMCO on June 16, 2008.

3    3.    Attached hereto as Exhibit B is a true and correct copy of the special interrogatories

4    propounded by CMG Mortgage Service, Inc. to PREMCO on June 16, 2008.

5    4.    Attached hereto as Exhibit C is a true and correct copy of the special interrogatories

6    propounded by CMG Mortgage, Inc. to James Bowman on June 16, 2008.

7    5.    Attached hereto as Exhibit D is a true and correct copy of the special interrogatories

8    propounded by CMG Mortgage Service, Inc. to Bowman on June 16, 2008.

9    6.    Attached hereto as Exhibit E is a true and correct copy of the request for production of

10   documents propounded by CMG Mortgage, Inc. to Bowman and PREMCO on June 16, 2008.

11   7.    Attached hereto as Exhibit F is a true and correct copy of PREMCO's responses to the

12   special interrogatories propounded by CMG Mortgage, Inc., served on July 16, 2008.

13   8.    Attached hereto as Exhibit G is a true and correct copy of PREMCO's  responses to the

14   special interrogatories propounded by CMG Mortgage Services , Inc., served on July 16, 2008.

15   9.    Attached hereto as Exhibit H is a true and correct copy of Bowman's responses to the

16   special interrogatories propounded by CMG Mortgage, Inc., served on July 16, 2008.

17   10.    Attached hereto as Exhibit I is a true and correct copy of Bowman's responses to the

18   special interrogatories propounded by CMG Mortgage Services, Inc., served on July 16, 2008.

19   11.    Attached hereto as Exhibit J is a true and correct copy of Bowman and PREMCO's

20   responses to the request for production of documents propounded by CMG Mortgage, Inc., served on July

21   16, 2008.

22   12.    On or about July 18, 2008, I sent a meet and confer letter regarding the discovery

23   responses at issue in this motion to counsel for plaintiffs requesting a response by noon on July 22, 2008,

24   A true and correct copy of the letter is attached hereto and marked as Exhibit K.

25   13.    I did not receive a response to the letter by the requested time.  I talked with plaintiffs'

26   counsel, Mr. Cohen, on or about July 22, 2008 via telephone to find out if he would be responding to the

27   meet and confer letter.  He told me he would not be responding via letter because he did not have the time

28   and did not think that he would be changing any of his responses anyway.

DECLARATION OF JOSHUA A. ROSENTHAL IN SUPPORT OF MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to Compel Compliance with final disco\Decl of JAR.wpd

1        14.    We arranged a time to meet and confer via telephone on or about July 24, 2008.  During

2    the meet and confer discussion, Mr. Cohen told me that, with respect to special interrogatory 10 from

3    CMG Mortgage, Inc. to PREMCO, that he would ask the attorney for Sierra Pacific (Bowman's current

4    employer and the company that closed the loans) for permission to release the information.  Additionally,

5    in our meet and confer conference, Mr. Cohen refused to provide an amount of damages related to

6    Bowman's emotional distress claim because if he provided a number now and then provided a more

7    reasonable number for the jury, that defendants would use that against him.  I told him to give me the

8    number he was planning on providing to the jury.  However, he refused.

9        15.    I explained interrogatory 10 from CMG Mortgage Services, Inc. to Bowman in the meet

10   and confer letter and then on the phone to Mr. Cohen.  I stated that since Plaintiffs are claiming that they

11   are entitled to all sums that CMG may have earned from sales of loans in the secondary market as well as

12   loan origination fees on brokered loans, defendants want to know if there are any circumstances whereby

13   plaintiffs contend they would have to return that money - for example if there was an early refinance and

14   the investor required a refund of an origination fee. Mr. Cohen claimed to understand it after it was

15   explained to him on the phone.   However, he refused to provide a further response.

16       16.    In response to request for production of documents 3(a), Mr. Cohen stated that he did not

17   understand the request to be seeking contracts between Bowman and/or PREMCO and other mortgage

18   loan originators, such as previous employers or businesses which they were involved in net branch

19   arrangements.  When Mr. Cohen understood that during our meet and confer telephone call, he said he

20   would look to see if there were any other contracts with PREMCO but refused to provide any contracts

21   with Bowman because he claimed it violated Bowman's privacy rights.

22       I declare under penalty of perjury under the laws of the United States that the foregoing is true and

23   correct, and if sworn as a witness, I could and would testify competently thereto.

24       Executed at Oakland, California, on July 25, 2008.

25

26

27                      /s/ _____
                        Joshua A. Rosenthal

28

DECLARATION OF JOSHUA A. ROSENTHAL IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\Motion to Compel Compliance with final disco\Decl of JAR.wpd

# EXHIBIT A

1    David R. Medlin      (SBN 77417)
     G. Bradley Hargrave  (SBN 173911)
2    Joshua A. Rosenthal  (SBN 190284)
     MEDLIN & HARGRAVE
3    A Professional Corporation
     One Kaiser Plaza, Suite 1305
4    Oakland, CA  94612
     Telephone:    (510) 832-2900
5    Facsimile:    (510) 832-2945
     E-mail:       jrosenthal@mhlawcorp.com
6
     Attorneys for Defendants
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10   James W. Bowman, Jr. and Pacific Real Estate          Case No.: C 07 3140 SI
     Management Company, Inc., a Washington
11   Corporation,                                          SPECIAL INTERROGATORIES PER RULE
                                                           34
12                         Plaintiffs,
                    vs.
13
     CMG Mortgage Inc., a California Corporation;
14   CMG Mortgage, Inc., d/b/a Pacific Guarantee
     Mortgage, CMG Mortgage Services, Inc., a
15   California Corporation, CMG Mortgage Services,
     Inc. d/b/a Pacific Guarantee Mortgage,
16
                         Defendants.
17                                                    /
     CMG Mortgage Inc., a California Corporation
18
                         Counter-Claimant,
19

20                  vs.

21   James W. Bowman, Jr., an individual,

22
                         Cross-Defendant.
23   _____/

24       PROPOUNDING PARTY:        Defendants CMG Mortgage, Inc.

25       RESPONDING PARTY:         Pacific Real Estate Management Company, Inc., a

26                                 Washington Corporation

27       SET NO:                   ONE

28   ///

                                         1

1    Defendants CMG Mortgage, Inc. requests plaintiffs Pacific Real Estate Management Company,

2  Inc., a Washington Corporation respond within 30 days to the following special interrogatories.

3                                    **DEFINITIONS**

4    The terms "YOU" and "YOUR" shall mean and refer to the responding party, Plaintiff Pacific

5  Real Estate Management Company, Inc., a Washington Corporation.

6    The term "SECOND AMENDED COMPLAINT" shall refer to the proposed second amended

7  complaint that plaintiffs attached to their motion for leave to amend.  As of the date of service of these

8  interrogatories, plaintiffs have not filed a second amended complaint but have expressed their desire,

9  and have been given permission by the Court to do so.

10    The term "IDENTIFY" shall refer to the name and last known address and phone number of the

11  person or persons identified.

12    The term "BOWMAN" shall mean and refer to the plaintiff/cross-defendant James W. Bowman,

13  Jr.

14    The term "FACILITIES AGREEMENTS " shall mean the Facilities Agreement attached to the

15  First Amended Complaint and the operative Facilities Agreements during the duration of the plaintiffs

16  relationship with defendants.

17    The term "BRANCHES" shall mean and refer to the Pacific Guarantee Mortgage branches that

18  were located at 500 West 8th Street, Suite 100, Vancouver, WA 98660 and 2505 South 320th Street,

19  Suite 260, Federal Way, WA 98003.

20  **SPECIAL INTERROGATORY NO. 1**

21    State all facts evidencing YOUR contention that defendants wrongfully converted YOUR

22  security deposits and used them to their own financial gains, as stated in paragraph 26 of YOUR

23  SECOND AMENDED COMPLAINT.

24  **SPECIAL INTERROGATORY NO. 2**

25    State all facts evidencing YOUR contention that YOU were required to pay a "Security

26  Deposit," as stated in paragraph 26 of YOUR SECOND AMENDED COMPLAINT.

27  ///

28  ///

2

1 **SPECIAL INTERROGATORY NO. 3**

2       State all facts evidencing YOUR contention that defendants failed to properly segregate and

3 properly account for the security deposits, as stated in paragraph 26 of YOUR SECOND AMENDED

4 COMPLAINT.

5 **SPECIAL INTERROGATORY NO. 4**

6       For each breach by defendants of the FACILITIES AGREEMENTS that YOU allege, describe

7 every act or omission that YOU allege constitutes the breach.

8 **SPECIAL INTERROGATORY NO. 5**

9       Describe each part of the FACILITIES AGREEMENTS that YOU allege are partially oral.

10 **SPECIAL INTERROGATORY NO. 6**

11       For each breach by defendants of the partially oral parts of any agreement between YOU and

12 Defendants, describe every act or omission that YOU allege constitutes the breach.

13 **SPECIAL INTERROGATORY NO. 7**

14       Describe each part of the FACILITIES AGREEMENTS that YOU allege are partially implied in

15 fact.

16 **SPECIAL INTERROGATORY NO. 8**

17       For each breach by defendants of the partially implied in fact parts of any agreement between

18 YOU and Defendants, describe every act or omission that YOU allege constitutes the breach.

19 **SPECIAL INTERROGATORY NO. 9**

20       Itemize all attorneys' fees and costs you have incurred to date in pursuit of this lawsuit, for

21 which YOU are seeking compensation from Defendants.

22 **SPECIAL INTERROGATORY NO. 10**

23       IDENTIFY all borrowers for whom YOU, BOWMAN or any entity located at either address of

24 the BRANCHES closed loans from January 1, 2007 through March 30, 2007.

25 **SPECIAL INTERROGATORY NO. 11**

26       Itemize all compensation of any kind YOU, BOWMAN or any entity located at either address of

27 the BRANCHES earned for all loan activity for borrowers identified in the previous interrogatory.

28 ///

3

DEFENDANT CMG MORTGAGE, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO PREMCO C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs premco from inc.final.wpd

1 **SPECIAL INTERROGATORY NO. 12**

2    IDENTIFY all documents in YOUR possession related to all of YOUR loan activity for

3 borrowers identified in the interrogatory 11.

4 **SPECIAL INTERROGATORY NO. 13**

5    State all facts evidencing YOUR contention that Defendants breached the implied covenant of

6 good faith and fair dealing with the intent and effect of depriving YOU of the benefits of the contractual

7 terms, as stated in paragraph 69 of your SECOND AMENDED COMPLAINT.

8 **SPECIAL INTERROGATORY NO. 14**

9    State all facts evidencing YOUR contention that YOU are entitled to the benefits and

10 protections of the California Labor Code, as stated in paragraph 73 of your SECOND AMENDED

11 COMPLAINT.

12 **SPECIAL INTERROGATORY NO. 15**

13    If YOU contend that any part of the FACILITIES AGREEMENTS is unenforceable, state all

14 facts evidencing such contention.

15 **SPECIAL INTERROGATORY NO. 16**

16    If YOU contend that any part of the FACILITIES AGREEMENTS is illegal, state all facts

17 evidencing such contention.

18 **SPECIAL INTERROGATORY NO. 17**

19    State all facts in support of YOUR claim that YOU suffered emotional distress as a result of

20 Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND AMENDED COMPLAINT.

21 **SPECIAL INTERROGATORY NO. 18**

22    Itemize all monetary damages that YOU suffered related to the claim that YOU suffered

23 emotional distress as a result of Defendants' alleged conduct, as stated in Paragraph 111 of the

24 SECOND AMENDED COMPLAINT.

25 **SPECIAL INTERROGATORY NO. 19**

26    Identify all medical records indicating treatment sought by YOU for YOUR emotional distress,

27 as stated in Paragraph 111 of the SECOND AMENDED COMPLAINT.

28 ///

4

1  **SPECIAL INTERROGATORY NO. 20**

2      State all facts evidencing YOUR contention that defendants failed to properly segregate and

3  properly account for the security deposits, as stated in paragraph 26 of your SECOND AMENDED

4  COMPLAINT.

5  **SPECIAL INTERROGATORY NO. 21**

6      If YOU contend that defendants were obligated to segregate and account for security deposits

7  funded by YOU, state all facts which support the contention.

8  **SPECIAL INTERROGATORY NO. 22**

9      If YOU contend that YOU did not provide defendants with the initial security deposits for the

10  Vancouver or Federal Way branches, state all facts which support the contention.

11  **SPECIAL INTERROGATORY NO. 23**

12      State all facts evidencing YOUR contention that Defendants owed YOU a fiduciary duty, as

13  stated in paragraph 115 of your SECOND AMENDED COMPLAINT.

14  **SPECIAL INTERROGATORY NO. 24**

15      State all facts evidencing YOUR contention that Defendants breached any fiduciary duty owed

16  YOU, as stated in paragraph 116 of your SECOND AMENDED COMPLAINT.

17  **SPECIAL INTERROGATORY NO. 25**

18      If YOU ever filed federal tax returns, state the years it filed said returns.

19

20  Date: June 16, 2008                          **MEDLIN & HARGRAVE**
                                                 A PROFESSIONAL CORPORATION
21

22
                                       By:
23                                             Joshua A. Rosenthal,
                                               Attorneys for Defendants/Counter-Claimant
24

25

26

27

28

5

# EXHIBIT B

1  David R. Medlin      (SBN 77417)
   G. Bradley Hargrave   (SBN 173911)
2  Joshua A. Rosenthal   (SBN 190284)
   MEDLIN & HARGRAVE
3  A Professional Corporation
   One Kaiser Plaza, Suite 1305
4  Oakland, CA 94612
   Telephone:    (510) 832-2900
5  Facsimile:    (510) 832-2945
   E-mail:      *jrosenthal@mhlawcorp.com*
6
   Attorneys for Defendants
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  James W. Bowman, Jr. and Pacific Real Estate        Case No.: C 07 3140 SI
    Management Company, Inc., a Washington
11  Corporation,                                        SPECIAL INTERROGATORIES PER RULE
                                                        34
12                      Plaintiffs,
                vs.
13
    CMG Mortgage Inc., a California Corporation;
14  CMG Mortgage, Inc., d/b/a Pacific Guarantee
    Mortgage, CMG Mortgage Services, Inc., a
15  California Corporation, CMG Mortgage Services,
    Inc. d/b/a Pacific Guarantee Mortgage,
16
                        Defendants.
17                                                /
    CMG Mortgage Inc., a California Corporation
18
                    Counter-Claimant,
19

20              vs.

21  James W. Bowman, Jr., an individual,

22
                    Cross-Defendant.
23                                                /

24       PROPOUNDING PARTY:          Defendants CMG Mortgage Services, Inc.

25       RESPONDING PARTY:           Pacific Real Estate Management Company, Inc., a

26                                   Washington Corporation

27       SET NO:                     ONE

28  ///

                                        1

DEFENDANT CMG MORTGAGE SERVICES, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO PREMCO C
07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs premco from svcs.final.wpd

1    Defendants CMG Mortgage Services, Inc. requests plaintiffs Pacific Real Estate Management

2  Company, Inc., a Washington Corporation respond within 30 days to the following special

3  interrogatories.

4                                      **DEFINITIONS**

5    The terms "YOU" and "YOUR" shall mean and refer to the responding party, Plaintiff Pacific

6  Real Estate Management Company, Inc., a Washington Corporation.

7  **SPECIAL INTERROGATORY NO. 1**

8    If PREMCO ever filed Washington State tax returns, state the years it filed said returns.

9  Date: June 16, 2008                          **MEDLIN & HARGRAVE**
                                                A PROFESSIONAL CORPORATION
10

11
                                                By:
12                                                    Joshua A. Rosenthal,
                                                    Attorneys for Defendants/Counter-Claimant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

# EXHIBIT C

David R. Medlin      (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA 94612
Telephone:    (510) 832-2900
Facsimile:    (510) 832-2945
E-mail:       jrosenthal@mhlawcorp.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>        Plaintiffs,<br>vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>        Defendants.<br>_____/<br>CMG Mortgage Inc., a California Corporation<br><br>        Counter-Claimant,<br><br>        vs.<br><br>James W. Bowman, Jr., an individual,<br><br>        Cross-Defendant.<br>_____/ | Case No.: C 07 3140 SI<br><br>SPECIAL INTERROGATORIES PER RULE 34 |

PROPOUNDING PARTY:      Defendants CMG Mortgage Services, Inc.

RESPONDING PARTY:      James W. Bowman, Jr.

SET NO:                ONE

Defendants CMG Mortgage Services, Inc. requests plaintiffs James W. Bowman, Jr. respond

within 30 days to the following special interrogatories.

1

DEFENDANT CMG MORTGAGE SERVICES, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO BOWMAN
C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs bowman FROM MTG SVCS.final.wpd

1

### DEFINITIONS

2     The terms "YOU" and "YOUR" shall mean and refer to the responding party, plaintiff/cross-

3  defendant James W. Bowman, Jr.

4     The term "SECOND AMENDED COMPLAINT" shall refer to the proposed second amended

5  complaint that plaintiffs attached to their motion for leave to amend. As of the date of service of these

6  interrogatories, plaintiffs have not filed a second amended complaint but have expressed their desire,

7  and have been given permission by the Court to do so.

8     The term "IDENTIFY" shall refer to the name and last known address and phone number of the

9  person or persons identified.

10     The term "PREMCO" shall mean Plaintiff Pacific Real Estate Management Company, Inc., a

11  Washington Corporation.

12     The term "BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS " shall mean

13  the Branch Management and Employment Agreements attached to the First Amended Complaint and

14  the operative Branch Management and Employment Agreements during the duration of the plaintiffs

15  relationship with defendants.

16  ### SPECIAL INTERROGATORY NO. 1

17     State all facts evidencing YOUR contention, as stated in paragraph 138 of the SECOND

18  AMENDED COMPLAINT that the revised Branch Management Agreements were contrary to the

19  fundamental, substantial, and well-established public policy set forth in the Labor Code.

20  ### SPECIAL INTERROGATORY NO. 2

21     State all facts evidencing YOUR contention that YOU are entitled to money received by CMG

22  Mortgage, Inc. in connection with the sales of loans it funded, as stated in paragraph 18(d) of your

23  SECOND AMENDED COMPLAINT.

24  ### SPECIAL INTERROGATORY NO. 3

25     State all facts evidencing YOUR contention that Expenses were improperly classified, as stated

26  in paragraph 18(b) of your SECOND AMENDED COMPLAINT.

27  ///

28  ///

DEFENDANT CMG MORTGAGE, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO BOWMAN C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs bowman from mtg inc.final.wpd

1 | **SPECIAL INTERROGATORY NO. 4**

2 | State all facts evidencing YOUR contention that defendants failed to account for numerous

3 | items charged as Expenses against Gross Income, thus wrongfully reducing YOUR wages, as stated in

4 | paragraph 18(c) of your SECOND AMENDED COMPLAINT.

5 | **SPECIAL INTERROGATORY NO. 5**

6 | State all facts evidencing YOUR contention that defendants failed to include all "income earned

7 | and derived from the Branch Office" in its calculation of Gross Income, as stated in paragraph 18(d) of

8 | your SECOND AMENDED COMPLAINT.

9 | **SPECIAL INTERROGATORY NO. 6**

10 | State all facts evidencing YOUR contention that YOU were required to pay a "Security

11 | Deposit," as stated in paragraph 26 of your SECOND AMENDED COMPLAINT.

12 | **SPECIAL INTERROGATORY NO. 7**

13 | State all facts evidencing YOUR contention that defendants failed to properly segregate and

14 | properly account for the security deposits, as stated in paragraph 26 of your SECOND AMENDED

15 | COMPLAINT.

16 | **SPECIAL INTERROGATORY NO. 8**

17 | State all facts evidencing YOUR contention that defendants wrongfully converted YOUR

18 | security deposits and used them to their own financial gains, as stated in paragraph 26 of your

19 | SECOND AMENDED COMPLAINT.

20 | **SPECIAL INTERROGATORY NO. 9**

21 | State all facts evidencing YOUR contention that defendants had any obligation to pay YOU

22 | interest on Security Deposits, as stated in paragraph 27 of your SECOND AMENDED COMPLAINT.

23 | **SPECIAL INTERROGATORY NO. 10**

24 | State all facts evidencing YOUR contention that YOU are owed an amount greater than $12,306

25 | in compensation related to Marketing Credits, as stated in paragraph 30 of your SECOND AMENDED

26 | COMPLAINT.

27 | ///

28 | ///

1    **SPECIAL INTERROGATORY NO. 11**

2       State all facts evidencing YOUR contention that Defendants used the "Reserves" to meet their

3    general financial obligations, as stated in paragraph 34 of your SECOND AMENDED COMPLAINT.

4    **SPECIAL INTERROGATORY NO. 12**

5       State all facts evidencing YOUR contention that Defendants have a practice of holding

6    employees other than YOU responsible for expenses incurred in the course and scope of their

7    employment, as stated in paragraphs 38 and 39 of your SECOND AMENDED COMPLAINT.

8    **SPECIAL INTERROGATORY NO. 13**

9       For each breach by defendants of the BRANCH MANAGEMENT AND EMPLOYMENT

10   AGREEMENTS that YOU allege, describe every act or omission that YOU allege constitutes the

11   breach.

12   **SPECIAL INTERROGATORY NO. 14**

13      Describe each part of the BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS

14   that YOU allege are partially oral.

15   **SPECIAL INTERROGATORY NO. 15**

16      For each breach by defendants of the partially oral parts of any agreement between YOU and

17   Defendants, describe every act or omission that YOU allege constitutes the breach.

18   **SPECIAL INTERROGATORY NO. 16**

19      Describe each part of the BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS

20   that YOU allege are partially implied in fact.

21   **SPECIAL INTERROGATORY NO. 17**

22      For each breach by defendants of the partially implied in fact parts of any agreement between

23   YOU and Defendants, describe every act or omission that YOU allege constitutes the breach.

24   **SPECIAL INTERROGATORY NO. 18**

25      Itemize all attorneys' fees and costs you have accrued to date in pursuit of this lawsuit, for

26   which YOU are seeking compensation from Defendants.

27   ///

28   ///

4

1 | **SPECIAL INTERROGATORY NO. 19**

2 | State all reasons why PREMCO did not close any loans started prior to January 31, 2007 with

3 | CMG after January 31, 2008.

4 | **SPECIAL INTERROGATORY NO. 20**

5 | State all facts evidencing YOUR contention that Defendants breached the implied covenant of

6 | good faith and fair dealing with the intent and effect of depriving YOU of the benefits of the contractual

7 | terms, as stated in paragraph 69 of your SECOND AMENDED COMPLAINT.

8 | **SPECIAL INTERROGATORY NO. 21**

9 | State all facts evidencing YOUR contention that YOU were told by any employee of Defendants

10 | at any time that YOU were required to contribute to the "Reserves" by the Department of Housing and

11 | Urban Development, as stated in paragraph 86 of your SECOND AMENDED COMPLAINT. (And Do

12 | for PREMCO).

13 | **SPECIAL INTERROGATORY NO. 22**

14 | State all facts evidencing YOUR contention that YOU were told by any employee or officer of

15 | Defendants at any time that Defendants were withholding Reserves from YOUR wages to ensure

16 | against Branch Losses, as stated in paragraph 87 of your SECOND AMENDED COMPLAINT.

17 | **SPECIAL INTERROGATORY NO. 23**

18 | State all facts evidencing YOUR contention that Defendants owed YOU a fiduciary duty, as

19 | stated in paragraph 115 of your SECOND AMENDED COMPLAINT.

20 | **SPECIAL INTERROGATORY NO. 24**

21 | State all facts evidencing YOUR contention that Defendants breached any fiduciary duty owed

22 | YOU, as stated in paragraph 116 of your SECOND AMENDED COMPLAINT.

23 | **SPECIAL INTERROGATORY NO. 25**

24 | State all facts evidencing YOUR contention that YOU expended and lost money in direct

25 | consequence of the discharge of YOUR duties, as stated in paragraph 133 of your SECOND

26 | AMENDED COMPLAINT.

27 | ///

28 | ///

DEFENDANT CMG MORTGAGE, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO BOWMAN C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs bowman from mtg inc.final.wpd

1   Date: June 16, 2008                              **MEDLIN & HARGRAVE**
                                                     A PROFESSIONAL CORPORATION
2

3

4                                                    By: _____
                                                        Joshua A. Rosenthal,
5                                                       Attorneys for Defendants/Counter-Claimant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT D

1 | David R. Medlin      (SBN 77417)
  | G. Bradley Hargrave   (SBN 173911)
2 | Joshua A. Rosenthal   (SBN 190284)
  | MEDLIN & HARGRAVE
3 | A Professional Corporation
  | One Kaiser Plaza, Suite 1305
4 | Oakland, CA 94612
  | Telephone:     (510) 832-2900
5 | Facsimile:     (510) 832-2945
  | E-mail:      jrosenthal@mhlawcorp.com
6 |
  | Attorneys for Defendants
7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | James W. Bowman, Jr. and Pacific Real Estate          Case No.: C 07 3140 SI
   | Management Company, Inc., a Washington
11 | Corporation,                                          SPECIAL INTERROGATORIES PER RULE
   |                                                       34
12 |                       Plaintiffs,
   |            vs.
13 |
   | CMG Mortgage Inc., a California Corporation;
14 | CMG Mortgage, Inc., d/b/a Pacific Guarantee
   | Mortgage, CMG Mortgage Services, Inc., a
15 | California Corporation, CMG Mortgage Services,
   | Inc. d/b/a Pacific Guarantee Mortgage,
16 |
   |                       Defendants.
17 |                                                    /
   | CMG Mortgage Inc., a California Corporation
18 |
   |                       Counter-Claimant,
19 |
20 |            vs.
21 | James W. Bowman, Jr., an individual,
22 |
   |                       Cross-Defendant.
23 |                                                    /

24 | PROPOUNDING PARTY:            Defendants CMG Mortgage, Inc.

25 | RESPONDING PARTY:             James W. Bowman, Jr.

26 | SET NO:                  ONE

27 | Defendants CMG Mortgage, Inc. requests plaintiffs James W. Bowman, Jr. respond within 30

28 | days to the following special interrogatories.

1

1 **DEFINITIONS**

2    The terms "YOU" and "YOUR" shall mean and refer to the responding party, plaintiff/cross-

3 defendant James W. Bowman, Jr.

4    The term "SECOND AMENDED COMPLAINT" shall refer to the proposed second amended

5 complaint that plaintiffs attached to their motion for leave to amend. As of the date of service of these

6 interrogatories, plaintiffs have not filed a second amended complaint but have expressed their desire,

7 and have been given permission by the Court to do so.

8    The term "IDENTIFY" shall refer to the name and last known address and phone number of the

9 person or persons identified.

10    The term "PREMCO" shall mean Plaintiff Pacific Real Estate Management Company, Inc., a

11 Washington Corporation.

12    The term "BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS " shall mean

13 the Branch Management and Employment Agreements attached to the First Amended Complaint and

14 the operative Branch Management and Employment Agreements during the duration of the plaintiffs

15 relationship with defendants.

16 **SPECIAL INTERROGATORY NO. 1**

17    State all facts evidencing YOUR contention that YOU expended and lost money in direct

18 consequence of the discharge of YOUR duties, as stated in paragraph 133 of your SECOND

19 AMENDED COMPLAINT.

20 **SPECIAL INTERROGATORY NO. 2**

21    State all facts evidencing YOUR contention that Defendants never fully indemnified YOU for

22 the interest expenditures YOU incurred in the course and scope of YOUR employment, as stated in

23 paragraph 134 of your SECOND AMENDED COMPLAINT.

24 **SPECIAL INTERROGATORY NO. 3**

25    If YOU contend that any part of the BRANCH MANAGEMENT AND EMPLOYMENT

26 AGREEMENTS are unenforceable, state all facts evidencing such contention.

27 ///

28 ///

2

1  **SPECIAL INTERROGATORY NO. 4**

2      If YOU contend that any part of the BRANCH MANAGEMENT AND EMPLOYMENT

3  AGREEMENTS are illegal, state all facts evidencing such contention.

4  **SPECIAL INTERROGATORY NO. 5**

5      State all facts in support of YOUR affirmative defenses to CMG Mortgage, Inc.'s counter-claim.

6  **SPECIAL INTERROGATORY NO. 6**

7      State all facts in support of YOUR claim that YOU suffered emotional distress as a result of

8  Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND AMENDED COMPLAINT.

9  **SPECIAL INTERROGATORY NO. 7**

10      Itemize all monetary damages that YOU suffered related to the claim that YOU suffered

11  emotional distress as a result of Defendants' alleged conduct, as stated in Paragraph 111 of the

12  SECOND AMENDED COMPLAINT.

13  **SPECIAL INTERROGATORY NO. 8**

14      Identify all medical records indicating treatment sought by YOU for YOUR emotional distress,

15  as stated in Paragraph 111 of the SECOND AMENDED COMPLAINT.

16  **SPECIAL INTERROGATORY NO. 9**

17      Itemize, by borrower name and date of closing, the total amount of compensation received by

18  YOU, PREMCO, and/or any loan agent or employee of PREMCO, for all loans funded by any of the

19  defendants.

20  **SPECIAL INTERROGATORY NO. 10**

21      If YOU contend that YOU are entitled to retain any portion of the sums received by CMG in

22  connection with defendants funding of a mortgage loan, state all facts by which YOU contend that

23  YOU would be required to return said sums to defendants.

24  **SPECIAL INTERROGATORY NO. 11**

25      Do YOU contend that defendants were able sell every loan originated by the Federal Way and

26  Vancouver branches while affiliated with defendants?

27  ///

28  ///

DEFENDANT CMG MORTGAGE SERVICES, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO BOWMAN
C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 1 -special rogs bowman FROM MTG SVCS.final.wpd

1 | **SPECIAL INTERROGATORY NO. 12**

2 | If YOU contend that defendants were obligated to segregate and account for security deposits

3 | funded by PREMCO, state all facts which support the contention.

4 | **SPECIAL INTERROGATORY NO. 13**

5 | If YOU contend that PREMCO did not provide defendants with the initial security deposits for

6 | the Vancouver or Federal Way branches, state all facts which support the contention.

7 | **SPECIAL INTERROGATORY NO. 14**

8 | If YOU contend that YOU were entitled to retain loan files initiated prior to YOUR termination

9 | which closed after YOUR termination, state all facts that support the contention.

10 | **SPECIAL INTERROGATORY NO. 15**

11 | If YOU contend that YOU are entitled to solicit business from borrowers whose names YOU

12 | first learned of while employed by defendants after the termination of YOUR employment by

13 | defendants, state all facts that support the contention.

14 |

15 | Date: June 16, 2008

**MEDLIN & HARGRAVE**
A PROFESSIONAL CORPORATION

By: _____

Joshua A. Rosenthal,
Attorneys for Defendants/Counter-Claimant

4

# EXHIBIT E

1  David R. Medlin      (SBN 77417)
   G. Bradley Hargrave  (SBN 173911)
2  Joshua A. Rosenthal  (SBN 190284)
   MEDLIN & HARGRAVE
3  A Professional Corporation
   One Kaiser Plaza, Suite 1305
4  Oakland, CA  94612
   Telephone:    (510) 832-2900
5  Facsimile:    (510) 832-2945
   E-mail:       jrosenthal@mhlawcorp.com
6
   Attorneys for Defendants
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 James W. Bowman, Jr. and Pacific Real Estate     Case No.: C 07 3140 SI
   Management Company, Inc., a Washington
11 Corporation,                                      REQUEST FOR PRODUCTION OF
                                                     DOCUMENTS UNDER RULE 34 (SET
12                     Plaintiffs,                   TWO)
             vs.
13
   CMG Mortgage Inc., a California Corporation;
14 CMG Mortgage, Inc., d/b/a Pacific Guarantee
   Mortgage, CMG Mortgage Services, Inc., a
15 California Corporation, CMG Mortgage Services,
   Inc. d/b/a Pacific Guarantee Mortgage,
16
                      Defendants.
17 _____/
   CMG Mortgage Inc., a California Corporation
18
                  Counter-Claimant,
19
20                   vs.

21 James W. Bowman, Jr., an individual,

22
                  Cross-Defendant.
23 _____/

24    PROPOUNDING PARTY:        Defendants CMG Mortgage Inc., CMG Mortgage, Inc.,

25                              d/b/a Pacific Guarantee Mortgage, CMG Mortgage

26                              Services, Inc., CMG Mortgage Services, Inc. d/b/a Pacific

27                              Guarantee Mortgage

28

                                    1

1    RESPONDING PARTY:              James W. Bowman, Jr. and plaintiff Pacific Real Estate

2                                   Management Company, Inc., a Washington Corporation

3    SET NO:                        THREE

4

5         Defendants CMG Mortgage Inc., CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG

6    Mortgage Services, Inc., CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage requests

7    plaintiff/cross defendant James W. Bowman, Jr. and plaintiff Pacific Real Estate Management

8    Company, Inc., a Washington Corporation respond within 30 days to the following requests.  The time

9    and date for the inspection shall be 10:00 a.m. on July 16, 2008.  The place for the inspection shall be

10   the law offices of Medlin & Hargrave, P.C., One Kaiser Plaza, Suite 1305, Oakland, California 94612.

11                                            **DEFINITIONS**

12        The terms "YOU" and "YOUR" shall mean and refer to the responding parties.

13        The term "BRANCHES" shall mean and refer to the Pacific Guarantee Mortgage branches that

14   were located at 500 West 8th Street, Suite 100, Vancouver, WA 98660 and 2505 South 320th Street,

15   Suite 260, Federal Way, WA 98003.

16        The term "DOCUMENT" shall have that meaning attributed to it as stated in California

17   Evidence Code Section 250.

18        The term "PREMCO" shall mean Plaintiff Pacific Real Estate Management Company, Inc., a

19   Washington Corporation.

20        The term "BOWMAN " shall mean Plaintiff/Cross-Defendant James W. Bowman, Jr.

21        The term "EXPENSES" shall have that meaning attributed to it by Plaintiffs in Paragraph 24 of

22   the SECOND AMENDED COMPLAINT.

23        The term "SECOND AMENDED COMPLAINT" shall refer to the proposed second amended

24   complaint that plaintiffs attached to their motion for leave to amend.  As of the date of service of these

25   interrogatories, plaintiffs have not filed a second amended complaint but have expressed their desire,

26   and have been given permission by the Court to do so.

27   ///

28   ///

2

1 | **REQUEST NO. 3**

2 |     That responding parties produce and permit propounding parties to inspect and to copy each of

3 | the following documents:

4 |     a)    All contracts between BOWMAN and/or PREMCO and any mortgage loan originator

5 |     from 2000 to the present.

6 |     b)    All customer lists in YOUR possession from December 2003 to January 31, 2007.

7 |     c)    All corporate by-laws for PREMCO.

8 |     d)    All Articles of Incorporation for PREMCO.

9 |     e)    All DOCUMENTS related to bank records in the name of PREMCO.

10 |     f)    All DOCUMENTS related to any loans originated by PREMCO from January 31, 2007

11 |     to April 1, 2007.

12 |     g)    All DOCUMENTS related to all EXPENSES incurred by PREMCO incurred in

13 |     operation of the BRANCHES.

14 |     h)    Copies of all checks issued by PREMCO or BOWMAN payable to any of the

15 |     defendants.

16 |     i)    All DOCUMENTS evidencing capital contributions to PREMCO from any source,

17 |     including its initial capitalization.

18 |     j)    All DOCUMENTS relating to YOUR financial accounts (e.g. bank accounts, securities

19 |     accounts, etc.) from 2003 to the present.

20 |     k)    All DOCUMENTS relating to your issuance of stock.

21 |     l)    All DOCUMENTS identifying PREMCO's corporate officers at any time from 2003 to

22 |     the present.

23 |     m)    All DOCUMENTS memorializing the minutes of meetings of PREMCO's Board of

24 |     Directors oat any time from 2003 to the present.

25 |     n)    All DOCUMENTS memorializing the minutes of PREMCO's shareholders meetings at

26 |     any time from 2003 to the present.

27 |     to the present.

28 | ///

3

1    o)    All DOCUMENTS identifying PREMCO's shareholders since you were incorporated.

2    p)    All DOCUMENTS relating to PREMCO's distributions to shareholders.

3    q)    All DOCUMENTS relating to loans PREMCO made to BOWMAN.

4    r)    All DOCUMENTS relating to business transactions PREMCO entered into with
5          BOWMAN.

6    s)    All DOCUMENTS relating to approval of business transactions PREMCO entered into
7          with BOWMAN.

8    t)    All DOCUMENTS evidencing the claim that BOWMAN suffered emotional distress as
9          a result of Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND
10         AMENDED COMPLAINT.

11   u)    All DOCUMENTS evidencing the claim that PREMCO suffered emotional distress as a
12         result of Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND
13         AMENDED COMPLAINT.

14   v)    All financial records of PREMCO from 2003 to the present.

15   w)    All documents indicating the net worth of BOWMAN.

16   x)    All financial statements of James W. Bowman, Jr.

17   y)    Records of all accounts in the name of BOWMAN.

18   z)    All accounts (savings, checking, money market, etc.) in which BOWMAN is a signatory.

19   aa)   Records of all stock owned by BOWMAN.

20   bb)   All DOCUMENTS related to any real property owned by BOWMAN.

21   cc)   All DOCUMENTS related to any vehicles or boats owned by BOWMAN.

22   dd)   Records of any purchase money financing or refinancing of any properties by
23         BOWMAN from 2003 to the present.

24   ee)   All business records of PREMCO from 2003 to the present.

25   ff)   All DOCUMENTS identified in YOUR responses to the Special Interrogatories to
26         BOWMAN and PREMCO, served concurrently herewith.

27   gg)   All DOCUMENTS related to business transactions PREMCO entered into with Sierra
28         Pacific Mortgage, Inc.

4

1    Date: June 16, 2008

2

3

4                                              By: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEDLIN & HARGRAVE**
A PROFESSIONAL CORPORATION

By:
Joshua A. Rosenthal,
Attorneys for Defendants/Counter-
Claimant

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE) C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Discovery\Propounding\Set 3 - insp dem.finala.wpd

1

## PROOF OF SERVICE BY PERSONAL DELIVERY

2       I am over the age of eighteen years and not a party to the within action. My business address

3   is The Ordway Building, One Kaiser Plaza, Suite 1305, Oakland, California 94612. On the date set

4   forth below, I caused to be served the within:

5
6

**SPECIAL INTERROGATORIES PER RULE 34-(CMG MORTGAGE SERVICES, INC. TO BOWMAN)**

7

**SPECIAL INTERROGATORIES PER RULE 34-(CMG MORTGAGE, INC. TO BOWMAN)**

8
9

**SPECIAL INTERROGATORIES PER RULE 34-(CMG MORTGAGE INC. TO PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC.)**

10

**SPECIAL INTERROGATORIES PER RULE 34-CMG MORTGAGE SERVICES, INC. TO PACIFIC REAL ESTATE MANAGEMENT COMPANY)**

11

**REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34 (SET 2)**

12
      in this matter by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
13
      Alan F. Cohen
14    101 Montgomery Street, Suite 2050
      San Francisco, CA 94104
15

16
      which envelope was thereafter personally delivered to the above person.
17
          I certify and declare under penalty of perjury under the laws of the State of California that
18
      the foregoing is true and correct. Executed June 16, 2008, at Oakland, California.
19

20

21                                              Xinh Truong

22

23

24

25

26

27

28

PROOF OF SERVICE
M:\CMG\85-0706-02 Bowman\Proof\personal.wpd

# EXHIBIT F

1   Alan F. Cohen (State Bar No. 194075)
    **LAW OFFICES OF ALAN F. COHEN**
2   101 Montgomery Street, Suite 2050
    San Francisco, CA  94104
3   415.984.1943 (tel.)
    415.984.1953 (fax)
4   cohenlaw@mindspring.com
5
    Angela M. Xavier (State Bar No. 165152)
6   Attorney At Law
    900 Cherry Avenue, Suite 300
7   San Bruno, CA  94066
    Telephone:  (650) 355-0414
8   Facsimile:  (650) 355-0842
9
    Attorneys for Plaintiffs and Cross-Defendant
10
                **UNITED STATES DISTRICT COURT**
11
               NORTHERN DISTRICT OF CALIFORNIA
12
                  SAN FRANCISCO DIVISION
13

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation | Case No.: C-07-3140-SI |
| Plaintiffs, | **PREMCO'S RESPONSES TO SPECIAL INTERROGATORIES PER RULE 34 FROM DEFENDANT CMG MORTGAGE, INC.** |
| v. | **[SET ONE]** |
| CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, | |
| Defendants. | |
| CMG Mortgage Inc., a California Corporation | |
| Counter-Claimant, | |
| v. | |
| James W. Bowman, Jr., an individual, | |
| Cross-Defendant. | |

27

28  PROPOUNDING PARTY:   DEFENDANT CMG MORTGAGE, INC.

1

RESPONDING PARTY:      PLAINTIFF PACIFIC REAL ESTATE MANAGEMENT
                       COMPANY, INC.

SET NO:                ONE

## PRELIMINARY STATEMENT

Plaintiff's responses to these Interrogatories are made based on Plaintiff's present knowledge, information and belief. These responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and additional knowledge of facts, as may result from Plaintiff's further discovery or investigation. Plaintiff reserves the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Request obtained through subsequent discovery or investigation.

To the extent that Plaintiff responds to this Request by stating that Plaintiff will provide information which Plaintiff or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiff will do so only subject to the parties' existing protective order against the unauthorized use or disclosure of such information.

Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and of any document or thing identified or provided in response to the Request.

Plaintiff objects to each and every interrogatory to the extent it seeks information constituting attorney-client communications or attorney work-product. Plaintiff also objects to the Interrogatories to the extent they purport to impose any duty in the responding party greater than that imposed by the Code of Civil Procedure.

2

1  Plaintiff reserves the right to object on any ground at any time to such other or supplemental

2  interrogatories or any other discovery as Defendants may at any time propound involving or relating

3  to the subject matter of this Request.

4  **SPECIAL INTERROGATORY NO. 1**

5  State all facts evidencing YOUR contention that defendants wrongfully converted YOUR

6  security deposits and used them to their own financial gains, as stated in paragraph 26 of YOUR

7  SECOND AMENDED COMPLAINT.

8  **RESPONSE TO INTERROGATORY NO. 1**

9  Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

10  times used the term "security deposits" as being identical in meaning to "Reserves," and at times

11  not. Plaintiff objects that the interrogatory is compound. Plaintiff also objects that much of the

12  evidence necessary to respond to this interrogatory has been withheld by Defendants despite two

13  court orders. Plaintiff reserves the right to introduce such other evidence responsive to this

14  interrogatory as is subsequently determined through discovery or investigation. Notwithstanding

15  and without waiving these objections, Plaintiff responds: Defendants obtained $9,800 in security

16  deposits from PREMCO and Mr. Bowman on or about January 15, 2004, at the outset of their

17  relationship; other amounts were converted by Defendants during their relationship. Defendants

18  have not returned that money despite having no right to it then or now. Defendants have testified

19  that these funds were placed into Defendants' operating accounts and shifted around as necessary

20  to pay for business expenses and fund Defendants' loan operations. The full facts on these

21  matters have been withheld from Plaintiff despite the Court's orders. Discovery is ongoing.

22

23  **SPECIAL INTERROGATORY NO.2**

24  State all facts evidencing YOUR contention that YOU were required to pay a "Security

25  Deposit," as stated in paragraph 26 of YOUR SECOND AMENDED COMPLAINT.

26  **RESPONSE TO INTERROGATORY NO. 2**

27  Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

28  times used the term "security deposits" as being identical in meaning to "Reserves," and at times

3

1   not. Defendants have testified that all Branch Managers had to sign Facilities Agreements that

2   required that they use a corporate entity to stand between Defendants and the Branch Managers.

3   The Facilities Agreement signed by PREMCO and Mr. Bowman stated that he was required to

4   pay a security deposit as a condition of employment. Mr. Bowman believes he was told by, at

5   least, Marshall Griffin, Kim Callas and Chris George that he had to pay a security deposit as a

6   condition of his employment with CMG.

7

8   **SPECIAL INTERROGATORY NO.3**

9   State all facts evidencing YOUR contention that defendants failed to properly segregate

10  and properly account for the security deposits, as stated in paragraph 26 of YOUR SECOND

11  AMENDED COMPLAINT.

12  **RESPONSE TO INTERROGATORY NO. 3**

13  Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

14  times used the term "security deposits" as being identical in meaning to "Reserves," and at times

15  not. Plaintiff also objects that much of the evidence necessary to respond to this interrogatory

16  has been withheld by Defendants despite two court orders. Plaintiff reserves the right to

17  introduce such other evidence responsive to this interrogatory as is subsequently determined

18  through discovery or investigation. Notwithstanding and without waiving these objections,

19  Plaintiff responds:

20  Defendants "security deposits" are an attempt to make employees insurers of Defendants'

21  business losses and are unlawful under Labor Code § 221-224, 400-410 and 2802, at least.

22  Defendants required Mr. Bowman to pay the "security deposits" as a condition of employment,

23  either directly or through a corporation. Among other payments, Mr. Bowman paid Defendants

24  through PREMCO for the Federal Way security deposits. Other payments were taken from

25  earned but unpaid income in the form of diversion from Net Income (or Profit, depending on

26  how the ambiguous contract is read). Labor Code §§ 404 and 405 required Defendants to

27  segregate and preserve any money received from Mr. Bowman in a separate, interest-bearing

28  account and to account for and hold these funds in trust for Mr. Bowman. Defendants have

4

1     testified that they put all these funds into their operating accounts, and failed to segregate them

2     into separate accounts. Defendants have never accounted for these funds or their use to

3     Mr. Bowman or PREMCO.

4

5     **SPECIAL INTERROGATORY NO.4**

6        For each breach by defendants of the FACILITIES AGREEMENTS that YOU allege,

7     describe every act or omission that YOU allege constitutes the breach.

8     **RESPONSE TO INTERROGATORY NO. 4**

9        Defendants have failed to pay Mr. Bowman and PREMCO the 125% Rental Fee, and

10    have failed to reimburse him for all operating expenses he incurred on their behalf. Schedules of

11    these amounts have previously been provided to Defendants. Defendants have not returned the

12    "security deposits" despite having no right to them under the Labor Code or even under the plain

13    terms of the contract. CMG failed to obtain and maintain the insurance called for under the

14    Agreements. Defendants failed to give proper notice of the termination of the Agreements.

15    Defendants failed to act in good faith to resolve these disputes as called for under the

16    Agreements.

17

18    **SPECIAL INTERROGATORY NO.5**

19        Describe each part of the FACILITIES AGREEMENTS that YOU allege are partially

20    oral.

21    **RESPONSE TO INTERROGATORY NO. 5**

22        To the extent that the obligation to pay Marketing Credits is not fully reflected in the

23    contracts between the parties, Defendants orally promised to pay Mr. Bowman his earned

24    Marketing Credits.

25

26    **SPECIAL INTERROGATORY NO.6**

27        For each breach by defendants of the partially oral parts of any agreement between YOU

28    and Defendants, describe every act or omission that YOU allege constitutes the breach.

5

**RESPONSE TO INTERROGATORY NO. 6**

Defendants failed to pay Mr. Bowman his earned but unpaid marketing credits.

**SPECIAL INTERROGATORY NO.7**

Describe each part of the FACILITIES AGREEMENTS that YOU allege are partially implied in fact.

**RESPONSE TO INTERROGATORY NO. 7**

Like all agreements, the Facilities Agreements have implied into them all applicable laws. The Labor Code is therefore implied into these Agreements, including §§ 201, 221-224, and 400-410, and HUD guidelines and regulations are implied as well. To the extent that the obligation to pay Marketing Credits is not fully reflected in the contracts between the parties, Defendants promised to pay Mr. Bowman his earned Marketing Credits.

**SPECIAL INTERROGATORY NO.8**

For each breach by defendants of the partially implied in fact parts of any agreement between YOU and Defendants, describe every act or omission that YOU allege constitutes the breach.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff incorporates by reference the allegations of the Second Amended Complaint alleging breaches of the Labor Code. Defendants failed to pay Mr. Bowman his earned but unpaid marketing credits.

**SPECIAL INTERROGATORY NO.9**

Itemize all attorneys' fees and costs you have incurred to date in pursuit of this lawsuit, for which YOU are seeking compensation from Defendants.

6

1  **RESPONSE TO INTERROGATORY NO. 9**

2      Plaintiff objects to this interrogatory as seeking information protected by the attorney-

3  client privilege or attorney work-product doctrine and outside the scope of discovery. Plaintiff's

4  agreements with his attorneys concerning fees and costs are confidential under California law.

5  Moreover, fees and costs are not damages and are not properly subject to a discovery request.

6

7  **SPECIAL INTERROGATORY NO. 10**

8      IDENTIFY all borrowers for whom YOU, BOWMAN or any entity located at either

9  address of the BRANCHES closed loans from January 1,2007 through March 30,2007.

10  **RESPONSE TO INTERROGATORY NO. 10**

11      Plaintiff objects that this interrogatory seeks information protected by the borrowers'

12  right of privacy.

13

14  **SPECIAL INTERROGATORY NO. 11**

15      Itemize all compensation of any kind YOU, BOWMAN or any entity located at either

16  address of the BRANCHES earned for all loan activity for borrowers identified in the previous

17  interrogatory.

18  **RESPONSE TO INTERROGATORY NO. 11**

19      N/A. Plaintiffs have previously produced documents showing Mr. Bowman's income

20  during this period.

21

22  **SPECIAL INTERROGATORY NO. 12**

23      IDENTIFY all documents in YOUR possession related to all of YOUR loan activity for

24  borrowers identified in the interrogatory 11.

25  **RESPONSE TO INTERROGATORY NO. 12**

26      N/A.

27

28

7

## SPECIAL INTERROGATORY NO. 13

State all facts evidencing YOUR contention that Defendants breached the implied covenant of good faith and fair dealing with the intent and effect of depriving YOU of the benefits of the contractual terms, as stated in paragraph 69 of your SECOND AMENDED COMPLAINT.

## RESPONSE TO INTERROGATORY NO. 13

Plaintiff objects to this interrogatory as vague and ambiguous, as it does not identify which contract is referred to. Notwithstanding and without waiving this objection, Plaintiff responds: All contracts have within implied a covenant by each party to act in good faith and to deal fairly with the other parties to the contract. Defendants breached this covenant by, among other things, converting the "security deposits" to their own hidden use and benefit, entering into the contract with the intent to obtain money from Plaintiffs to fund their operations and expansion, obtaining this money without any intent to return it, using the Facilities Agreement to accomplish the unlawful purpose of making Mr. Bowman the insurer of Defendants' business losses, and failing to pay the Marketing Credits owed to Mr. Bowman.

## SPECIAL INTERROGATORY NO. 14

State all facts evidencing YOUR contention that YOU are entitled to the benefits and protections of the California Labor Code, as stated in paragraph 73 of your SECOND AMENDED COMPLAINT.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiff incorporates the facts and arguments set forth in Plaintiffs' motion for summary adjudication. Defendants have conceded this issue by failing to contest it in that motion. Defendants imposed a California choice of law provision in all of their contracts with Plaintiffs.

1  **SPECIAL INTERROGATORY NO. 15**

2      If YOU contend that any part of the FACILITIES AGREEMENTS is unenforceable,

3  state all facts evidencing such contention.

4  **RESPONSE TO INTERROGATORY NO. 15**

5      The Facilities Agreements offend numerous portions of the Labor Code and HUD

6  regulations. For example, as implemented by Defendants it makes the Branch Manager

7  individually responsible for the employer's debts and costs in violation of HUD Mortgagee

8  Letter 00-15, HUD Mortgagee Handbook 4060.1 REV-2, Labor Code §§ 221, 400-410, 2802.

9  Among other things, the Facilities Agreements make Mr. Bowman an insurer of the company's

10 business losses in matters completely beyond his control and out of all proportion to his

11 responsibilities or compensation. For example, Article 1 of the Agreements make Mr. Bowman

12 provide "Facilities" (which includes numerous items other than the office) to Defendants.

13 Article 2 requires Mr. Bowman to provide a security deposit, in direct contravention of

14 California's Cash Bond Law. Paragraph 5.4 is unenforceable because it unlawfully imposes a

15 shorter statute of limitations on Mr. Bowman's unwaivable statutory rights under the Labor Code

16 and is offensive to the public policy of the State of California. Paragraph 5.6 is unlawful as an

17 unconscionable arbitration provision. The entire contractual scheme is unenforceable to the

18 extent that it is an illegal attempt to evade the letter and spirit of HUD regulations and guidelines.

19

20 **SPECIAL INTERROGATORY NO. 16**

21     If YOU contend that any part of the FACILITIES AGREEMENTS is illegal, state all

22 facts evidencing such contention.

23 **RESPONSE TO INTERROGATORY NO. 16**

24     The Facilities Agreements offend numerous portions of the Labor Code and HUD

25 regulations. For example, as implemented by Defendants it makes the Branch Manager

26 individually responsible for the employer's debts and costs in violation of HUD Mortgagee

27 Letter 00-15, HUD Mortgagee Handbook 4060.1 REV-2, Labor Code §§ 221, 400-410, 2802.

28 Among other things, the Facilities Agreements make Mr. Bowman an insurer of the company's

9

1  business losses in matters completely beyond his control and out of all proportion to his

2  responsibilities or compensation. For example, Article 1 of the Agreements make Mr. Bowman

3  provide "Facilities" (which includes numerous items other than the office) to Defendants.

4  Article 2 requires Mr. Bowman to provide a security deposit, in direct contravention of

5  California's Cash Bond Law. Paragraph 5.4 is unenforceable because it unlawfully imposes a

6  shorter statute of limitations on Mr. Bowman's unwaivable statutory rights under the Labor Code

7  and is offensive to the public policy of the State of California. Paragraph 5.6 is unlawful as an

8  unconscionable arbitration provision. The entire contractual scheme is unenforceable to the

9  extent that it is an illegal attempt to evade the letter and spirit of HUD regulations and guidelines.

10

11  **SPECIAL INTERROGATORY NO. 17**

12      State all facts in support of YOUR claim that YOU suffered emotional distress as a result

13  of Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND AMENDED

14  COMPLAINT.

15  **RESPONSE TO INTERROGATORY NO. 17**

16      Plaintiff objects that this interrogatory is unintelligible as directed to a corporate entity.

17

18  **SPECIAL INTERROGATORY NO. 18**

19      Itemize all monetary damages that YOU suffered related to the claim that YOU suffered

20  emotional distress as a result of Defendants' alleged conduct, as stated in Paragraph 111 of the

21  SECOND AMENDED COMPLAINT.

22  **RESPONSE TO INTERROGATORY NO. 18**

23      Plaintiff objects that this interrogatory is unintelligible as directed to a corporate entity.

24

25  **SPECIAL INTERROGATORY NO. 19**

26      Identify all medical records indicating treatment sought by YOU for YOUR emotional

27  distress, as stated in Paragraph 111 of the SECOND AMENDED COMPLAINT.

28

10

**RESPONSE TO INTERROGATORY NO. 19**

Plaintiff objects that this interrogatory is unintelligible as directed to a corporate entity.

**SPECIAL INTERROGATORY NO. 20**

State all facts evidencing YOUR contention that defendants failed to properly segregate and properly account for the security deposits, as stated in paragraph 26 of your SECOND AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 20**

Defendants "security deposits" are an attempt to make employees insurers of Defendants' business losses and are unlawful under Labor Code § 221-224, 400-410 and 2802, at least. Defendants required Mr. Bowman to pay the "security deposits" as a condition of employment, either directly or through a corporation. Among other payments, Mr. Bowman paid Defendants through PREMCO for the Federal Way security deposits. Other payments were taken from earned but unpaid income in the form of diversion from Net Income (or Profit, depending on how the ambiguous contract is read). Labor Code §§ 404 and 405 required Defendants to segregate and preserve any money received from Mr. Bowman in a separate, interest-bearing account and to account for and hold these funds in trust for Mr. Bowman. Defendants testified that they did not segregate these funds from their operating funds, mingled them with their own funds, and used them for various purposes to their own sole benefit. Defendants still have not accounted to Plaintiffs for these funds.

**SPECIAL INTERROGATORY NO. 21**

If YOU contend that defendants were obligated to segregate and account for security deposits funded by YOU, state all facts which support the contention.

11

1

**RESPONSE TO INTERROGATORY NO. 21**

2          Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

3   times used the term "security deposits" as being identical in meaning to "Reserves," and at times

4   not. Plaintiff also objects that much of the evidence necessary to respond to this interrogatory

5   has been withheld by Defendants despite two court orders. Plaintiff reserves the right to

6   introduce such other evidence responsive to this interrogatory as is subsequently determined

7   through discovery or investigation. Notwithstanding and without waiving these objections,

8   Plaintiff responds:

9          Defendants "security deposits" are an attempt to make employees insurers of Defendants'

10   business losses and are unlawful under Labor Code § 221-224, 400-410 and 2802, at least.

11   Defendants required Mr. Bowman to pay the "security deposits" as a condition of employment,

12   either directly or through a corporation. Among other payments, Mr. Bowman paid Defendants

13   through PREMCO for the Federal Way security deposits. Other payments were taken from

14   earned but unpaid income in the form of diversion from Net Income (or Profit, depending on

15   how the ambiguous contract is read). Labor Code §§ 404 and 405 required Defendants to

16   segregate and preserve any money received from Mr. Bowman in a separate, interest-bearing

17   account and to account for and hold these funds in trust for Mr. Bowman. Defendants have

18   testified that they put all these funds into their operating accounts, and failed to segregate them

19   into separate accounts. Defendants have never accounted for these funds or their use to

20   Mr. Bowman or PREMCO.

21

22   **SPECIAL INTERROGATORY NO. 22**

23          If YOU contend that YOU did not provide defendants with the initial security deposits

24   for the Vancouver or Federal Way branches, state all facts which support the contention.

25   **RESPONSE TO INTERROGATORY NO. 22**

26          Mr. Bowman and PREMCO paid an initial security deposit on the Federal Way branch

27   via a check for $9,800 dated January 15, 2004 made out to Pacific Guarantee Mortgage. All

28

12

1 │ other "security deposits" and "Reserves" were taken from Mr. Bowman's wages. Defendants

2 │ converted Mr. Bowman's wages into the Security Deposits for the Vancouver Branch.

3

4 │ **SPECIAL INTERROGATORY NO. 23**

5 │ State all facts evidencing YOUR contention that Defendants owed YOU a fiduciary duty,

6 │ as stated in paragraph 115 of your SECOND AMENDED COMPLAINT.

7 │ **RESPONSE TO INTERROGATORY NO. 23**

8 │ Plaintiff incorporates the facts and argument on this issue set forth in detail in Plaintiffs'

9 │ motion for summary adjudication. In brief, Defendants were not entitled to take either the

10 │ "security deposits" or Reserves from Plaintiffs, but having done so, they were required to hold

11 │ them in trust with all duties of a fiduciary both under the common law and by operation of Labor

12 │ Code § 405. Defendants stated that they were taking "security deposits" and Reserves to insure

13 │ against indebtedness and also to abide by HUD regulations. Defendants did not reveal that they

14 │ were planning to use these funds for their sole benefit.

15

16 │ **SPECIAL INTERROGATORY NO. 24**

17 │ State all facts evidencing YOUR contention that Defendants breached any fiduciary duty

18 │ owed YOU, as stated in paragraph 116 of your SECOND AMENDED COMPLAINT.

19

20 │ **RESPONSE TO INTERROGATORY NO. 24**

21 │ Plaintiff objects that much of the evidence necessary to respond to this interrogatory has

22 │ been withheld by Defendants despite two court orders. Plaintiff reserves the right to introduce

23 │ such other evidence responsive to this interrogatory as is subsequently determined through

24 │ discovery or investigation. Notwithstanding and without waiving these objections, Plaintiff

25 │ responds:

26 │ Labor Code §403 required Defendants to put Mr. Bowman's Reserves in a bank

27 │ authorized to do business in this State, and required Mr. Bowman's written permission for any

28 │ withdrawals. Section 404 requires that any money Defendants took from Mr. Bowman be

13

1   returned with interest. Section 405 bars Defendants from mingling these funds with the property

2   of the employer. It is undisputed that Defendants breached each one of these obligations.

3         Defendants may at times have put Mr. Bowman's reserves into a bank authorized to do

4   business in California, but Defendants' CFO, Paul Chevez, testified that they moved this money

5   around freely to accounts in other states. Mr. Chevez testified that reserves were held in several

6   accounts, particularly in an "Excess Cash Account" in CMG's GMAC Warehouse Bank in

7   Pennsylvania. They did not segregate these reserves from their own funds. These are violations

8   of § 403 (California bank) and § 405 (commingling). The Reserves are not kept in interest-

9   bearing accounts, a violation of § 404.

10        This was not simply a failure to segregate funds: What Defendants had hit upon was a

11   scheme to fund their operations through the use of the Branch Managers' money. Mr. Chevez

12   testified that the accounts containing the Reserves were used for "operation of business and

13   things" "payments of commissions to the branches and it's used for, yeah, all operations I

14   guess." In other words, Mr. Bowman's funds were being used to pay the everyday operating

15   costs of the business including, conceivably, his own commissions. It is undisputed that

16   Defendants commingled Mr. Bowmans' funds with their own, that they had no way of

17   determining where their Mr. Bowman's Reserves ended and their operating funds began, and

18   that they applied the operating funds, including the unsegregated Branch Manager Reserves, to

19   the operations of their business.

20        Not only was Mr. Bowman paying for operating costs, his funds were actually being used

21   to leverage Defendants' loans. Mr. Chevez testified that Defendants' practices were to funnel all

22   available capital, including the Reserves, into so-called warehouse bank accounts. By keeping

23   the Branch Managers' funds in these warehouse accounts, Defendants would not have to use

24   their own operating funds to fund loans.

25

26   **SPECIAL INTERROGATORY NO. 25**

27        If YOU ever filed federal tax returns, state the years it filed said returns.

28

14

## RESPONSE TO INTERROGATORY NO. 25

Plaintiff objects to this interrogatory as unintelligible, violating the responding party's right of privacy, and outside the scope of discovery. Whether or not PREMCO filed federal tax returns is not likely to lead to the discovery of admissible evidence.

///

LAW OFFICES OF ALAN F. COHEN

Dated: July 16, 2008                By _Alan Cohen_

Alan F. Cohen
Attorneys for Plaintiffs

15

1

## DECLARATION OF SERVICE

2

3    I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age
of eighteen years, and not a party to the within action. I am a member of the bar of this Court.
4    My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

5    On the date set forth below I served a true and correct copy of:

6    **PREMCO'S RESPONSES TO SPECIAL INTERROGATORIES PER RULE 34
FROM DEFENDANT CMG MORTGAGE, INC. [SET ONE]**
7

8    ☒    (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage
thereon fully prepaid, with the United States Postal Service for mailing this day
9         from San Francisco, California.

10   ☐    (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

11   ☐    (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on
this date to the party(ies) indicated.

12   ☐    (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage
thereon fully prepared, with the United States Postal Service or an overnight
13        courier for next day delivery to the party(ies) indicated.

14   I served the above document(s) on the following persons:

15   Joshua Rosenthal
Medlin & Hargrave
16   One Kaiser Plaza, Suite 1305
17   Oakland, CA  94612

18   *Attorneys for Defendants CMG Mortgage, Inc. et al.*

19   I am readily familiar with my firm's practices for processing of correspondence for
delivery according to the instructions indicated above, under which correspondence would be
20   deposited in the mail or other delivery service set forth above on the date below. The above-
referenced documents were placed for deposit in accordance with the office's practice. I declare
21   under penalty of perjury under the laws of the State of California that the foregoing is true and
22   correct. Executed at San Francisco, California on July 16, 2008.

23                              Alan Cohen

24                                Alan F. Cohen

25

26

27

28

16

# EXHIBIT G

1     Alan F. Cohen (State Bar No. 194075)
      **LAW OFFICES OF ALAN F. COHEN**

2     101 Montgomery Street, Suite 2050
      San Francisco, CA 94104

3     415.984.1943 (tel.)

4     415.984.1953 (fax)
      cohenlaw@mindspring.com

5

      Angela M. Xavier (State Bar No. 165152)

6     Attorney At Law
      900 Cherry Avenue, Suite 300

7     San Bruno, CA 94066

8     Telephone: (650) 355-0414
      Facsimile: (650) 355-0842

9

      Attorneys for Plaintiffs and Cross-Defendant

10

## UNITED STATES DISTRICT COURT

11

### NORTHERN DISTRICT OF CALIFORNIA

12

### SAN FRANCISCO DIVISION

13

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation | Case No.: C-07-3140-SI |
| Plaintiffs, | **PREMCO'S RESPONSE TO SPECIAL INTERROGATORIES PER RULE 34 FROM DEFENDANT CMG MORTGAGE SERVICE, INC.** |
| v. | **[SET ONE]** |
| CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, | |
| Defendants. | |
| CMG Mortgage Inc., a California Corporation | |
| Counter-Claimant, | |
| v. | |
| James W. Bowman, Jr., an individual, | |
| Cross-Defendant. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     PROPOUNDING PARTY:   DEFENDANT CMG MORTGAGE SERVICES, INC.

1

RESPONDING PARTY:    PLAINTIFF PACIFIC REAL ESTATE MANAGEMENT
COMPANY, INC. (PREMCO)

SET NO:                          ONE

### PRELIMINARY STATEMENT

Plaintiff's responses to these Interrogatories are made based on Plaintiff's present knowledge, information and belief.  These responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and additional knowledge of facts, as may result from Plaintiff's further discovery or investigation.  Plaintiff reserves the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Request obtained through subsequent discovery or investigation.

To the extent that Plaintiff responds to this Request by stating that Plaintiff will provide information which Plaintiff or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiff will do so only subject to the parties' existing protective order against the unauthorized use or disclosure of such information.

Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and of any document or thing identified or provided in response to the Request.

Plaintiff objects to each and every interrogatory to the extent it seeks information constituting attorney-client communications or attorney work-product.  Plaintiff also objects to the Interrogatories to the extent they purports to impose any duty in the responding party greater than that imposed by the Code of Civil Procedure.

2

1    Plaintiff reserves the right to object on any ground at any time to such other or supplemental

2  interrogatories or any other discovery as Defendants may at any time propound involving or relating

3  to the subject matter of this Request.

4

5  **SPECIAL INTERROGATORY NO. 1**

6    If PREMCO ever filed Washington State tax returns, state the years it filed said returns.

7  **RESPONSE TO INTERROGATORY NO. 1**

8    Plaintiff objects to this Request to the extent that it:  seeks information protected by the

9  attorney-client privilege or attorney work-product doctrine; seeks information protected by the

10  right of privacy; seeks information not calculated to lead to the discovery of admissible evidence.

11

12                                      LAW OFFICES OF ALAN F. COHEN

13

14  Dated: July 16, 2008                    By _____

15                                          Alan F. Cohen
                                            Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## DECLARATION OF SERVICE

I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age of eighteen years, and not a party to the within action. I am a member of the bar of this Court. My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

On the date set forth below I served a true and correct copy of:

### PREMCO'S RESPONSE TO SPECIAL INTERROGATORIES PER RULE 34 FROM DEFENDANT CMG MORTGAGE SERVICE, INC.

☒    (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage thereon fully prepaid, with the United States Postal Service for mailing this day from San Francisco, California.

☐    (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

☐    (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on this date to the party(ies) indicated.

☐    (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage thereon fully prepared, with the United States Postal Service or an overnight courier for next day delivery to the party(ies) indicated.

I served the above document(s) on the following persons:

Joshua Rosenthal
Medlin & Hargrave
One Kaiser Plaza, Suite 1305
Oakland, A  94612

*Attorneys for Defendants CMG Mortgage, Inc. et al.*

I am readily familiar with my firm's practices for processing of correspondence for delivery according to the instructions indicated above, under which correspondence would be deposited in the mail or other delivery service set forth above on the date below. The above-referenced documents were placed for deposit in accordance with the office's practice. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on July 16, 2008.

Alan Cohen

Alan F. Cohen

4

**PREMCO'S RESPONSES TO CMGS SPECIAL INTERROGATORIES**

# EXHIBIT H

1    Alan F. Cohen (State Bar No. 194075)
     **LAW OFFICES OF ALAN F. COHEN**
2    101 Montgomery Street, Suite 2050
     San Francisco, CA  94104
3    415.984.1943 (tel.)
     415.984.1953 (fax)
4    cohenlaw@mindspring.com

5
     Angela M. Xavier (State Bar No. 165152)
6    Attorney At Law
     900 Cherry Avenue, Suite 300
7    San Bruno, CA  94066
     Telephone:  (650) 355-0414
8    Facsimile:  (650) 355-0842

9
     Attorneys for Plaintiffs and Cross-Defendant
10
                    **UNITED STATES DISTRICT COURT**
11
                    NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN FRANCISCO DIVISION
13

14   JAMES W. BOWMAN, JR. and PACIFIC REAL     | Case No.: C-07-3140-SI
     ESTATE MANAGEMENT COMPANY, INC., a        |
15   Washington Corporation                    | **JAMES BOWMAN, JR.'S RESPONSE**
                                               | **TO SPECIAL INTERROGATORIES**
              Plaintiffs,                       | **PER RULE 34 FROM DEFENDANT**
16                                             | **CMG MORTGAGE, INC.**
          v.                                   | **[SET ONE]**
17
     CMG MORTGAGE, INC., a California
18   Corporation; CMG MORTGAGE, INC., d/b/a
     PACIFIC GUARANTEE MORTGAGE, CMG
19   MORTGAGE SERVICES, INC., a California
     corporation; CMG MORTGAGE SERVICES,
20   INC., d/b/a PACIFIC GUARANTEE
     MORTGAGE,
21
              Defendants.
22
     CMG Mortgage Inc., a California Corporation
23
              Counter-Claimant,
24
          v.
25
     James W. Bowman, Jr., an individual,
26
              Cross-Defendant.
27

28   PROPOUNDING PARTY:    DEFENDANT CMG MORTGAGE, INC.

                                      1

RESPONDING PARTY:    PLAINTIFF JAMES BOWMAN, JR.

SET NO:                        ONE

### PRELIMINARY STATEMENT

Plaintiff's responses to these Interrogatories are made based on Plaintiff's present knowledge, information and belief. These responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and additional knowledge of facts, as may result from Plaintiff's further discovery or investigation. Plaintiff reserves the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Request obtained through subsequent discovery or investigation.

To the extent that Plaintiff responds to this Request by stating that Plaintiff will provide information which Plaintiff or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiff will do so only subject to the parties' existing protective order against the unauthorized use or disclosure of such information.

Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and of any document or thing identified or provided in response to the Request.

Plaintiff objects to each and every interrogatory to the extent it seeks information constituting attorney-client communications or attorney work-product. Plaintiff also objects to the Interrogatories to the extent they purports to impose any duty in the responding party greater than that imposed by the Code of Civil Procedure.

2

1    Plaintiff reserves the right to object on any ground at any time to such other or supplemental

2    interrogatories or any other discovery as Defendants may at any time propound involving or relating

3    to the subject matter of this Request.

4

5    **SPECIAL INTERROGATORY NO. 1**

6    State all facts evidencing YOUR contention, as stated in paragraph 138 of the SECOND

7    AMENDED COMPLAINT that the revised Branch Management Agreements were contrary to

8    the fundamental, substantial, and well-established public policy set forth in the Labor Code.

9    **RESPONSE TO INTERROGATORY NO. 1**

10   Plaintiff objects that the interrogatory is vague and ambiguous. Notwithstanding and

11   without waiving this objection, Plaintiff responds: The revised BMA offends numerous portions

12   of the Labor Code. For example, it makes the Branch Manager individually responsible for the

13   employer's debts and costs in violation of HUD Mortgagee Letter 00-15, HUD Mortgagee

14   Handbook 4060.1 REV-2, Labor Code §§ 221, 400-410, 2802. Among other things, the BMA

15   makes Mr. Bowman an insurer of the company's business losses in matters completely beyond

16   his control and out of all proportion to his responsibilities or compensation. For example, the

17   agreement continues to divert wages into a Reserve or Branch account; paragraph 3.2(b)(5)

18   makes the Branch Manager liable for the cost of all Rebate Refunds; paragraph 3.3(c) purports to

19   make Mr. Bowman personally responsible for the full cost of repurchases by reason of fraud,

20   including disputes or settlements (whatever that means); for unlimited "loss or costs" related to

21   any legal proceedings, audits or foreclosures, including all of Defendants legal expenses, "arising

22   out of the activities or operations of the branch" (whatever that means); section 6 operates in

23   restraint of trade; section 7 purports to create an indemnification right greater than that allowed

24   by the Labor Code. The agreement is also adhesive, oppressive, one-sided, and unconscionable.

25

26

27

28

3

1  **SPECIAL INTERROGATORY NO. 2**

2       State all facts evidencing YOUR contention that YOU are entitled to money received by

3  CMG Mortgage, Inc. in connection with the sales of loans it funded, as stated in paragraph 18(d)

4  of your SECOND AMENDED COMPLAINT.

5  **RESPONSE TO INTERROGATORY NO. 2**

6       The Branch Management Agreement provides that Mr. Bowman was to receive all

7  "income earned and derived from the Branch Office," and money received in connection with

8  the sale of loans originated in the Branch Offices is clearly "earned," "derived from" or both.

9

10  **SPECIAL INTERROGATORY NO. 3**

11      State all facts evidencing YOUR contention that Expenses were improperly classified, as

12  stated in paragraph 18(b) of your SECOND AMENDED COMPLAINT.

13  **RESPONSE TO INTERROGATORY NO. 3**

14      Plaintiff objects that the interrogatory is vague and ambiguous and is not separate and

15  complete in and of itself. Plaintiff also objects that he lacks sufficient information to answer

16  these interrogatories completely because of Defendants' failure to provide all information

17  requested in discovery and ordered produced by the Court. Notwithstanding and without

18  waiving these objections, Plaintiff responds: Defendants wrongly attributed numerous expenses

19  of their own as deductions against Mr. Bowman's income, including the so-called Washington

20  State Excise tax, a fine from the State of Oregon, overpayments to employees Terry Greenan,

21  Jennifer Curran, and Susan Howsley, unvested contributions on behalf of Defendants to

22  Defendants' 401k plan, and numerous other expenses that were not operating costs of the

23  Branch.

24

25  **SPECIAL INTERROGATORY NO. 4**

26      State all facts evidencing YOUR contention that defendants failed to account for

27  numerous items charged as Expenses against Gross Income, thus wrongfully reducing YOUR

28  wages, as stated in paragraph 18(c) of your SECOND AMENDED COMPLAINT.

4

1

2    **RESPONSE TO INTERROGATORY NO. 4**

3    Plaintiff objects that the interrogatory is vague and ambiguous and is not separate and

4    complete. Plaintiff also objects that he lacks sufficient information to answer these

5    interrogatories completely because of Defendants' failure to provide all information requested in

6    discovery and ordered produced by the Court. Notwithstanding and without waiving these

7    objections, Plaintiff responds: Defendants wrongly attributed numerous expenses of their own as

8    deductions against Mr. Bowman's income, including the so-called Washington State Excise tax,

9    a fine from the State of Oregon, overpayments to employees Terry Greenan, Jennifer Curran, and

10   Susan Howsley, unvested contributions on behalf of Defendants to Defendants' 401k plan, and

11   numerous other expenses that were not operating costs of the Branch.

12

13   **SPECIAL INTERROGATORY NO. 5**

14   State all facts evidencing YOUR contention that defendants failed to include all "income

15   earned and derived from the Branch Office" in its calculation of Gross Income, as stated in

16   paragraph 18(d) of your SECOND AMENDED COMPLAINT.

17   **RESPONSE TO INTERROGATORY NO. 5**

18   Plaintiff objects that the interrogatory is vague and ambiguous and is not separate and

19   complete. Plaintiff also objects that he lacks sufficient information to answer these

20   interrogatories completely because of Defendants' failure to provide all information requested in

21   discovery and ordered produced by the Court. Notwithstanding and without waiving these

22   objections, Plaintiff responds: Defendants realized income in a variety of ways from the sale of

23   loans originated by Mr. Bowman's Branches, including service release premiums, fees paid by

24   borrowers, income generated on the sale of loans, etc. These were never accounted for to the

25   Branch and never counted toward Gross Income under the Branch Management and

26   Employment Agreements.

27

28

5

1

## SPECIAL INTERROGATORY NO. 6

2

State all facts evidencing YOUR contention that YOU were required to pay a "Security

3

Deposit," as stated in paragraph 26 of your SECOND AMENDED COMPLAINT.

4

## RESPONSE TO INTERROGATORY NO. 6

5

6

Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

7

times used the term "security deposits" as being identical in meaning to "Reserves," and at times

not. Plaintiff also objects that this interrogatory is duplicative of other interrogatories

8

propounded by Defendants. Notwithstanding and without waiving the above, Defendants have

9

testified that all Branch Managers had to sign Facilities Agreements that required that they use a

10

corporate entity to stand between Defendants and the Branch Managers. The Facilities

11

Agreement signed by PREMCO and Mr. Bowman stated that he was required to pay a security

12

deposit as a condition of employment. Mr. Bowman believes he was told by, at least, Marshall

13

Griffin, Kim Callas and Chris George that he had to pay a security deposit as a condition of his

14

employment with CMG.

15

16

## SPECIAL INTERROGATORY NO. 7

17

State all facts evidencing YOUR contention that defendants failed to properly segregate

18

and properly account for the security deposits, as stated in paragraph 26 of your SECOND

19

AMENDED COMPLAINT.

20

## RESPONSE TO INTERROGATORY NO. 7

21

Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

22

times used the term "security deposits" as being identical in meaning to "Reserves," and at times

23

not. Plaintiff also objects that this interrogatory is duplicative of other interrogatories

24

propounded by Defendants. Notwithstanding and without waiving the above, Plaintiff also

25

objects that much of the evidence necessary to respond to this interrogatory has been withheld by

26

Defendants despite two court orders. Plaintiff reserves the right to introduce such other evidence

27

28

6

1 | responsive to this interrogatory as is subsequently determined through discovery or investigation.
2 | Notwithstanding and without waiving these objections, Plaintiff responds:

3 | Defendants "security deposits" are an attempt to make employees insurers of Defendants'
4 | business losses and are unlawful under Labor Code § 221-224, 400-410 and 2802, at least.
5 | Defendants required Mr. Bowman to pay the "security deposits" as a condition of employment,
6 | either directly or through a corporation. Among other payments, Mr. Bowman paid Defendants
7 | through PREMCO for the Federal Way security deposits. Other payments were taken from
8 | earned but unpaid income in the form of diversion from Net Income (or Profit, depending on
9 | how the ambiguous contract is read). Labor Code §§ 404 and 405 required Defendants to
10 | segregate and preserve any money received from Mr. Bowman in a separate, interest-bearing
11 | account and to account for and hold these funds in trust for Mr. Bowman. Defendants have
12 | testified that they put all these funds into their operating accounts, and failed to segregate them
13 | into separate accounts. Defendants have never accounted for these funds or their use to
14 | Mr. Bowman or PREMCO.

15

16 | **SPECIAL INTERROGATORY NO. 8**

17 | State all facts evidencing YOUR contention that defendants wrongfully converted YOUR
18 | security deposits and used them to their own financial gains, as stated in paragraph 26 of your
19 | SECOND AMENDED COMPLAINT.

20 | **RESPONSE TO INTERROGATORY NO. 8**

21 | Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at
22 | times used the term "security deposits" as being identical in meaning to "Reserves," and at times
23 | not. Plaintiff also objects that much of the evidence necessary to respond to this interrogatory
24 | has been withheld by Defendants despite two court orders. Plaintiff reserves the right to
25 | introduce such other evidence responsive to this interrogatory as is subsequently determined
26 | through discovery or investigation. Notwithstanding and without waiving these objections,
27 | Plaintiff responds: Defendants obtained $9,800 in security deposits from PREMCO and
28 | Mr. Bowman on or about January 15, 2004, at the outset of their relationship; other amounts

7

1   were converted by Defendants during their relationship. Defendants have not returned that

2   money despite having no right to it then or now. Defendants have testified that these funds were

3   placed into Defendants' operating accounts and shifted around as necessary to pay for business

4   expenses and fund Defendants' loan operations. The full facts on these matters have been

5   withheld from Plaintiff despite the Court's orders. Discovery is ongoing.

6

7   **SPECIAL INTERROGATORY NO. 9**

8       State all facts evidencing YOUR contention that defendants had any obligation to pay

9   YOU interest on Security Deposits, as stated in paragraph 27 of your SECOND AMENDED

10   COMPLAINT.

11   **RESPONSE TO INTERROGATORY NO. 9**

12       Plaintiff objects to this interrogatory as vague and ambiguous, as Defendants have at

13   times used the term "security deposits" as being identical in meaning to "Reserves," and at times

14   not. Defendants had a statutory duty under Labor Code § 404, among other things, to pay

15   interest on these cash bonds. Moreover, as a fiduciary, Defendants had an obligation to preserve

16   the trust funds and make them profitable, including earning interest while in their possession.

17

18   **SPECIAL INTERROGATORY NO. 10**

19       State all facts evidencing YOUR contention that YOU are owed an amount greater than

20   $12,306 in compensation related to Marketing Credits, as stated in paragraph 30 of your

21   SECOND AMENDED COMPLAINT.

22   **RESPONSE TO INTERROGATORY NO. 10**

23

24       Kern Lewis informed Mr. Bowman via e-mail that he had $15,385 in marketing credits

25   and that CMG would reimburse me at the rate of $0.80 per $1.00 of general advertising and

    marketing expenses incurred throughout the year 2006. Mr. Lewis also informed Mr. Bowman

26   that he would be reimbursed at the rate of $1.00 per $1.00 marketing expense for the Home

27   Ownership Accelerator loan program incurred through the year 2006. Mr. Bowman re-submitted

28

8

1  the general and HOA marketing expense to Kern Lewis.   CMG calculated the marketing credit

2  to be \$0.80 per \$1.00 based on the entire \$15,385, thus depriving Mr. Bowman of the dollar per

3  dollar reimbursement for the HOA marketing expenses that had been promised. Mr. Bowman

4  also had many thousands of dollars of marketing credits that earned in 2005 that were never

5  reimbursed.

6

## SPECIAL INTERROGATORY NO. 11

7

8  State all facts evidencing YOUR contention that Defendants used the "Reserves" to meet

9  their general financial obligations, as stated in paragraph 34 of your SECOND AMENDED

   COMPLAINT.

10

## RESPONSE TO INTERROGATORY NO. 11

11

12  Plaintiff objects that much of the evidence necessary to respond to this interrogatory has

    been withheld by Defendants despite two court orders. Plaintiff reserves the right to introduce

13

    such other evidence responsive to this interrogatory as is subsequently determined through

14

    discovery or investigation. Defendants have testified that they moved Plaintiffs' Reserves

15

    around their accounts to fund their operations, and likely shifted funds into their warehouse

16

    accounts used to fund loans. Discovery and investigation are continuing.

17

18

## SPECIAL INTERROGATORY NO. 12

19

20  State all facts evidencing YOUR contention that Defendants have a practice of holding

    employees other than YOU responsible for expenses incurred in the course and scope of their

21

    employment, as stated in paragraphs 38 and 39 of your SECOND AMENDED COMPLAINT.

22

23  ## RESPONSE TO INTERROGATORY NO. 12

24  Plaintiff objects that much of the evidence necessary to respond to this interrogatory has

25  been withheld by Defendants despite two court orders. Plaintiff reserves the right to introduce

26  such other evidence responsive to this interrogatory as is subsequently determined through

27

28

9

1  discovery or investigation. Defendants have testified that all Branch Managers were required to
2  enter into similar unlawful agreements.

3

4  **SPECIAL INTERROGATORY NO. 13**

5      For each breach by defendants of the BRANCH MANAGEMENT AND
6  EMPLOYMENT AGREEMENTS that YOU allege, describe every act or omission that YOU
7  allege constitutes the breach.

8  **RESPONSE TO INTERROGATORY NO. 13**

9      Defendants breached the Branch Management Agreements in numerous ways. For
10  example, Defendants have failed and refused to pay Bowman wages earned for labor performed
11  during his last month of employment; Defendants deducted from Bowman's wages items
12  improperly classified as "Expenses," including, without limitation, costs and losses of the
13  employer that could not be attributed to Bowman, losses due to overpayment of former
14  employees, and fines and taxes levied on CMG by state regulatory agencies. Defendants
15  unlawfully sought to make Bowman an insurer of their business losses at every opportunity;
16  Defendants failed to account for numerous items improperly charged as Expenses against Gross
17  Income, thus wrongfully reducing Bowman's wages. For example, and without limitation,
18  Defendants overpaid Branch employees, miscalculated benefits contributions, and deducted
19  money to pay a portion of CMG's tax liability in Washington state even though 1) this was a
20  corporate expense to Defendants, not a Branch operating Expense, and 2) the Branch
21  Management Agreement specifically provides that Bowman was to be paid Net Income "after
22  Expenses but before taxes." Despite Bowman's many complaints, Defendants refused to correct
23  its errors and pay him his full wages owed; Defendants failed to include all "income earned and
24  derived from the Branch Office" in its calculation of Gross Income, thus depriving Bowman of
25  earned wages. For example, and without limitation, fees paid by borrowers, service release
26  premiums, yield spread premiums, income generated on the sale of loans, and other revenues all
27  constituted income earned and derived from the Branch Office but were not counted toward
28  Bowman's wages; Defendants deducted money from Branch revenues to pay matching

10

1  contributions to employee benefits (such as CMG's 401k program). Some of these employees

2  terminated their employment without vesting into those benefits, meaning that those

3  contributions should have been returned as Gross Income to Bowman's Branches. Defendants

4  did not return these amounts to Bowman either during his employment or when he was

5  terminated. Defendants failed to timely obtain all appropriate licenses for the Branches;

6  Defendants did not responsibly account for all accounting and disbursements as required by the

7  BMA; Defendants failed to comply with all applicable laws and regulations, as required by the

8  BMA; Defendants also breached the BMA by diverting so-called "Reserves" from his unpaid

9  wages; Defendants failed to deliver proper notices under the terms required by paragraph 11 of

10  the BMA; Defendants have failed to indemnify Mr. Bowman for his lawful actions during the

11  course of his employment; Defendants failed to follow the provisions of the BMA calling for

12  execution of a month-to-month lease at fair market value;

13

14  **SPECIAL INTERROGATORY NO. 14**

15  Describe each part of the BRANCH MANAGEMENT AND EMPLOYMENT

16  AGREEMENTS that YOU allege are partially oral.

17  **RESPONSE TO INTERROGATORY NO. 14**

18  To the extent that the Marketing Credits program is not fully reflected in any writing,

19  Plaintiff responds that Defendants orally promised to pay Marketing Credits.

20

21  **SPECIAL INTERROGATORY NO. 15**

22  For each breach by defendants of the partially oral parts of any agreement between YOU

23  and Defendants, describe every act or omission that YOU allege constitutes the breach.

24  **RESPONSE TO INTERROGATORY NO. 15**

25  Defendants failed to pay him all earned but unpaid marketing credits.

26

27

28

11

1   **SPECIAL INTERROGATORY NO. 16**

2          Describe each part of the BRANCH MANAGEMENT AND EMPLOYMENT

3   AGREEMENTS that YOU allege are partially implied in fact.

4   **RESPONSE TO INTERROGATORY NO. 16**

5          Like all agreements, the BMA had implied into them all applicable laws.  The Labor

6   Code is therefore implied into these Agreements, including §§ 201, 221-224, and 400-410, and

7   HUD guidelines and regulations are implied as well. To the extent that the obligation to pay

8   Marketing Credits is not fully reflected in the contracts between the parties, Defendants promised

9   to pay Mr. Bowman his earned Marketing Credits.

10

11  **SPECIAL INTERROGATORY NO. 17**

12         For each breach by defendants of the partially implied in fact parts of any agreement

13  between YOU and Defendants, describe every act or omission that YOU allege constitutes the

14  breach.

15  **RESPONSE TO INTERROGATORY NO. 17**

16         Plaintiff incorporates by reference the allegations of the Second Amended Complaint

17  alleging breaches of the Labor Code.  Defendants failed to pay Mr. Bowman his earned but

18  unpaid marketing credits.

19

20  **SPECIAL INTERROGATORY NO. 18**

21         Itemize all attorneys' fees and costs you have accrued to date in pursuit of this lawsuit, for

22  which YOU are seeking compensation from Defendants.

23  **RESPONSE TO INTERROGATORY NO. 18**

24         Plaintiff objects to this interrogatory as seeking information protected by the attorney-

25  client privilege or attorney work-product doctrine and outside the scope of discovery. Plaintiff's

26  agreements with his attorneys concerning fees and costs are confidential under California law.

27  Moreover, fees and costs are not damages and not properly subject to a discovery request.

28

12

**SPECIAL INTERROGATORY NO. 19**

State all reasons why PREMCO did not close any loans started prior to January 31, 2007 with CMG after January 31, 2008.

**RESPONSE TO INTERROGATORY NO. 19**

Plaintiff objects that the interrogatory is vague, ambiguous, and unintelligible. During the relevant time period, PREMCO was not in the business of closing loans.

**SPECIAL INTERROGATORY NO. 20**

State all facts evidencing YOUR contention that Defendants breached the implied covenant of good faith and fair dealing with the intent and effect of depriving YOU of the benefits of the contractual terms, as stated in paragraph 69 of your SECOND AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 20**

Plaintiff objects to this interrogatory as vague and ambiguous, as it does not identify which contract is referred to. Notwithstanding and without waiving this objection, Plaintiff responds: All contracts have within implied a covenant by each party to act in good faith and to deal fairly with the other parties to the contract. Defendants breached this covenant by, among other things, converting the "security deposits" to their own hidden use and benefit, entering into the contract with the intent to obtain money from Plaintiffs to fund their operations and expansion, obtaining this money without any intent to return it, and using the Facilities Agreement to accomplish the unlawful purpose of making Mr. Bowman the insurer of Defendants' business losses.

**SPECIAL INTERROGATORY NO. 21**

State all facts evidencing YOUR contention that YOU were told by any employee of Defendants at any time that YOU were required to contribute to the "Reserves" by the Department of Housing and Urban Development, as stated in paragraph 86 of your SECOND AMENDED COMPLAINT. (And Do for PREMCO).

13

**RESPONSE TO INTERROGATORY NO. 21**

Plaintiff objects that the interrogatory is compound and unintelligible. Plaintiff objects that much of the evidence necessary to respond to this interrogatory has been withheld by Defendants despite two court orders. Plaintiff reserves the right to introduce such other evidence responsive to this interrogatory as is subsequently determined through discovery or investigation. Notwithstanding and without waiving these objections, Plaintiff responds: In the December, 2004, conference call meeting, Chris George told employees that he would be deducting further Reserves from the Branches to comply with HUD requirements. Following the conference call, Mr. George called all of the Branch Managers personally and informed them that because of HUD requirements, he had to increase the branch reserves. Mr. George told Mr. Bowman during an individual conversation that he would increase reserves because HUD requirements. Mr. Bowman was told about reserve requirements even before signing the contracts. This came from numerous other CMG agents, before, during, and after signing the contract. (Theresa Ones, Iantha Curry, Patricia Mitchell, Paul Chevez, and others). CMG employees have testified that they have seen internal documents that stated that Reserves were required by HUD.

**SPECIAL INTERROGATORY NO. 22**

State all facts evidencing YOUR contention that YOU were told by any employee or officer of Defendants at any time that Defendants were withholding Reserves from YOUR wages to ensure against Branch Losses, as stated in paragraph 87 of your SECOND AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 22**

In December 2004 Chris George called all the managers personally, including Mr. Bowman, and informed them that net profit was going to be less because he had to increase the reserve requirement in order to comply with HUD requirements. Later, Paul Chevez, Patricia Mitchell and other CMG agents notified Mr. Bowman (and, on information and belief, other branch managers) through conference calls and e-mails that CMG was increasing its reserve

14

1 | requirements and that these increases in reserves would result in reduced net profits to the branch
2 | managers.

3

4 | **SPECIAL INTERROGATORY NO. 23**

5 | State all facts evidencing YOUR contention that Defendants owed YOU a fiduciary duty,
6 | as stated in paragraph 115 of your SECOND AMENDED COMPLAINT.

7 | **RESPONSE TO INTERROGATORY NO. 23**

8 | Plaintiff incorporates the facts and argument on this issue set forth in detail in Plaintiffs'
9 | motion for summary adjudication. In brief, Defendants were not entitled to take either the
10 | "security deposits" or Reserves from Plaintiffs, but having done so, they were required to hold
11 | them in trust with all duties of a fiduciary both under the common law and by operation of Labor
12 | Code § 405. Defendants stated that they were taking "security deposits" and Reserves to insure
13 | against indebtedness and also to abide by HUD regulations. Defendants did not reveal that they
14 | were planning to use these funds for their sole benefit.

15

16 | **SPECIAL INTERROGATORY NO. 24**

17 | State all facts evidencing YOUR contention that Defendants breached any fiduciary duty
18 | owed YOU, as stated in paragraph 116 of your SECOND AMENDED COMPLAINT.

19

20 | **RESPONSE TO INTERROGATORY NO. 24**

21 | Labor Code §403 required Defendants to put Mr. Bowman's Reserves in a bank
22 | authorized to do business in this State, and required Mr. Bowman's written permission for any
23 | withdrawals. Section 404 requires that any money Defendants took from Mr. Bowman be
24 | returned with interest. Section 405 bars Defendants from mingling these funds with the property
25 | of the employer. It is undisputed that Defendants breached each one of these obligations.

26 | Defendants may at times have put Mr. Bowman's reserves into a bank authorized to do
27 | business in California, but Defendants' CFO, Paul Chevez, testified that they moved this money
28 | around freely to accounts in other states. Mr. Chevez testified that reserves were held in several

15

1    accounts, particularly in an "Excess Cash Account" in CMG's GMAC Warehouse Bank in

2    Pennsylvania. They did not segregate these reserves from their own funds. These are violations

3    of § 403 (California bank) and § 405 (commingling). The Reserves are not kept in interest-

4    bearing accounts, a violation of § 404.

5          This was not simply a failure to segregate funds: What Defendants had hit upon was a

6    scheme to fund their operations through the use of the Branch Managers' money. Mr. Chevez

7    testified that the accounts containing the Reserves were used for "operation of business and

8    things" "payments of commissions to the branches and it's used for, yeah, all operations I

9    guess." In other words, Mr. Bowman's funds were being used to pay the everyday operating

10    costs of the business including, conceivably, his own commissions. It is undisputed that

11    Defendants commingled Mr. Bowmans' funds with their own, that they had no way of

12    determining where their Mr. Bowman's Reserves ended and their operating funds began, and

13    that they applied the operating funds, including the unsegregated Branch Manager Reserves, to

14    the operations of their business.

15          Not only was Mr. Bowman paying for operating costs, his funds were actually being used

16    to leverage Defendants' loans. Mr. Chevez testified that Defendants' practices were to funnel all

17    available capital, including the Reserves, into so-called warehouse bank accounts. By keeping

18    the Branch Managers' funds in these warehouse accounts, Defendants would not have to use

19    their own operating funds to fund loans.

20

21    **SPECIAL INTERROGATORY NO. 25**

22          State all facts evidencing YOUR contention that YOU expended and lost money in direct

23    consequence of the discharge of YOUR duties, as stated in paragraph 133 of your SECOND

24    AMENDED COMPLAINT.

25    **RESPONSE TO INTERROGATORY NO. 25**

26          Plaintiff objects to the interrogatory to the extent it would require an audit or compilation

27    of each and every expense and loss he incurred during the course of his employment, which can

28    be calculated from the thousands of documents he has previously produced to Defendants, from

16

1  communications during and after his employment, from his two days of deposition testimony,

2  and from the extensive accounting supplied by Plaintiff's expert witness. Plaintiff objects that

3  accounting for each such expense and each fact leading to such expense would be unduly

4  burdensome, harassing, and unnecessary given that Defendants have been provided with

5  sufficient information to determine these facts already. Plaintiff also objects that he lacks

6  sufficient information to answer this interrogatory fully because Defendants have failed to

7  provide all information and documents requested in discovery, without regard to the Court's

8  Orders. Notwithstanding and without waiving these objections, Plaintiff responds: Plaintiff

9  expended and lost money in direct consequence of the discharge of his duties by, among other

10  things: borrowing funds to pay operating expenses on behalf of CMG for which he was never

11  reimbursed; paying for marketing expenses to originate loans that closed through CMG which

12  were never reimbursed; paying "security deposits" and "Reserves" to Defendants which were

13  never returned; paying for CMG business expenses for which he was never reimbursed; Plaintiff

14  has also expended substantial time and money in pursuing reimbursement of these funds before

15  and during this litigation; Plaintiff has expended money in defense of Defendants' counter-claim

16  because, among other things, he acted in good faith on Defendants' instructions; Plaintiff has

17  also lost money because of the unpaid net income, marketing credits, Reserves, security deposits

18  and other amounts wrongfully withheld by Defendants. He has lost money and suffered

19  damages from the lost opportunities and profits that he would have obtained but for Defendants'

20  wrongful acts. He has lost money and suffered damages from the lost opportunities and profits

21  that he would have obtained but for Defendants' wrongful acts. He has lost future wages after

22  termination due to Defendants' malicious and retaliatory acts. He has also lost wages due to the

23  emotional distress resulting from Defendants' acts.

24

25                                             LAW OFFICES OF ALAN F. COHEN

26

27  Dated: July 16, 2008                    By  _Alan Coh_____

                                         Alan F. Cohen

28                                Attorneys for Plaintiffs

17

## DECLARATION OF SERVICE

I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age of eighteen years, and not a party to the within action. I am a member of the bar of this Court. My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

On the date set forth below I served a true and correct copy of:

## BOWMAN'S RESPONSE TO SPECIAL INTERROGATORIES PER RULE 34 FROM DEFENDANT CMG MORTGAGE, INC.

☒    (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage thereon fully prepaid, with the United States Postal Service for mailing this day from San Francisco, California.

☐    (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

☐    (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on this date to the party(ies) indicated.

☐    (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage thereon fully prepared, with the United States Postal Service or an overnight courier for next day delivery to the party(ies) indicated.

I served the above document(s) on the following persons:

Joshua Rosenthal
Medlin & Hargrave
One Kaiser Plaza, Suite 1305
Oakland, CA 94612

*Attorneys for Defendants CMG Mortgage, Inc. et al.*

I am readily familiar with my firm's practices for processing of correspondence for delivery according to the instructions indicated above, under which correspondence would be deposited in the mail or other delivery service set forth above on the date below. The above-referenced documents were placed for deposit in accordance with the office's practice. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on July 16, 2008.

Alan Cohen

Alan F. Cohen

18

# EXHIBIT I

1   Alan F. Cohen (State Bar No. 194075)
    **LAW OFFICES OF ALAN F. COHEN**
2   101 Montgomery Street, Suite 2050
    San Francisco, CA 94104
3   415.984.1943 (tel.)
    415.984.1953 (fax)
4   cohenlaw@mindspring.com
5
    Angela M. Xavier (State Bar No. 165152)
6   900 Cherry Avenue, Suite 300
7   San Bruno, CA 94066
    650.355.0414 (tel.)
8   650.355.0842 (fax)
9   Attorneys for Plaintiffs
10
11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO DIVISION
13

14
    JAMES W. BOWMAN, JR. and PACIFIC          Case No.: C-07-3140-SI
15  REAL ESTATE MANAGEMENT
    COMPANY, INC., a Washington               **RESPONSE TO DEFENDANTS' REQUEST**
16  Corporation                               **FOR PRODUCTION OF DOCUMENTS**
                                              **UNDER RULE 34 [SET THREE]**
17              Plaintiffs,
18
                v.
19
20  CMG MORTGAGE, INC., a California
    Corporation; CMG MORTGAGE, INC.,
21  d/b/a PACIFIC GUARANTEE
    MORTGAGE, CMG MORTGAGE
22  SERVICES, INC., a California corporation;
    CMG MORTGAGE SERVICES, INC., d/b/a
23  PACIFIC GUARANTEE MORTGAGE,
24
                Defendants.
25

26  PROPOUNDING PARTY:   DEFENDANTS CMG MORTGAGE, INC., CMG MORTGAGE,
                          INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG
27                        MORTGAGE SERVICES, INC., CMG MORTGAGE
28                        SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE

LAW OFFICES OF
ALAN F. COHEN
                                            1
            **PLAINTIFF'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, Set Three**
                                  **Case No. C-07-3140 SI**

1
2
RESPONDING PARTY:    PLAINTIFFS JAMES W. BOWMAN, JR. AND PACIFIC REAL
                     ESTATE MANAGEMENT COMPANY, INC.

3
SET NO:              THREE

4
**PRELIMINARY STATEMENT**

5
6
Plaintiffs' responses to the Request for Production of Documents Under Rule 34 [Set Three]

7
("Request") are made based on Plaintiffs' present knowledge, information and belief. Said

8
responses are at all times subject to such additional or different information or documents that

9
discovery or further investigation may disclose and are subject to such refreshing of recollection,

10
and such additional knowledge of facts, as may result from Plaintiffs' further discovery or

11
investigation. Plaintiffs reserve the right to make any use of, and to introduce at any hearing and at

12
trial, any information or documents responsive to the Request obtained through subsequent

discovery or investigation.

13
14
To the extent that Plaintiffs respond to this Request by stating that Plaintiffs will provide

15
documents which Plaintiffs or any other party to this litigation deem to embody material that is

16
private, business confidential, proprietary, trade secret, or otherwise protected from disclosure

17
pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence

18
Code or any other applicable source of privacy right arising under statute, constitutional

19
provision or case law, Plaintiffs will do so only subject to the protective order previously agreed

to by the parties.

20
21
To the extent that the only documents in Plaintiffs' possession, custody or control

22
responsive to a request are those previously produced by Defendants, Plaintiffs will not re-

23
produce those documents back to Defendants. Similarly, to the extent Plaintiffs have produced

24
documents within their possession, custody, or control to Defendants, Plaintiffs will not produce

25
another copy of such documents. A contrary interpretation of the rules of discovery would be

26
wasteful and unnecessary, and would impose an undue and unreasonable burden and expense on

the responding party.

27
28

1    Plaintiffs reserve all objections or other questions as to the competency, relevance,

2    materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or

3    any other action for any purpose whatsoever of Plaintiffs' responses herein and of any document or

4    thing identified or provided in response to the Request.

5    Plaintiffs object to each and every document request to the extent it seeks documents

6    constituting attorney-client communications or attorney work-product.

7    Plaintiffs reserve the right to object on any ground at any time to such other or supplemental

8    Request for Production or any other discovery as Defendant may at any time propound involving or

9    relating to the subject matter of this Request.

10

11    **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST**

12

13    **REQUEST NO. 3(a):**

14    Plaintiffs object to the Request as overbroad as to time and seeking documents outside

15    the scope of discovery.  Notwithstanding and without waiving these objections, Plaintiffs

16    respond that they are unable to comply because no such documents exist.

17    **REQUEST NO. 3(b):**

18    Plaintiffs object to the Request to the extent it is vague and ambiguous as to the term

19    "customer lists."  Plaintiffs object to the extent the Request seeks documents that are the

20    confidential property of Plaintiffs, in that they consist of information that did not ever belong to

21    Defendants and did not constitute a Trade Secret. Plaintiffs object that Defendants are already in

22    possession of all information about their own borrowers, and that the Request is therefore

23    unnecessary, harassing, and not likely to lead to the discovery of admissible evidence.

24    **REQUEST NO. 3(c):**

25    Plaintiffs object to the Request as seeking documents outside the scope of discovery and

26    protected by the corporation's right to privacy.

27

28

1  **REQUEST NO. 3(d):**

2      Plaintiffs object to the Request as seeking documents outside the scope of discovery and

3  protected by the corporation's right to privacy.

4  **REQUEST NO. 3(e):**

5      Plaintiffs object to the Request as seeking documents outside the scope of discovery and

6  protected by the corporation's right to privacy.

7  **REQUEST NO. 3(f):**

8      Plaintiffs object to the extent the Request seeks documents protected by the right of

9  privacy. Plaintiff will produce any responsive, non-objectionable documents in his possession,

10  custody, and control.

11  **REQUEST NO. 3(g):**

12      Plaintiffs object that the Request is vague and ambiguous in the use of the phrase

13  "RELATING TO." All responsive, non-privileged documents have been produced.

14  **REQUEST NO. 3(h):**

15      Plaintiffs will comply.

16  **REQUEST NO. 3(i):**

17      Plaintiffs object that the Request seeks documents protected by the right of privacy and

18  outside the scope of discovery.

19  **REQUEST NO. 3(j):**

20      Plaintiffs object that the Request is vague and ambiguous as directed to two parties.

21  Plaintiffs object that the Request seeks documents protected by the right of privacy and outside

22  the scope of discovery.

23  **REQUEST NO. 3(k):**

24      Plaintiffs object that the Request is vague and ambiguous as directed to two parties.

25  Plaintiffs object that the Request seeks documents protected by the right of privacy and outside

26  the scope of discovery.

27

28

1   **REQUEST NO. 3(l):**

2        Plaintiffs object that the Request seeks documents protected by the right of privacy and

3   outside the scope of discovery.

4   **REQUEST NO. 3(m):**

5        Plaintiffs object that the Request seeks documents protected by the right of privacy and

6   outside the scope of discovery.

7   **REQUEST NO. 3(n):**

8        Plaintiffs object that the Request seeks documents protected by the right of privacy and

9   outside the scope of discovery.

10   **REQUEST NO. 3(o):**

11        Plaintiffs object that the Request seeks documents protected by the right of privacy and

12   outside the scope of discovery.

13   **REQUEST NO. 3(p):**

14        Plaintiffs object that the Request seeks documents protected by the right of privacy and

15   outside the scope of discovery.

16   **REQUEST NO. 3(q):**

17        Plaintiffs object that the Request seeks documents protected by the right of privacy and

18   outside the scope of discovery.

19   **REQUEST NO. 3(r):**

20        Plaintiffs object that the Request seeks documents protected by the right of privacy and

21   outside the scope of discovery.

22   **REQUEST NO. 3(s):**

23        Plaintiffs object that the Request is vague and ambiguous in the use of the term

24   "approval." Plaintiffs object that the Request seeks documents protected by the right of privacy

25   and outside the scope of discovery.

26   **REQUEST NO. 3(t):**

27        Plaintiffs object that the Request seeks documents protected by the right of privacy.

28   Plaintiffs will comply by producing all responsive documents, if any exist.

1  **REQUEST NO. 3(u):**

2      Plaintiffs object that the Request seeks documents protected by the right of privacy and

3  outside the scope of discovery.

4  **REQUEST NO. 3(v):**

5      Plaintiffs object that the Request seeks documents protected by the right of privacy and

6  outside the scope of discovery.

7  **REQUEST NO. 3(w):**

8      Plaintiffs object that the Request seeks documents protected by the right of privacy and

9  outside the scope of discovery.

10  **REQUEST NO. 3(x):**

11      Plaintiffs object that the Request seeks documents protected by the right of privacy and

12  outside the scope of discovery.

13  **REQUEST NO. 3(y):**

14      Plaintiffs object that the Request seeks documents protected by the right of privacy and

15  outside the scope of discovery.

16  **REQUEST NO. 3(z):**

17      Plaintiffs object that the Request seeks documents protected by the right of privacy and

18  outside the scope of discovery.

19  **REQUEST NO. 3(aa):**

20      Plaintiffs object that the Request seeks documents protected by the right of privacy and

21  outside the scope of discovery.

22  **REQUEST NO. 3(bb):**

23      Plaintiffs object that the Request seeks documents protected by the right of privacy and

24  outside the scope of discovery.

25  **REQUEST NO. 3(cc):**

26      Plaintiffs object that the Request seeks documents protected by the right of privacy and

27  outside the scope of discovery.

28

1  **REQUEST NO. 3(dd):**

2       Plaintiffs object that the Request seeks documents protected by the right of privacy and

3  outside the scope of discovery.

4  **REQUEST NO. 3(ee):**

5       Plaintiffs object that the Request seeks documents protected by the right of privacy and

6  outside the scope of discovery.

7  **REQUEST NO. 3(ff):**

8       Plaintiffs objects to the extent that the Request seeks documents protected by privilege,

9  the right of privacy, or other cognizable bases. Notwithstanding and without waiving these

10  objections, Plaintiffs will comply.

11  **REQUEST NO. 3(ff):**

12       Plaintiffs object to the extent that the Request seeks documents outside the scope of

13  discovery. Plaintiffs are unable to comply because no such documents exist.

14  **REQUEST NO. 3(ff):**

15       Plaintiffs object to the extent that the Request seeks documents outside the scope of

16  discovery. All relevant, responsive documents have been produced.

17

18                                                    LAW OFFICES OF ALAN F. COHEN

19

20

21  Dated: July 16, 2008                    By _____

22                                                         Alan F. Cohen
                                                           Attorneys for Plaintiffs
23

24

25

26

27

28

1

2

## **DECLARATION OF SERVICE**

3      I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age
4 of eighteen years, and not a party to the within action. I am a member of the bar of this Court.
My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

5      On the date set forth below I served a true and correct copy of:

6
7      **RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF
DOCUMENTS UNDER RULE 34 [SET THREE]**

8   ☒   (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage
9         thereon fully prepaid, with the United States Postal Service for mailing this day
from San Francisco, California.

10   ☐   (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

11   ☐   (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on
this date to the party(ies) indicated.

12   ☐   (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage
13         thereon fully prepared, with the United States Postal Service or an overnight
courier for next day delivery to the party(ies) indicated.

14   ☒   (EMAIL) by emailing such copy to the address indicated below. Electronic
15         transmission was reported complete and without error.

16
17      I served the above document(s) on the following persons:

18   Joshua Rosenthal
Medlin & Hargrave
19   One Kaiser Plaza, Suite 1305
Oakland, A  94612
20   jrosenthal@mhlawcorp.com

21      *Attorneys for Defendants CMG Mortgage, Inc. et al.*

22
23      I am readily familiar with my firm's practices for processing of correspondence for
delivery according to the instructions indicated above, under which correspondence would be
24   deposited in the mail or other delivery service set forth above on the date below. The above-
referenced documents were placed for deposit in accordance with the office's practice. I declare
25   under penalty of perjury under the laws of the State of California that the foregoing is true and
correct. Executed at San Francisco, California on July 16, 2008.

26

27
                                              _____
                                              Alan F. Cohen

8

**PLAINTIFF'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, Set Three
Case No. C-07-3140 SI**

# EXHIBIT J



1    Alan F. Cohen (State Bar No. 194075)
     **LAW OFFICES OF ALAN F. COHEN**
2    101 Montgomery Street, Suite 2050
     San Francisco, CA  94104
3    415.984.1943 (tel.)
     415.984.1953 (fax)
4    cohenlaw@mindspring.com
5
     Angela M. Xavier (State Bar No. 165152)
6    Attorney At Law
     900 Cherry Avenue, Suite 300
7    San Bruno, CA  94066
     Telephone:  (650) 355-0414
8    Facsimile:  (650) 355-0842
9
     Attorneys for Plaintiffs and Cross-Defendant
10
                **UNITED STATES DISTRICT COURT**
11
                NORTHERN DISTRICT OF CALIFORNIA
12
                    SAN FRANCISCO DIVISION
13

14    JAMES W. BOWMAN, JR. and PACIFIC REAL    | Case No.: C-07-3140-SI
      ESTATE MANAGEMENT COMPANY, INC., a       |
15    Washington Corporation                    | **JAMES BOWMAN, JR.'S RESPONSE**
                                                | **TO SPECIAL INTERROGATORIES**
16              Plaintiffs,                      | **PER RULE 34 FROM DEFENDANT**
                                                | **CMG MORTGAGE SERVICES, INC.**
17        v.                                     | **[SET ONE]**

18    CMG MORTGAGE, INC., a California           |
      Corporation; CMG MORTGAGE, INC., d/b/a     |
19    PACIFIC GUARANTEE MORTGAGE, CMG            |
      MORTGAGE SERVICES, INC., a California      |
20    corporation; CMG MORTGAGE SERVICES,        |
      INC., d/b/a PACIFIC GUARANTEE             |
21    MORTGAGE,                                  |
22              Defendants.                      |

23    CMG Mortgage Inc., a California Corporation |
24              Counter-Claimant,                |
25        v.                                     |
26    James W. Bowman, Jr., an individual,       |
                Cross-Defendant.                |
27

28    PROPOUNDING PARTY:    DEFENDANT CMG MORTGAGE SERVICES, INC.

                                    1

RESPONDING PARTY:      PLAINTIFF JAMES BOWMAN, JR.

SET NO:                ONE

## PRELIMINARY STATEMENT

Plaintiff's responses to these Interrogatories are made based on Plaintiff's present knowledge, information and belief. These responses are at all times subject to such additional or different information or documents that discovery or further investigation may disclose and are subject to such refreshing of recollection, and additional knowledge of facts, as may result from Plaintiff's further discovery or investigation. Plaintiff reserves the right to make any use of, and to introduce at any hearing and at trial, any information or documents responsive to the Request obtained through subsequent discovery or investigation.

To the extent that Plaintiff responds to this Request by stating that Plaintiff will provide information which Plaintiff or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to California Constitution, article I, section 1, Division 8 of the California Evidence Code or any other applicable source of privacy right arising under statute, constitutional provision or case law, Plaintiff will do so only subject to the parties' existing protective order against the unauthorized use or disclosure of such information.

Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and of any document or thing identified or provided in response to the Request.

Plaintiff objects to each and every interrogatory to the extent it seeks information constituting attorney-client communications or attorney work-product. Plaintiff also objects to the Interrogatories to the extent they purports to impose any duty in the responding party greater than that imposed by the Code of Civil Procedure.

2

1    Plaintiff reserves the right to object on any ground at any time to such other or supplemental

2   interrogatories or any other discovery as Defendants may at any time propound involving or relating

3   to the subject matter of this Request.

4

5   **SPECIAL INTERROGATORY NO. 1**

6    State all facts evidencing YOUR contention that YOU expended and lost money in direct

7   consequence of the discharge of YOUR duties, as stated in paragraph 133 of your SECOND

8   AMENDED COMPLAINT.

9   **RESPONSE TO INTERROGATORY NO. 1**

10    Plaintiff objects to the interrogatory to the extent it would require an audit or compilation

11   of each and every expense and loss he incurred during the course of his employment, which can

12   be calculated from the thousands of documents he has previously produced to Defendants, from

13   communications during and after his employment, from his two days of deposition testimony,

14   and from the extensive accounting supplied by Plaintiff's expert witness. Plaintiff objects that

15   accounting for each such expense and each fact leading to such expense would be unduly

16   burdensome, harassing, and unnecessary given that Defendants have been provided with

17   sufficient information to determine these facts already. Plaintiff also objects that he lacks

18   sufficient information to answer this interrogatory fully because Defendants have failed to

19   provide all information and documents requested in discovery, without regard to the Court's

20   Orders. Notwithstanding and without waiving these objections, Plaintiff responds: Plaintiff

21   expended and lost money in direct consequence of the discharge of his duties by, among other

22   things: borrowing funds to pay operating expenses on behalf of CMG for which he was never

23   reimbursed; paying for marketing expenses to originate loans that closed through CMG which

24   were never reimbursed; paying "security deposits" and "Reserves" to Defendants which were

25   never returned; paying for CMG business expenses for which he was never reimbursed; Plaintiff

26   has also expended substantial time and money in pursuing reimbursement of these funds before

27   and during this litigation; Plaintiff has expended money in defense of Defendants' counter-claim

28   because, among other things, he acted in good faith on Defendants' instructions; Plaintiff has

3

1   also lost money because of the unpaid net income, marketing credits, Reserves, security deposits
2   and other amounts wrongfully withheld by Defendants. He has lost money and suffered
3   damages from the lost opportunities and profits that he would have obtained but for Defendants'
4   wrongful acts. He has lost money and suffered damages from the lost opportunities and profits
5   that he would have obtained but for Defendants' wrongful acts. He has lost future wages after
6   termination due to Defendants' malicious and retaliatory acts. He has also lost wages due to the
7   emotional distress resulting from Defendants' acts.

8

9   **SPECIAL INTERROGATORY NO. 2**

10      State all facts evidencing YOUR contention that Defendants never fully indemnified
11   YOU for the interest expenditures YOU incurred in the course and scope of YOUR employment,
12   as stated in paragraph 134 of your SECOND AMENDED COMPLAINT.

13   **RESPONSE TO SPECIAL INTERROGATORY NO. 2**

14      Plaintiff objects to the interrogatory to the extent it would require an audit or compilation
15   of each and every expense and loss he incurred during the course of his employment, which can
16   be calculated from the thousands of documents he has previously produced to Defendants, from
17   communications during and after his employment, and from the extensive accounting supplied
18   by Plaintiff's expert witness. Plaintiff objects that accounting for each such expense and each
19   fact leading to such expense would be unduly burdensome, harassing, and unnecessary given that
20   Defendants have been provided with sufficient information to determine these facts already.
21   Plaintiff also objects that he lacks sufficient information to answer this interrogatory fully
22   because Defendants have failed to provide all information and documents requested in discovery,
23   without regard to the Court's Orders. Notwithstanding and without waiving these objections,
24   Plaintiff responds: Plaintiff incorporates the facts set forth in response to Special Interrogatory
25   No. 1 above. In addition to those expenditures, Plaintiff also lost money he had to pay in interest
26   on money borrowed to make up for Defendants' wrongful refusal to reimburse all expenses, and
27   on interest lost on the use of this money.

28

4

**SPECIAL INTERROGATORY NO. 3**

If YOU contend that any part of the BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS are unenforceable, state all facts evidencing such contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

Plaintiff objects that the interrogatory is vague and ambiguous. Notwithstanding and without waiving this objection, Plaintiff responds: The BMA offends numerous portions of the Labor Code and HUD regulations. For example, as implemented by Defendants it makes the Branch Manager individually responsible for the employer's debts and costs in violation of HUD Mortgagee Letter 00-15, HUD Mortgagee Handbook 4060.1 REV-2, Labor Code §§ 221, 400-410, 2802. Among other things, the BMA makes Mr. Bowman an insurer of the company's business losses in matters completely beyond his control and out of all proportion to his responsibilities or compensation. For example, paragraph 9(c) purports to make Mr. Bowman personally responsible for the full cost of repurchases by reason of fraud, including disputes or settlements (whatever that means); paragraph 9(d) purports to make Mr. Bowman personally responsible for unlimited "loss or costs" related to any legal proceedings, audits or foreclosures, including all of Defendants legal expenses, "arising out of the activities or operations of the branch" (whatever that means); paragraph 10 operates in restraint of trade by barring the Branch Manager from soliciting customers with existing contractual obligations to PGM (whatever that means) regardless of whether that information is a trade secret or otherwise truly proprietary; paragraphs 9(e)-(g) also potentially violate the Labor Code; paragraphs 12(a) and 18 purport to create a right to indemnify beyond that allowed by the Labor Code; paragraph 13 contains an unlawful arbitration agreement; paragraph 15 is lawful but conflicts with the secret arrangement created by Defendants' Facilities Agreement; paragraph 21 (r) purports to create a right of offset that is contrary to the Labor Code; paragraph 21(s) purports to impose a limited statute of limitations in violation of Labor Code §§ 219, 405, and 2804, among other statutory and common law prohibitions; paragraph 21(v) violates Bus. & Prof. Code § 16600. The agreement is also adhesive, oppressive, one-sided, and unconscionable.

5

1

**SPECIAL INTERROGATORY NO. 4**

2

3

If YOU contend that any part of the BRANCH MANAGEMENT AND EMPLOYMENT AGREEMENTS are illegal, state all facts evidencing such contention.

4

5

**RESPONSE TO SPECIAL INTERROGATORY NO. 4**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiff objects that the interrogatory is vague and ambiguous. Notwithstanding and without waiving this objection, Plaintiff responds: The BMA offends numerous portions of the Labor Code and HUD regulations. For example, as implemented by Defendants it makes the Branch Manager individually responsible for the employer's debts and costs in violation of HUD Mortgagee Letter 00-15, HUD Mortgagee Handbook 4060.1 REV-2, Labor Code §§ 221, 400-410, 2802. Among other things, the BMA makes Mr. Bowman an insurer of the company's business losses in matters completely beyond his control and out of all proportion to his responsibilities or compensation. For example, paragraph 9(c) purports to make Mr. Bowman personally responsible for the full cost of repurchases by reason of fraud, including disputes or settlements (whatever that means); paragraph 9(d) purports to make Mr. Bowman personally responsible for unlimited "loss or costs" related to any legal proceedings, audits or foreclosures, including all of Defendants legal expenses, "arising out of the activities or operations of the branch" (whatever that means); paragraph 10 operates in restraint of trade by barring the Branch Manager from soliciting customers with existing contractual obligations to PGM (whatever that means) regardless of whether that information is a trade secret or otherwise truly proprietary; paragraphs 9(e)-(g) also potentially violate the Labor Code; paragraphs 12(a) and 18 purport to create a right to indemnify beyond that allowed by the Labor Code; paragraph 13 contains an unlawful arbitration agreement; paragraph 15 is lawful but conflicts with the secret arrangement created by Defendants' Facilities Agreement; paragraph 21 (r) purports to create a right of offset that is contrary to the Labor Code; paragraph 21(s) purports to impose a limited statute of limitations in violation of Labor Code §§ 219, 405, and 2804, among other statutory and common law prohibitions; paragraph 21(v) violates Bus. & Prof. Code § 16600. The agreement is also adhesive, oppressive, one-sided, and unconscionable.

28

6

1

2 **SPECIAL INTERROGATORY NO. 5**

3    State all facts in support of YOUR affirmative defenses to CMG Mortgage, Inc.'s

4 counter-claim.

5 **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

6    Plaintiff objects to this interrogatory as compound, overbroad, and unduly burdensome,

7 inasmuch as it seeks "all facts" concerning 25 separate affirmative defenses.  In addition,

8 Plaintiff objects to this interrogatory as inapplicable as directed to Plaintiff inasmuch as it asks

9 Plaintiff to respond to a counter-claim against a cross-defendant.

10

11 **SPECIAL INTERROGATORY NO. 6**

12    State all facts in support of YOUR claim that YOU suffered emotional distress as a result

13 of Defendants' alleged conduct, as stated in Paragraph 111 of the SECOND AMENDED

14 COMPLAINT.

15 **RESPONSE TO SPECIAL INTERROGATORY NO. 6**

16    As a result of Defendants' conduct, Plaintiff suffers emotional distress as demonstrated

17 by the following signs:  An overall thought that there is no longer any reason for him to live,

18 sleep disturbances, change of appetite, headaches, rumbling stomach, periodic diarrhea,

19 backaches, hip pain, increased anger, difficulty controlling temper, lack of enjoyment in

20 everyday living, tiredness, lack of energy, difficulty remembering, decreased social activity,

21 decreased sexual activity, people commenting on his anger, short temper, and erratic behavior,

22 increased consumption of alcohol, anxiety, depression, grief (overwhelming sadness), loneliness

23 and isolation, nervousness, irritability, argumentative, bad attitude, difficulty focusing and

24 concentrating, embarrassment, feelings of anguish, humiliation for letting others down.

25

26

27

28

7

1  **SPECIAL INTERROGATORY NO. 7**

2        Itemize all monetary damages that YOU suffered related to the claim that YOU suffered

3  emotional distress as a result of Defendants' alleged conduct, as stated in Paragraph 111 of the

4  SECOND AMENDED COMPLAINT.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 7**

6        Plaintiff objects to this interrogatory as invading the province of the jury, in that only the

7  factfinder can determine the full monetary value on emotional distress damages.

8

9  **SPECIAL INTERROGATORY NO. 8**

10       Identify all medical records indicating treatment sought by YOU for YOUR emotional

11  distress, as stated in Paragraph of the SECOND AMENDED COMPLAINT.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 8**

13       Plaintiff has no medical records indicating treatment for his emotional distress.

14

15  **SPECIAL INTERROGATORY NO. 9**

16       Itemize, by borrower name and date of closing, the total amount of compensation

17  received by YOU, PREMCO, and/or any loan agent or employee of PREMCO, for all loans

18  funded by any of the defendants.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 9**

20       Plaintiff objects to this interrogatory as seeking information equally or more readily

21  available to Defendants, and therefore as unduly burdensome, annoying, and harassing. Plaintiff

22  objects that the interrogatory is also harassing as it requires a calculation of data which would be

23  laborious, time-consuming, uncertain and of limited utility. Plaintiff objects that Defendants are

24  in possession of the expert report of Everett Harry, which sets forth some portion of the

25  information requested. Plaintiff also objects that this information is available in Defendants'

26  own Statements of Operations and that the interrogatory is unduly burdensome and harassing.

27  Plaintiff objects that the interrogatory is vague and ambiguous given Defendants' multiplicity of

28  labels and explanations for its payments to Plaintiffs.

8

1

2  **SPECIAL INTERROGATORY NO. 10**

3      If YOU contend that YOU are entitled to retain any portion of the sums received by

4  CMG in connection with defendants funding of a mortgage loan, state all facts by which YOU

5  contend that YOU would be required to return said sums to defendants.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 10**

7      Plaintiff objects that the interrogatory is vague, ambiguous, and unintelligible.

8

9  **SPECIAL INTERROGATORY NO. 11**

10     Do YOU contend that defendants were able sell every loan originated by the Federal Way

11 and Vancouver branches while affiliated with defendants?

12 **RESPONSE TO SPECIAL INTERROGATORY NO. 11**

13     Plaintiff object that the interrogatory is vague and ambiguous.  Notwithstanding and

14 without waiving this objection, Plaintiff responds that he lacks sufficient information or belief to

15 answer this question, especially given Defendants' failure to provide all information requested in

16 discovery and ordered produced by the Court.

17

18 **SPECIAL INTERROGATORY NO. 12**

19     If YOU contend that defendants were obligated to segregate and account for security

20 deposits funded by PREMCO, state all facts which support the contention.

21 **RESPONSE TO SPECIAL INTERROGATORY NO. 12**

22     Defendants "security deposits" are an attempt to make employees insurers of Defendants'

23 business losses and are unlawful under Labor Code § 221-224, 400-410 and 2802, at least.

24 Defendants required Mr. Bowman to pay the "security deposits" as a condition of employment,

25 either directly or through a corporation.  Among other payments, Mr. Bowman paid Defendants

26 through PREMCO for the Federal Way security deposits.  Other payments were taken from

27 earned but unpaid income in the form of diversion from Net Income (or Profit, depending on

28 how the ambiguous contract is read).  Labor Code §§ 404 and 405 required Defendants to

9

**BOWMAN'S RESPONSES TO CMGS SPECIAL INTERROGATORIES**

1 | segregate and preserve any money received from Mr. Bowman in a separate, interest-bearing
2 | account and to account for and hold these funds in trust for Mr. Bowman.

3

4 | **SPECIAL INTERROGATORY NO. 13**

5 |     If YOU contend that PREMCO did not provide defendants with the initial security

6 | deposits for the Vancouver or Federal Way branches, state all facts which support the contention.

7 | **RESPONSE TO SPECIAL INTERROGATORY NO. 13**

8 |     All funds for the security deposits in Federal Way came from Mr. Bowman, through

9 | PREMCO or otherwise. The initial security deposit check for Federal Way was drawn on a

10 | PREMCO account, but consisted of funds from Mr. Bowman. The security deposit/Reserves for

11 | Vancouver were diverted from Mr. Bowman's income.

12

13 | **SPECIAL INTERROGATORY NO. 14**

14 |     If YOU contend that YOU were entitled to retain loan files initiated prior to YOUR

15 | termination which closed after YOUR termination, state all facts that support the contention.

16 | **RESPONSE TO SPECIAL INTERROGATORY NO. 14**

17 |     Plaintiff objects that the interrogatory is vague and ambiguous, as Defendants have used

18 | the phrase "loan files" to describe several different things in the course of this litigation.

19 | Notwithstanding and without waiving the above objections, and assuming that "loan files" has

20 | the meaning used at CMG and in the industry, namely files that were opened on behalf of

21 | qualified borrowers and consists of borrower information, credit report, and identified subject

22 | property, Plaintiff responds that he did not personally retain any loan files he initiated prior to his

23 | termination which closed after his termination. Plaintiff shipped all loan files in his possession

24 | belonging to CMG back to CMG, at its direction.

25

26

27

28

10

1 **SPECIAL INTERROGATORY NO. 15**

2          If YOU contend that YOU are entitled to solicit business from borrowers whose names

3   YOU first learned of while employed by defendants after the termination of YOUR employment

4   by defendants, state all facts that support the contention.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 15**

6          Plaintiff objects to the interrogatory to the extent it is vague and ambiguous as to what

7   "business" is being referred to, and further objects that the interrogatory makes no distinction

8   between information that might constitute a legally cognizable trade secret and that which does

9   not. Notwithstanding and without waiving these objections, Plaintiff responds that Defendants

10  are not entitled to contract for a restraint of trade forbidden under Bus. & Prof. Code § 16600.

11  Furthermore, the second paragraph of section 10 of the BMA provides:

12          Nothing contained in this paragraph is intended to preclude Branch Manager from
            purchasing and/or developing, at his or her own cost and expense, customer lists
13          which shall be considered the separate property of Branch Manager and not
            subject to the provisions of this paragraph 10.
14

15                                                          LAW OFFICES OF ALAN F. COHEN

16

17
    Dated: July 16, 2008                          By  *Alan Cohen*
18                                                     Alan F. Cohen
19                                                     Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

                                                11

## DECLARATION OF SERVICE

I, Alan F. Cohen, declare that I am a resident of the State of California, am over the age of eighteen years, and not a party to the within action. I am a member of the bar of this Court. My address is 101 Montgomery Street, Ste. 2050, San Francisco, CA 94104.

On the date set forth below I served a true and correct copy of:

**BOWMAN'S RESPONSE TO SPECIAL INTERROGATORIES PER RULE 34 FROM DEFENDANT CMG MORTGAGE SERVICE, INC.**

☒ (FIRST CLASS MAIL) by placing such copy in a sealed envelope postage thereon fully prepaid, with the United States Postal Service for mailing this day from San Francisco, California.

☐ (HAND DELIVERY) by hand delivery on to the party(ies) indicated below:

☐ (FACSIMILE) by consigning such copy to a facsimile operator for transmittal on this date to the party(ies) indicated.

☐ (OVERNIGHT COURIER) by consigning such copy in a sealed envelope postage thereon fully prepared, with the United States Postal Service or an overnight courier for next day delivery to the party(ies) indicated.

I served the above document(s) on the following persons:

Joshua Rosenthal
Medlin & Hargrave
One Kaiser Plaza, Suite 1305
Oakland, CA 94612

*Attorneys for Defendants CMG Mortgage, Inc. et al.*

I am readily familiar with my firm's practices for processing of correspondence for delivery according to the instructions indicated above, under which correspondence would be deposited in the mail or other delivery service set forth above on the date below. The above-referenced documents were placed for deposit in accordance with the office's practice. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on July 16, 2008.

Alan Coh

Alan F. Cohen

12

BOWMAN'S RESPONSES TO CMGS SPECIAL INTERROGATORIES

# EXHIBIT K



MEDLIN &
HARGRAVE
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
*jrosenthal@mhlawcorp.com*

July 18, 2008

*Via E-mail & U.S. Mail*

Alan F. Cohen
101 Montgomery Street, Suite 2050
San Francisco, CA 94104

> **Re:** *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
> *U.S. District Court, Northern District of California*
> *Case No.: C07-3140 MEJ*

Dear Mr. Cohen:

Please consider this letter a meet and confer attempt with respect to your clients'
responses to defendants' third inspection demand and special interrogatories. Please remove
your objections and provide substantive responses and documents immediately. In light of the
deadline to file discovery motions, please remove your objections no later than noon on Tuesday,
July 22, 2008, or I will bring motions to compel further responses.

Special Interrogatories from CMG Mortgage, Inc. to PREMCO

Interrogatory 9

Plaintiffs have asked for attorneys' fees in their prayer for damages. It is a component of
the amount sought from defendants. Thus, defendants are entitled to know the amount of
attorney's fees thus far incurred. Please show me an law that states this is not discoverable.

Interrogatory 10

There is a protective order in place in this matter. Thus, the privacy rights of the
borrowers, if any, are adequately protected as there will be not disclosure of the information
outside of this litigation. Thus, remove this objection and respond to the discovery.

**MEDLIN & HARGRAVE**

*A Professional Corporation*

Alan Cohen
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 18, 2008
Page 2

Interrogatories 17, 18 & 19

The second amended complaint (paragraph 108 of the recently filed second amended complaint) states that all plaintiffs suffered emotional distress. If you stipulate that PREMCO did not suffer any emotional distress, then you don't have to answer these interrogatories.

Interrogatory 25

Whether or not PREMCO filed federal tax returns is not privileged information. Perhaps the information in the tax returns is protected. Plaintiffs have claimed that PREMCO is a sham corporation. Thus, defendants are entitled to know whether or not that is true. Such information would include whether PREMCO ever filed taxes. Remove the objection and please respond to this interrogatory.

Special Interrogatories from CMG Mortgage Services, Inc. to PREMCO

Interrogatory 1

Whether or not PREMCO filed state tax returns is not privileged information. Perhaps the information in the tax returns is protected. Plaintiffs have claimed that PREMCO is a sham corporation. Thus, defendants are entitled to know whether or not that is true. Such information would include whether PREMCO ever filed taxes. Remove the objection and please respond to this interrogatory.

Special Interrogatories from CMG Mortgage, Inc. to Bowman

Interrogatory 18

Plaintiffs have asked for attorneys' fees in their prayer for damages. It is a component of the amount sought from defendants. Thus, defendants are entitled to know the amount of attorney's fees thus far incurred. Please show me an law that states this is not discoverable.

Special Interrogatories from CMG Mortgage Services, Inc. to Bowman

Interrogatory 5

Please remove this frivolous objection. As you know, this is a form interrogatory approved by the California Judicial Council and there is nothing compound about it. Plaintiffs propounded the same interrogatory and defendants responded to it. Finally, it doesn't matter who

**MEDLIN & HARGRAVE**

*A Professional Corporation*

---

Alan Cohen
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 18, 2008
Page 3

is propounding the interrogatory, Bowman filed an answer to a counter-claim, so provide facts in support of the affirmative defenses.

Interrogatory 7

If plaintiff claims that he has suffered emotion distress and is asking for money as a result, plaintiff must justify that number. Please provide legal justification for the claim that you do not have to quantify a claim for emotional distress damages. Otherwise, remove the claim.

Interrogatory 10

In case you didn't understand the interrogatory, I will rephrase it. Plaintiffs are claiming that it is entitled to all sums that CMG may have earned from sales of loans in the secondary market as well as loan origination fees on brokered loans. Defendants want to know if there are any circumstances whereby plaintiffs contend they would have to return that money - for example if there was an early refinance and the investor required a refund of an origination fee.

Request For Production of Documents 3

(a)    I want to make sure this response is not a mistake. Plaintiffs already produced contracts between them and Sierra Pacific. So, I don't think this response is correct. Please amend it to correctly respond to the request and produce any other responsive documents like any other contracts between Bowman and/or PREMCO and Citybank, RBC, PGM, etc.

b)    Pursuant to the Branch Management & Employment Agreement, any customer lists other than those purchased by Bowman belong to CMG. Thus, if there are any such lists - then produce them. If CMG provided leads or lists or information was compiled based on marketing that CMG paid for then produce the information and remove the objection. If no documents exist, then remove the objection and say so.

c-e)    First, defendants provided this information to plaintiffs pursuant to its request. Second ,plaintiffs have claimed that PREMCO is a sham corporation. Therefore, defendants are entitled to see information about its corporate formation and structure.

i-s, v, ee)    Plaintiffs claim that PREMCO is a sham corporation. Thus, defendant is entitled to discover information regarding whether it complied with corporate formalities. Bowman has stated that he undercapitalized the

**MEDLIN & HARGRAVE**

*A Professional Corporation*

Alan Cohen
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
July 18, 2008
Page 4

> corporation, thus defendants are entitled to information regarding where its money came from and whether Bowman used it as a shell. Plaintiffs have put this at issue by making this argument. If plaintiffs wish to remove the argument that PREMCO is a sham only formed at CMG's request (even though it did the same thing before 2003 and does the same thing now), plaintiffs don't have to respond to this demand.

u)    I don't understand this objection. If PREMCO suffered emotional distress and that is a claim that it is making, then justify it. Otherwise, just state that it has no responsive documents because none exist.

w-dd) Defendants are entitled to information regarding Bowman's net worth for its punitive damages claim. <u>StreetScenes v. ITC Entertainment Group, Inc.</u> 103 Cal.App.4th 233 (2002). Thus, produce this information. There is a protective order in place so there is no concern regarding Bowman's privacy.

ff)    The last three responses are all to "ff." Since the last two requests were labeled ff and gg, I can't tell what the responses correlate to. Please clarify this typo.

   Due to the short time in which to bring a motion to compel, I expect a response to this meet and confer letter by noon on Tuesday, July 22, 2008. If you have any questions, please do not hesitate to contact me.

Sincerely,

Joshua A. Rosenthal

JAR:xt
cohen.12.jar.wpd

cc:    Angela Xavier
       Client