Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
415.984.1943 (tel.)
415.984.1953 (fax)
cohenlaw@mindspring.com

Angela M. Xavier (State Bar No. 165152)
Attorney At Law
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
Telephone: (650) 355-0414
Facsimile: (650) 355-0842

Attorneys for Plaintiffs and Cross-Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES W. BOWMAN, JR. and PACIFIC REAL ESTATE MANAGEMENT COMPANY, INC., a Washington Corporation<br><br>Plaintiffs,<br><br>v.<br><br>CMG MORTGAGE, INC., a California Corporation; CMG MORTGAGE, INC., d/b/a PACIFIC GUARANTEE MORTGAGE, CMG MORTGAGE SERVICES, INC., a California corporation; CMG MORTGAGE SERVICES, INC., d/b/a PACIFIC GUARANTEE MORTGAGE,<br><br>Defendants. | Case No.: C-07-3140-SI<br><br>**PLAINTIFFS' EX PARTE APPLICATION/MOTION FOR CONTINUANCE**<br><br><br>Action Filed: June 14, 2008<br>Current Trial Date: August 25, 2008 |
| CMG Mortgage Inc., a California Corporation<br><br>Counter-Claimant,<br><br>v.<br><br>James W. Bowman, Jr., an individual,<br><br>Cross-Defendant. | |

///

Plaintiffs/Cross-Defendants James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc. (PREMCO) ask the Court for a brief, three-month continuance of the trial date on the ground that so many pre-trial issues remain unsettled that Plaintiffs will be unfairly prejudiced if forced to proceed with trial on the current schedule. Quite simply, less than one month before trial, Plaintiffs still do not have access to sufficient information and evidence to try all aspects of the case, including Defendants' recently-added counter-claim.

This Court previously expressed significant doubts about the parties' ability to proceed on the current trial schedule at the Case Management Conference on May 14 – and that was before the case was restyled to include a counter-claim for the first time. Events have proven the Court correct.

**I.     The reasons a continuance is necessary**

    **A.     <u>Four</u> discovery motions remain undecided**

Less than a month before trial is to begin, no less than four discovery motions are pending before the Court, including two filed on July 25. The motions are:

1. Defendants' motion for a protective order to prevent production of documents from Defendants' accountants (docket 81, filed July 7).
2. Plaintiff's motion to compel production of documents from Defendants (docket 92, filed July 25).
3. Defendants' motion to compel further responses to interrogatories and production of documents (docket 93, filed July 25).
4. Defendants' renewed motion to compel production of documents (docket 91, filed July 21).

Even if these motions were to be decided tomorrow, the parties likely would not receive the benefit of the requested discovery until days before trial – and responses to the two recent motions will not even be filed until August 1. On this schedule, there is no time for the parties to take advantage of the information they are requesting. For example, Plaintiffs are seeking documents they will then forward to their accountants to calculate additional elements of damages which they have had no means of assessing to date. This means that, before trial, the

Court needs to rule on the motions, Defendants and their outside accountants will need to respond to the Court's ruling and produce responsive documents, Plaintiffs' accountants will need to review the documents and formulate opinions, and Plaintiffs' counsel will then need to integrate those findings into their trial presentation.

Plaintiffs' July 25 motion seeks production of 16 categories of documents; a like number is the subject of Defendants' motion for protective order. Defendants' July 25 motion seeks even more: Defendants ask the Court to compel further responses to five different discovery documents totaling 30 separate requests. Presumably, Defendants believe this information crucial to try this case, or they would not have a) propounded the requests at issue, and b) taken the Court's time in moving to compel further responses. Plaintiffs see this issue, at least, in the same light – the pending discovery is necessary for trial of the case.

Pre-trial filings are due in one week, including motions *in limine*. It is simply impossible for the parties to submit meaningful evidentiary motions *in limine* before they receive the benefit of the Court's rulings on the pending discovery motions and before they have obtained all additional discovery to be produced afterwards. Similarly, the parties have no way of submitting meaningful witness or evidence lists when discovery is still this unsettled.

**B.     Plaintiffs have not had adequate opportunity to address the new Counter-Claim**

Defendants filed their new Counter-Claim on June 6, changing the shape of this case little more than two months before trial. Defendants received *initial* discovery responses concerning this counterclaim on July 17 which, for the first time, provided Mr. Bowman with an idea of what specific evidence Defendants believe exists and what damages Defendants believe they have suffered. Defendants will no doubt continue to take the position that Mr. Bowman had access to all the evidence in the case previously, but that is simply not true. The documents Defendants rely upon were not in Plaintiff's possession, custody, or control – they were obtained under subpoena from third parties. More to the point, until last week Mr. Bowman had no real idea of what items of evidence he would have to address because he is not liable under any theory alleged in the Counter-Claim; it is all smoke and mirrors.

Mr. Bowman has not had the chance to conduct any further discovery regarding the Count-Claim, including taking even one deposition.  More importantly, Mr. Bowman has not had an opportunity to challenge the Counter-Claim by summary judgment before trial.  Although he is still waiting to learn what additional facts and evidence Defendants believe may exist, it now appears virtually certain that Defendants will not be able to meet their evidentiary burden even to get to trial on their claims.  Mr. Bowman has a right to bring a motion for summary judgment under Fed. R. Civ. Proc. 56(b) ("a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim").  He had no ability to do so under the Court's current scheduling order.

### C.     The parties have not completed any further ADR

The parties have not conducted a second mediation or engaged in any other attempts at resolution other than an exchange of positions.  The parties at this point appear too far apart in their expectations to resolve the case on their own.  However, a mediator, magistrate judge, or other third party neutral might be able to achieve what the parties appear unable to accomplish on their own.  Plaintiffs, at least, would be interested in making such an attempt.

### D.     Plaintiffs have diligently prepared for trial

In order to meet the current trial date, the parties twice stipulated to move the discovery cutoff date closer to trial.[1]  It was this attempt to work within the current schedule, rather than any lack of attention or industry by Plaintiffs, that leaves Plaintiffs still waiting for the resolution of discovery disputes on the brink of trial.  Although the pending motions contain the usual finger-pointing about which party is in the wrong and obstructing discovery, neither party accuses the other of being dilatory in seeking discovery.  There can be no question that Plaintiffs, at least, have diligently pursued discovery.

In all other areas, Plaintiffs have been conscientious in preparing for trial.  Plaintiffs sought to amend their complaint soon after learning of the existence of evidence supporting

---

[1] See the Stipulation and Order to Continue the Expert and Non-Expert Discovery Cut Off Dates, filed March 26, 2008 (docket no. 40), and Stipulation and Order Setting Case Management Schedule, filed May 20, 2008 (docket no. 54).

additional claims (and Defendants). Plaintiffs also filed a motion for summary adjudication seeking to narrow the issues remaining in dispute at trial. Plaintiffs have timely brought appropriate motions to compel discovery, yielding information that, unfortunately, is only now becoming available. In response to the Court's order, Defendants have only days ago produced contact information for potential witnesses. These are witnesses that Plaintiffs should have been able to contact months ago, yet who are only now being identified. Whether or not Defendants withheld this information in a conscious attempt to make it impossible for Plaintiffs to adequately prepare for trial, it has had this result. The Court will be expecting pre-trial filings within a week identifying witnesses and evidence, and Plaintiffs will be unable to provide all of that information on the current schedule.

## II.   The relief requested

Plaintiffs ask only for a brief, three-month continuance to allow them to complete discovery and file a motion for summary judgment on Defendants' bogus counter-claims.

As the Court observed last week, the contractual issues in this case are already vexing and confusing (I believe the Court's words were to the effect that jury instructions would be a "nightmare"). If the Counter-Claim can be disposed of before trial, that would simplify the proceedings tremendously.

The requested continuance would allow the parties to complete discovery and put to rest the numerous open discovery issues at a reasonable remove before trial. As it stands, the state of the evidence is completely unsettled, and the parties do not have sufficient information to prepare their pre-trial filings. To avoid inevitable and considerable confusion on the eve of trial, and to avoid the likelihood that Plaintiffs, at least, will be unfairly prejudiced by being required to proceed with so many aspects of the case unsettled, Plaintiffs believe this continuance is necessary.

To set a trial date that accommodates the schedule of the Court and all parties, Plaintiffs request a Case Management Conference at the time of the currently-scheduled pre-trial conference, August 12.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | LAW OFFICES OF ALAN F. COHEN |
| Dated:   July 28, 2008 | By _____ |
|   | Alan F. Cohen |
|   | Attorney for Plaintiffs |