David R. Medlin     (SBN 77417)
G. Bradley Hargrave  (SBN 173911)
Joshua A. Rosenthal  (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:    (510) 832-2900
Facsimile:    (510) 832-2945
E-mail:       *jrosenthal@mhlawcorp.com*

Attorneys for Defendants/Counter-Claimant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>                    Plaintiffs,<br>         vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>                    Defendants.<br>_____/<br>CMG Mortgage Inc., a California Corporation<br><br>                    Counter-Claimant,<br><br>         vs.<br><br>James W. Bowman, Jr., an individual,<br><br>                    Cross-Defendant.<br>_____/ | Case No.: C 07 3140 SI<br><br>OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TRIAL CONTINUANCE<br><br>Dept:  Courtroom 10<br>Judge: Honorable Susan Illston<br><br>File date: June 14, 2007<br>Trial date: August 25, 2008 |

I.    INTRODUCTION

   Plaintiffs seek a trial continuance on grounds - all of which are of their own making.  In truth, there is no need for a continuance, it will impose an extreme financial and logistical hardship on the defendants and there is simply no reason to do it at this point.

1

Plaintiffs claim they need a continuance for the following reasons:

1) There are pending discovery motions.

2) They haven't had the opportunity to address the counter claim against Bowman.

3) The parties have not had an opportunity to complete further ADR.

However, these are not sufficient reasons for a continuance, in large part because:

1) Of the 4 discovery motions pending, 3 were filed by defendants. Defendants do not need any additional time to prepare for trial.

2) Plaintiffs previously stated to this court that they did not need a trial continuance. Plaintiffs stated this in order to obtain the relief they were requesting at the time, leave to file an amended complaint. Now, that they were granted leave they ignore that statement and ask for a continuance. At the time, they were aware of the allegations in the cross-complaint and have been aware of the claims since the answer was filed in August of 2007.

3) Defendants asked plaintiffs 3 times to participate in ADR and plaintiffs ignored the request.

There are outstanding discovery requests that are the subject of discovery motions. However, it is all on discovery that was propounded at the end of the litigation and due on or about the discovery cut off date. Plaintiffs have not provided a sufficient reason to move the trial date and risk losing witness availability. Plaintiffs have had ample time to conduct discovery and prepare for trial. Defendants respectfully request that the trial date remain August 25, 2008.

## II. ARGUMENTS.

### a. The Pending Discovery Motions Are Not Sufficient Reasons To Continue The Trial.

Plaintiffs' claim that the existence of four outstanding discovery motions creates good reason to continue the trial. Two of the motions involve defendants demanding that plaintiffs comply with their discovery obligations. Thus, plaintiffs are claiming that good cause for the continuance includes their own abuse of the discovery process. The other two motions both involve production of the same information - one asks it from a third party witness and the other asks it from

2

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TRIAL CONTINUANCE C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\opp to ex parte app to continue\Opposition.wpd

1  defendants. However, the information sought is irrelevant and it was all sought at the end of the
2  litigation. Plaintiffs cannot ask for information that is so far beyond the scope of reasonable
3  discovery right before trial and then claim that reasonable objections to the discovery is reason for a
4  continuance. Even if plaintiffs had received the documents without objection, they still would not
5  have been able to conduct further discovery because discovery was cut off on the scheduled date for
6  compliance.

7  With respect to plaintiffs' claims that they have only recently received information regarding
8  "potential witnesses" (other CMG branch managers), that is a red herring[1]. First, there is no
9  information or testimony from other CMG branch managers that will be relevant to this lawsuit.
10 Second, plaintiffs have had contact information, including email addresses and names of the other
11 CMG branch managers for years - as all of that information was on group emails sent to the branch
12 managers during plaintiffs' employment. Declaration of Rosenthal, para 3.

13 There are always outstanding discovery issues at the discovery cut off. Plaintiffs are
14 responsible for the vast majority of the issues at this stage because they have refused to comply with
15 their discovery obligations. However, defendants do not need a continuance and neither do
16 plaintiffs. The discovery at issue will either be ordered to be produced, or not, prior to trial and the
17 parties can use the information as needed.

18 **B.      Plaintiffs Have Had an Ample Opportunity to Address the Counter Claim.**

19 Another disingenuous argument is that plaintiffs have not had a proper opportunity to
20 address the recently file counter-claim. First, plaintiffs never mentioned the need for a trial
21 continuance in their opposition to defendants' motion for leave to file a counter-claim, because they
22 knew Bowman didn't need a continuance and did not want to jeopardize plaintiffs' ability to have
23 their own pleading amended. Additionally, Mr. Cohen stated at the case management conference
24 that he did not think a continuance would be needed in light of the amendments. Declaration of
25 Rosenthal, para. 2.

26 Plaintiff Bowman has known about the facts of the counter-claim since defendants filed their

---

28 [1]If plaintiffs are claiming that the potential witnesses are former CMG HR and compliance employees, defendants always offered to produce the witnesses if plaintiffs sought to depose them.

3

answer in August of 2007. Defendants have conducted discovery on the issue, issued third party subpoenas and have filed motions to compel documents related to their claims over the entire course of this litigation. The allegations in the counter-claim were well known to Bowman prior to the filing of the action, which is why he made defendants file a motion to compel to obtain the loan files at issue. There is no additional discovery that Bowman needs to conduct in this matter because he has known of the allegations for months and had a draft of the proposed counter-claim for 2 months prior to the discovery cut off.

Finally, plaintiffs' claim that Bowman is entitled to bring a motion for summary adjudication on the counter-claim is also disingenuous. First, plaintiff had over a month to bring such a motion, since the motion for leave to file the counter-claim was filed on May 20, 2008 and the summary judgment motion was due by June 23, 2008 (and plaintiffs filed its own summary adjudication motion on an amended complaint it had not even filed at the time of filing the motion). Second, there are no grounds for a summary adjudication/judgment motion. Plaintiff admitted that he closed loans started with CMG prior to January 31, 2008 with Sierra Pacific after January 31, 2008. Declaration of Rosenthal, para. 4. This is a violation of his contract with CMG, conversion, an interference with prospective economic advantage and a violation of the Uniform Trade Secrets Act. Bowman's only defense was that a CMG employee allegedly told him it was OK (on a day that the CMG employee in question was on vacation). This is a genuine issue of material fact. A summary adjudication/judgment motion by either side would be a waste of time.

### C. Plaintiffs' Requests to Conduct Further ADR Are a Ruse.

Plaintiffs make the insincere argument that they need more time to conduct ADR. However, defendants have asked plaintiffs' counsel on 3 occasions since the last case management conference to participate in ADR and on all 3 occasions plaintiffs' counsel has ignored the request. Declaration of Medlin, para. 2. On May 22, 2008, attorney David Medlin talked with Mr. Cohen about ADR, Mr. Cohen said he would get back to him about ADR and never did. Declaration of Medlin, para. 2. Then, Mr. Medlin sent two emails asking about ADR, to which Mr. Cohen did not respond. Declaration of Medlin, para. 2. In light of the outrageously high settlement demand that plaintiffs made and the previous refusal to even respond to requests to engage in ADR, it is obvious that the

4

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TRIAL CONTINUANCE C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Motion\opp to ex parte app to continue\Opposition.wpd

request in plaintiffs' motion is merely a ruse to obtain the relief they are currently seeking. It is obvious that plaintiffs will say whatever they think they need to say at the time to get what they want and they turn around and say the complete opposite when they want something different.

### D. The Requested Continuance Should Be Denied.

A trial continuance would impose a severe economic hardship on defendants. They have spent significant sums on attorneys' fees to ramp up for an August 25, 2008 trial date and have cleared schedules of numerous employees, experts and attorneys. Continuing the trial at this date would add in the range of $100,000 in fees and costs to CMG's expenses in defending this matter. Thus, the continuance should be denied. However, if the Court is inclined to grant the continuance, defendants respectfully request that it be for no more than three or four weeks and that the current discovery and motion cut offs remain inplace. If the Court will be granting a longer continuance, defendants respectfully request that the trial not be set between October 3, 2008 and November 11, 2008, due to a prepaid vacation of Mr. Medlin, lead trial counsel for defendants, (which vacation was scheduled around the August 25, 2008 trial date) and that the current discovery and motion cut offs remain in place.

### III. CONCLUSION

Plaintiffs have provided no good reason to continue the trial. As described herein, the discovery issue is not a good reason because the majority of the outstanding discovery is due to plaintiffs own stonewalling and the rest of the "important" information plaintiffs claim they were waiting for they have had for years. Plaintiffs do not need additional time to attack the counter-claim because they knew what it was months earlier and never raised that claim before (because they had ample opportunity to attack it and didn't want to jeopardize their own proposed amendment to the pleading). Also, there are no grounds to attack the counter-claim on a Rule 56 motion. Finally, plaintiffs have no interest in conducting ADR, have repeatedly ignored defendants' requests to conduct ADR and only raise it now to get the relief they seek. For all of the above reasons, defendants respectfully request that plaintiffs' ex parte application for a trial continuance be denied.

1
2  Date:   July 29, 2008              **MEDLIN & HARGRAVE**
                                      A PROFESSIONAL CORPORATION
3
4
                                      /s/
5                                     Joshua A. Rosenthal,
                                      Attorneys for Defendants
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28