LAW OFFICES OF
# ALAN F. COHEN

101 MONTGOMERY STREET
SUITE 2050
SAN FRANCISCO, CA 94104
TEL: 415.984.1943
FAX: 415.984.1953
cohenlaw@mindspring.com

July 30, 2008

**Via E-Filing and U.S. Mail**

Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

      Re:    *Bowman et al. v. CMG Mortgage, Inc. et al.* – Case No. 3:07-cv-03140-SI

            **Plaintiffs' response to Defendants' letter of July 21, 2008 regarding Defendants' earlier motion to compel production of documents**

Dear Judge Illston:

      This is written in response to Defendants' letter to the Court of July 21. Presumably, Defendants' letter is aimed at renewing their earlier motion to compel production of documents filed as Docket no. 56. That motion was brought to compel a further response to Defendants' document request for certain "loan files." Plaintiffs filed a response to this motion to compel on May 2, 2008, which is on the Court's Docket as no. 46.

      The Court originally terminated Defendants' motion on the ground that Defendants' subpoena to Plaintiffs' current employer, Sierra Pacific Mortgage, was the proper source for these documents and rendered the previous motion moot.

      Plaintiffs incorporate their earlier opposition to Defendants' motion filed as Docket no. 46; there is no need to restate those arguments again. In brief, Defendants asked for one thing in their request, and then demanded production of another.

      It is not clear what Defendants' current letter asks for. Their prayer for relief asks the Court to order Plaintiffs "to provide any additional documents in their possession (including any electronic records related to the applicable loans)." Presumably, these "additional documents" refer to "all of the documents in their possession related to any loans started prior to January 31, 2007 and completed thereafter, to the extent it [*sic*] had different or additional document [*sic*]" referred to earlier in the letter.

      Again, there is no discovery request before the Court to this effect. Nonetheless, in the interests of compromise, Plaintiffs will attempt to produce the documents Defendants are requesting, as follows: Plaintiffs will produce all documents evidencing or pertaining to loans started prior to January 31, 2007 and completed thereafter, including a printout of relevant records in the Plaintiff's database. There are only a few

such documents. The fact that Plaintiffs are producing these documents does not, of course, mean that they concede their admissibility or relevance.

Those documents relating to loans closed with Defendants will be produced unredacted. Those relating to loans closed through Mr. Bowman's subsequent employer, Sierra Pacific, will be produced with the borrower's names redacted, unless Sierra Pacific gives permission for them to be produced whole. It is Plaintiffs' understanding that Defendants and Sierra Pacific agreed that borrower names would be redacted in any Sierra Pacific documents produced in the course of this case.

Plaintiffs hope this will put an end to this particular tempest.

Sincerely,

Alan F. Cohen

cc:     Joshua Rosenthal
        Angela Xavier