

# MEDLIN & HARGRAVE
A PROFESSIONAL CORPORATION

JOSHUA A. ROSENTHAL
jrosenthal@mhlawcorp.com

August 1, 2008

*Via E-Filing and U.S. Mail*

Honorable Susan Illston
Unisted States District Court, Northern District of California
450 Golden Gate Ave. Courtroom 10, 19th Floor
San Francisco, CA 94102

Re: *Pacific Real Estate Man. Company, Inc. et al. v. CMG Mortgage, Inc. et al.*
 *U.S. District Court, Northern District of California, Case No.: C07-3140 MEJ*
 <u>Defendants' Opposition To Plaintiffs' Motion To Compel Inspection Demand</u>

Dear Judge Illston:

This letter brief is in opposition to plaintiffs' motion to compel production of documents, set two.

**Privilege Log Issue**

Plaintiffs did not take the time to draft a meet and confer letter to outline their discovery concerns, so the parties discussed this matter via phone call on July 24, 2008. Plaintiffs' counsel asked if there were any documents being withheld on privilege grounds. I told him that the only privileged documents being withheld were CMG's communications with its counsel regarding Bowman, PREMCO or this litigation. I told him, in light of the discovery requests for "all communications," I wanted to make sure that it did not include communications with counsel. I stated that I did not feel that I had to create a privilege log of communications CMG had with this office related to this matter and Mr. Cohen agreed. Thus, I am not sure why he is moving to compel on this ground. If Mr. Cohen wants a statement in writing that when defendants state that they are producing all non-privileged documents that they are not producing communications with counsel, then defendants request that this opposition be that statement. Otherwise, it is an unnecessary task and an undue invasion of the attorney client privilege for defendants to have tocreate a privilege log of every communication CMG had with counsel related to this litigation.

**Request No. 30**

Plaintiffs request communications between two officers of CMG during a deposition taken 3 months ago. The request is harassing and unnecessary. As explained to plaintiffs' counsel, any documents prepared at the deposition by Chris George of Kim Callas (CMG officers) were prepared for counsel. Mr. George and Ms. Callas are percipient witnesses to many of the incidents alleged in

THE ORDWAY BUILDING | ONE KAISER PLAZA, SUITE 1305 | OAKLAND, CA 94612 | TEL (510) 832-2900 | FAX (510) 832-2945

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
August 1, 2008
Page 2

the lawsuit. That is the reason that they attended the deposition in the first place - to help their counsel follow up on issues where they had personal knowledge. Any notes taken were at the request of counsel and provided to counsel during breaks so he could use the information at the deposition. This information is clearly an attorney client privileged communication and it is outrageous that plaintiffs' counsel would continue to seek this information after it was explained to him. With respect to any text messages sent and received on Blackberries, those messages are not generally retained by Mr. George or Ms. Callas, were not in this instance and plaintiffs' counsel did not ask them to retain the information at any time following the deposition. Thus, even though it is not information that plaintiffs are entitled to, the information does not exist anyway.

**Request No. 31**

Plaintiffs are seeking documents related to policies and accounting of branch reserves of branches unrelated to this dispute. Plaintiffs claim they need this information for their yet unfiled "class action" pursuant to California Labor Code Section 2699. Thus, plaintiffs have just admitted to the lack of relevance of the documents in this lawsuit. This lawsuit is about two branches affiliated with Bowman and PREMCO. Plaintiffs have provided accounting related to the reserves of the two relevant branches. There is absolutely no relevance to the accounting of other branches. It is a harassing request and it seeks information that will never be relevant at a trial on the operative pleading. Plaintiffs should not be able to obtain these irrelevant documents to harass plaintiffs to see if they can amend their complaint for the third time to further expand this lawsuit. Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 384. It places unnecessary burden on defendants and it is completely unrelated to the subject matter of plaintiffs' claims. At this late stage in the litigation, there is no point in seeking documents that will never be admissible at trial.

**Request Nos. 35 and 64**

Spreadsheets were produced on July 25, 2008 that listed all of the secondary market income and all of the administrative fees earned on loans originated by the branches. In the meet and confer call on July 24, 2008, plaintiffs' counsel stated that this would be a sufficient response to the inspection demand. Thus, defendants assume that this issue is moot. If any additional information is being sought by this request, defendants request that plaintiffs say so.

**Request No. 36**

Plaintiffs have made a preposterous claim that security deposits made by a corporation (as admitted by Bowman in his deposition. See Exhibit B) were actually deposits left by an employee. Thus, plaintiffs assert the deposits should have been placed in a separate bank account and, because they were accounted for in CMG's general operating account, that now plaintiffs are entitled to look at all of CMG's corporate records and see all of its source of capitalization at any time. This request is

**MEDLIN & HARGRAVE**
*A Professional Corporation*

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
August 1, 2008
Page 3

overbroad as to time and seeks documents that are so harassing of CMG's privacy as to be a completely apparent abuse of the discovery process. Plaintiffs sue a corporation and think of the most painful way to extract a settlement - make a discovery request to inspect its books when it has absolutely no right to them. Just because plaintiffs make an allegation does mean they get to get all of the internal records of a corporation and examine its books. There are limits to the discovery rules. CMG has a right to privacy and compelling production of these documents completely violates it. Roberts v Gulf Oil Corp. (1983) 147 Cal. App. 3d 770, 796. This right to privacy is to be balanced with the need for the document sought in discovery. Davis v. Superior Court (1992) 7 Cal. App. 4th 1008, 1014. There has been no showing by plaintiffs that this invasion of privacy is justified. However, if the Court is considering compelling the information, defendants request that plaintiffs first make a showing at trial that it is entitled to relief that would require production of the requested documents. Defendants also incorporate the arguments made in response to requests 37-41, 44, and 47-52 below.

**Requests No. 37-41, 44**

Defendants repeat the same arguments as made to Request No. 36. Plaintiffs are seeking audits of CMG over a 4 year period, to review information completely irrelevant to this dispute and to have CMG "open its books" related to a lawsuit involving 2 branches of company that operated dozens of branches over the relevant period. There is no attempt to narrow this request to bring it in line with any topic directly related to this lawsuit. Plaintiffs' intent is clear - to harass CMG. Audited financial statements will not provide any more information about the security deposits than the bank account statements that have already been produced to plaintiffs. The finances of CMG unrelated to plaintiffs' claims are not the proper subject of discovery and defendants respectfully request that these requests not be compelled. If the Court is inclined to compel them, defendants request that it be done at some time at trial if plaintiffs have demonstrated that they are entitled to relief that requires looking at these documents. They are sensitive, private financial documents. Plaintiffs claim of $30,000-$40,000 in reserves do not justify looking at the books of a corporation that conducted hundreds of millions if not billions of dollar of loan origination during some of the years requested.

In light of the nature of the documents being sought, plaintiffs have to make some showing that this is information they are entitled to. The Facilities Agreement, which Bowman did sign, does not deal with any labor related obligation. Plaintiffs are taking the position that simply because Bowman is a W2 employee in some contexts, that simply because he signed the document (and his corporation paid the security deposit) that Bowman the employee paid the security deposit, and thus CMG is a fiduciary of Bowman. Plaintiffs then make the jump that they have an equitable ownership in CMG via a constructive trust theory. However, plaintiffs have made no showing, legal or otherwise, that support such a conclusion. In fact, there has to be a showing by clear and convincing evidence that Bowman has an ownership interest in CMG by virtue of the holding of PREMCO's security deposits. Taylor v. Polackwich (1983) 145 Cal.3d 1014, 10222. Certainly they must make more of a showing

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
August 1, 2008
Page 4

than they have to be entitled to documents regarding CMG's financials. While the rest of the case may have to be demonstrated by a preponderance of the evidence, this is a much higher evidentiary standard. If plaintiffs requests were compelled it would also mean that every time an employee alleged that he/she wasn't paid all of his wages that he/she would be entitled to all of the financial information of the employer. That is not the law and plaintiffs should not be allowed to have this information based on the facts and law submitted by plaintiffs.

**Request No. 43**

Fo the same reason stated in the response to Request No. 31, plaintiffs are not entitled to this information. Plaintiffs have no evidence that an employee provided a security deposit in this case and they have no evidence that employees did so with respect to any other branch managers. This is plainly harassment of CMG to seek documents evidencing interest earned on reserves. The Facilities Agreements (Exhibit A) at issue do not require payment of interest on the security deposits, security deposits were provided by corporations and it is simply harassing to seek the information with respect to the dozens of branches CMG had over the unlimited period of time plaintiffs are seeking. This is another harassing demand unrelated to the pleadings. Plaintiffs already received bank account statements from CMG operating accounts - they are simply not entitled to information related to other branches.

**Requests No. 47-51**

For the same reasons alleged in the response to Requests No 37-41 and 44, plaintiffs are not entitled to these documents. Plaintiffs are seeking information regarding CMG's warehouse credit lines based on the unsupported argument that Bowman the employee provided security deposits (which he stated that he did not) and if Bowman provided those security deposits of less than $40,000 that he has an equitable ownership of CMG. However, in light of the sensitive, overbroad and intrusive nature of these requests, plaintiffs have to provide some authority for them now having an equitable interest in CMG and looking at statements regarding CMG's warehouse credit lines would help them assess this interest. In light of the fact that plaintiffs cannot and have not made any showing as to their entitlement to these documents, defendants request that the Court conduct a balancing test and determine that due to the private nature of these financial documents that plaintiffs are not entitled to them at this point.

**Request No. 52**

For the same reasons outline above with respect to requests 37-41, 44 and 57-51, this request should not be compelled. Terms of lines of credit have nothing to do with plaintiffs' claims. Plaintiffs have to demonstrate that the security deposit was left by Bowman, not PREMCO (despite Bowman's testimony to the contrary) and have to demonstrate by clear and convincing evidence that this gives

**MEDLIN & HARGRAVE**
*A Professional Corporation*

---

Honroable Susan Illston
Re: *Pacific Real Estate Management Company, Inc. et al v. CMG Mortgage, Inc. et al.*
August 1, 2008
Page 5

him some ownership or right to the money earned by CMG as a result. In light of this high hurdle, plaintiffs do not have the right to ask this overbroad discovery request as to terms of all lines of credit CMG had from 2003 to the present (even though a security deposit wasn't even provided until 2004). At the very least, if this information is to be produced it should only be after plaintiffs have made a showing at trial that they do have a constructive trust.

### Conclusion

For the reasons set forth herein, plaintiffs are not entitled to the further discovery they seek. The requests are overbroad, harassing and are clearly being made to force CMG to open the books of a national corporation for a small local claim that has nothing to do with the accounts being sought. In light of the nature of the information sought and the lack of relevance of any of it, defendants respectfully request that the motion be denied.

Thank you for your consideration of this matter.

Sincerely,

Joshua A. Rosenthal

JAR:alb
Opposition.wpd
cc:     Client
        Angela Xavier, Alan Cohen