United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BOWMAN, et al., | No. C 07-03140 SI |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| CMG MORTGAGE, INC., et al., | |
| Defendants. | |

Defendant CMG Mortgage, Inc., as well as defendant's accounting firm, Bolliard, Takasugi & McBride ("Bolliard"), move for a protective order or an order modifying the subpoena served by plaintiffs on Bolliard. The Court agrees with defendant that many of plaintiffs' requests are overbroad, and rules as follows:

1. Defendant's motion is DENIED with respect to Request No. 10, consistent with the Court's prior ruling.

2. Defendant's motion is GRANTED with respect to Request No. 11. This request is overbroad and potentially seeks irrelevant information. If, at a later stage, it becomes necessary to determine what percentage of defendant's capital was funded by plaintiffs, the Court will reconsider this request or the parties may so stipulate.

3. Defendant's motion is GRANTED with respect to Request Nos. 12-16 and 19. These requests seek information outside the scope of this litigation, and there does not appear to be a dispute between the parties that the reserves at issue in this case were commingled with other funds.

4. Defendant's motion is GRANTED with respect to Request Nos. 18 and 21. These requests

seek information about the handling of reserves belonging to other branch managers not parties to this litigation. Plaintiffs may be able to prove a violation of California's unfair competition law based on the handling of plaintiffs' own reserves, and need not rely on other information pertaining to other branch managers. Plaintiff also has not been granted leave to amend his complaint to add a claim under the Private Attorney General Act.

5. Defendant's motion is GRANTED with respect to Request Nos. 22-26. As stated above, there does not appear to be a dispute between the parties that the reserves at issue in this case were commingled with other funds, and seeking all of defendants' bank records to search for $39,000 of plaintiffs' reserves is unnecessary.

6. Defendant's motion is GRANTED with respect to Request No. 27. As with many other requests, this request is overbroad. To the extent the Court must fashion equitable remedies based on how plaintiffs' reserves were used, the Court will reopen this inquiry at a later date.

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge

2