David R. Medlin    (SBN 77417)
G. Bradley Hargrave    (SBN 173911)
Joshua A. Rosenthal   (SBN 190284)
MEDLIN & HARGRAVE
A Professional Corporation
One Kaiser Plaza, Suite 1305
Oakland, CA  94612
Telephone:    (510) 832-2900
Facsimile:    (510) 832-2945

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James W. Bowman, Jr. and Pacific Real Estate Management Company, Inc., a Washington Corporation,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage,<br><br>　　　　　　Defendants.<br>_____/<br>CMG Mortgage Inc., a California Corporation<br><br>　　　　　　Counter-Claimant,<br>　　vs.<br>James W. Bowman, Jr., an individual,<br><br>　　　　　　Cross-Defendant.<br>_____/ | Case No.: C 07 3140 SI<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

　　COMES NOW, defendants CMG Mortgage Inc., a California Corporation; CMG Mortgage, Inc., d/b/a Pacific Guarantee Mortgage, CMG Mortgage Services, Inc., a California Corporation, CMG Mortgage Services, Inc. d/b/a Pacific Guarantee Mortgage and in answer to plaintiffs' second amended complaint responds as follows:

---

1

1. In response to paragraph 1, these answering defendants do not have sufficient information or belief to enable them to admit or deny the allegations of said paragraph and, basing their denial thereon, deny each and every allegation contained therein.

2. In response to paragraph 2, these answering defendants admit that they reside in this judicial district but do not have sufficient information or belief to enable them to admit or deny the allegations of the rest of said paragraph and, basing their denial thereon, deny each and every allegation contained therein.

3. In response to paragraph 3, these answering defendants do not have sufficient information or belief to enable them to admit or deny the allegations of said paragraph and, basing their denial thereon, deny each and every allegation contained therein.

4. In response to the first sentence of paragraph 4, these answering defendants do not have sufficient information or belief to enable them to admit or deny the allegations of said paragraph and, basing their denial thereon, deny each and every allegation contained therein. In response to the second sentence of paragraph 4, these answering defendants admit the allegation contained therein.

5. In response to the first sentence of paragraph 5, these answering defendants do not have sufficient information or belief to enable them to admit or deny the allegations of said paragraph and, basing their denial thereon, deny each and every allegation contained therein. In response to the second sentence of paragraph 5, these answering defendants deny the allegation contained therein.

6. In response to paragraph 6, these answering defendants admit the allegation contained therein.

7. In response to the first three sentences of paragraph 7, these answering defendants admit the allegations contained therein.  In response to the fourth sentence of paragraph 7, these answering defendants admit that they subleased and rented office space and equipment from PREMCO in the State of Washington.

8. In response to paragraph 8, these answering defendants deny the allegation contained therein.

9. In response to paragraph 9, these answering defendants deny the allegation contained therein.

10. In response to the first sentence of paragraph 10, these answering defendants admit that the Branch Management Agreements and Facilities Agreements are accurately depicted in the said agreements attached to plaintiffs' second amended complaint, and otherwise deny the rest of the allegations in said sentence. In response to rest of paragraph 10, these answering defendants do not have sufficient information or belief to enable them to admit or deny the allegations of said sentences and, basing their denial thereon, deny each and every allegation contained therein.

11. In response to paragraph 11, these answering defendants deny the allegations contained therein.

12. In response to the first and second sentences of paragraph 12, these answering defendants admit the allegations contained therein. In response to the third and fourth sentences of paragraph 12, these answering defendants deny the allegations contained therein.

13. In response to paragraph 13, these answering defendants admit the allegations contained therein.

14. In response to paragraph 14, these answering defendants admit that the contracts speak for themselves and the writings attached to the second amended complaint are accurate copies of the contracts referenced in the paragraph.

15. In response to paragraph 15, these answering defendants admit that the contracts speak for themselves and the writings attached to the second amended complaint are accurate copies of the contracts referenced in the paragraph.

16. In response to paragraph 16, these answering defendants deny the allegations contained therein.

17. In response to paragraph 17, these answering defendants admit that the contracts speak for themselves and the writings attached to the second amended complaint are accurate copies of the contracts referenced in the paragraph.

18. In response to all but the last sentence of paragraph 18, these answering defendants admit each and every allegation contained therein. In response to the last sentence of paragraph 18, these answering defendants deny each and every allegation contained therein.

19. In response to paragraph 19, these answering defendants deny the allegations contained

1 therein.

2  20.   In response to paragraph 20, these answering defendants deny the allegations contained
3 therein.

4  21.   In response to paragraph 21, these answering defendants deny the allegations contained
5 therein.

6  22.   In response to paragraph 22, these answering defendants deny each and every allegation
7 contained therein.

8  23.   In response to paragraph 23, these answering defendants deny each and every allegation
9 contained therein.

10  24.   In response to paragraph 24, these answering defendants deny the allegations contained
11 therein.

12  25.   In response to paragraph 25, these answering defendants deny the allegations contained
13 therein.

14  26.   In response to paragraph 26, these answering defendants admit that the contracts speak for
15 themselves and the writings attached to the second amended complaint are accurate copies of the
16 contracts referenced in the paragraph.

17  27.   In response to paragraph 27, these answering defendants deny each and every allegation
18 contained therein.

19  28.   In response to paragraph 28, these answering defendants deny each and every allegation
20 contained therein.

21  29.   In response to paragraph 29, these answering defendants deny each and every allegation
22 contained therein.

23  30.   In response to paragraph 30, these answering defendants deny each and every allegation
24 contained therein.

25  31.   In response to paragraph 31, these answering defendants deny each and every allegation
26 contained therein.

27  32.   In response to paragraph 32, these answering defendants deny each and every allegation
28 contained therein.

33. In response to paragraph 33, these answering defendants deny each and every allegation contained therein.

34. In response to paragraph 34, these answering defendants deny each and every allegation contained therein.

35. In response to paragraph 35, these answering defendants deny each and every allegation contained therein.

36. In response to paragraph 36, these answering defendants deny each and every allegation contained therein.

37. In response to paragraph 37, these answering defendants deny each and every allegation contained therein.

38. In response to paragraph 38, these answering defendants deny each and every allegation contained therein.

39. In response to paragraph 39, these answering defendants deny each and every allegation contained therein.

40. These answering defendants incorporate their previous responses as if set forth fully herein.

41. In response to paragraph 41, these answering defendants admit that the parties entered into a Branch Management & Employment Agreement. However, answering defendants do not know what part of the contract plaintiffs are claiming are partly oral and partly implied in fact and thus deny the remainder of the allegation contained therein.

42. In response to paragraph 42, these answering defendants deny each and every allegation contained therein.

43. In response to paragraph 43, these answering defendants deny each and every allegation contained therein.

44. In response to paragraph 44, these answering defendants deny each and every allegation contained therein.

45. In response to paragraph 45, these answering defendants deny each and every allegation contained therein.

46. These answering defendants incorporate their previous responses as if set forth fully herein.

47. In response to paragraph 47, these answering defendants admit that the parties entered into a Branch Management & Employment Agreement. However, answering defendants do not know what part of the contract plaintiffs are claiming are partly oral and partly implied in fact and thus deny the remainder of the allegation contained therein.

48. In response to paragraph 48, these answering defendants deny each and every allegation contained therein.

49. In response to paragraph 49, these answering defendants deny each and every allegation contained therein.

50. In response to paragraph 50, these answering defendants deny the allegations contained therein.

51. In response to paragraph 51, these answering defendants deny each and every allegation contained therein.

52. These answering defendants incorporate their previous responses as if set forth fully herein.

53. In response to paragraph 53, these answering defendants admit each and every allegation contained therein.

54. In response to paragraph 54, these answering defendants deny each and every allegation contained therein.

55. In response to paragraph 55, these answering defendants deny each and every allegation contained therein.

56. In response to paragraph 56, these answering defendants deny each and every allegation contained therein.

57. In response to paragraph 57, these answering defendants deny that plaintiffs are entitled to an award of attorneys' fees, costs and interest.

58. These answering defendants incorporate their previous responses as if set forth fully herein.

59. In response to paragraph 59, these answering defendants admit each and every allegation contained therein.

60. In response to paragraph 60, these answering defendants deny each and every allegation contained therein.

61. In response to paragraph 61, these answering defendants deny each and every allegation contained therein.

62. In response to paragraph 61, these answering defendants deny each and every allegation contained therein.

63. In response to paragraph 63, these answering defendants deny that plaintiffs are entitled to an award of attorneys' fees, costs and interest.

64. These answering defendants incorporate their previous responses as if set forth fully herein.

65 In response to paragraph 65, these answering defendants admit that all contracts in the State of California contain an implied covenant of good faith and fair dealing.

66. In response to paragraph 66, these answering defendants deny each and every allegation contained therein.

67. In response to paragraph 67, these answering defendants deny each and every allegation contained therein.

68. In response to paragraph 68, these answering defendants deny each and every allegation contained therein.

69. In response to paragraph 69, these answering defendants deny each and every allegation contained therein.

70.  These answering defendants incorporate their previous responses as if set forth fully herein.

71. In response to paragraph 71, these answering defendants deny each and every allegation contained therein.

72. In response to paragraph 72, these answering defendants deny each and every allegation contained therein.

73. In response to paragraph 73, these answering defendants deny each and every allegation contained therein.

74. In response to paragraph 74, these answering defendants deny each and every allegation contained therein.

75. In response to paragraph 75, these answering defendants deny each and every allegation contained therein.

76. These answering defendants incorporate their previous responses as if set forth fully herein.

77. In response to paragraph 77, these answering defendants admit that Labor Code Sections 201-203 address an employer's duty to pay wages owed to an employee.

78. In response to paragraph 77, these answering defendants admit that Labor Code Section 203 addresses an employer's duty to pay wages owed to a departing employee.

79. In response to paragraph 79, these answering defendants deny each and every allegation contained therein.

80. In response to paragraph 80, these answering defendants deny each and every allegation contained therein.

81. In response to paragraph 81, these answering defendants admit that more than 30 days has passed since the termination of plaintiff Bowman's employment.

82. These answering defendants incorporate their previous responses as if set forth fully herein.

83. In response to paragraph 83, these answering defendants deny each and every allegation contained therein.

84. In response to paragraph 84, these answering defendants deny each and every allegation contained therein.

85. In response to paragraph 85, these answering defendants deny each and every allegation contained therein.

86. In response to paragraph 86, these answering defendants deny each and every allegation contained therein.

87. In response to paragraph 87, these answering defendants deny each and every allegation contained therein.

88. In response to paragraph 88, these answering defendants deny each and every allegation contained therein.

89. In response to paragraph 89, these answering defendants deny each and every allegation contained therein.

90. In response to paragraph 90, these answering defendants deny each and every allegation contained therein.

91. In response to paragraph 91, these answering defendants deny each and every allegation contained therein.

92. These answering defendants incorporate their previous responses as if set forth fully herein.

93. In response to paragraph 93, these answering defendants deny each and every allegation contained therein.

94. In response to paragraph 94, these answering defendants deny each and every allegation contained therein.

95. In response to paragraph 95, these answering defendants deny each and every allegation contained therein.

96. In response to paragraph 96, these answering defendants deny each and every allegation contained therein.

97. In response to paragraph 97, these answering defendants deny each and every allegation contained therein.

98. In response to paragraph 98, these answering defendants deny each and every allegation contained therein.

99. In response to paragraph 99, these answering defendants deny each and every allegation contained therein.

100. In response to paragraph 100, these answering defendants deny each and every allegation contained therein.

101. In response to paragraph 101, these answering defendants deny each and every allegation contained therein.

102. In response to paragraph 102, these answering defendants deny each and every allegation contained therein.

103. These answering defendants incorporate their previous responses as if set forth fully herein.

104. In response to paragraph 104, these answering defendants deny each and every allegation contained therein.

105. In response to paragraph 105, these answering defendants deny each and every allegation contained therein.

106. In response to paragraph 106, these answering defendants deny each and every allegation contained therein.

107. In response to paragraph 107, these answering defendants deny each and every allegation contained therein.

108. In response to paragraph 108, these answering defendants deny each and every allegation contained therein.

109. In response to paragraph 109, these answering defendants deny each and every allegation contained therein.

110. These answering defendants incorporate their previous responses as if set forth fully herein.

111. In response to paragraph 111, these answering defendants deny each and every allegation contained therein.

112. In response to paragraph 112, these answering defendants deny each and every allegation contained therein.

113. In response to paragraph 113, these answering defendants deny each and every allegation contained therein.

114. In response to paragraph 114, these answering defendants deny each and every allegation contained therein.

115. In response to paragraph 115, these answering defendants deny each and every allegation contained therein.

116. In response to paragraph 116, these answering defendants deny each and every allegation contained therein.

117. In response to paragraph 117, these answering defendants deny each and every allegation contained therein.

118. In response to paragraph 118, these answering defendants deny each and every allegation contained therein.

119. These answering defendants incorporate their previous responses as if set forth fully herein.

120. In response to paragraph 120, these answering defendants deny each and every allegation contained therein.

121. In response to paragraph 121, these answering defendants deny each and every allegation contained therein.

122. In response to paragraph 122, these answering defendants deny each and every allegation contained therein.

123. In response to paragraph 123, these answering defendants deny each and every allegation contained therein.

124. In response to paragraph 124, these answering defendants deny each and every allegation contained therein.

125. In response to paragraph 125, these answering defendants deny each and every allegation contained therein.

126. In response to paragraph 126, these answering defendants deny each and every allegation contained therein.

127. In response to paragraph 127, these answering defendants deny each and every allegation contained therein.

128. In response to paragraph 128, these answering defendants deny each and every allegation contained therein.

129. These answering defendants incorporate their previous responses as if set forth fully herein.

130. In response to paragraph 130, these answering defendants admit that Labor Code Section 2802 was in force and effect but denies that it had anything to do with the allegations made in this complaint.

131. In response to paragraph 131, these answering defendants deny each and every allegation contained therein.

132. In response to paragraph 132, these answering defendants deny each and every allegation contained therein.

133. In response to paragraph 133, these answering defendants deny each and every allegation contained therein.

134. These answering defendants incorporate their previous responses as if set forth fully herein.

135. In response to paragraph 135, these answering defendants admit that Business & Professions Code Section 17200 et seq. was a law in force and effect at the time of the parties' business relationship.

136. In response to paragraph 136, these answering defendants admit that Business & Professions Code Section 17200 et seq. addresses unfair business practices.

137. In response to paragraph 137, these answering defendants deny each and every allegation contained therein.

138. In response to paragraph 138, these answering defendants deny each and every allegation contained therein.

139. In response to paragraph 139, these answering defendants deny each and every allegation contained therein.

140. In response to paragraph 140, these answering defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

As separate, affirmative defenses to the second amended complaint, defendants allege:

**First Affirmative Defense**

The second amended complaint fails to state any cause of action against these defendants upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs' claims against the defendants are barred by the equitable doctrines of estoppel, waiver, laches, ratification, acquiescence, abandonment and unclean hands.

**Third Affirmative Defense**

Plaintiffs' claims against the defendants are barred by virtue of plaintiffs not having suffered any damage from the events complained of, or if they have suffered any damage, such damage is nominal.

**Fourth Affirmative Defense**

Plaintiffs' claims against the defendants are barred by their failure to mitigate their alleged damages.

**Fifth Affirmative Defense**

The second amended complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340, and 343.  Additionally, the Branch Management & Employment Agreements (Paragraph 21(s)) and the Facilities Agreement (Paragraph 5.4) limit all actions arising under the agreements or because of their breach to be commenced within one year after the cause of action accrues.  Thus, any damages allegedly suffered by plaintiffs that occurred prior to June 14, 2006, are not permitted pursuant to the contracts plaintiffs seek to enforce.

**Sixth Affirmative Defense**

The defendants allege that plaintiffs are barred from the relief requested in the second amended complaint because plaintiffs engaged in acts and courses of conduct which rendered them *in pari delicto*.

**Seventh Affirmative Defense**

The defendants allege that plaintiffs are barred from the relief sought in the second amended complaint and/or are entitled to a set off of the relief sought based upon plaintiffs' conversion and/or embezzlement of commission amounts received by plaintiffs but due and owing to defendants.

On or about December 18, 2008, CMG Mortgage, Inc. ("CMG") notified James Bowman ("Bowman") and Pacific Real Estate Management Company, Inc. ("PREMCO") that it was terminating

13

the contracts between them in 30 days, pursuant to the contracts' termination provisions. Bowman asked for and CMG granted an extension so the termination would be effective on the close of business on January 31, 2007. The Branch Management and Employment Agreements signed by Bowman contained a provision requiring that all loans started by the branches prior to 5:00 p.m. on the day of termination must be completed with CMG, at Paragraph 20 of Exhibits A & B to Plaintiffs' Second Amended Complaint. Bowman has admitted, in testimony under oath at his deposition April 30, 2008, that he had started loans with CMG prior to January 31, 2007 and did not close those loans with CMG after January 31, 2007. Bowman admitted this despite falsely responding to a discovery request that asked him to produce all loan files started prior to January 31, 2007. In the discovery response, Bowman claimed that he had returned all such loan files started with CMG. However, by Bowman's later admission and through discovery to third parties, it was discovered that his prior discovery response was untrue and Bowman breached his contracts with CMG by not closing loans with CMG after termination and soliciting CMG's customers, converting CMG's loan files, misappropriating CMG's trade secrets and intentionally interfering with CMG's prospective economic advantage. CMG has suffered severe damage as a result of Bowman's acts as alleged herein. Such harm should offset any recovery sought by Bowman, should act as a complete and/or partial unclean hands defense and should allow CMG to affirmative relief for Bowman's theft.

### Eighth Affirmative Defense

Plaintiffs' damages, if any, should be apportioned among all parties, including plaintiffs, in proportion to such parties' respective fault.

### Ninth Affirmative Defense

Plaintiffs' second amended complaint, to the extent it seeks exemplary or punitive damages, violates the defendants' rights to protection from "excessive fines" as provided in the Eight Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates the defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting punitive or exemplary damages claimed.

### Tenth Affirmative Defense

14

1  Plaintiffs' second amended complaint, to the extent it seeks exemplary or punitive damages, violates the defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

**Eleventh Affirmative Defense**

Plaintiffs' second amended complaint and each cause of action therein fail to state facts sufficient to entitle plaintiffs to recover punitive damages against the defendants.

**Twelfth Affirmative Defense**

Plaintiffs' second amended complaint, to the extent it seeks relief under the California Labor Code for employment in Washington State, fails to state causes of action against these defendants as such causes of action are in violation of the California Labor Code, the Commerce Clause of the United States Constitution and the Full Faith and Credit Clause of the United States Constitution.

**Thirteenth Affirmative Defense**

An employee's claim for unpaid earned wages, based on an employer's alleged violations of the Labor Code can not form a basis for a conversion claim. Thomas v. Home Depot USA, Inc. (N.D. Cal. 2007) 527 F. Supp. 1003, 1009.

WHEREFORE, the defendants pray for judgment as follows:

(1) That plaintiffs take nothing by their second amended complaint;

(2) For costs of suit incurred herein;

(3) For attorneys' fees; and,

(4) For such other and further relief as the court deems just and proper.

Date: August 6, 2008

**MEDLIN & HARGRAVE**
A PROFESSIONAL CORPORATION

By: /s/_____
Joshua A. Rosenthal
Attorneys for Defendants

ANSWER TO SECOND AMENDED COMPLAINT C 07 3140 SI
M:\CMG\85-0706-02 Bowman\Pleadings\Amended Answer.wpd